1  PAUL J. ANDRE, BAR NO. 196585
   (pandre@perksincoie.com)
2  LISA KOBIALKA, Bar No. 191404
   (lkobialka@perkinscoie.com)
3  SEAN M. BOYLE, Bar No. 238123
   (sboyle@perkinscoie.com)
4  PERKINS COIE LLP
   101 Jefferson Drive
5  Menlo Park, CA 94025
   Telephone:   (650) 838-4300
6  Facsimile:   (650) 838-4350

7  Attorneys for Defendant
   The Freecycle Network, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

12

| 13 | FREECYCLESUNNYVALE, a California unincorporated association, | CASE NO. C 06-00324 CW |
|---|---|---|
| 14 | | |
| 15 | Plaintiff, | **DEFENDANT THE FREECYCLE NETWORK, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)** |
| 16 | v. | |
| 17 | THE FREECYCLE NETWORK, INC., an Arizona corporation, | Date:   March 31, 2006 |
| 18 | Defendant. | Time:   10:00 a.m.<br>Place:  Courtroom 2 (Oakland)<br>Judge:  Honorable Claudia Wilkin |

28  DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT
    OF MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
    CASE NO. 06-00324 CW

[60383-0001/BY060530.063]

Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF ISSUES .................................................................................. 1

III. FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

IV. ARGUMENT ........................................................................................................ 3

    A. Plaintiff Has No Grounds for Declaratory Judgment ..................................... 3

        1. There is No Actual Case or Controversy Under the Declaratory Judgment Act Because Plaintiff Failed to Plead Facts Sufficient to Show a "Real and Reasonable Threat of Litigation" ........................... 4

        2. This Court Should Exercise Its Discretion to Not Entertain Plaintiff's Declaratory Judgment Claim .................................................................. 5

    B. Plaintiff Fails to Allege the Elements of a Tortious Interference Claim .......... 6

        1. Plaintiff Fails to Allege a Wrongful Act ............................................... 7

        2. Plaintiff Fails to Allege a Factual Basis for Monetary Damages ......... 8

        3. This Court Lacks Jurisdiction Over Plaintiff's Tortious Interference Claim ....................................................................................................... 9

V. CONCLUSION ................................................................................................... 10

# Table of Authorities

## Cases

American States Ins. Co. v. Kearns,
  15 F.3d 142 (9th Cir. 1994) .................................................................................. 3

Brillhart v. Excess Ins. Co.,
  316 U.S. 491 (1942) ..................................................................................... 3, 6

\\Chamberlain v. Allstate Ins. Co.,
  931 F.2d 1361 (9th Cir. 1991) ............................................................................. 6

Chesebrough-Pond's, Inc. v. Faberge, Inc.,
  666 F.2d 393 (9th Cir. 1982) .............................................................................. 5

Dunn Computer Corp v. Loudcloud, Inc.,
  133 F.Supp.2d 823 (E.D. Va. 2001) .................................................................. 5

Herman Family Revocable Trust v. Teddy Bear,
  254 F.3d 802 (9th Cir. 2001) .............................................................................. 9

Pacific Gas & Electric Co. v. Bear Stearns & Co.,
  50 Cal.3d 1118 (1990) ....................................................................................... 7

Principle Life Ins. Co. v. Robinson,
  394 F.3d 665 (9th Cir. 2004) .............................................................................. 3

Quelimane Co. v. Stewart Title Guaranty Co.,
  19 Cal.4th 26 (Cal. 1998) ............................................................................... 7, 8

Rio Prop's, Inc. v. Rio Int'l Interlink,
  284 F.3d 1007 (9th Cir. 2002) ............................................................................ 9

Windsurfing Intern. Inc. v. AMF Inc.,
  828 F.2d 755 (Fed. Cir. 1987) ............................................................................ 4

Xerox Corp. v. Apple Computer Inc.,
  734 F.Supp 1542 (N.D. Cal. 1990) .................................................................... 5

**Statutes**

28 U.S.C. § 2201(a) ................................................................................................ 5

Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) *et seq.* ................................... 3

**Other Authorities**

Rest. 2d Torts, § 766, com. j .................................................................................... 7, 8

**Treatises**

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:51 (4th ed.) .................................................................................................... 4

- iii -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Freecycle Network, Inc. (hereinafter "The Freecycle Network") promotes the laudable goal of reusing unused equipment and supplies. Unfortunately, when The Freecycle Network sought federal trademark protection for its logo and the mark FREECYCLE to further the goals of this endeavor, Plaintiff objected to this course of action. Furthermore, Plaintiff began to disobey the rules membership in The Freecycle Network, and reluctantly The Freecycle Network eventually decided to end the relationship between itself and Plaintiff. The Freecycle Network, in order to police its trademarks, requested that Plaintiff cease using the FREECYCLE mark and logo. Plaintiff responded by creating a tempest in a second-hand teapot by filing an opposition to The Freecycle Network's trademark application with the U.S. Patent and Trademark Office, and by bringing this action in District Court (the "Complaint").

This Court should dismiss Plaintiff's claims for declaratory judgment because Plaintiff's complaint fails to state a factual basis for the existence of an actual case or controversy under the Declaratory Judgment Act. 28 U.S.C. ¶ 2201 (hereinafter "the Act"). Plaintiff's tortious interference claim should also be dismissed because Plaintiff failed to allege facts sufficient to show that third party Yahoo! Inc. wrongfully breached a contract between itself and Plaintiff, failed to allege facts sufficient to show monetary damages, and because there is no subject matter jurisdiction over the claim.

### II. STATEMENT OF INSTRUCTIONS

1. Does Plaintiff's complaint allege a claim under the Declaratory Judgment Act?
2. Does Plaintiff's complaint allege a claim for tortious interference with business relations?

- 1 -

DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
CASE NO. C 06-00324 CW

## III. FACTUAL AND PROCEDURAL BACKGROUND

The Freecycle Network is an umbrella organization designed to coordinate the activities of local recycling efforts or gifting of unused equipment and supplies throughout the United States and other countries. The Freecycle Network began operation in May, 2003 to promote the formation of local gifting groups whose members could recycle functional, but unneeded, office, exercise, computer, and other items otherwise destined for landfills, by giving such items away locally for free. Complaint at ¶ 16. Apparently, Plaintiff began to promote the same goals as The Freecycle Network in the local community of Sunnyvale, California. Complaint at ¶ 17. In that regard, the instant action arises from the relationship between The Freecycle Network and Plaintiff in their mutual recycling efforts. See Complaint at ¶¶ 1-2.

Members of the local Sunnyvale group, as moderated by the Plaintiff as a volunteer, recycled goods and promoted reuse by giving them away in Sunnyvale, with The Freecycle Network providing support and coordinating the efforts of Plaintiff with other, similarly situated local groups throughout the country. Plaintiff set up an internet web site using free hosting services offered by Yahoo!, Inc., to promote the service in Sunnyvale. Complaint at ¶18. Plaintiff began to use the FREECYCLE mark and the distinctive FREECYCLE logo on its free Yahoo! Groups web site under specific rules which govern all member organizations of The Freecycle Network.

Plaintiff continued to use the FREECYCLE mark until it was asked to cease using the mark due to violations of the rules. On two separate occasions The Freecycle Network asked Plaintiff to cease using the mark due to the failure to abide by the rules The Freecycle Network required of all member organizations. On November 21, 2005, Yahoo! Inc. apparently suspended Plaintiff's free internet web site, citing a possible violation of Yahoo!'s Terms of Service.

- 2 -
DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
CASE NO. C 06-00324 CW

Complaint at ¶ 34. Shortly thereafter, Plaintiff secured a new, free, web site with Yahoo! Groups under the name "sunnyvalefree" that is in operation today. *See* Request for Judicial Notice, filed herewith, Exhibit 2.

The Freecycle Network filed for federal trademark protection on the term FREECYCLE on August 27, 2004. Complaint Ex. 1. Plaintiff filed an opposition to The Freecycle Network's trademark application with the Patent and Trademark Office ("PTO") on January 18, 2006. *See* Request for Judicial Notice, filed herewith, Exhibit 1. The Freecycle Network's federal trademark application for the FREECYCLE mark, as of February 10, 2006, is on hold pending the outcome of an opposition proceeding before the Trademark Trial and Appeal Board. ("TTAB"). Plaintiff filed the instant action with this court on the same day as the opposition before the PTO, requesting declaratory judgment of non-infringement on The Freecycle Network's yet-to-be issued federal trademark, among others, and alleging tortious interference with business relations under California state law. Complaint at ¶¶ 36-49.

## IV.   ARGUMENT

### A.   Plaintiff Has No Grounds for Declaratory Judgment

Courts perform a two-part analysis before hearing a case alleged under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) *et seq*. Principle Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2004). First, the court must determine whether there is an actual case or controversy within its jurisdiction, and second, the court must determine whether to exercise its jurisdiction. *See* Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942); *see also* American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). Plaintiff's complaint in this action fails on both parts of the test.

1. **There is No Actual Case or Controversy Under the Declaratory Judgment Act Because Plaintiff Failed to Plead Facts Sufficient to Show a "Real and Reasonable Threat of Litigation"**

The test for determining the existence of an actual case or controversy under the Declaratory Judgment Act is identical to the test for determining an actual case or controversy under Article III of the Constitution. Kearns, 15 F.3d at 143. First, "the declaratory plaintiff must have a real and reasonable apprehension of litigation," and second "the declaratory plaintiff must have engaged in a course of conduct which brought it into adversarial conflict with the declaratory defendant." Windsurfing Intern. Inc. v. AMF Inc., 828 F.2d 755, 757 (Fed. Cir. 1987). A real and reasonable apprehension of litigation is found in the trademark context when defendant "has charged plaintiff with infringement or has threatened plaintiff with infringement litigation, either directly or indirectly." J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:51 (4th ed.).

Plaintiff has not alleged facts sufficient to satisfy the "reasonable apprehension of litigation" test laid out above. Although Plaintiff's makes a conclusory statement that The Freecycle Network threatened litigation, the complaint fails to state how this threat was made, whether it was implicit or explicit, when the threat was made, or any other facts sufficient to give The Freecycle Network fair notice on this element of Plaintiff's claim. Complaint at ¶ 9. Aside from this naked allegation of a threatened lawsuit, the only facts alleged to purportedly ground a reasonable apprehension of litigation are two email letters sent by The Freecycle Network to Plaintiff. Complaint at ¶¶ 29, 31. These letters include a request that Plaintiff cease using the term FREECYCLE and the FREECYCLE logo, and state that noncompliance may result in a Terms of Service ("TOS") violation to Yahoo!. See Complaint Exh. 7, 9. The letters did not explicitly (or implicitly) mention litigation, and in fact invited Plaintiff to work with The

Freecycle Network in a mutually beneficial manner. *Id.* Requesting that Plaintiff cease using the marks because it failed to abide by the rules, and extending an invitation to work together, cannot be interpreted to give Plaintiff a reasonable apprehension of litigation.

Furthermore, The Freecycle Network's request to cease and desist is insufficient to be considered a threat of a lawsuit sufficient to trigger the Act. *See* Xerox Corp. v. Apple Computer Inc., 734 F.Supp 1542, 1546 (N.D. Cal. 1990) (declaratory judgment improper in copyright case absent threat of litigation); *see also* Dunn Computer Corp v. Loudcloud, Inc., 133 F.Supp.2d 823, 827 (E.D. Va. 2001) (cease and desist letter that does not threaten litigation does not create a case or controversy under the Declaratory Judgment Act). District Courts typically look for actions beyond a cease and desist letter before determining a reasonable threat of litigation exists. *Cf.* Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393, 396-97 (9th Cir. 1982) (actual controversy exists where defendant's letter laid out prima facie case for infringement, threatened litigation, threatened to file opposition before PTO, and defendant responded to complaint with counterclaim alleging infringement). The Freecycle Network's actions, as alleged in the complaint, fail to rise to the level of a real and reasonable apprehension of liability and, therefore, this Court should dismiss plaintiff's motion for declaratory judgment.

   2.   **This Court Should Exercise Its Discretion to Not Entertain Plaintiff's Declaratory Judgment Claim**

The Freecycle Network respectfully requests the Court to exercise its discretion, and not entertain Plaintiff's declaratory judgment claim, as this case is not a case appropriate for the Court's limited judicial resources. The Declaratory Judgment Act grants courts discretion to dismiss a claim; under the Act courts "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). The Ninth Circuit instructs the district

- 5 -

courts to "balance concerns of judicial administration, comity, and fairness to the litigants" in determining whether to hear a case under the Act. Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)(citing Brillhart, 316 U.S. at 495.)

The interests of judicial administration and fairness to the litigants strongly disfavor a grant of jurisdiction. Plaintiff has already filed an opposition before the PTO and, having not exhausted the administrative procedures, now seeks to bring the same argument to District Court. Pursuing the matter in dual forums is inefficient and consumes limited judicial resources that could be put to better use by the parties and this Court. The issue underlying Plaintiff's complaint involves the suspension of a free Yahoo! Groups web page, used by a non-profit organization, whose members exchange excess items for free; hardly a situation in which declaratory judgment is required to preserve fair treatment towards the litigants. Plaintiff will not be harmed by any delay caused by dismissal of its complaint. Furthermore, Plaintiff's defunct Yahoo! Group web site has already been replaced by Plaintiff with a new, free, Yahoo! Group under the name "SunnyvaleFree" to service the needs of the Sunnyvale recycling community. *See* Request for Judicial Notice, attached herewith, Exhibit 2. For these reasons, The Freecycle Network requests the Court exercise its discretion, and dismiss Plaintiff's declaratory judgment claim.

**B.    Plaintiff Fails to Allege the Elements of a Tortious Interference Claim**

Plaintiff's cause of action for tortious interference with business relations fails as a matter of law because plaintiff has failed to allege each element of a tortious interference claim. "The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual

- 6 -

relationship; and (5) resulting damage." <u>Pacific Gas & Electric Co. v. Bear Stearns & Co.</u>, 50 Cal.3d 1118, 1126 (1990). In addition, the act inducing a breach of contract must be wrongful. <u>Quelimane Co. v. Stewart Title Guaranty Co.</u>, 19 Cal.4th 26, 56 (Cal. 1998). Plaintiff's complaint fails to allege each element of tortious interference in that it (1) does not allege that The Freecycle Network's contact with third party Yahoo! was wrongful, and (2) does not allege facts from which a pecuniary loss can be shown as all local group items posted are free, and all local volunteers are unpaid as far as The Freecycle Network understands.

### 1.    Plaintiff Fails to Allege a Wrongful Act

California state law requires that the plaintiff in a cause of action for intentional interference with contractual relations allege, in part, that The Freecycle Network's actions are wrongful. <u>Quelimane Co.</u>, 19 Cal.4th at 55. California follows the Second Restatement of Torts approach to determining whether an action that induces interference with contract is wrongful. *Id.* at 56. "If the actor is not acting criminally nor with fraud or violence or other means wrongful in themselves but is endeavoring to advance some interest of his own, the fact that he is aware that he will cause interference with the plaintiff's contract may be regarded as such a minor and incidental consequence and so far removed from defendant's objective that as against the plaintiff the interference may be found to be not improper." *Id.* (quoting <u>Rest. 2d Torts</u>, § 766, com. j). Thus, actions that are in pursuit of a legitimate business objective, such as protecting a trademark, are not considered wrongful.

Plaintiff's complaint does not allege that The Freecycle Network acted with criminal, violent, or fraudulent intent in allegedly contacting Yahoo! about Plaintiff's misuse of The Freecycle Network's trademark. Instead, Plaintiff's own exhibits indicate that The Freecycle Network's alleged contact was motivated by a desire to advance its legitimate interest in and

- 7 -
DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
CASE NO. C 06-00324 CW

requirement to police the FREECYCLE trademark. See <u>Complaint</u> Exh. 7, 9. This is precisely the type of situation contemplated by the Restatement as not improper. To hold otherwise would indicate that whenever a trademark holder contacts an internet service provider about a potential trademark issue, and the contact results in termination of a contract, the contracting party could sue the trademark holder for tortious interference. Plaintiff's cause of action for tortious interference should therefore be dismissed because The Freecycle Network's alleged actions are not wrongful as pled.

### 2.    Plaintiff Fails to Allege a Factual Basis for Monetary Damages

The presence of damages is a pleading requirement in a cause of action for tortious interference with business relations. <u>Quelimane</u>, 19 Cal.4th at 55. The Restatement states that one who wrongfully interferes with a contract between two parties is "subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." <u>Rest. 2d Torts</u>, § 766. Plaintiff's complaint does not state any facts from which the existence of pecuniary damages can be drawn.

As noted above, the contract at issue between Plaintiff and Yahoo! was a contract for a free Yahoo! Group web page. <u>Complaint</u> at ¶¶ 14-15. Plaintiff used this contract to promote its local area group of gifting unused items away. Given these facts, the complaint only alleges that The Freecycle Network interfered with a (free) contract for (free) internet services provided by Yahoo!, which Plaintiff used to organize a (free) service whose volunteer members gave items away, for free. Nowhere in the complaint does Plaintiff allege the loss of a single dollar due to The Freecycle Network's actions. See <u>Complaint</u> at ¶¶ 29-35. For this reason alone, because the complaint fails to indicate how plaintiff could have suffered any pecuniary loss as a result of The

- 8 -
DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
CASE NO. C 06-00324 CW

Freecycle Network's actions, Plaintiff's cause of action for tortious interference should be dismissed.

### 3. This Court Lacks Jurisdiction Over Plaintiff's Tortious Interference Claim

The Freecycle Network notes that Plaintiff's cause of action for tortious interference with business relations must also be dismissed in the event this Court dismisses plaintiff's cause of action declaratory judgment. A plaintiff bears the burden of establishing jurisdiction in federal court. Rio Prop's, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Plaintiff claims federal subject matter jurisdiction for the declaratory judgment claim because the claim arises under federal law, and claims supplemental jurisdiction for the tortious interference claim based on the close relation between the tortious interference and declaratory judgment claims. Complaint at ¶¶ 3-4. As Plaintiff's declaratory judgment claim fails as a matter of law, supplemental jurisdiction does not exist, and the tortious interference claim must be dismissed for a lack of subject matter jurisdiction. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) (District court dismissing federal claims for lack of jurisdiction must also dismiss state claims brought under supplemental jurisdiction).

///

///

///

## V. CONCLUSION

For the above stated reasons, The Freecycle Network respectfully requests that the Court dismiss this Complaint.

DATED: February 22, 2006

**PERKINS COIE LLP**

By _____/s/_____
Paul J. Andre
Lisa Kobialka
Sean Boyle
Attorneys for Defendant
The Freecycle Network, Inc.