# EXHIBIT 1

5 McCarthy on Trademarks and Unfair Competition § 32:51 (4th ed.)

McCarthy on Trademarks and Unfair Competition, Fourth Edition
Database updated December 2005

J. Thomas McCarthy
Chapter 32. Procedure in Trademark Infringement and Unfair Competition Litigation
IV. DECLARATORY JUDGMENT

§ 32:51. "Actual controversy" requirement--reasonable apprehension of being sued

Declaratory Judgment⚖ 62, 237, 274.1

Federal Courts⚖ 12.1, 216

The U.S. Supreme Court has stated:

The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.[FN1]

In patent and trademark cases, an "actual controversy" is found if defendant has charged plaintiff with infringement or has threatened plaintiff with infringement litigation, either directly or indirectly.[FN2] As the First Circuit has remarked: "The federal declaratory judgment statute aims at resolving potential disputes, often commercial in character, that can reasonably be feared by a potential target in light of the other side's conduct."[FN3]

It is sufficient if defendant's actions create in plaintiff a "reasonable apprehension" of being sued for infringement.[FN4] Thus, a threat of trademark infringement litigation,[FN5] a request that plaintiff or its customers not use defendant's trademark,[FN6] defendant's filing of its trademark with the United States Customs to prevent plaintiff's importation,[FN7] or defendant's filing of lawsuits against plaintiff's competitors,[FN8] or against plaintiff's customers,[FN9] have all been held to be sufficient to present an "actual controversy."

A threat of infringement does not have to be said in so many words. It can be expressed in the attitude of defendant as expressed in "circumspect language" in a letter.[FN10] Even in the absence of direct charges of infringement against plaintiff by defendant, an "actual controversy" can be found if the commercial realities of the situation put plaintiff in a position where it must run a real risk of potential liability if it goes ahead to exercise what it believes are its legal rights in the commercial market.[FN11] But if, after charging trademark infringement, the mark owner changes position by conceding that the use is fair, then the reasonable apprehension disappears and a declaratory judgment suit may be dismissed.[FN12] A cease and desist letter from the owner of an unregistered mark that only mentions state, not federal law, nonetheless may create a reasonable apprehension of being sued under federal Lanham Act § 43(a) for infringement of an unregistered mark.[FN13]

In patent litigation, a two-pronged test is used: First, the defendant's conduct must have created on plaintiff's part a reasonable apprehension that defendant will initiate a

lawsuit if plaintiff continues. Second, the plaintiff must actually have either produced the accused device or have prepared to produce it.[FN14]

No "actual controversy" is created where there is no actual sale of articles under plaintiff's trademark and no immediate intention and ability to do so.[FN15] While it might be economically wasteful for a plaintiff to embark on an actual program of sales which may turn out to be illegal, a mere vague and unspecific "desire" to use a given mark smacks too much of the hypothetical and the contingent.[FN16]

The Second Circuit has stated that the finding of an actual controversy in a trademark dispute should be determined, not reluctantly, but with "liberality":

Declaratory judgment actions are particularly useful in resolving trademark disputes, in order to promptly resolve controversies where the alleged owner of a trademark right threatens to sue for infringement. Accordingly, in such a case, the finding of an actual controversy should be determined with some liberality. . . . A more restrictive view would in this case require [plaintiff] to go to substantial expense in the manufacture, marketing, and sale of its footwear and subject itself to considerable liability for a violation of the Lanham Act before its right to even engage in this line of commerce could be adjudicated. We do not read the Act as requiring this.[FN17]

The Federal Circuit in the 1987 *Windsurfing* case announced a two-pronged test to determine whether an actual case or controversy exists in a declaratory judgment suit involving trademarks: (1) the declaratory plaintiff must have a "real and reasonable apprehension" of litigation; and (2) the declaratory plaintiff must have engaged in a course of conduct which brought it into "adversarial conflict" with the declaratory defendant. Where the declaratory plaintiff had instructed its dealers not to use the trademark, the second prong is not met. The court said it will not give an advisory opinion in response to a party's position that "We would like to use the mark, but before we do, we want a court to say we may do so safely."[FN18]

Interpreting the second prong of the *Windsurfing* test, the Second Circuit said that the required "course of conduct" which brings plaintiff into conflict with defendant exists when plaintiff has engaged in conduct evidencing a "definite intent and apparent ability to commence use of the marks on the product."[FN19] Thus, what is needed is evidence of a "meaningful preparation" to use, not merely a vague or indefinite desire to use the mark. While the plaintiff need not engage in actual sales, it must demonstrate that it has taken the kind of tangible steps toward product launch that are normal in this industry.[FN20]

---

[FN1] Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 97 L. Ed. 291, 73 S. Ct. 236 (1952).

[FN2] Manufacturers Hanover Corp. v. Maine Sav. Bank, 225 U.S.P.Q. 525, 1985 WL 181 (S.D.N.Y. 1985) (letter from defendant to plaintiff referring to "problems" with likely confusion and mentioning defendant's "aggressive" protection policy and willingness to institute formal legal proceedings, coupled with defendant's opposition to plaintiff's application to register, all combine to create a reasonable apprehension of being sued for infringement sufficient for declaratory judgments suit).

[FN3] PHC, Inc. v. Pioneer Healthcare, 75 F.3d 75, 37 U.S.P.Q.2d 1652 (1st Cir. 1996)(declaratory judgment jurisdiction was found as result of cease and desist letter that could reasonably be viewed as resulting in a Lanham Act § 43(a) suit if no settlement was reached).

[FN4] *See, e.g.,* Crown Drug Co. v. Revlon, Inc., 703 F.2d 240, 218 U.S.P.Q. 110 (7th Cir. 1983) ("Reasonable apprehension" must be inspired by defendant's actions or words; innocuous and vague remarks of counsel are not sufficient.); Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393, 214 U.S.P.Q. 44 (9th Cir. 1982), cert. denied, 459 U.S. 967, 74 L. Ed. 2d 277, 103 S. Ct. 294 (1982); Polaroid Corp. v. Berkey Photo, Inc., 425 F. Supp. 605, 193 U.S.P.Q. 183 (D. Del. 1976) (where there is no current infringing activity, and no charge of infringement of the trademark, but only the "ever ready vigilance" of Polaroid Corp. to protect its trademarks, there is no "actual controversy" deserving of declaratory judgment jurisdiction).*See* Pizitz, Inc. v. Pizitz Mercantile Co., 467 F. Supp. 1089, 204 U.S.P.Q. 707 (N.D. Ala. 1979) (declaratory judgment is proper where plaintiff plans to enter a new territory under a mark which defendant claims will violate its rights; the court is faced with "a putative infringement in an inchoate state"; plaintiff allowed to expand upon compliance with detailed conditions).

[FN5] Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc., 619 F. Supp. 998, 226 U.S.P.Q. 942 (D. Md. 1985) (a letter from an attorney for defendant to plaintiff claimed that plaintiff's use violated the Lanham Act by causing likely confusion; court found that this created a reasonable apprehension of being sued for infringement, citing treatise).

[FN6] King Kup Candies, Inc. v. H. B. Reese Candy Co., 134 F. Supp. 463, 107 U.S.P.Q. 50 (D. Pa. 1955). *Compare:* Dunn Computer Corp. v. Loudcloud, Inc., 133 F. Supp. 2d 823, 57 U.S.P.Q.2d 1626 (E.D. Va. 2001) (letter from L's attorney alleged that Dunn's trademark was confusingly similar to L's mark and demanded that Dunn "immediately cease and desist" all use of the mark. Eight days later, without making any response to the letter, Dunn sued for declaratory judgment. Court held that because the letter did not explicitly threaten litigation, Dunn's declaratory judgment lawsuit was "premature.").

[FN7] Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp., 257 F.2d 485, 118 U.S.P.Q. 187 (3d Cir. 1958).

[FN8] G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985, 10 U.S.P.Q.2d 1801 (7th Cir. 1989) (a reasonable apprehension of being sued for infringement is created when the trademark owner files a "flurry of litigation" against competitors who make use of the same mark).

[FN9] Oreck Corp. v. National Super Service Co., 39 U.S.P.Q.2d 1702, 1996 WL 371929 (E.D. La. 1996) (actual controversy sufficient for a declaratory judgment exists between a defendant trademark owner and plaintiff supplier of product to a distributor who the trademark owner has sued for

trademark infringement, even though the trademark owner states that it has no present interest in suing the plaintiff supplier).

[FN10] Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp., 257 F.2d 485, 118 U.S.P.Q. 187 (3d Cir. 1958); King Kup Candies, Inc. v. H. B. Reese Candy Co., 134 F. Supp. 463, 107 U.S.P.Q. 50 (D. Pa. 1955) (letter to plaintiff's customers quoted in opinion).

[FN11] Muller v. Olin Mathieson Chemical Corp., 404 F.2d 501, 160 U.S.P.Q. 1 (2d Cir. 1968) (patent case).

[FN12] Trippe Mfg. Co. v. American Power Conservation Corp., 46 F.3d 624, 33 U.S.P.Q.2d 1617 (7th Cir. 1995) (declaratory judgment action dismissed).

[FN13] PHC, Inc. v. Pioneer Healthcare, 75 F.3d 75, 37 U.S.P.Q.2d 1652 (1st Cir. 1996)("No competent lawyer advising [the declaratory judgment plaintiff-recipient of the declaratory judgment defendant attorney's letter] could fail to tell it that, based on the threatening letters and the surrounding circumstances, a section 43(a) suit was a likely outcome.").

[FN14] Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 3 U.S.P.Q.2d 1310, 1311 (Fed. Cir. 1987); Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 19 U.S.P.Q.2d 1545, 1548 (Fed. Cir. 1991), cert. denied, 502 U.S. 1013, 116 L. Ed. 2d 749, 112 S. Ct. 658 (1991).

[FN15] *See* G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985, 10 U.S.P.Q.2d 1801 (7th Cir. 1989) (while the declaratory judgment plaintiff need not have actually engaged in sale of products under the mark, it must have a "definite intent and apparent ability to commence use" of the mark).

[FN16] Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87, 137 U.S.P.Q. 235 (2d Cir. 1963) (patent case). *See* Polaroid Corp. v. Berkey Photo, Inc., 425 F. Supp. 605, 193 U.S.P.Q. 183 (D. Del. 1976) (mere allegation that distributor contemplates and needs to use the term generically held to "fall far short of allegations of a substantial dispute between the parties").

[FN17] Starter Corp. v. Converse, Inc., 84 F.3d 592, 38 U.S.P.Q.2d 1947, 1949 (2d Cir. 1996).

[FN18] Windsurfing Int'l, Inc. v. AMF, Inc., 828 F.2d 755, 4 U.S.P.Q.2d 1052 (Fed. Cir. 1987). *See* Baltimore Luggage Co. v. Samsonite Corp., 727 F. Supp. 202, 13 U.S.P.Q.2d 1450 (D. Md. 1989) (Where the declaratory judgment plaintiff has ceased its sale of products and exhausted its inventory, it fails the second prong of the test. A sufficient controversy is not found in the allegation that plaintiff fears that defendant might again assert its trademark rights if plaintiff again sells goods similar to those which provoked defendant to initiate an action before the International

Trade Commission. Where there is no present conduct of plaintiff to which defendant could object, there is no ground for a declaratory judgment.); Virgin Enterprises Ltd. v. Virgin Cuts Inc., 53 U.S.P.Q.2d 1026, 1999 WL 33316066 (E.D. Va. 1999) (a company fails the second prong of the test when that company has rendered no services under the mark, has no assets and no ability to enter into business in the near future).

[FN19] Starter Corp. v. Converse, Inc., 84 F.3d 592, 38 U.S.P.Q.2d 1947, 1949 (2d Cir. 1996).

[FN20] In the *Starter* case, tangible steps held to be sufficient for an athletic apparel maker to expand its marks to a line of sports shoes were that plaintiff: "invested a significant amount of time and money in this project; designed styles and prepared prototype shoes; conducted a consumer survey; made strategic decisions regarding who should manufacture the shoes; hired an external licensing agent; and attempted to find a manufacturing partner." The court concluded that "the steps [plaintiff] has taken are specific and evidence a concrete intention to use its [marks]." 38 U.S.P.Q.2d at 1950.

© 2005 Thomson/West

MCCARTHY § 32:51

END OF DOCUMENT