1  Ian N. Feinberg (SBN 88324)
   ifeinberg@mayerbrownrowe.com
2  Eric B. Evans (SBN 232476)
   eevans@mayerbrownrowe.com
3  Dennis S. Corgill (SBN 103429)
   dcorgill@mayerbrownrowe.com
4  MAYER, BROWN, ROWE & MAW LLP
   Two Palo Alto Square, Suite 300
5  3000 El Camino Real
   Palo Alto, CA  94306-2112
6  Telephone:   (650) 331-2000
   Facsimile:    (650) 331-2060
7
   Attorneys for Plaintiff
8  FREECYCLESUNNYVALE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>THE FREECYCLE NETWORK, an Arizona corporation,<br><br>Defendant. | CASE NO. C06-00324 CW<br><br>**PLAINTIFF FREECYCLESUNNYVALE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>Date:    March 31, 2006<br>Time:   10:00 a.m.<br>Place:   Courtroom 2 (Oakland)<br>Judge:  Honorable Claudia Wilken |

**I.    INTRODUCTION**

Defendant twice sent non-negotiable ultimatums into this District, claiming trademark rights to the common terms, "freecycle" and "freecycling," and demanding that Plaintiff "cease and desist" from using those terms to assist "freecyclers" in the Sunnyvale, California, area. Defendant also threatened to and did interfere with Plaintiff's Yahoo! group service account.  As a result of Defendant's acts, Yahoo!, an entity whose principal place of business is in this District, disabled Plaintiff's Yahoo! group, depriving Plaintiff of its chosen method of promoting freecycling in this District.

Having accomplished what it set out to do, Defendant now argues that there is no "case or controversy" and that Plaintiff has not been damaged. To manufacture support for its baseless motion, Defendant mischaracterizes the Complaint, relies upon "facts" not before this Court, and grossly misstates the law. Because Plaintiff more than adequately pleaded its two counts, Defendant's motion should be denied.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

1. Does Plaintiff have a reasonable apprehension that Defendant will file a trademark infringement action under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)?

2. Does Plaintiff state a claim for interference with an existing contract by alleging that the Defendant intentionally caused Yahoo! to terminate Plaintiff's account?

## III.   FACTS

The Complaint and its attached Exhibits set forth the following facts, which the Court must assume true for purposes of the Motion to Dismiss under Rule 12(b)(6). *Trew v. International Game Fish Assoc., Inc.*, 404 F. Supp. 2d 1173, 1177 (N.D. Cal. 2005). This Court must ignore any additional "facts" on which the Complaint does not rely. *Id*.

"Freecycling" is a practice by which a person with an unwanted item, a "freecycler," gives the item away rather than destroying the item or sending the item to a landfill. Complaint ¶¶ 13. Organizations that promote freecycling, such as the parties in this lawsuit, use email distribution lists to assist freecyclers to announce the items they no longer want. Complaint ¶ 14.

Plaintiff operates in Sunnyvale, California, providing support and assistance to local freecyclers. Complaint ¶¶ 1, 5. Yahoo!, who also resides in this District, contractually provided Plaintiff with an online group service account which allowed freecyclers in the Sunnyvale area to announce unwanted items. Complaint ¶¶ 15, 18. Defendant, an Arizona entity, provides nationwide assistance to local freecyling organizations who use Yahoo!'s online services to assist freecyclers. Complaint ¶¶ 2, 16. Initially, Defendant enthusiastically supported Plaintiff's efforts to assist Sunnyvale area freecyclers. Complaint ¶¶ 19, 20.

On or about November 1, 2005, Defendant sent an email to Plaintiff in Sunnyvale, which was styled as an "official notice to stop using the trademark-protected Freecycle name and logo."

-2-

1  Complaint ¶ 29. Defendant had previously filed a trademark application with the United States
2  Patent and Trademark Office ('USPTO"), seeking registration of a stylized version of "freecycle"
3  but not disclaiming rights to "freecycle" apart from the stylized version. Complaint ¶ 23, Exhibit
4  1. Defendant's application is pending. Complaint ¶ 23. The November 1st email, which
5  addressed Plaintiff as, "Owner of the Yahoo group 'freecyclesunnyvale,' " invited Plaintiff to
6  continue to promote freecycling, provided that Plaintiff used "a name that is not confusingly
7  similar to Freecycle." Complaint, Exhibit 7.

8  On or about November 14, 2005, Defendant sent another email to Plaintiff in Sunnyvale,
9  this time styled as a "second and final notification to cease and desist using the trademark-
10 protected Freecycle(TM) name and logo [and] any confusingly similar derivations thereof."
11 Complaint ¶¶ 31, Exhibit 9. That email, which also addressed Plaintiff as "Owner of the Yahoo
12 group 'freecyclesunnyvale,' " threatened that "a trademark . . . infringement report will be filed
13 with Yahoo" within forty-eight hours. *Id.*

14 Defendant followed through with its November 14th email threat. Defendant sent a
15 communication into this District, falsely claiming to Yahoo! that Plaintiff violated Defendant's
16 trademark rights. Complaint ¶ 32. As a result, Yahoo! terminated Plaintiff's online group service
17 account, which rendered Plaintiff unable to assist freecyclers in the Sunnyvale area. Complaint
18 ¶¶ 33, 34, 35, Exhibit 10.

19 On January 18, 2006, Plaintiff filed this lawsuit, alleging just two claims for relief, both of
20 which Defendant seeks to dismiss. The first seeks a declaration that Plaintiff's use of the terms,
21 "freecycle" and "freecycling," do not constitute trademark infringement or, in the alternatives,
22 that those terms are generic or that Defendant engaged in naked licensing. Complaint ¶¶ 39, 40,
23 41. As to this claim, Defendant asserts that Plaintiff has no "reasonable apprehension" of a
24 lawsuit and that Plaintiff must first exhaust administrative remedies before the United States
25 Patent and Trademark Office ("USPTO"). Both grounds for dismissal are specious.

26 The second claim seeks damages for intentional interference with business relations when
27 Defendant intentionally caused Yahoo! to terminate an existing contract. Complaint ¶¶ 49. As to
28 this claim, Defendant contends that Plaintiff has not alleged that Defendant's interference was

-3-

"wrongful" or that Plaintiff suffered a "pecuniary loss." Again, there is no basis for dismissal, this time because Defendant confuses interference with a *prospective business advantage*, which requires an act "wrongful in itself," with the interference with an *existing business relationship*, like Plaintiff's relationship with Yahoo!, which contains no such requirement.

## IV.  ARGUMENT

### A.  Plaintiff Has Stated A Claim For Declaratory Relief

Plaintiff's declaratory relief claim is predicated upon a present, actual controversy that placed Plaintiff in reasonable apprehension that Defendant will seek to enforce its claim to an unregistered trademark under § 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Defendant does not, and cannot, argue that any element necessary for a § 43(a) trademark infringement claim is missing from Defendant's threatening emails. *See Sun Microsystems, Inc. v. Microsoft, Corp.*, 999 F. Supp. 1301, 1308 (N.D. Cal. 1998) (listing elements). Nor does Defendant argue that Plaintiff, which accurately describes its activities in Sunnyvale as assisting freecyclers to freecycle, can avoid a collision course that will result in a trademark infringement action. Rather, Defendant tries to downplay its threatening emails and its interfering acts.

#### 1.  Plaintiff has a reasonable apprehension that Defendant will file a federal trademark infringement action.

Defendant asserts that the "reasonable apprehension" test for standing to seek declaratory relief requires a direct threat of litigation. It most certainly does not. In declaratory relief actions involving trademark infringement, an indirect threat is sufficient. *Menashe v. V Secret Catalogue, Inc.*, 2006 WL 47665, at * 7 (S.D.N.Y. Jan. 10, 2006) ("indirect threat"). *See also Ritz Hotel, Ltd. v. Shen Manufacturing Co.*, 384 F. Supp. 2d 678, 682 (S.D.N.Y. 2005) ("Because declaratory judgment actions are particularly useful in resolving trademark disputes . . . the finding of an actual controversy should be determined with some liberality") (quotation omitted).

Here, Defendant sent two threatening emails into this District, invoking the language of trademark infringement law and delivering non-negotiable ultimatums for Plaintiff to quit using "freecycle," or else. In the second email, Defendant gave Plaintiff forty-eight hours to "cease and desist" using "any confusingly similar derivations" of "freecycle," or else Defendant would seek

-4-

extra-judicial self-help by filing, in this District, a "trademark . . . infringement report" with Yahoo! Defendant then sent the threatened communication to Yahoo! in this District, and Yahoo! terminated Plaintiff's online group service account as a direct result of Defendant's actions.[1]

Defendant cites only one trademark case where a "reasonable apprehension" was not found,[2] but that case is so factually dissimilar that it actually supports Plaintiff. In *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 829 (E.D. Va. 2001), the court concluded by stating that, "A case or controversy cannot be manufactured out of a single cease-and-desist letter that invites negotiation and does not threaten litigation." The *Dunn* court also noted, without considering § 43(a), that the declaratory-relief defendant could not file an infringement lawsuit. *Id*. at 828 & n.14. Here, Defendant's two emails issued non-negotiable ultimatums and threatened a trademark infringement report to Yahoo! Defendant did not invite negotiation. Defendant's threats clearly encompass all of the elements necessary to bring an action under § 43(a).

In far less threatening situations, courts have found a "reasonable apprehension" of suit. For example, in another case cited by Defendant, the declaratory-relief defendant, who had registered its own trademark, sent a single letter declaring an intent to file an opposition to the declaratory-relief plaintiff's application to register a confusingly similar mark. *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396-97 (9th Cir. 1982) (reasonably infers "a threat of an infringement action"). *See also PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 79 (1st Cir. 1996) (threat to file state lawsuit under corporate name statute created reasonable apprehension of

---

[1] Defendant is, at best, disingenuous when representing that, "the complaint fails to state how this threat was made, whether it was implicit or explicit, when the threat was made, or any other facts sufficient to give [Defendant] fair notice on this element of Plaintiff's claim." Motion to Dismiss, at 4:17-19. Plaintiff not only alleges that Defendant sent the two threatening emails and caused the termination of Plaintiff's online group service account, but Plaintiff actually attached the threatening emails as Exhibits to the Complaint.

[2] Defendant cites *Windsurfing International, Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987), where the court did not find a case or controversy necessary for declaratory relief, but based its decision on the separate ground that the declaratory-relief plaintiff must engage in conduct which brings it into an adversarial conflict with the declaratory-relief defendant.

federal trademark infringement lawsuit under § 43(a)); *Caesar's World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1191 (D. Nev. 2003) (telephone call asserting infringement, letter stating belief in potential trademark claims, and refusal to abandon intent to use applications).

**2.     This Court should entertain Plaintiff's claim for declaratory relief.**

This is precisely the kind of case for which declaratory relief was intended. Declaratory relief is not intended for cases where the issues are "nebulous or contingent." *Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 243 (1952). Here, the declaratory relief issues are straightforward and clear: does Plaintiff infringe upon any trademark rights by using, in its Sunnyvale operations, the word "freecycle" or any of its derivations? Moreover, the actual case and controversy arose when Defendant filed a trademark infringement report in this District with Yahoo!, thereby shutting down the FreecycleSunnyvale Yahoo! users group and causing actual injury to Plaintiff. Declaratory relief is appropriate so that Plaintiff may remove the threat of trademark liability before investing its limited time and resources in efforts to assist freecyclers in the Sunnyvale area to freecycle. *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 597 (2d Cir. 1996) (narrow view of declaratory relief would "require Starter to go to substantial expense in the manufacture, marketing, and sale of its footwear, and subject itself to considerable liability for a violation of the Lanham Act before its right to even engage in this line of commerce would be adjudicated").

In Defendant's view, it can assert trademark claims against freecyclers with impunity. It can even cause the principal web-based facility for organizing groups, Yahoo! groups, to terminate freecyclers without any exposure even to a claim for declaratory relief. Fortunately for freedom of expression, that is not the law and Defendant's motion must be denied.

**3.     This case should be allowed to proceed.**

Defendant asserts that this Court should not entertain Plaintiff's claim for declaratory relief because (1) Plaintiff has "not exhausted the administrative procedures" in Plaintiff's opposition proceeding in the PTO, and (2) Plaintiff is a non-profit which does not charge for its services, and therefore "[p]laintiff will not be harmed by any delay caused by dismissal of its complaint." Both arguments are wrong.

1  First, as a matter of law, an opposition proceeding before the USPTO is not an administrative remedy, and only administrative remedies are subject to the exhaustion doctrine. *See Red Lobster Inns of America, Inc. v. New England Oyster House, Inc*., 524 F.2d 968, 968 (5th Cir. 1975) ("opposition proceedings before the United States Patent Office did not constitute a claim of infringement"). Defendant deliberately conflates its right to register its trademark, which is the subject of the opposition proceeding before the USPTO, with its right to assert trademark rights under Section 43 of the Lanham Act, which is not the subject of the USPTO opposition. Moreover, Defendant's argument turns the registration process on its head: in Defendant's world, it is free to assert with impunity the right to control the freecycle term unless and until the USPTO rules that the term is not registerable by Defendant. In other words, Defendant believes it should get all the benefits of a trademark registration, and Plaintiff should lay prostrate at Plaintiff's feet, until the USPTO determines that Defendant is not entitled to a registration. That is not the law. *Goya Foods, Inc. v. Tropicana Products, Inc*., 846 F.2d 848, 851-54 (2d Cir. 1988) (because courts regularly adjudicate trademark issues, primary jurisdiction doctrine does not warrant stay of declaratory relief action pending TTAB registration proceeding); *E.&J. Gallo Winery v. F.&P. S.p.A*., 899 F. Supp. 465, 467-68 (E.D. Cal. 1994) (primary jurisdiction doctrine does not warrant stay of trademark action pending cancellation proceedings). *Cf. Stuhlbarg International Sales Co., Inc. v. John D. Brush and Co., Inc*., 240 F.3d 832, 838 (9th Cir. 2001) (trademark action allowed to proceed while goods detained by U.S. Customs Service because "administrative process left [declaratory-relief plaintiff] without any remedy during detention period").

Second, and more importantly, Plaintiff and the freecycling public already have been injured by Defendant's acts causing Yahoo! to remove the Yahoo! group "FreecycleSunnyvale" from its website, based on Defendant's assertion of trademark infringement. As a direct result of Defendant's acts, freecyclers cannot easily find freecycled goods and opportunities, because there is no longer a "FreecycleSunnyvale" group listing those products and opportunities. Freecyclers and the public should not have to wait for a determination by the TTAB that "freecycle" is not registrable for easy access to freecycled goods and opportunities.

-7-

**B.   Plaintiff Has Stated A Claim For Tortious Interference With An Existing Contract**

Plaintiff's claim for damages is based upon Defendant's intentional interference with its then existing contract with Yahoo! which caused Yahoo! to terminate Plaintiff's online group service account. Defendant does not deny, because the record is clear, that it intentionally caused this contract to terminate. Rather, Defendant claims that Plaintiff has not alleged that Defendant's conduct was "wrongful" or that Plaintiff has not alleged a "pecuniary loss." Both contentions conflate interference with *prospective* business advantage, which Plaintiff does not allege, with interference with an ***existing*** business relationship, which Plaintiff does assert. Moreover, even were the Court to dismiss the first claim, this Court should permit Plaintiff to amend to add allegations that demonstrate diversity jurisdiction in this matter between a California unincorporated association and an Arizona corporation.

**1.   Interference with an existing contract does not require wrongfulness apart from the interference.**

California law, on which Defendant relies, distinguishes interference with a prospective economic advantage from interference with an existing contract: "[W]hile intentionally interfering with an existing contract is a wrong in and of itself, intentionally interfering with a plaintiff's prospective economic advantage is not." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158 (2003). As explained by the principal case on which Defendant relies: "Because interference with an existing contract receives greater solicitude than does interference with prospective economic advantage, it is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998).

Here, Plaintiff alleges that it had an existing contract with Yahoo! for an online group service account and that Defendant intentionally caused Yahoo! to terminate that contract. Because Plaintiff alleged interference with an existing contract, there is no further requirement to allege wrongfulness. *Compare RHL Industries v. SBC Communications, Inc.*, 133 Cal. App. 4th 1277, 1286-87 (2005) ("plaintiff seeking to recover for alleged interference with prospective

1  economic relations has the burden of pleading and proving that the defendant's interference was
2  wrongful by some measure beyond the fact of the interference itself") (quotation omitted) *with*
3  *Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 238 (2005) ("Proof that the
4  interfering conduct was wrongful independently from the interference itself is not required to
5  recover for interference with contractual relations.")

### 2. Plaintiff was damaged because Defendant rendered Plaintiff unable to assist freecyclers in the Sunnyvale area.

Defendant objects that Plaintiff has not alleged a "pecuniary loss," but Defendant is wrong as a matter of law. To allege damages for a California cause of action, "the absence of a specific amount from the complaint is not necessarily fatal as long as the pleaded facts entitle the plaintiff to relief." *Furia v. Helm*, 111 Cal. App. 4th 945, 957 (2003). The RESTATEMENT (SECOND) OF TORTS (1979), on which Defendant relies for this "pecuniary loss" argument, recognizes a broad array of the kinds of damages that entitle a plaintiff to relief for tortious interference. *Id.* at § 774A (tortious interference damages include "pecuniary loss of the benefits of the contract," "consequential losses," and "emotional distress or actual harm to reputation").

Defendant asks this Court to infer from the web page for a new Yahoo! online group service for freecycling, which does use that term as part of the group name, is "free," an inference that improperly runs in Defendant's favor and contradicts Plaintiff's allegation that Plaintiff provided consideration for its Yahoo! contract. Even if Plaintiff's improper inference from improper facts is somehow proper, the inference is irrelevant because it characterizes the facts as a disruption in ongoing contractual service, which is sufficient to allege tortious interference. *See Ford Motor Credit Co. v. Daugherty*, 2005 WL 1366455, at *4 (E.D. Cal. May 27, 2005) (damage element stated by alleging that plaintiff "was forced to temporarily cease operations as a [dealer]") (applying California law).

### 3. Plaintiff should be allowed to allege diversity jurisdiction, if the Court were to dismiss Count 1.

Defendant's final argument assumes that Plaintiff's declaratory relief claim will be dismissed and argues that, without federal subject matter jurisdiction, there is no supplemental

1  jurisdiction for Plaintiff's state law tortious interference claim.  First, the assumption on which
2  this argument rests is wrong because Plaintiff has demonstrated that it has stated a claim for
3  declaratory relief based upon federal subject matter jurisdiction.  Second, even if this Court
4  dismisses the declaratory relief claim, Plaintiff should be granted leave to amend to add
5  allegations of the amount in controversy and the residences of Plaintiff's members to demonstrate
6  diversity jurisdiction between Plaintiff, a California unincorporated association, and Defendant,
7  an Arizona corporation whose principal place of business is Tucson, Arizona.  28 U.S.C. § 1332.
8  *See also Trew*, *supra*, 404 F. Supp. 2d at 1177 ("When granting a motion to dismiss, a court is
9  generally required to grant a plaintiff leave to amend[.]")

## V.   CONCLUSION

For the reasons stated above, Plaintiff FreecycleSunnyvale respectfully requests this Court to deny Defendant's Motion to Dismiss in its entirety.

Dated: March 9, 2006          MAYER, BROWN, ROWE & MAW LLP
                              IAN N. FEINBERG
                              ERIC B. EVANS
                              DENNIS S. CORGILL


                              By:     Ian N. Feinberg
                                          /s/

                              Attorneys for Plaintiff
                              FREECYCLESUNNYVALE