PAUL J. ANDRE, BAR NO. 196585
(pandre@perksincoie.com)
LISA KOBIALKA, Bar No. 191404
(lkobialka@perkinscoie.com)
ESHA BANDYOPADHYAY, Bar No. 212249
(ebandyopadhyay@perkinscoie.com)
SEAN M. BOYLE, Bar No. 238123
(sboyle@perkinscoie.com)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:   (650) 838-4300
Facsimile:    (650) 838-4350

Attorneys for Defendant
The Freecycle Network, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>THE FREECYCLE NETWORK, INC., an Arizona corporation,<br><br>Defendant. | CASE NO. C 06-00324 CW<br><br>DEFENDANT THE FREECYCLE NETWORK, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS UNDER RULE 12(b)(6) |

## I. INTRODUCTION

Despite Plaintiff FreecycleSunnyvale's ("Plaintiff" or "FreecycleSunnyvale") illogical arguments, conclusory statements, and mischaracterization of the facts, it has failed to adequately plead the elements of its two causes of action against Defendant The Freecycle Network, Inc. ("Defendant" or "The Freecycle Network"). Among other deficiencies, Plaintiff has established neither the existence of a reasonable apprehension of suit nor the existence of damages necessary to warrant declaratory judgment. Similarly, Plaintiff fails to establish sufficient damages to satisfy the requirements of a claim for tortious interference with business relations. Finally, Plaintiff's

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

request for leave to amend appears to be nothing more than an act of desperation, in an attempt to stall the inevitable – dismissal of its baseless claims.

Indeed, there is no basis in fact or law for either of the claims brought by Plaintiff, even if those claims are viewed in a light most favorable to Plaintiff. Accordingly, The Freecycle Network respectfully requests that Plaintiff's Complaint for Declaratory Judgment of Trademark Noninfringement and Tortious Interference With Business Relations ("Complaint") be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## II.     ARGUMENT

**A.     Plaintiff Fails to Adequately State a Claim for Declaratory Relief**

**1.     Plaintiff fails to establish the existence of a "reasonable apprehension of suit."**

Plaintiff's argument that it faced a "reasonable apprehension of suit" (and that declaratory judgment is therefore an appropriate form of relief) is based entirely on two cease and desist e-mails sent by The Freecycle Network to Plaintiff in an attempt to deter Plaintiff from further infringement upon The Freecycle Network's legitimate trademark rights. Opposition at 4-5.

As an initial matter, Plaintiff grossly mischaracterizes these two cease and desist e-mails as "threatening." *See* Opposition at 4. Plaintiff's mischaracterization is apparent from a mere cursory glance at the e-mails themselves, which are attached as exhibits to Plaintiff's Complaint. *See* Complaint, Exhibits 7 and 9. As stated in The Freecycle Network's moving papers, the e-mails do not even go as far as to explicitly or implicitly mention litigation, let alone threaten litigation. *See id.*; *see also* Defendant The Freecycle Network, Inc.'s Memorandum in Support of Motion to Dismiss Complaint Under Rule 12(b)(6) ("Motion to Dismiss") at 4-5. Moreover, the e-mails invite Plaintiff to work with The Freecycle Network in a mutually beneficial manner. *See id.* Plaintiff conspicuously fails to address these facts in its Opposition. *See generally* Opposition at 4-5.

Plaintiff cites several cases in which courts have granted declaratory relief. Opposition at 4-5. However, in each of the cases cited by Plaintiff, the Court bases its decision to grant declaratory relief on a reasonable threat of an actual lawsuit. *See* Chesebrough-Ponds, Inc. v. Faberge, Inc., 666 F.2d 393, 396-97 (9th Cir. 1982) (explaining that district courts look beyond

- 2 -

cease and desist letters in determining whether "a threat of an infringement action" actually exists); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996) (threat to file an actual lawsuit under corporate name statute created a reasonable apprehension of trademark lawsuit). Similarly, even in the Dunn case relied upon by Plaintiff, a reasonable apprehension of suit was *not* found by the Court because a mere cease and desist letter that does not threaten litigation is *in*sufficient. Dunn Computer Corp. v. Loudcloud, Inc., 133 F.Supp.2d 823, 829 (E.D.Va. 2001); *see* Opposition at 5. While Plaintiff attempts to distinguish this case by equating The Freecycle Network's informal infringement report filed with the Web site Yahoo! with a lawsuit filed in a federal court (*see* Opposition at 5), this distinction is ludicrous.

In fact, beyond the two above-mentioned cease and desist letters which do not (explicitly or implicitly) mention litigation, Plaintiff does not even attempt to allege a single fact indicating that The Freecycle Network threatened Plaintiff with an actual lawsuit, as required by law to plead a viable claim for declaratory relief. *See* Hillblom v. United States, 896 F.2d 426, 430 (9th Cir. 1990); Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville Power Admin., 840 F.2d 1472, 1474 (9th Cir. 1988); *see also* Chesebrough-Ponds, Inc. v. Faberge, Inc., 666 F.2d 393, 396-97 (9th Cir. 1982); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996); Dunn Computer Corp. v. Loucloud, Inc., 133 F.Supp.2d 823, 829 (E.D.Va. 2001).

Accordingly, even if all facts alleged in Plaintiff's complaint are viewed in the light most favorable to Plaintiff, Plaintiff is simply unable to meet the requirements for a cause of action seeking declaratory relief.[1] As such, Plaintiff's claim should be dismissed with prejudice.

///
///
///
///

---

[1] In light of the arguments Plaintiff raised in its Opposition, it appears that Plaintiff is using its Complaint as an opportunity to request an advisory opinion from this Court as to whether The Freecycle Network's trademarks are valid. Such advisory opinions are in violation of Article III, making dismissal of Plaintiff's Complaint appropriate. *See* Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (holding that advance rulings do not ground a case or controversy).

**2.   Plaintiff fails to establish any adequate basis on which this Court should entertain Plaintiff's claim for declaratory relief.**

**a.   Plaintiff fails to articulate sufficient grounds for declaratory relief.**

Plaintiff argues in its Opposition that the Court should entertain Plaintiff's claim for declaratory judgment because there exists an actual case or controversy between Plaintiff and The Freecycle Network. Opposition at 6. An actual controversy exists only when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville Power Admin., 840 F.2d 1472, 1474 (9th Cir. 1988). As discussed in detail above, however, Plaintiff has not, presumably because it cannot, plead facts sufficient to warrant declaratory judgment. *See supra* section II.A.1. As such, Plaintiff cannot establish sufficient grounds for this Court to entertain Plaintiff's claims.[2]

As discussed in The Freecycle Network's moving papers, the Declaratory Judgment Act allows district courts discretion to decline to hear a request for declaratory judgment. 28 U.S.C. §2201; *see also* Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942) (holding that courts are authorized, not commanded, to declare rights under the Act); Motion to Dismiss at 5-6. Given Plaintiff's failure to adequately plead a cause of action for declaratory relief, this Court should utilize this discretion and dismiss Plaintiff's claim for declaratory judgment with prejudice.

**b.   Plaintiff's failure to exhaust all remedies apart from declaratory relief is a waste of judicial resources.**

Plaintiff confuses arguments for judicial economy and exercise of discretion with the traditional doctrines of exhaustion of administrative remedies and abstention. *See* Opposition at 7. Courts may exercise discretion to not hear a case where judicial administration may be impacted.

---

[2]   Additionally, Plaintiff has already filed an opposition to The Freecycle Network's trademark application with the United States Patent and Trademark Office. Motion at 3. Accordingly, it is within the PTO's discretion to determine whether a trademark should issue.

1  28 U.S.C. § 2201(a); Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991). To be
2  clear, The Freecycle Network moves the Court to dismiss the present action in an exercise of
3  judicial discretion. *See* Motion to Dismiss at 6. As stated clearly in The Freecycle Network's
4  moving papers, the pending opposition before the PTO represents yet another reason why
5  Plaintiff's Complaint should be dismissed, namely that administrative resources are already being
6  utilized for purposes of determining registrability of The Freecycle Network's trademark. *See*
7  Motion to Dismiss at 6 and Exhibit 2 (Request for Judicial Notice). Courts regularly defer to the
8  PTO in such situations, and courts should avoid importing an opposition proceeding into court
9  through the Declaratory Judgment Act. Topp-Cola Co. v. Coca-Cola Co., 314 F.2d 124, 126 (2nd
10 Cir. 1963) (Opposition to trademark registration should not be imported into court through use of
11 declaratory judgment action.); J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR
12 COMPETITION § 32:53 (4th ed.). Moreover, dismissal of Plaintiff's Complaint will prevent
13 inconsistent results from parallel proceedings.

14 Additionally, the trademark opposition requires Plaintiff to take contrary legal positions.
15 Plaintiff alleges in its opposition before the PTO that The Freecycle Network failed to police its
16 mark by engaging in uncontrolled licensing. *See* Motion to Dismiss at 6 and Exhibit 2 (Request
17 for Judicial Notice). However, in its Complaint, Plaintiff alleges facts which clearly demonstrate
18 that The Freecycle Network is policing its trademark rights. *See* Complaint at ¶¶ 29-32; Exhibits 7
19 and 9 (e-mail correspondence requesting that Plaintiff cease and desist from use of The Freecycle
20 Network's trademarks). Accordingly, Plaintiff attempts to argue inconsistent legal theories before
21 separate tribunals. This is not merely arguing a case in the alternative, it is attempting to create
22 inconsistent results. It appears that the Court should dismiss this case simply to save Plaintiff
23 from itself.

24 Since Plaintiff already exercised its administrative option, it need not additionally waste
25 judicial resources. Accordingly, The Freecycle Network requests that the Court exercise its
26 discretion (*see* 28 U.S.C. § 2201(a)) and clear this untimely case from its docket.
27 / / /
28 / / /

        **c.**     **Plaintiff fails to establish that it will suffer any sort of harm as a result of dismissal of its Complaint.**

Plaintiff asserts in its Opposition that declaratory judgment is warranted in this matter because Plaintiff has somehow been prevented from providing support to local community-based recycling groups. Opposition at 7 ("Plaintiff and the freecycling public already have been injured by Defendant's acts causing Yahoo! to remove the Yahoo! group "FreecycleSunnyvale" from its website."). However, Plaintiff's conclusory statement lacks any sort of logical reasoning. The Freecycle Network does not dispute that it legitimately requested that the Yahoo! group "FreecycleSunnyvale" be removed from the Yahoo! Web site because it included marks infringing upon The Freecycle Network's legitimate trademark interests. However, it is absurd to suggest that this resulted in prevention of Plaintiff's efforts toward recycling.

To the contrary, The Freecycle Network stated clearly in its cease and desist e-mails that it was merely asking Plaintiff to refrain from further infringing upon The Freecycle Network's trademark rights. *See* Complaint, Exhibits 7 and 9. In fact, The Freecycle Network's first e-mail requesting that Plaintiff cease and desist states specifically "[p]lease understand that our intent is not to stop you or your group from gifting or exchanging unwanted items with fellow users. [Y]ou are, or (sic) course, free to start your own gifting-based site under a name that is not confusingly similar to Freecycle." *See* Complaint, Exhibit 7. Similarly, in its second e-mail requesting that Plaintiff cease and desist use of its trademark, The Freecycle Network stated "[a]s we noted in our first letter, you are welcomed (sic) to continue the operation of a gifting or exchange-oriented site similar to that operated by our organization." *See* Complaint, Exhibit 9. Indeed, Plaintiff has been, in no way, prevented from providing support to local community-based recycling groups.

In fact, as The Freecycle Network noted in its moving papers (and Plaintiff conspicuously ignored in its Opposition), Plaintiff has already replaced its now-defunct Yahoo! Group Web site with a new, free, Yahoo! Group under the name "SunnyvaleFree" to service the needs of the recycling community, further undercutting any suggestion of harm. *See* Motion to Dismiss at 6. As such, even if it has to wait for a determination from the PTO regarding the FREECYCLE

- 6 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

1  mark, Plaintiff cannot legitimately allege facts sufficient to establish that it will suffer damage
2  should this suit be dismissed.  Accordingly, Plaintiff cannot meet the elements of a claim for
3  declaratory judgment, and Plaintiff's claim should therefore be dismissed with prejudice.

**B.    Plaintiff Fails to Adequately State a Claim for Tortious Interference with Business Relations**

　　**1.    Plaintiff fails to allege "damage" sufficient to assert a claim for tortious interference with business relations.**

　　　　Similar to its arguments relating to its claim for declaratory relief, Plaintiff argues that it alleges the element of "resulting damage," as required to properly plead a claim of tortious interference with business relations, by asserting that The Freecycle Network's actions have somehow prevented Plaintiff from assisting local community-based recycling efforts.  (Opposition at 9).

　　　　As an initial matter, Plaintiff does not appear to argue that it has suffered monetary damage as a result of The Freecycle Network's conduct.[3]  Opposition at 9.  To the contrary, Plaintiff's Complaint merely states that the Restatement (Second) of Torts recognizes a broad array of non-pecuniary damages.  *Id.*  However, as stated in The Freecycle Network's moving papers, the presence of pecuniary damages is a pleading requirement in a cause of action for tortious interference with business relations.  Motion to Dismiss at 8; *see* Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal.4th 26, 55 (Cal. 1998).  Plaintiff's apparent admission that it cannot meet this requirement confirms that it has not, because it cannot, plead facts to support a claim for tortious interference with business relations.

　　　　Moreover, despite Plaintiff's argument that the Restatement (Second) of Torts recognizes non-monetary damages in a cause of action for tortious interference with business relations, in any case, Plaintiff ultimately fails to allege any non-pecuniary damages.  Although Plaintiff states that The Freecycle Network's notification to Yahoo! of Plaintiff's trademark infringement resulted in

---

[3] To this end, Plaintiff makes an unintelligible argument in which it states that "[e]ven if Plaintiff's improper inference from improper facts is somehow proper, the inference is irrelevant…."  Id.  It is impossible to assess which of its own inferences Plaintiff now finds improper.  As such, The Freecycle Network cannot respond to this nonsensical statement.

- 7 -
REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

Plaintiff's inability to use The Freecycle Network's trademarks, it does not automatically follow that this, in turn, prevented Plaintiff from assisting local community-based recycling efforts. As discussed in detail above, The Freecycle Network encourages other groups to engage in the same activities, and pursue the same goals, as those of The Freecycle Network. Indeed, The Freecycle Network's e-mails to Plaintiff plainly encouraged Plaintiff to start a gifting-based or exchange-oriented site similar to The Freecycle Network's own site, as long as it did not infringe upon The Freecycle Network's trademark rights. *See* Complaint, Exhibits 7 and 9.

Thus, there appears no plausible explanation why Plaintiff could not continue to engage in activities relating to community-based recycling efforts. Once again, it therefore follows that Plaintiff cannot plead facts sufficient to support a claim for tortious interference with business relations. Accordingly, Plaintiff's claim for tortuous interference should be dismissed with prejudice.

### 2. Plaintiff fails to allege facts sufficient to assert diversity jurisdiction, and should not be granted leave to amend its Complaint in this regard.

In its Opposition, Plaintiff inexplicably states that it should be granted leave to amend its Complaint to allege diversity jurisdiction. Opposition at 9-10. Plaintiff introduces this argument so that it can retain its state law claim for tortious interference with business relations before this Court even in the event that the federal claim for declaratory judgment is dismissed. *Id*. However, a court is not required to grant leave to amend a complaint if such leave would prove pointless. Indeed, the Ninth Circuit has held that leave to amend can be denied solely on the basis of futility. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend should be denied where amendment is futile or would be subject to dismissal.). Here, Plaintiff has not, because it cannot, alleged a single fact indicating that it has a basis for newly alleging diversity jurisdiction. To the contrary, the arguments made by Plaintiff in its Opposition indicate that it cannot even properly allege diversity jurisdiction.

Specifically, to establish diversity jurisdiction, Plaintiff must establish that Plaintiff and The Freecycle Network are citizens of different states and that the matter in controversy exceeds

the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. However, Plaintiff has not asserted that there is any sum of money in controversy. To the contrary, Plaintiff specifically asserts that the damage it has allegedly suffered is non-pecuniary. Opposition at 9. In particular, Plaintiff alleges that the damage it suffered was the inability to assist those engaging in the recycling of goods. *Id.*

In fact, Plaintiff even goes so far as to argue that alleging non-pecuniary damage is sufficient for meeting the elements of a claim of tortious interference with business relations. *Id.* at 9 (arguing that the Restatement (Second) of Torts recognizes a broad array of non-pecuniary damages). As such, Plaintiff cannot possibly meet the threshold requirement of a matter in controversy exceeding the sum of $75,000, as required to establish diversity jurisdiction. Allowing Plaintiff leave to amend its Complaint to this end would therefore prove futile.

Accordingly, Plaintiff's request for leave to amend its Complaint to assert diversity jurisdiction should be denied. As stated by The Freecycle Network in its moving papers, upon dismissal of Plaintiff's claim for declaratory judgment, Plaintiff's state law claim for tortious interference with business relations must also be dismissed for a lack of subject matter jurisdiction. Motion to Dismiss at 9.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against The Freecycle Network should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

DATED: March 16, 2006          **PERKINS COIE LLP**

By _____/s/_____

Paul J. Andre
Lisa Kobialka
Esha Bandyopadhyay
Sean Boyle

Attorneys for Defendant
The Freecycle Network, Inc.