PAUL J. ANDRE, BAR NO. 196585
(pandre@perkinscoie.com)
LISA KOBIALKA, Bar No. 191404
(lkobialka@perkinscoie.com)
ESHA BANDYOPADHYAY, State Bar No. 212249
(ebandyopadhyay@perkinscoie.com)
SEAN M. BOYLE, Bar No. 238123
(sboyle@perkinscoie.com)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:    (650) 838-4300
Facsimile:    (650) 838-4350

Attorneys for Defendant and Counterclaimant
The Freecycle Network, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>                Plaintiff,<br><br>   v.<br><br>THE FREECYCLE NETWORK, INC., an Arizona corporation,<br><br>                Defendant. | CASE NO. C 06-00324 CW<br><br>**THE FREECYCLE NETWORK, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |
| THE FREECYCLE NETWORK, INC., an Arizona corporation,<br><br>                Counterclaimant,<br><br>   v.<br><br>FREECYCLESUNNYVALE, a California unincorporated association,<br><br>                Counterdefendant. | |

1   Defendant The Freecycle Network, Inc. ("The Freecycle Network") hereby answers

2   plaintiff FreecycleSunnyvale's ("Plaintiff") Amended Complaint for Declaratory Judgment of

3   Trademark Non-Infringement and Tortious Interference with Business Relations ("Amended

4   Complaint"), on personal knowledge as to its own activities and on information and belief as to

5   the activities of others, as follows:

6   **THE PARTIES**

7   1.   The Freecycle Network lacks knowledge or information sufficient to admit or deny

8   the allegations of Paragraph 1 and on that basis denies those allegations.

9   2.   Answering the allegations of Paragraph 2, The Freecycle Network admits that it is

10  an Arizona non-profit organization with its principal place of business in Tucson, Arizona.  Except

11  as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 2.

12  **JURISDICTION AND VENUE**

13  3.   Answering the allegations of Paragraph 3, The Freecycle Network admits that this

14  Court has subject matter jurisdiction over this action, as Plaintiff purports to bring this action

15  under the federal trademark laws of the United States and the Declaratory Judgment Act.  Except

16  as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 3.

17  4.   Answering the allegations of Paragraph 4, The Freecycle Network admits that this

18  Court currently has supplemental jurisdiction over certain claims in this action.  Except as thus

19  expressly admitted, The Freecycle Network denies the allegations of Paragraph 4.

20  5.   Answering the allegations of Paragraph 5, The Freecycle Network admits that this

21  Court currently has personal jurisdiction over The Freecycle Network in this matter.  Except as

22  thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 5.

23  6.   Answering the allegations of Paragraph 6, The Freecycle Network admits that

24  venue is proper in this judicial district.  Except as thus expressly admitted, The Freecycle Network

25  denies the allegations of Paragraph 6.

26  7.   Answering the allegations of Paragraph 7, The Freecycle Network admits that there

27  is a case and controversy that has arisen between the parties.  Except as thus expressly admitted,

28  The Freecycle Network denies the remaining allegations of Paragraph 7.

THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS                                    CASE NO. C 06-00324 CW

**INTRA-DISTRICT ASSIGNMENT**

8.      Answering the allegations of Paragraph 8, The Freecycle Network admits that district-wide assignment is proper in this matter.  Except as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 8.

**NATURE OF THE ACTION**

9.      The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9 and on that basis denies those allegations.

10.      Answering the allegations of Paragraph 10, The Freecycle Network admits that it claims trademark rights in the trademark FREECYCLE and "The Freecycle Network" logo, among other trademarks.  Except as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 10.

11.      The Freecycle Network denies the allegations of Paragraph 11.

12.      Answering the allegations of Paragraph 12, The Freecycle Network admits that Plaintiff appears to seek a declaration that it has not infringed upon The Freecycle Network's trademarks, and compensation.  Except as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 12.

**GENERAL ALLEGATIONS**

13.      The Freecycle Network denies the allegations of Paragraph 13.

14.      The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 14, and on that basis denies those allegations.

15.      The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 15, and on that basis denies those allegations.

16.      Answering the allegations of Paragraph 16, The Freecycle Network admits that it was founded in May, 2003.  Except as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 16.

17.      The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17, and on that basis denies those allegations.

THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS                              CASE NO. C 06-00324 CW

18.    The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18, and on that basis denies those allegations.

19.    The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and on that basis denies those allegations.

20.    The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and on that basis denies those allegations.

21.    The Freecycle Network admits the allegations of Paragraph 21.

22.    Answering the allegations of Paragraph 22, The Freecycle Network admits that it has sent an e-mail communication stating "Yeah, Sunnyvale! … You can get the neutral logo from http://www.freecycle.org, just don't use it for commercial purposes or maybe Mark or Albert can help you to do your own fancy schmancy logo!"  Except as thus expressly admitted, The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22, and on that basis denies those allegations.

23.    Answering the allegations of Paragraph 23, The Freecycle Network denies the first sentence of Paragraph 23.  The Freecycle Network admits that Plaintiff has attached what appears to be The Freecycle Network's application for registration of the mark FREECYCLE on the Principal Register to its Amended Complaint as Exhibit 1.  The Freecycle Network lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 23, and on that basis denies those allegations.

24.    Answering the allegations of Paragraph 24, The Freecycle Network admits that Plaintiff has attached what appears to be an article from Salon.com, dated November 23, 2003, to its Amended Complaint as Exhibit 2.  The Freecycle Network further admits that Plaintiff has attached what appears to be an article from the San Jose Mercury News, dated January 27, 2004, to its Amended Complaint as Exhibit 3.  The Freecycle Network further admits that Plaintiff has attached what appears to be an article from the New York Times, dated March 16, 2004, to its Amended Complaint as Exhibit 4.  The Freecycle Network further admits that Plaintiff has attached what appears to be an article from The Wall Street Journal, dated May 6, 2004, to its Amended Complaint as Exhibit 5.  The Freecycle Network further admits that Plaintiff has

- 4 -

1    attached what appears to be an article from People, dated May 10, 2004, to its Amended

2    Complaint as Exhibit 6.  The Freecycle Network further admits that the language of the articles

3    attached to Plaintiff's Amended Complaint as Exhibits 2-6 speak for themselves.  Except as thus

4    expressly admitted, The Freecycle Network denies the allegations of Paragraph 24.

5    <u>**The Freecycle Network Attempts to Seize the Generic Term Freecycle**</u>

6        25.    Answering the allegations of Paragraph 25, The Freecycle Network admits that it

7    has filed an application for registration on the Principal Register of the FREECYCLE mark and a

8    graphic logo.  The Freecycle Network further admits that the application is still pending.  Except

9    as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 25.

10        26.    The Freecycle Network denies the allegations of Paragraph 26.

11        27.    The Freecycle Network denies the allegations of Paragraph 27.

12        28.    The Freecycle Network admits the allegations of Paragraph 28.

13        29.    The Freecycle Network denies the allegations of Paragraph 29.

14        30.    The Freecycle Network denies the allegations of Paragraph 30.

15        31.    The Freecycle Network denies the allegations of Paragraph 31.

16    <u>**The Present Dispute**</u>

17        32.    Answering the allegations of Paragraph 32, The Freecycle Network admits that it

18    sent an e-mail to Plaintiff on November 1, 2005.  The Freecycle Network further admits that

19    Plaintiff has attached what appears to be a copy of this e-mail to its Amended Complaint as

20    Exhibit 7, and that the language of this e-mail speaks for itself.  Except as thus expressly admitted,

21    The Freecycle Network denies the allegations of Paragraph 32.

22        33.    The Freecycle Network lacks knowledge or information sufficient to admit or deny

23    the allegations of Paragraph 33, and on that basis denies those allegations.

24        34.    Answering the allegations of Paragraph 34, The Freecycle Network admits that it

25    sent an e-mail to Plaintiff on November 14, 2005.  The Freecycle Network further admits that

26    Plaintiff has attached what appears to be a copy of this e-mail to its Amended Complaint as

27    Exhibit 8, and that the language of this e-mail speaks for itself.  Except as thus expressly admitted,

28    The Freecycle Network denies the allegations of Paragraph 34.

THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS                    CASE NO. C 06-00324 CW

35.     The Freecycle Network denies the allegations of Paragraph 35.

36.     The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36, and on that basis denies those allegations.

37.     Answering the allegations of Paragraph 37, The Freecycle Network admits that Plaintiff has attached what appears to be a copy of an e-mail from Yahoo! to Plaintiff to its Amended Complaint as Exhibit 10, and that the language of this e-mail speaks for itself.  Except as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 37.

38.     Answering the allegations of Paragraph 38, The Freecycle Network lacks knowledge or information sufficient to admit or deny the allegations of the second sentence of Paragraph 38, and on that basis denies those allegations.  The Freecycle Network denies the remaining allegations of Paragraph 38.

39.     The Freecycle Network denies the allegations of Paragraph 39.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of Trademarks)**

**(15 U.S.C. § 1051 *et seq.*)**

40.     The Freecycle Network incorporates its responses to Paragraphs 1 through 39 above as if fully set forth in response to Paragraph 40 of the Amended Complaint.

41.     The Freecycle Network denies the allegations of Paragraph 41.

42.     The Freecycle Network admits that an actual, present and justiciable controversy has arisen between The Freecycle Network and Plaintiff regarding The Freecycle Network's trademarks and denies the remaining allegations of Paragraph 42.

43.     Answering the allegations of Paragraph 43, The Freecycle Network admits that Plaintiff appears to seek a declaration from this Court that its use of The Freecycle Network's trademarks does not constitute trademark infringement.  Except as thus expressly admitted, The Freecycle Network denies the allegations of Paragraph 43.

44.     Answering the allegations of Paragraph 43, The Freecycle Network admits that Plaintiff appears to seek a declaration from this Court that its The Freecycle Network has dedicated its trademarks to the public domain.  The Freecycle Network further admits that Plaintiff

1  appears to seek a declaration from this Court that its use of The Freecycle Network's trademarks

2  does not constitute trademark infringement.  Except as thus expressly admitted, The Freecycle

3  Network denies the allegations of Paragraph 44.

4       45.    Answering the allegations of Paragraph 45, The Freecycle Network admits that

5  Plaintiff appears to seek a declaration from this Court that The Freecycle Network has engaged in

6  uncontrolled or naked licensing of its trademarks.  The Freecycle Network further admits that

7  Plaintiff appears to seek a declaration from this Court that its use of The Freecycle Network's

8  trademarks does not constitute trademark infringement.  Except as thus expressly admitted, The

9  Freecycle Network denies the allegations of Paragraph 45.

10  **SECOND CLAIM FOR RELIEF**

11  **(Tortious Interference with Business Relations)**

12       46.    The Freecycle Network incorporates its responses to Paragraphs 1 through 39

13  above as if fully set forth in response to Paragraph 46 of the Amended Complaint.

14       47.    The Freecycle Network denies the allegations of Paragraph 47.

15       48.    The Freecycle Network denies the allegations of Paragraph 48.

16       49.    The Freecycle Network denies the allegations of Paragraph 49.

17       50.    The Freecycle Network denies the allegations of Paragraph 50.

18       51.    The Freecycle Network denies the allegations of Paragraph 51.

19       52.    The Freecycle Network denies the allegations of Paragraph 52.

20       53.    The Freecycle Network denies the allegations of Paragraph 53.

21       54.    The Freecycle Network denies the allegations of Paragraph 54.

22       55.    Answering the allegations of Paragraph 55, The Freecycle Network admits that

23  Plaintiff waives any and all rights to recover monetary damages.  The Freecycle Network further

24  admits that the public is better served if The Freecycle Network is not required to pay damages to

25  Plaintiff.  Except as thus expressly admitted, The Freecycle Network denies the allegations of

26  Paragraph 55.

27

28

1

**AFFIRMATIVE DEFENSES**

2

FIRST AFFIRMATIVE DEFENSE

3

    56.    Plaintiff's Amended Complaint fails to state a claim upon which relief may be

4

granted.

5

SECOND AFFIRMATIVE DEFENSE

6

    57.    Plaintiff lacks standing to assert the claims set forth in this Action.

7

THIRD AFFIRMATIVE DEFENSE

8

    58.    Plaintiff's claims are barred by virtue or laches and/or estoppel.

9

FOURTH AFFIRMATIVE DEFENSE

10

    59.    Plaintiff's claims are barred under the doctrine of unclean hands.

11

FIFTH AFFIRMATIVE DEFENSE

12

    60.    Plaintiff's claims are barred under the doctrine of privilege.

13

**COUNTERCLAIMS**

14

    Defendant and Counterclaimant The Freecycle Network, Inc. ("The Freecycle Network")

15

hereby alleges for its counterclaims against Plaintiff and Counterdefendant FreecycleSunnyvale

16

("Counterdefendant"), on personal knowledge as to its own activities and on information and

17

belief as to the activities of others, as follows:

18

**The Parties**

19

    61.    The Freecycle Network is an incorporated Arizona non-profit organization with its

20

principal place of business in Tucson, Arizona.  The Freecycle Network promotes recycling by

21

providing support to and acting as a central organizing point for local community-based recycling

22

efforts throughout the United States and several countries abroad.

23

    62.    The Freecycle Network is informed and believes that Counterdefendant is an

24

unincorporated non-profit association with its principal place of business in Sunnyvale, California.

25

**Jurisdiction and Venue**

26

    63.    This Court has jurisdiction over the subject matter of this action pursuant to 28

27

U.S.C. §§ 1331 and 1338, as this action arises under the trademark laws of the United States.

28

THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS                    CASE NO. C 06-00324 CW

64.    This Court has original jurisdiction over The Freecycle Network's state law claims under 28 U.S.C. § 1332(a), as well as supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

65.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as this is a district in which a substantial part of the events giving rise to the claims occurred.

## COUNTERCLAIM FOR TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

### (Trademark Infringement, 15 U.S.C §§ 1114 and 1125(a))

66.    The Freecycle Network re-alleges and incorporates by reference each allegation contained in Paragraphs 1-65, inclusive, as fully set forth herein.

67.    The Freecycle Network is the sole owner of the distinctive and famous trademarks "FREECYCLE" and "The Freecycle Network", and the distinctive "The Freecycle Network" logo (collectively referred to as the "Marks"), which it has been using exclusively and continuously since at least May 1, 2003.

68.    In addition to The Freecycle Network's long and continuous use of the Marks, the United States Patent and Trademark Office ("PTO") approved registration of the mark FREECYCLE and its distinctive logo on the Principal Register on November 22, 2005.  The PTO issued a notice of publication for the mark FREECYCLE and its distinctive logo on December 28, 2005.

69.    As a result if its use and promotion of the Marks, The Freecycle Network has built up and now owns valuable goodwill that is symbolized by these Marks.

70.    Counterdefendant has used The Freecycle Network's Marks without permission, even after being asked to cease and desist using the Marks.

71.    Counterdefendant continues to use The Freecycle Network's Marks through a new Yahoo! group with the name "SunnyvaleFree" without permission, even after being asked to cease and desist using the Marks.

72.    Counterdefendant has encouraged others to use The Freecycle Network's Marks without permission, even after being asked to cease and desist using the Marks.

THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS                                      CASE NO. C 06-00324 CW

73.    Counterdefendant continues to encourage others to use The Freecycle Network's Marks through a new Yahoo! group with the name "SunnyvaleFree" without permission, even after being asked to cease and desist using the Marks.

74.    Such use by Counterdefendant of The Freecycle Network's Marks are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of such products and services as to the affiliation, connection, or association with Counterdefendant and The Freecycle Network.  This constitutes direct trademark infringement in violation of Section 32 of the Lanham Act, 15. U.S.C. § 1114(1).

75.    Such inducement by Counterdefendant of third parties to use The Freecycle Network's Marks constitutes contributory trademark infringement in violation of Section 43(a) of the Lanham Act, § 1125(a).

76.    The Freecycle Network is informed and believes that Counterdefendant's past and continuing contributory trademark infringement of The Freecycle Network's Marks has been deliberate and willful, and was calculated to harm the goodwill of The Freecycle Network's Marks and of The Freecycle Network's reputation and goodwill.

77.    Counterdefendant's infringing conduct has damaged The Freecycle Network in an amount to be determined at trial, and will continue to damage The Freecycle Network, unless restrained by this Court.  The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Counterdefendant's willful conduct, to an award against Counterdefendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## COUNTERCLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT

### (Unfair Competition, 15 U.S.C § 1125(a))

78.    The Freecycle Network re-alleges and incorporates by reference each allegation contained in Paragraphs 1-77, inclusive, as fully set forth herein.

79.    Counterdefendant's use of The Freecycle Network's Marks in connection with their own re-using, recycling, and gifting services misrepresents the nature, characteristics, and qualities of Counterdefendant's services and products.

80.     By using The Freecycle Network's Marks in connection with competing services in commerce, Counterdefendant has engaged and continues to engage in unfair competition in violation of 15 U.S.C. § 1125(a).

81.     Counterdefendant's unfair competition conduct has damaged The Freecycle Network in an amount to be determined at trial, and will continue to damage The Freecycle Network, unless restrained by this Court.  The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Counterdefendant's willful conduct, to an award against Counterdefendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## COUNTERCLAIM FOR UNFAIR COMPETITION UNDER THE CALIFORNIA BUSINESS AND PROFESSIONAL CODE

(Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 and 17500)

82.     The Freecycle Network re-alleges and incorporates by reference each allegation contained in Paragraphs 1-81, inclusive, as fully set forth herein.

83.     By the acts described above, Counterdefendant has engaged in unlawful and unfair business practices, and has conducted unfair, deceptive, and misleading acts in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 which have injured and threaten to injure The Freecycle Network's business, goodwill, and property, unless restrained.

84.     Accordingly, The Freecycle Network is entitled to injunctive relief and other relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, The Freecycle Network requests that the Court enter judgment in its favor and against Counterdefendant on its Amended Complaint as follows:

a.     Dismissing Counterdefendant's claims and declaring that it take nothing by way of its Amended Complaint;

b.     Granting an injunction temporarily and permanently enjoining and restraining Counterdefendant, its officers, agents, servants, employees, affiliates, parent or subsidiary

THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS                                    CASE NO. C 06-00324 CW

1  corporations, attorneys, and all those in privity or acting in concert with Counterdefendant, from

2  using the Marks in any form or any close variation thereof, and in particular form;

3      c.    Awarding damages to The Freecycle Network adequate to compensate The

4  Freecycle Network for Counterdefendant's unlawful activities, together with interest thereon, and

5  an increase in the amount of damages to three times the amount found or assessed by this Court

6  because of the willful and deliberate nature of Counterdefendant's acts, as provided by 35 U.S.C.

7  § 284;

8      d.    Order an accounting by Counterdefendant of all gains, profits, and advantages

9  derived from its unlawful activities, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by

10  virtue of Counterdefendant's willful conduct;

11      e.    Awarding compensatory damages in an amount to be proven at trial, such amount

12  to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of Counterdefendant's willful conduct;

13      f.    Awarding The Freecycle Network its costs incurred in this action, disbursements

14  and attorneys fees to the extent permitted by law; and

15      g.    Granting such other and further relief as this Court may deem just and proper.

16                          **JURY DEMAND**

17      The Freecycle Network hereby demands a trial by jury on all issues so triable as a matter

18  of right and law.

19

20  DATED:  April 14, 2006          **PERKINS COIE LLP**

21

22                          By  _/s/| Esha Bandyopadhyay_
                            Paul J. Andre

23                          Lisa Kobialka
                            Esha Bandyopadhyay

24                          Sean Boyle
                            Attorneys for Defendant and Counterclaimant

25                          The Freecycle Network, Inc.

26

27

28  BY061030169

- 12 -
THE FREECYCLE NETWORK'S ANSWER TO AMENDED
COMPLAINT AND COUNTERCLAIMS          CASE NO. C 06-00324 CW