MAYER, BROWN, ROWE & MAW LLP
Ian N. Feinberg (SBN 88324)
ifeinberg@mayerbrownrowe.com
Dennis S. Corgill (SBN 103429)
dcorgill@mayerbrownrowe.com
Eric B. Evans (SBN 232476)
eevans@mayerbrownrowe.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Plaintiff
FREECYCLESUNNYVALE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>             Plaintiff,<br><br>    v.<br><br>THE FREECYCLE NETWORK, an Arizona corporation,<br><br>             Defendant. | Case No. C06-00324 CW<br><br>**PLAINTIFF AND COUNTERDEFENDANT FREECYCLESUNNYVALE'S REPLY IN SUPPORT OF MOTIONS TO DISMISS COUNTERCLAIMS UNDER FED.R.CIV.P. 12(b)(6) AND TO STRIKE STATE-LAW COUNTERCLAIM UNDER CAL. CODE. CIV. PROC. § 425.16** |
| THE FREECYCLE NETWORK, INC., an Arizona Corporation,<br><br>             Counterclaimant,<br><br>    v.<br><br>FREECYCLESUNNYVALE, a California unincorporated association,<br><br>             Counterdefendant. | Before:   The Honorable Claudia Wilken |

REPLY IN SUPPORT OF MOTIONS TO DISMISS/STRIKE COUNTERCLAIMS
CASE NO. C06-00324 CW

PADB01 44020532.1

I.  **INTRODUCTION**

Defendant and Counterclaimant The Freecycle Network, Inc.'s ("TFN") Opposition to Plaintiff and Counterdefendant FreecycleSunnyvale's motions to dismiss and strike does nothing to salvage TFN's deficient counterclaims.  TFN misstates the legal standard on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  TFN misstates the law that applies to claims under the Lanham Act and mischaracterizes its trademark and unfair competition counterclaims.  This Court should dismiss TFN's counterclaims because those counterclaims either fail to allege a cognizable legal theory or fail to allege sufficient facts under a cognizable legal theory.

TFN's Opposition only confirms that this Court should strike TFN's state-law counterclaim under California's anti-SLAPP law, Cal. Code. Civ. Proc. § 425.16.  TFN's factual arguments are refuted by the record on which TFN asks this Court to rely, a record that confirms that TFN's state-law counterclaim is based upon FreecycleSunnyvale's free speech activities and is not likely to succeed.  This Court should strike TFN's state-law counterclaim as violating California's anti-SLAPP law.

A.  **A Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6) May Be Granted If TFN Has Not Alleged A Cognizable Legal Theory Or Sufficient Facts Under A Cognizable Legal Theory**

TFN wrongly asks this Court to deny FreecycleSunnyvale's motion to dismiss by applying the notice standard of Fed.R.Civ.P. 8.  *E.g*., Opposition 8:27-28; 11:4-5; 11:13-14.  The parties are well acquainted with their differences of opinion regarding TFN's efforts to assert trademark rights over the generic term "freecycle."  The issue before this Court is not whether FreecycleSunnyvale is on notice of those differences of opinion.  The Rule 12(b)(6) issue is whether TFN's counterclaims are based upon a cognizable legal theory or allege sufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

**B.     TFN Has Not Alleged A Claim For Relief Under The Lanham Act**

  **1.     TFN's Counterclaim Under § 32(1) Of The Lanham Act Should Be Dismissed Because TFN Does Not Have A Federally Registered Trademark**

TFN does not have a federally registered trademark and, therefore, lacks standing to bring its counterclaim under under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Rather than concede that it lacks standing, TFN misstates the law by arguing that the owner of an unregistered trademark may state a claim under § 32(1). Opposition 6:16-17. TFN cites no case which holds that the owner of an unregistered trademark has standing to bring an action under § 32(1). In the principal case on which TFN relies, the claimant owned a federally registered trademark and had standing under § 32(1). *See Prudhomme v. The Procter & Gamble Co.*, 800 F. Supp. 390, 392 n.5 (E.D. La. 1992). In TFN's other two cases, owners of unregistered marks proceeded under § 43(a), not § 32(1). *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 208 (2000) (unregistered trade dress); *Mario Valente Colleazioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 247, 254-57 (S.D.N.Y. 2003) (unregistered trademark).

In its Opposition, TFN cites to cases which *confirm* that only the owner of a registered mark has standing under § 32(1). *See Wal-Mart Stores, Inc.*, 529 U.S. at 209 ("Registration of a mark under § 2 of the Lanham Act . . . enables the owner to sue an infringer under § 32."); *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.8 (9th Cir. 1999) ("section 32 provides protection only to registered marks"). *See also National Licensing Association, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1254 (E.D. Wash. 2004) ("Section 32 of the Lanham Act grants standing to assert a claim of trademark infringement to the 'registrant' of the mark.")

In the alternative, TFN concocts an argument that both mischaracterizes its counterclaims and invents an unsupportable legal proposition. First, TFN misrepresents that it also brought a trademark infringement counterclaim under § 43(a) of the Lanham Act, 15 U. S.C. § 1125(a). Opposition 7:11-12. In its first counterclaim, TFN alleges "direct trademark infringement" under § 32(1) and "contributory trademark infringement" under § 43(a). Answer and Counterclaim ¶

74, 75. In its second counterclaim, TFN alleges "unfair competition in violation of" § 43(a). *Id*. ¶ 80. Missing is any allegation that FreecycleSunnyvale directly infringed under § 43(a).

TFN then reaches the unsupportable conclusion that, because TFN might have alleged direct trademark infringement under § 43(a), any lack of standing under § 32(1) is somehow "moot." Opposition 7:9-12. The two cases that TFN cites provide no support for this novel, "mootness" argument. In *Frisch's Restaurant, Inc. v. Elby's Big Boy of Steubenville, Ohio*, 849 F.2d 1012, 1015 (6th Cir. 1988), because the court upheld a finding of infringement under § 43(a), the court declined to reach the issue of whether the licensee of a federally registered trademark had standing under § 32(1). In *Brookfield Communications, Inc.*, 174 F.3d at 1042, 1046 n.8, the trademark was federally registered, and the Ninth Circuit stated that, "section 32 provides protection only to registered marks."

TFN lacks standing to bring its counterclaim under § 32(1), and TFN does not cite a single case to the contrary. FreecycleSunnyvale respectfully requests this Court to dismiss TFN's direct trademark infringement counterclaim under § 32(1) with prejudice.

**2.     TFN's Contributory Trademark Infringement Counterclaim Lacks Necessary Allegations Of Third Party Infringement Or Control Of The Instrumentality Of Third Party Infringement**

TFN objects to the requirement that it must allege direct infringement by a third party to support its contributory trademark infringement counterclaim. Opposition 8:20-21. Before making its argument, TFN states that it "alleged that [FreecycleSunnyvale] has 'intentionally induced another to infringe'." Opposition 8:7-8. Nowhere in the cited portion of the counterclaims does that language appear. *Cf*. Answer and Counterclaim ¶¶ 72, 73 ("encourage" or "encourages" "others to use"). TFN's counterclaims may allege that FreecycleSunnyvale encouraged third parties to use "freecycle," but use of a trademarked word in casual conversation, or even in critical commentary, is not trademark infringement. Nowhere does TFN allege that any third party use constitutes *direct* infringement.

Ignoring established precedent, TFN argues that there is no "support [for the] contention that a third party must infringe . . . before [TFN] can allege contributory trademark

infringement." Opposition 8:21-22. Two cases cited by TFN provide the necessary support. In *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 842 (1982), defendant supplied generic drugs to third-party pharmacists who mislabeled the drugs with an infringing trademark. Before reaching the issue of intent, the Court first established that the third-party pharmacists directly infringed. *Id*. at 854. In *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983-84 (9th Cir. 1999), the Ninth Circuit noted that a ground for summary judgment on contributory trademark infringement is that "no genuine issue of material fact exists as to [third-party] infringement." Additionally, FreecycleSunnyvale cited to *Fonavisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259, 264 (9th Cir. 1996) (emphasis added), where the Ninth Circuit stated that contributory trademark infringement "recognizes liability for conduct that assists others in *direct* trademark infringement." In that case, "there was no dispute . . . that [third-party] vendors . . . were selling counterfeit recordings in violation of Fonovisa's trademarks." *Id*. at 261.[1]

TFN reveals further deficiencies in its counterclaim by looking for support in a line of cases in which a contributory trademark infringer places a tangible product with an infringing trademark into the stream of commerce, knowing that the infringing product is being resold to consumers. Opposition 9:1-8. *See generally* 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:18 (2005) (discussing 'product' line of cases). TFN does not, and cannot, allege that FreecycleSunnyvale placed a tangible product into the stream of commerce. Because TFN's contributory trademark infringement counterclaim does not fall into the 'product' line of cases, TFN's counterclaim must be based upon allegations that FreecycleSunnyvale exercises "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's marks." *Lockheed Martin Corp.*, 194 F.3d at 984. This is yet another reason why

---

[1] For additional cases, see *Rolex Watch, U.S.A. v. Michel Co*., 179 F.3d 704, 713 (9th Cir. 1999) (upholding finding of no contributory trademark infringement where there was no evidence that defendant "knew or had reason to know [third-parties] were engaging in trademark infringement"); *Sony Computer Entertainment America v. Gamemasters*, 87 F. Supp. 2d 976, 986 (N.D. Cal. 1999) (en route to finding no likelihood of success on contributory trademark infringement, "no evidence showing any likelihood that third parties are infringing SCEA's marks"); *A&M Records, Inc. v. Abdallah*, 948 F. Supp. 1449, 1457 (C.D. Cal. 1996) (finding contributory trademark infringement where defendant "knew that [third parties] used the cassettes to engage in trademark infringement").

- 4 -

TFN has not alleged sufficient facts under a cognizable theory of contributory trademark infringement.

TFN's allegations of contributory trademark infringement fail to allege sufficient facts under a cognizable legal theory of contributory trademark infringement. TFN does not allege that (1) any third party uses the word "freecycle" in a manner that directly infringes TFN's alleged trademarks, (2) FreecycleSunnyvale intended, knew, or should have known of any infringing use by a third party, or (3) FreecycleSunnyvale exercises control and monitoring of any instrumentality by which any third party directly infringes TFN's alleged trademarks. FreecycleSunnyvale respectfully requests this Court to dismiss TFN's counterclaim for contributory trademark infringement.

**3. TFN's Conflicting Standing Allegations Demonstrate That TFN Has Not Alleged Sufficient Facts Under A Cognizable Legal Theory For Unfair Competition Under § 43(a) Of The Lanham Act**

Expanding upon its novel "mootness" argument, TFN argues that, because there are several counterclaims that TFN might have alleged under § 43(a), TFN should be excused from properly pleading even one. Opposition 10:4 to 11:2. The problem is that different § 43(a) claims have different requirements, including standing requirements:

> We have said that different causes of action alleged pursuant to the different subsections of [§ 43(a)] have different standing requirements. *Smith* and *Waits* involved the "false association" prong of § 43[(a)(1)(A)], under which a plaintiff need only allege commercial injury based upon the deceptive use of a trademark or its equivalent to satisfy standing requirements. That the parties be competitors "in the traditional sense" is not required. On the other hand, for standing pursuant to the "false advertising" prong of § 43(a)[(1)(B)], a plaintiff must show: (1) commercial injury based upon a misrepresentation about a product; and (2) that the injury is "competitive," or harmful to plaintiff's ability to compete with the defendant.

*Jack Russell v. American Kennel Club*, 407 F.3d 1027, 1037 (9th Cir. 2005) (citations omitted) (upholding finding of no standing to bring false advertising claim due to lack of competitive injury).

- 5 -

TFN's § 43(a) unfair competition allegations do not meet the requirements of Rule 12(b)(6), chiefly because TFN's standing allegations do not allege sufficient facts under a cognizable legal theory. TFN alleges that FreecycleSunnyvale used TFN's alleged trademarks "in connection with competing services," suggesting a counterclaim for false advertising. Answer and Counterclaims ¶ 80. TFN also alleges that it "promotes recycling by providing support to and acting as a central organizing point for local community-based recyling efforts." *Id*. ¶ 61. The inference would be that FreecycleSunnyvale competes with TFN in the provision of support to local freecycling groups. But, TFN refutes this inference of a competitive relation by alleging that FreecycleSunnyvale is one of the local groups that TFN aims to support, suggesting instead a counterclaim for false association. *See id*. ¶¶ 71, 73. Therein lies the problem. While TFN's Opposition is correct that § 43(a) includes several, discrete claims for relief, TFN's counterclaim falls short of alleging sufficient facts to state even one claim for relief based upon a cognizable, § 43(a) legal theory.

Contrary to TFN's Opposition, pleading requirements do not become "moot" because there might be a claim that might be based upon one of several, cognizable legal theories. FreecycleSunnyvale respectfully requests this Court to dismiss TFN's § 43(a) unfair competition counterclaim.

> **4.     TFN's Opposition Does Not Cure TFN's Lack Of Allegations Of A Protectable Trademark Interest Or Likelihood Of Consumer Confusion Or Deception For Any Of TFN's Trademark Counterclaims**

At different points in its Opposition, TFN recognizes that its trademark counterclaims must allege the fundamental elements that TFN has a protectable trademark interest and that consumers likely will be confused or misled. For example, TFN argues that, "[TFN] is the sole owner of the *inherently* distinctive and protectable Marks." Opposition 11:15-16 (emphasis added). TFN argues that, "[TFN] has made the necessary showing that its Marks are 'distinctive,' or have acquired secondary meaning." Opposition 7:1-3. TFN also argues that, "Using [TFN]'s Marks without permission will inevitably cause confusion among consumers as

- 6 -

to the origin of the services and the affiliation of [FreecycleNetwork] to [TFN]." Opposition 11:22-26.

The first problem is that these arguments are not allegations that appear in TFN's counterclaims. While TFN does allege that it has a "distinctive" trademark, TFN does not allege that its alleged trademarks are *inherently* distinctive. Answer and Counterclaim ¶ 67. Nowhere does TFN allege that its alleged trademarks have acquired distinctiveness because consumers associate TFN's alleged trademarks with a single source of products or services. TFN does allege that FreecycleSunnyvale's use of TFN's alleged trademarks "are likely to cause confusion," but that allegation appears only in TFN's counterclaim under § 32(1) that, as noted already, TFN does not have standing to bring. Answer and Counterclaim ¶ 74.

The second problem is that TFN's references to other allegations do not salvage its trademark counterclaims. The United States Patent and Trademark Office ("USPTO") followed statutorily mandated procedures and published TFN's alleged trademarks in the Official Gazette for opposition. Opposition 2:11-14. That fact is legally irrelevant to the question of whether TFN has a protectable trademark interest. 15 U.S.C. §§ 1062, 1063.[2] TFN argues that it has goodwill. Opposition 11:20-21. TFN, however, cites no case which holds that business goodwill is relevant to showing that a trademark is inherently distinctive or has acquired distinctiveness because consumers associate a product or service name with a single source.

TFN's trademark counterclaims have not alleged sufficient facts to state a claim for relief based upon its alleged trademarks because TFN has not alleged that it has a protectable trademark interest or that FreeecycleSunnyvale's use of the generic term "freecycle" is likely to confuse or mislead consumers. FreecycleSunnyvale respectfully requests this Court to dismiss TFN's trademark counterclaims.

---

[2] Similarly, the fact that TFN may have a trademark registration in Germany is legally irrelevant to TFN's trademark rights in the United States. Opposition 7:25-26 at n.2.

- 7 -

**C.   The Record Submitted By The Freecycle Network, Inc., Confirms That Its State-Law Claim Arises From Protected Free Speech Activity And That TFN Is Not Likely To Succeed**

In its Opposition, TFN makes factual arguments against FreecycleSunnyvale's motion to strike TFN's state-law counterclaim under California's anti-SLAPP statute, Cal. Code. Civ. Proc. § 425.16. TFN's factual arguments are refuted by the record on which TFN relies.

First, TFN protests that, "speech activities by Mr. Oey in a distinct and unrelated [Arizona] action do not form the basis of [TFN]'s California unfair competition counterclaim against [FreecycleSunnyvale]." Opposition 14:12-14. This argument is refuted by comparing the positions that TFN takes in both actions. In this action, TFN's state-law counterclaim adds no new factual allegations but, instead, incorporates allegations from its trademark counterclaims. Answer and Counterclaim ¶ 78. In this action, TFN argues that its trademark counterclaims against FreecycleSunnyvale are based upon three of Tim Oey's email postings to online groups. Opposition 9:11-18. In the Arizona action, the same, three email postings that TFN attributes to FreecycleSunnyvale in this action are attached to TFN's Complaint against Tim Oey. *Compare* Bandyopadhyay Decl. ¶ 5, Exhibits 5, 6, 7 (filed in support of TFN's Opposition in this action) *with* Arizona Complaint, Exhibits E, F, G.[3] TFN's counterclaims in this action and its complaint in Arizona arise from the same set of facts that TFN chooses to define by the same three email postings.

Second, TFN protests that, rather than engaging in free speech activities, FreecycleSunnyvale actually seeks "to reap a commercial advantage for itself – that is, to promote its own services." Opposition 13:19-20. This argument is refuted by examining the audiences to whom Tim Oey and, by attribution, FreecycleSunnyvale directed the contested email postings. Exhibit 5 to the Declaration of Esha Bandyopadhyay is an email from Paula Spencer, a senior TFN volunteer, along with emails from Tim Oey to Freedomcycle and FreecycleNext. Freedomcycle is a freecycling network that was founded by a former senior TFN

---

[3] Accompanying FreecycleSunnyvale's motions to dismiss and strike was a request that this Court take judicial notice of court records of TFN's Arizona action. Attached to that request, at Exhibit B, is a true and correct copy of the Complaint and its exhibits.

- 8 -

REPLY IN SUPPORT OF MOTIONS TO DISMISS/STRIKE COUNTERCLAIMS
CASE NO. C06-00324 CW

PADB01 44020532.1

volunteer who was asked to leave TFN after disagreeing with Deron Beal, TFN's Executive Director. FreecycleNext is an online group where TFN volunteer moderators discuss the future of freecycling. Exhibit 6 is an email to both Chandan Mishra, a FreecycleSunnyvale volunteer moderator, and Deron Beal. Exhibit 7 is an email to fcnext, which is another name for FreecycleNext. Declaration of Tim Oey in Support of Reply ¶¶ 2-6 (filed May 26, 2006). None of these emails are directed to consumers from whom FreecycleSunnyvale might obtain a 'commercial advantage.'

Third, TFN protests that, "the acts upon which [TFN]'s California unfair competition counterclaim are based were not taken by [FreecycleSunnyvale] 'in furtherance of' its right of petition or free speech." Opposition 13:16-18. FreecycleSunnyvale respectfully asks this Court to inspect the three contested emails, which speak for themselves and refute TFN's argument. There, this Court will find that Tim Oey and, by attribution, FreecycleSunnyvale encourage others to continue to use "freecycle" as a generic term, encourage others to write to the USPTO if they object to TFN's trademark registration application, and encourage others to complain to Yahoo! Corporation if online groups are deleted at TFN's request. This Court will also find that Tim Oey and, by attribution, FreecycleSunnyvale criticize Deron Beal's refusal to allow discussion and voting on TFN's misguided trademark policies. These are the kinds of free speech activities that are protected by California's anti-SLAPP law.

Fourth, TFN protests that the alleged acts of unfair competition do not involve "an issue of public interest." Opposition 14:2. This argument is refuted by the Declaration of Ashley L. Kirk, of which TFN asked this Court to take judicial notice.[4] In that declaration, Ashley Kirk states that recent Google searches found "magazine articles critical of [TFN]," a "blog critical of [TFN]," and "several pages of discussion groups critical of [TFN]." Kirk Decl. ¶ 4. Tim Oey and, by attribution, FreecycleSunnyvale are among a large public who have an interest in TFN and are engaged in free speech activities.

---

[4] The Kirk Declaration is attached as Exhibit 3 to TFN's Request for Judicial Notice that was filed in support of its Opposition.

- 9 -
REPLY IN SUPPORT OF MOTIONS TO DISMISS/STRIKE COUNTERCLAIMS
CASE NO. C06-00324 CW

PADB01 44020532.1

Fifth, in support of an argument that it is likely to prevail on its California state-law claim, TFN protests that FreecycleSunnyvale used TFN's alleged marks "in direct contravention of [TFN]'s usage guidelines." Opposition 16:3-4. This argument need not be refuted because, regardless of its merit, this argument demonstrates that, because TFN's counterclaims are not about trademarks or unfair competition, TFN is not likely to prevail. The record before this Court demonstrates that Deron Beal uses "freecycle" as a generic term, frequently contravening TFN's "usage guidelines." Oey Decl. ¶ 9, Exhibits C-G (filed May 4, 2006). Rather, TFN's counterclaims are about Tim Oey's and, by attribution, FreecycleSunnyvale's publicly voiced opinions that TFN is wrong to adopt "usage guidelines" for the generic term "freecycle."

TFN's state-law counterclaim is precisely the kind of claim for which California's anti-SLAPP law was intended. Freecycle respectfully requests this Court to strike TFN's state-law counterclaim.

## II.     **CONCLUSION**

FreecycleSunnyvale respectfully submits that TFN must, at a minimum, re-plead its counterclaims because TFN does not have standing under § 32(1) of the Lanham Act. FreecycleSunnyvale also requests this Court to dismiss TFN's counterclaims under § 43(a) of the Lanham Act and California state law because TFN has not alleged sufficient facts under a cognizable legal theory. Finally, FreecycleSunnyvale requests this Court to strike TFN's state-law counterclaim under California's anti-SLAPP law.

Dated: May 26, 2006

MAYER, BROWN, ROWE & MAW LLP
Ian N. Feinberg
Dennis S. Corgill
Eric B. Evans


By:   /s/
Dennis S. Corgill
Attorneys for Plaintiff
FREECYCLESUNNYVALE

- 10 -
REPLY IN SUPPORT OF MOTIONS TO DISMISS/STRIKE COUNTERCLAIMS
CASE NO. C06-00324 CW

PADB01 44020532.1