United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>  v.<br><br>THE FREECYCLE NETWORK, INC., an Arizona corporation,<br><br>    Defendant/Counterclaimant.<br>_____/ | No. C 06-00324 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND DENYING MOTION TO STRIKE |

    Plaintiff and Counterclaim-Defendant FreecycleSunnyvale moves to dismiss Defendant and Counterclaimant The Freecycle Network, Inc.'s federal counterclaims against it and to strike Defendant's State law counterclaim.  Defendant opposes the motion.  The matter was taken under submission on the papers.  Having considered the papers filed by the parties, the Court grants the motion to dismiss in part and denies it in part, as described below, and denies the motion to strike without prejudice to renewal.

                              BACKGROUND

    In this case, Plaintiff brings claims for declaratory judgment

of non-infringement of trademarks and tortious interference with business relations. The Court denied Defendant's motion to dismiss these claims, and granted Plaintiff leave to amend its complaint to allege a factual basis for money damages. For a detailed summary of Plaintiff's allegations, see the Court's April 4, 2006 Order.

The following facts are taken from Defendant's answer to Plaintiff's amended complaint and related counterclaims. Plaintiff is a non-profit organization with its principal place of business in Sunnyvale, California. Defendant is an Arizona non-profit organization with its principal place of business in Tucson, Arizona. Its purpose is to promote recycling by providing support and acting as a central organizing point for local community-based recycling efforts throughout the United States and abroad.

Defendant alleges that it is "the sole owner of the distinctive and famous trademarks 'FREECYCLE' and 'The Freecycle Network,' and the distinctive 'The Freecycle Network' logo (collectively referred to as the 'Marks'), which it has been using exclusively and continuously since at least May 1, 2003." Answer ¶ 67. Defendant has applied to register the Marks with the United States Patent and Trademark Office (the PTO), and on December 28, 2005, the PTO issued a notice of publication of the Marks. Plaintiff has filed an opposition to the registration. As a result of its use and promotion of the Marks, Defendant has created and owns valuable goodwill.

According to the Answer and Counterclaims, Plaintiff has used the Marks without permission, despite being asked to cease and desist. Plaintiff has used a new Yahoo! group with the name

2

"SunnyvaleFree" to encourage others to use Defendant's Marks without permission. Plaintiff's unauthorized use of the Marks is "likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of such products and services as to the affiliation, connection, or association with Counterdefendant and The Freecycle Network." Id. ¶ 74. Defendant believes that this contributory trademark infringement is deliberate and willful, and calculated to harm its reputation and goodwill. Plaintiff's use of the Marks "in connection with their own re-using, recycling, and gifting services misrepresents the nature, characteristics, and qualities of [Plaintiff's] services and product." Id. ¶ 79.

On the basis of these allegations, Defendant brings three counterclaims: (1) direct and contributory trademark infringement under §§ 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (2) unfair competition under the Lanham Act; and (3) unfair competition under California's Business and Professions Code §§ 17200 and 17500.

II. Arizona Action

On April 4, 2006, Defendant filed a lawsuit against Tim Oey (who is associated with Plaintiff) in U.S. District Court in Arizona, The Freecycle Network, Inc. v. Tim Oey, No. CIV 06-00173-TUC-RCC (D. Ariz) (hereinafter the Arizona action). Plaintiff asks the Court to take judicial notice of the filings in the Arizona action. Defendant does not oppose the request for judicial notice, and asks the Court to take judicial notice of subsequent proceedings in the Arizona action, including a May 11, 2006 Order

3

granting Defendant's motion for a preliminary injunction against Mr. Oey. These filings are matters of public record, and the Court accordingly grants the parties' requests for judicial notice of the Arizona proceedings.

In granting Defendant's motion for a preliminary injunction against Mr. Oey, Judge Raner C. Collins found that Defendant had showed a likelihood of success on its trademark infringement claim against Mr. Oey on the basis of Defendant's establishment of a recognizable logo and name through three years of use; Mr. Oey's previous efforts, prior to his estrangement from Defendant, to protect the Marks; and his later disparagement of the Marks. Defendant's Req. for Judicial Notice, Ex. 1, The Freecycle Network, May 11 Order at 3-4.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th

4

Cir. 1987).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

DISCUSSION

I. Lanham Act: Infringement Counterclaim

Plaintiff moves to dismiss, under Federal Rule of Civil Procedure 12(b)(6), Defendant's counterclaim for direct and

5

contributory infringement of the Marks.  Specifically, Plaintiff argues that Defendant lacks standing to bring a claim under § 32(1) of the Lanham Act for direct infringement, and that it has failed to state a claim under § 43(a) for contributory infringement because it has not alleged that a third party infringed or that Plaintiff intended third parties to infringe.  These issues are addressed in turn.

   A.  Direct Infringement

   Section 32(1) of the Lanham Act provides that one who uses in commerce a "registered mark" "shall be liable in a civil action by the registrant" for infringement.  15 U.S.C. § 1114(1).  The pleadings indicate, and the parties agree, that Defendant is not yet a "registrant" of the Marks, because its application to the PTO is still pending.  The parties dispute whether Defendant may nonetheless bring a claim for direct infringement of its unregistered Marks.

   On its face, § 32(1) limits standing to registrants.  See Brookfield Communications, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1046 n.6 (noting that § 32(1) of the Lanham Act "applies to federally registered marks" while the Lanham Act's § 43(a)(1) "applies to both registered and unregistered trademarks").  The cases cited by Defendants provide no binding or persuasive authority to the contrary.  For the most part they observe, consistent with the Ninth Circuit in Brookfield, that holders of unregistered trademarks may bring claims either under the Lanham Act generally, and or under § 43(a) specifically.  See Mario Valente Collezioni, Ltd. v. AAK Ltd., 280 F. Supp. 2d 244, 259 n.16

1  (noting that "the Lanham Act" protects both registered and
2  unregistered trademarks) (citing Wal-Mart Stores, Inc. v. Samara
3  Bros., Inc., 529 U.S. 205, 208 (2000) (noting claim for
4  unregistered trade dress infringement under § 43(a) of the Lanham
5  Act)); Macia v. Microsoft Corp., 327 F. Supp. 2d 278, 283 (D. Vt.
6  2003) (noting that holders of unregistered marks may bring a claim
7  for reverse confusion under § 43(a) of the Lanham Act); Brown &
8  Bieglow v. B.B. Pen Co., 191 F.2d 939, 942 (8th Cir. 1951)
9  (explaining that registration of trademark confers procedural
10 advantages but does not enlarge the registrant's substantive
11 rights) (citing Best & Co. v. Miller, 167 F.2d 374, 376 (2nd Cir.
12 1948)).  Although a Louisiana federal district court in Prudhomme
13 v. Proctor & Gamble Co., 800 F. Supp. 390, 395 (E.D. La. 1992) held
14 that a § 32(1) claim could be based on an arguably unregistered
15 trademark, the case on which it relied for that proposition, Lucien
16 Lelong, Inc. v. Dana Perfumes, Inc., 138 F. Supp. 575 (N.D. Ill.
17 1955), does not specifically address § 32(1) claims.
18      Therefore, to the extent Defendant's first counterclaim seeks
19 to bring a claim under § 32(1) of the Lanham Act, that counterclaim
20 is dismissed.  The dismissal is without leave to amend because of
21 the Answer and Counterclaims' acknowledgment that the Marks are not
22 yet registered.  The dismissal is without prejudice to renewal in
23 the event the PTO approves registration of the Marks.  This
24 dismissal does not dispose of the first counterclaim in its
25 entirety because, as Defendant notes, its pleadings identify
26 § 43(a)(1) of the Lanham Act as a basis for liability for
27 contributory infringement.  Defendant may, if it wishes, amend its
28

7

first counterclaim to state a claim for direct infringement under § 43(a)(1).

B. Contributory Infringement

In its first counterclaim, Defendant also alleges that Plaintiff's alleged inducement of third parties to use the Marks "constitutes contributory trademark infringement in violation of Section 43(a) of the Lanham Act, § 1125(a)." Answer ¶ 75.

A defendant may be held liable for contributory trademark infringement if he or she "(1) intentionally induces another to infringe on a trademark or (2) continues to supply a product knowing that the recipient is using the product to engage in trademark infringement." Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996) (citing Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 854-55 (1982)). The "supplies a product" requirement for contributory infringement has been expanded to include "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 984 (9th Cir. 1999).

Defendant acknowledges that, in order to state a claim for contributory infringement, it must allege that Plaintiff "intentionally induced another to infringe its Marks." Def.'s Opp. at 8. As Plaintiff notes, nowhere in the Answer and Counterclaims does Defendant actually allege that Plaintiff induced infringement; the allegations state only that Plaintiff induced others "to use" the Marks. In its amended Answer and Counterclaims, therefore, Defendant must, if it can do so truthfully and without

8

1 contradicting its original pleading, allege either that Plaintiff
2 has intentionally induced a third party or parties to infringe the
3 Marks or that Plaintiff directly controls and monitors the
4 instrumentality used by others to infringe the Marks.  Defendant
5 correctly notes that it need not plead each required element of its
6 counterclaim; it is enough that Defendant could prove a set of
7 facts consistent with its current allegations that would, if
8 proved, establish that Plaintiff contributed to others'
9 infringement.

10 II.  Lanham Act:  Unfair Competition Counterclaim

11    Plaintiff moves to dismiss Defendant's Lanham Act counterclaim
12 for unfair competition on the grounds that Defendant has failed
13 (1) to specify a cognizable legal claim and (2) to allege certain
14 essential elements of any unfair competition claim under the Lanham
15 Act.

16    A.  Cognizable Legal Claim

17    Section 43(a) of the Lanham Act provides liability in a civil
18 action for

>     [a]ny person who, on or in connection with any goods or
>     services, or any container for goods, uses in commerce any
>     word, term, name, symbol, or device, or any combination
>     thereof, or any false designation of origin, false or
>     misleading description of fact, or false or misleading
>     representation of fact, which --
>         (A) is likely to cause confusion, or to cause mistake, or
>     to deceive as to the affiliation, connection, or association
>     of such person with another person, or as to the origin,
>     sponsorship, or approval of his or her goods, services, or
>     commercial activities by another person, or
>         (B) in commercial advertising or promotion, misrepresents
>     the nature, characteristics, qualities, or geographic origin
>     of his or her or another person's goods, services, or
>     commercial activities[.]

27 15 U.S.C. § 1125(a)(1).

9

Congress has recognized that § 43(a)(1) "has been widely interpreted as creating, in essence, a federal law of unfair competition." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, n.18 (quoting S. Rep. No. 100-515, p. 40 (1988)). According to the Ninth Circuit, however, "different causes of action alleged pursuant to the different subsections of 15 U.S.C. § 1125(a) have different standing requirements." Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1037 (9th Cir. 2005) (citing Barrus v. Sylvania, 55 F.3d 468, 469-70 (9th Cir. 1995)). The court contrasted claims brought under the "false association" prong, § 43(a)(1)(A), under which a plaintiff need only allege commercial injury based upon the deceptive use of a trademark or its equivalent, without necessarily showing that the parties are competitors, with claims brought under the "false advertising" prong, § 43(a)(1)(B), under which a plaintiff must show that the injury is "competitive." Id. In addition, at least one court has recognized a claim for "trademark infringement under section 43(a) of the Lanham Act." Sun Microsystems, Inc. v. Microsoft Corp., 999 F. Supp. 1301, 1308 (N.D. Cal. 1998) (setting forth elements of § 43(a) infringement, e.g. use of mark in interstate commerce).

Defendant's allegations restate portions of § 43(a)(1), but do not specify the particular prong or prongs that Plaintiff is alleged to have violated. Also, as Plaintiff notes, there is ambiguity in the pleading regarding whether Plaintiff and Defendant are competitors. Compare Answer and Counterclaims ¶ 80 (alleging that Plaintiff used the Marks "in connection with competing

10

services") with ¶ 61 (alleging that Defendant's purpose is to support local community-based recycling efforts).  Defendant argues that because false association and false advertising are merely different "species" of unfair competition, it need not identify the particular theory of liability on which its counterclaim is based. However, this approach to pleading fails to give Plaintiff fair notice of the ground on which Defendant's second counterclaim rests, as required by Rule 8(a), because different § 43(a)(1) claims for unfair competition may rest on different factual bases. Moreover, if Defendant and Plaintiff are not competitors, then Defendant may fail to state a claim for false advertising.  The Court cannot evaluate that argument without knowing the legal theory or theories upon which Defendant's counterclaim is based. Therefore, Defendant's second counterclaim is dismissed, with leave to amend to identify the particular prong or prongs of § 43(a)(1) which Plaintiff is alleged to have violated.

B.   Failure to Plead Essential Elements

Plaintiff also moves to dismiss Defendant's second counterclaim on the alternative ground that Defendant has failed to allege facts showing certain necessary elements of any § 43(a)(1) claim, e.g. that the Marks are inherently distinctive or have acquired distinctiveness, and that Plaintiff's use of the term "freecycle" is likely to confuse or mislead consumers of Defendant's services.

To the extent that Plaintiff argues that Defendant must plead facts sufficient to prove essential elements of its counterclaim, such as confusion or distinctiveness, this is not the standard used

11

to evaluate a motion to dismiss under Rule 12(b)(6). Defendant could, consistent with the allegations, prove a set of facts that showed both distinctiveness and consumer confusion. However, because inherent and acquired distinctiveness are different legal theories that potentially involve different factual bases, Plaintiff is entitled to notice of whether the Marks are alleged to possess inherent distinctiveness. Defendant states in its brief that the Marks are "inherently distinctive and protectable," Opp. at 11 (citing Answer and Counterclaims ¶ 67), but this assertion overstates the specificity of the pleadings: the Answer and Counterclaims allege only that the Marks are "distinctive and famous." Answer and Counterclaims ¶ 67. Therefore, in filing its amended pleading, Defendant must, if it can do so truthfully and without contradicting its original Answer and Counterclaims, specifically allege whether the Marks have inherent or acquired distinctiveness.

III. State Law Unfair Competition Counterclaim

Finally, Plaintiff moves under California Code of Civil Procedure § 425.16 to strike Defendant's State law counterclaim as a "strategic lawsuit against public participation" (SLAPP).

California Code of Civil Procedure § 425.16(b)(1) provides,

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

California anti-SLAPP motions are available to litigants proceeding in federal court. Thomas v. Fry's Electronics, Inc., 400 F.3d

12

1206, 1206 (9th Cir. 2005).

A.  Arising Out of Free Speech Acts

The California anti-SLAPP statute defines an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" to include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. P. § 425.16(e).  A movant need not show that its speech is constitutionally protected under the First Amendment or that the plaintiff or counter-claimant had a subjective intent to chill speech.  Navellier v. Sletten, 29 Cal. 4th 82, 94-95 (2002) (quoting Fox Searchlight Pictures, Inc. v. Paladino, 89 Cal. App. 4th 294, 305 (2001)); Equilon Enter. v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002).

Plaintiff argues that Defendant's third counterclaim arises out of the third and fourth categories in § 425.16(e).  As evidence of the factual basis for Defendant's counterclaim, Plaintiff cites to exhibits that Defendant attached to its complaint in the Arizona action, which show emails sent by Mr. Oey to a Yahoo! group listserv.  However, Defendant disclaims any reliance on these acts by Mr. Oey in bringing its California unfair competition

13

counterclaim. Therefore, the Court will not consider the acts cited in Defendant's Arizona filings in determining whether the basis for its counterclaim arises out of acts protected by § 425.16(e).

Counsel for Defendant has submitted postings attributed to Plaintiff or its members[1] which "encourage others to use the trademarks at issue in this case in a manner that infringes upon [Defendant's] rights." Bandyopadhyay Decl. ¶ 7. Because Defendant's third counterclaim incorporates by reference each previous allegation in the Answer and Counterclaims, including allegations of infringement, the postings submitted by Defendant are part of the acts out of which its California unfair competition counterclaim arises. These include an email from Mr. Oey addressed to the Yahoo! group "freecyclenext," stating,

> The best way to keep freecycle in the public domain is for as many people and groups as possible to continue to use the term generically.
> If you feel that the term freecycle is generic, you can let the USPTO know by sending a letter to:
> Commissioner Of Trademarks
> P.O. Box 1451
> . . .
> Yahoo listens to its customers, so if folks complain about groups being deleted for use of the term 'freecycling' than [sic] members/moderators of those groups should complain to Yahoo at:
> http://add.yahoo.com/fast/help/us/groups/cgi_abuse . . . .

Bandyopadhyay Decl., Ex. 5. In another email message, Mr. Oey wrote to the "freecyclesunnyvale" Yahoo! group and to Deron Beal, a

---

[1] Defendant's argument, on page 14 of its opposition, that it has not attributed the acts of Mr. Oey to Plaintiff is belied by the fact that each of the allegedly infringing emails attached to the Bandyopadhyay Declaration appear to be written by Mr. Oey and at least one was also attached to the Arizona complaint against him.

14

official of Defendant,

> I have encouraged people to use the term freecycle as a generic term which would block [Defendant], and all others, from holding a trademark on the term in the area of freecycling services offered on the web.

Id., Ex. 6, Sept. 20, 2005 Email from Tim Oey to Chandan Mishra, Deron Beal and <freecyclesunnyvale-owner@yahoogroups.com>. Mr. Oey went on to criticize Mr. Beal for refusing to allow discussion or voting.

Plaintiff's argument that the acts by Mr. Oey alleged in the Arizona action are protected under § 425.16(e) applies to the postings cited by Defendant in support of its counterclaims in this California action. The statements were published to Yahoo! groups, and encourage group members to contact the PTO with their concerns. Neither party provides any evidence regarding the size or accessibility of the particular Yahoo! groups involved, or the extent of republication of Mr. Oey's statements. On their face, the postings do not appear to be, as Defendant suggests, "a private commercial dispute," but rather Mr. Oey's expression of his opinion about the Marks' protectability. Furthermore, Defendant's own submissions to the Court tend to confirm that this debate is not simply a private matter; the declaration of Ashley L. Kirk, submitted by Defendant as Exhibit 3 to the Bandyopadhyay Declaration, shows extensive Google results for the term "freecycle," and states that Ms. Kirk found magazine articles and discussion groups critical of Defendant (Defendant does not include all of the Kirk Declaration's exhibits). Cf. Troy Group, Inc. v. Tilson, 264 F. Supp. 2d 1149, 1153 (C.D. Cal. 2005) (noting that

15

courts have held that the conduct of a publicly traded company is a public issue). Therefore, the Court finds that Plaintiff has met its burden to show that Defendant's third counterclaim arises out of speech acts "in connection with an issue of public interest" under § 425.16(e)(3).

B.  Probability of Success

Because Plaintiff has made a showing that the third counterclaim arises out of acts protected by § 425.16(e), the burden shifts to Defendant. In order to defeat Plaintiff's special motion to strike, Defendant

> need only have stated and substantiated a legally sufficient claim. Put another way, the plaintiff [here, Defendant and Counterclaimant] must demonstrate that a complaint is legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.

Navallier, 29 Cal. 4th at 88-89 (internal citations and quotation marks omitted).

In order to state a claim for unfair competition under California Business and Professions Code § 17200, a plaintiff must establish that the defendant's business practice is "either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." Albillo v. Intermodal Container Servs., Inc., 114 Cal. App. 4th 190, 206 (2003) (citations omitted).

As described in Section II above, Defendant's pleadings are ambiguous as to the particular type of legal claim it alleges. Defendant claims that Plaintiff has engaged in "unauthorized and improper activities" which infringe the unregistered Marks.

16

However, Defendant does not specify, either in its pleading or by affidavit, facts showing what those "unauthorized and improper activities" are, apart from an allegation that Plaintiff has violated Defendant's usage guidelines.  Similarly, Defendant has not plead or provided affidavits with facts supporting its assertion that it has suffered harm due to loss of distinctiveness, or to support its (new) claim of fraud.  See Def.'s Opp. at 16. Without knowing how Plaintiff's violation of the usage guidelines is alleged to have infringed the Marks, and in view of the Arizona court's granting of a preliminary injunction in Defendant's favor against Mr. Oey, the Court is reluctant to grant Plaintiff's special motion to strike on the basis of the record before it. Therefore, the Court orders Defendant to file amended pleadings which, in addition to specifying the specific legal basis or bases for the § 17200 claim, allege facts sufficient, if proved, to substantiate the underlying claim of an illegal, unfair or fraudulent practice.  Plaintiff may then, if it chooses, file a renewed special motion to strike.

## CONCLUSION

For the foregoing reasons, the Court DENIES in part Plaintiff's motion to dismiss (Docket No. 24) under Rule 12(b)(6), and GRANTS it in part, with leave to amend in accordance with the instructions above.  Defendant must file its amended Answer and Counterclaims within two weeks of the date of this order. Plaintiff's special motion to strike is DENIED without prejudice to

17

renewal.  The Court GRANTS the parties' requests for judicial notice (Docket Nos. 27 and 31).

    IT IS SO ORDERED.

Dated:  7/25/06

*Claudia Wilken*
_____
CLAUDIA WILKEN
United States District Judge