1   MAYER, BROWN, ROWE & MAW LLP
    Ian N. Feinberg (SBN 88324)
2   ifeinberg@mayerbrownrose.com
    Dennis S. Corgill (SBN 103429)
3   dcorgill@mayerbrownrose.com
    Eric B. Evans (SBN 232476)
4   eevans@mayerbrownrose.com
    Two Palo Alto Square, Suite 300
5   3000 El Camino Real
    Palo Alto, Ca  94306-2112
6   TELEPHONE:       (650) 331-2000
    FACSIMILE:  (650) 331-2060
7

8   Attorneys for Plaintiff
    FREECYCLESUNNYVALE,
9

10                 **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT**

12                      **OAKLAND DIVISION**

13   FREECYCLESUNNYVALE,                           Case No. C06-00324 CW
     a California unincorporated association,
14                                                 **PLAINTIFF AND
                                                   COUNTERDEFENDANT
15                       Plaintiff,                FREECYCLESUNNYVALE'S NOTICE
                                                   OF MOTIONS AND MOTIONS TO
16          v.                                     DISMISS AMENDED
                                                   COUNTERCLAIMS UNDER
17   THE FREECYCLE NETWORK,                        FED.R.CIV.P. 12(b)(6), TO STRIKE
     an Arizona corporation,                       STATE-LAW COUNTERCLAIM
18                                                 UNDER CAL.CIV.PROC. § 425.16, AND
                         Defendant.                TO STRIKE IMMATERIAL
19                                                 ALLEGATIONS UNDER FED.R.CIV.P.
                                                   12(f)**
20

21   THE FREECYCLE NETWORK, INC.,                  Date:        October 6, 2006
     an Arizona Corporation,                       Time:        10:00 a.m.
22                                                 Before:      Hon. Claudia Wilken
                         Counterclaimant,          Location:    Courtroom 2, 4th Floor
23

24          v.

25   FREECYCLESUNNYVALE,
     a California unincorporated association,
26
                         Counterdefendant.
27

28

─────────────────────────────────────────────

1    TO DEFENDANT AND COUNTERCLAIMANT THE FREECYCLE NETWORK,

2    INC., AND ITS ATTORNEYS OF RECORD:

3    NOTICE IS HEREBY GIVEN that on October 6, 2006, at 10:00 a.m., or as soon

4    thereafter as the matter may be heard, Plaintiff and Counterdefendant FreecycleSunnyvale

5    ("FreecycleSunnyvale") shall move this Court to dismiss Defendant and Counterclaimant The

6    Freecycle Network, Inc.'s ("TFN's") counterclaims, to strike TFN's California state law claim

7    and, in the alternative, to strike TFN's allegations pertaining to the status of TFN's trademark

8    registration application.

9    The motion to dismiss asks this Court to dismiss TFN's counterclaims on the ground that

10   TFN has failed to state a claim for relief under FED.R.CIV.P. 12(b)(6).  The motion to strike

11   TFN's California state law claim also asks this Court to strike that counterclaim on the ground

12   that TFN's state law counterclaim violates California's Anti-SLAPP law.  CAL.CIV.PROC. §

13   425.16.  The motion to strike asks that  TFN's allegations pertaining to the status of TFN's

14   trademark registration application be stricken as immaterial under FED.R.CIV.P. 12(f).

15   FreecycleSunnyvale's motion is supported by the following Memorandum of Points and

16   Authorities, the file in this matter, any records of which the Court may take judicial notice, and

17   any argument that may be heard by the Court.

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF THE ISSUES TO BE DECIDED ........................................ 2

III. STATEMENT OF FACTS ................................................................................. 3

     A.   Factual and Procedural Background ......................................................... 3

           1.   The Initial Pleadings ....................................................................... 3

           2.   This Court's Order of July 25, 2006, Dismissing TFN's Counterclaims ... 4

                a.   Infringement under § 32(1) of the Lanham Act ............................ 4

                b.   Contributory Infringement under § 43(a) of the Lanham Act ........ 4

                c.   Unfair Competition Under § 43(a) of the Lanham Act .................. 5

                d.   State Law Unfair Competition Claim ........................................... 5

     B.   TFN's Amended Counterclaims ............................................................... 7

           1.   TFN's Allegations of a Protectable Trademark Interest ................... 7

           2.   TFN's Allegations of Actionable Speech ......................................... 8

                a.   TFN Alleges that Generic Use of a Trademark is Actionable ........ 9

                b.   TFN Refers to Other Legal Theories ............................................ 9

           3.   TFN's Substantiation of Its California State Law Competition Claim ..... 11

IV.  LEGAL STANDARDS ....................................................................................... 11

V.   ARGUMENT ...................................................................................................... 12

     A.   This Court Should Dismiss All of TFN's Trademark Related Counterclaims Because FreecycleSunnyvale Does Not Have Fair Notice of the Basis for TFN's "Inherently Distinctive" Allegation .................................................................. 12

     B.   This Court Should Dismiss All of TFN's Counterclaims Because TFN Has Failed to Provide Notice of a Cognizable Legal Theory ................................................ 15

           1.   The Generic Use of an Alleged Trademark Is Not Actionable ................. 15

                a.   The Generic Use of a Trademark is Legal ..................................... 15

                b.   TFN's Novel Theory That the Generic Use of a Trademark is Actionable Is Contrary to Trademark Law Principles .................. 16

                c.   TFN's Novel Theory That the Generic Use of a Trademark is Actionable Is Contrary to the First Amendment ........................... 17

           2.   TFN's Other Allegations Do Not Salvage TFN's Trademark Related Counterclaims ........................................................................... 18

                a.   This Court Should Disregard Conclusory Labels and Unsupported Conclusions ................................................................................... 19

                b.   TFN's Contributory Infringement Counterclaim Is Not Based on a Cognizable Legal Theory ......................................................... 19

-i-

**TABLE OF CONTENTS (cont'd)**

Page

        c.    TFN Has Not Provided Notice of the Factual Basis for TFN's Unfair Competition Claim under the Lanham Act ....................... 20

C.    This Court Should Strike TFN's State Law Unfair Competition Counterclaim under California's Anti-SLAPP Law Because TFN Has Failed to Show That Its Counterclaim Is Legally Sufficient Or Supported by a Prima Facie Showing of Facts ................................................................................................... 21

    1.    This Court Found that TFN's State-Law Counterclaim Arises from FreecycleSunnyvale's Protected Free Speech Activities ......................... 22

    2.    TFN Did Not Met Its Burden to Show That Its Counterclaim Is Legally Sufficient Or Supported by a Prima Facie Showing of Facts ................. 22

D.    This Court Should Strike TFN's Immaterial Allegations of TFN's Trademark Registration Application So That FreecycleSunnyvale Does Not Have to Respond to Allegations or Discovery Requests That Have No Relationship to Any Conceivable Counterclaim ...................................................................... 23

VI.    CONCLUSION ............................................................................................ 25

**TABLE OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

*Associated General Contractors of California, Inc. v. California State Council of Carpenters,*
459 U.S. 519 (1983)..................................................................................................12

*Balistreri v. Pacifica Police Dept,*
901 F.2d 696 (9th Cir. 1990) ....................................................................................12

*Bosley Medical Institute v. Kremer,* 403 F.3d 672 (9th Cir. 2005)...................................17

*Conley v. Gibson,*
355 U.S. 41 (1957)............................................................................................12, 19

*Dreamwerks Production Group, Inc. v. SKG Studio,* 142 F.3d 1127 (9th Cir. 1998) )................13

*eAcceleration Corp. v. Trend Micro, Inc.,*
408 F. Supp. 2d 1110 (W.D. Wash. 2006)....................................................................16

*Equilon Enterprises, LLC v. Consumer Cause, Inc.,*
29 Cal.4th 53 (2002) ............................................................................................21

*Fantasy, Inc. v. Fogerty,*
984 F.2d 1524 (9th Cir. 1993) ......................................................................12, 23, 24

*Filipino Yellow Pages v. Asian Journal Publications,*
198 F.3d 1143 (9th Cir. 1999) ....................................................................................13, 14

*Fonovisa, Inc. v. Cherry Auction, Inc.,*
76 F.3d 259 (9th Cir. 1996) ....................................................................................20

*Interactive Products Corp. v. a2z Mobile Office Solutions, Inc.,*
194 F.3d 980 (9th Cir. 2005) ....................................................................................16

*Inwood Laboratories, Inc. v. Ives Laboratories,*
456 U.S. 842 (1982)............................................................................................20

*Jack Russell v. American Kennel Club,*
407 F.3d 1027 (9th Cir. 2005) ....................................................................................21

*KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.,*
408 F.3d 596 (9th Cir. 2005) ....................................................................................13

*Kendall-Jackson Winery v. E.&J. Gallo Winery,*
150 F.3d 1042 (9th Cir. 1998) ....................................................................................13

*L.L. Bean, Inc. v. Drake Publishers, Inc.,*
811 F.2d 26 (1st Cir. 1987)....................................................................................18

*Lockheed Martin Corp. v. Network Solutions, Inc.,*
194 F.3d 980 (9th Cir. 1999) ....................................................................................20

*Mattel, Inc. v. MCA Records,*
296 F.3d 894 (9th Cir. 2002) ....................................................................................18

-iii-

**TABLE OF AUTHORITIES (cont'd)**

**Cases**                                                                                     **Page(s)**

*Navellier v. Sletten,*
    29 Cal.4th 82 (2002) ........................................................................6, 21

*New Kids on the Block v. New America Pub., Inc.,*
    971 F.2d 302 (9th Cir. 1992) ...........................................................16

*Nissan Motor Co. v. Nissan Computer Corp.,*
    378 F.3d 1002 (9th Cir. 2004) ..........................................................18

*Official Airline Guides, Inc. v. Goss,*
    6 F.3d 1385 (9th Cir. 1993) .............................................................13

*Omega Nutrition v. Spectrum Marketing,*
    756 F. Supp. 435 (N.D. Cal. 1991) ...................................................14

*Packman v. Chicago Tribune Co.,*
    267 F.3d 628 (7th Cir. 2001) ...........................................................16

*Sidney-Vinstein v. A.H. Robins Co.,*
    697 F.2d 880 (9th Cir.1983) ............................................................24

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ......................................................12, 19

*Surfvivor Media, Inc. v. Survivor Productions,*
    406 F.3d 625 (9th Cir. 2005) ......................................................13, 14

*Thomas v. Fry's Electronics, Inc.,*
    400 F.3d 1206 (9th Cir. 2005) ..........................................................21

*U-Haul International, Inc. v. WhenU.com, Inc.,*
    279 F. Supp. 2d 723 (E.D. Va. 2003) ................................................17

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003) .....................................................12, 19

*Wells Fargo & Co. v. WhenU.com,*
    293 F. Supp. 2d 734 (E.D. Mich. 2003)..............................................16

*Woodroast Systems, Inc. v. Restaurants Unlimited,*
    793 F. Supp. 906 (D. Minn. 1992).....................................................17

*Yellow Cab Co./Sacramento v. Yellow Cab/Elk Grove,*
    419 F.3d 925 (9th Cir. 2005) ...........................................................13

**STATUTES**

CAL. BUS. & PROF. CODE § 17200 ..........................................................4, 6, 7, 11, 22

CAL. BUS. & PROF. CODE § 17500 ..........................................................................4, 7

-iv-

## STATUTES (cont'd)

CAL. CIV. PROC. § 425.16 ...................................................................................2, 21, 22

FED.R.CIV.P. 8(a) .........................................................................................................12

FED. R. CIV. P. 12(b)(6) ...........................................................................................2, 11, 12

FED. R. CIV. P. 12(f) ...............................................................................................2, 12, 23

15 U.S.C. § 1057(b) ......................................................................................................24

15 U.S.C. § 1064(3) ......................................................................................................16

15 U.S.C. § 1065 ..........................................................................................................16

15 U.S.C. § 1114(1) ........................................................................................................4

15 U.S.C. § 1115 ..................................................................................................17, 19, 24

15 U.S.C. § 1125(a) ............................................................................................. passim


## Other Authorities

Trademark Manual for Examination Procedures § 704.01 .........................................23


## Miscellaneous

David H. Melilli, *A Good Mark Is Hard to Find, Even Harder to Protect against
    Genericide*, 12 J. Contemp. Legal. Issues 185 (2001) ............................................16

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION
    (4th ed. 2006) ................................................................................................... passim

5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (1990) .........................12, 23

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

This dispute concerns whether the term "freecycle" is a trademark owned by Defendant The Freecycle Network, Inc., ("TFN") and, assuming that TFN has trademark rights, whether Plaintiff FreecycleSunnyvale ("FreecycleSunnyvale") has engaged in actionable conduct with respect to them. Previously, on July 25, 2006, this Court dismissed TFN's direct infringement counterclaim under § 32(1) of the Lanham Act with prejudice and ordered TFN to re-allege each of its remaining counterclaims. Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss and Denying Motion to Strike (filed July 25, 2005; Document 37) ("July 25th Order" or "Order"). The present motion seeks, for a second time, to dismiss TFN's trademark-based counterclaims and to strike TFN's state-law counterclaim under California's Anti-SLAPP law.

This trademark dispute arises out of the activity of "freecycling," a largely internet-based practice by which a person with an unwanted item, a "freecycler," gives the item away to a stranger rather than sending the item to a landfill. Local freecycling organizations maintain online groups, such as those available from Yahoo! Corporation. Freecyclers visit a local online group to post emails announcing unwanted items. When another member of that online group expresses an interest and an exchange is made, the item is "freecycled." FreecycleSunnyvale filed this action after TFN caused Yahoo! to terminate FreecycleSunnyvale's online group.

This seemingly simple trademark dispute has followed a tortured procedural path because TFN filed a lawsuit in Tucson, Arizona, alleging essentially the same claims as asserted in the counterclaims here. On April 4, 2006, TFN filed a trademark and unfair competition action against Tim Oey, the leading member of FreecycleSunnyvale. *The Freecycle Network v. Tim Oey and Jane Doe Oey*, CV 06-173-TUC-RCC (D. Ariz. filed April 4, 2006; Document 1). TFN's Arizona action followed on the heels of this Court's decision, announced at the March 31, 2006, hearing, that this Court would not dismiss FreecycleSunnyvale's declaratory relief claim. TFN secured a preliminary injunction against Oey in Tucson on May 12, 2006, barring Oey "from making *any* comments that *could* be construed as to disparage upon [TFN's] *possible* trademark and logo." Order 5:3-5, CV 06-173-TUC-RCC (D. Ariz. filed May 12, 2006;

1   Document 40) (emphases added).  Subsequently, the Arizona district court stayed the action, but

2   not the preliminary injunction, pending the outcome of the litigation before this Court.  Order

3   Granting Defendants' Motion to Stay, CV 06-173-TUC-RCC (D. Ariz. filed June 20, 2006;

4   document 64).  Mr. Oey appealed the preliminary injunction, and on July 20, 2006, the Ninth

5   Circuit stayed the preliminary injunction pending appeal.  Order, 06-16219 (9th Cir. filed July 20,

6   2006).

7          On August 8, 2006, TFN filed amended counterclaims in this Court, but TFN's second

8   effort is no better than its first.  TFN's latest failure to state a claim is all the more glaring

9   because this Court's July 25th Order provided explicit guidance.  For example, this Court

10  distinguished between allegations of encouraging the use of a trademark, which do not state a

11  claim for contributory infringement, and allegations of inducing a third party's infringing use of

12  a trademark, which potentially do.  Order 8:23 to 9:4.  TFN refuses to recognize that not every

13  use of a trademark infringes.  TFN now bases its counterclaims on allegations that

14  FreecycleSunnyvale encouraged others to use TFN's alleged trademarks as generic terms.

15         There is no support in trademark law for TFN's novel theory which equates encouraging

16  the generic use of a term with trademark infringement.  FreecycleSunnyvale therefore requests

17  this Court to dismiss all of TFN's counterclaims, without leave to amend, under FED.R.CIV.P.

18  12(b)(6).  FreecycleSunnyvale also requests this Court to strike TFN's California state law claim

19  as violating California's Anti-SLAPP law.  CAL.CIV.PROC. § 425.16.  If this Court allows TFN

20  to re-allege, TFN requests this Court to strike TFN's immaterial allegations regarding the status

21  of its trademark registration application under FED.R.CIV.P. 12(f).

22  **II.    <u>STATEMENT OF THE ISSUES TO BE DECIDED</u>**

23         1.    Has TFN failed to give fair notice of the factual basis for its claim to an inherently

24  distinctive trademark?

25         2.    Is encouraging the generic use of a purported trademark actionable?

26         3.    Has TFN failed to substantiate its California state law unfair competition

27  counterclaim by alleging that FreecycleSunnyvale encouraged others to use TFN's alleged

28  trademark as a generic term?

-2-

1    4.    Are allegations of the status of a trademark registration application immaterial to

2    TFN's trademark based counterclaims?

3    **III.    STATEMENT OF FACTS**

4         **A.    Factual and Procedural Background**

5              **1.    The Initial Pleadings**

6    FreecycleSunnyvale filed this action on January 18, 2006, after TFN caused Yahoo! to

7    terminate FreecycleSunnyvale's online group.  TFN admits that it "requested that the Yahoo!

8    group 'FreecycleSunnyvale' be removed from the Yahoo! Web site because it included marks

9    infringing upon The Freecycle Network's trademark interests."  Reply to FreecycleSunnyvale's

10   Opposition to Motion to Dismiss, 6:8-10 (Filed Mar. 16, 2006; Document 12).

11   FreecycleSunnyvale's complaint alleges just two claims for relief.  The first seeks a declaration

12   of non-infringement or, in the alternative, either that "freecycle" and "freecycling" are generic

13   terms or that TFN lost any rights that TFN may have had in those terms by engaging in naked

14   licensing.  Complaint for Declaratory Judgment of Trademark Non-Infringement and Tortious

15   Interference with Business Relations, ¶¶ 39, 40, 41 (Filed Jan. 18, 2006; Document 1).  The

16   second claim sought damages for intentional interference with business relations when TFN

17   intentionally caused Yahoo! to terminate an existing contract.  *Id.* ¶ 49.

18        On February 22, 2006, TFN moved to dismiss.  At oral argument on March 31, 2006, this

19   Court  rejected TFN's contentions regarding FreecycleSunnyvale's claim for declaratory relief.

20   This Court granted FreecycleSunnyvale leave to amend damage allegations on the tortious

21   interference claim.  Order Denying in Part and Granting in Part Defendant's Motion to Dismiss

22   (Filed Apr. 4, 2006; Document 19).  FreecycleSunnyvale filed an amended complaint on April 6,

23   2006, alleging its tortious interference injury in greater detail but waiving its rights to recover

24   monetary damages on the ground that the freecycling public will be better served if TFN uses its

25   resources to promote freecycling rather than to pay damages to FreecycleSunnyvale.  Amended

26   Complaint for Declaratory Judgment of Trademark Non-Infringement and Tortious Interference

27   with Business Relations, ¶ 55 (Filed Apr. 6, 2006; Document 20).  FreecycleSunnyvale now

28

1   seeks an injunction preventing TFN from filing false trademark infringement reports with

2   Yahoo! and other providers of internet services. *Id.* at ¶ 54.

3           On April 14, 2006, TFN answered and alleged three counterclaims. The first alleged

4   both direct infringement under § 32(1) of the Lanham Act and contributory trademark

5   infringement under § 43(a) of the Lanham Act. 15 U.S.C. §§ 1114(1), 1125(a). The second

6   alleged unfair competition under § 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). The third

7   alleged California state law unfair competition. CAL. BUS. & PROF. CODE §§ 17200, 17500.

8   TFN sought an injunction and monetary damages. FreecycleSunnyvale filed a motion to dismiss

9   TFN's counterclaims and to strike TFN's California state-law unfair competition counterclaim.

10  This Court took TFN's motions under submission on the papers.

11          **2.      This Court's Order of July 25, 2006, Dismissing TFN's Counterclaims**

12          On July 25, 2006, this Court dismissed one of TFN's counterclaims without leave to

13  amend and ordered TFN to re-allege each and every one of its remaining counterclaims. This

14  Court also invited FreecycleSunnyvale to renew its motion to strike TFN's California state law

15  claim. In so doing, this Court provided explicit guidance that is relevant to the issues that are

16  before this Court on TFN's second attempt to state counterclaims.

17          **a.      Infringement under § 32(1) of the Lanham Act**

18          TFN failed to state a claim for direct infringement under § 32(1) of the Lanham Act

19  because TFN alleged that its marks were not registered and, thus, TFN does not have standing.

20  Order 6:9-11 (citing15 U.S.C. § 1114(1) (one who uses a "registered mark" "shall be liable in a

21  civil action by the registrant")). This Court therefore dismissed TFN's § 32(1) counterclaim

22  without leave to amend, but granted TFN leave to amend its direct infringement counterclaim

23  under § 43(a)(1) of the Lanham Act. Order 7:18 to 8:2. *See also* 15 U.S.C. § 1125(a).

24          **b.      Contributory Infringement under § 43(a) of the Lanham Act**

25          TFN failed to state a claim for contributory trademark infringement under § 43(a) of the

26  Lanham Act because TFN did not allege that FreecycleSunnyvale intentionally induced a third

27  party to infringe. This Court distinguished between TFN's defective allegations which "state

28  only that [FreecycleSunnyvale] induced others to 'use' the Marks," and a counterclaim which

1  "actually allege[s] that [FreecycleSunnyvale] induced infringement." Order 8:24-26. This Court

2  granted TFN leave to amend its contributory infringement counterclaim: "[TFN] must, if it can

3  do so truthfully and without contradicting its original pleading, allege either that

4  [FreecycleSunnyvale] has intentionally induced a third party or parties to infringe the Marks or

5  that [FreecycleSunnyvale] directly controls and monitors the instrumentality used by others to

6  infringe the Marks." Order 8:27 to 9:4.

**c.**      **Unfair Competition Under § 43(a) of the Lanham Act**

8      TFN failed to state a claim for unfair competition under § 43(a) of the Lanham Act for

9  two reasons. First, while TFN copied portions of § 43(a) into its allegations, TFN failed to "give

10  [FreecycleSunnyvale] fair notice of the ground on which [TFN's unfair competition]

11  counterclaim rests" because "[t]he Court cannot evaluate that argument without knowing the

12  legal theory or theories upon which Defendant's counterclaim is based." Order 11:6-8, 11-13.

13  This Court granted TFN "leave to amend to identify the particular prong or prongs of § 43(a)(1)

14  which [FreecycleSunnyvale] is alleged to have violated." Order 14-16.

15      Second, TFN also failed to give notice of the basis on which TFN claims to have a

16  protectable trademark interest. Noting the two bases on which TFN might allege a protectable

17  trademark interest, this Court stated that, "because inherent and acquired distinctiveness are

18  different legal theories that potentially involve different factual bases, [FreecycleSunnyvale] is

19  entitled to notice of whether the Marks are alleged to possess inherent distinctiveness." Order

20  12:4-7. Here as well, this Court granted leave to amend: "[TFN] must, if it can do so truthfully

21  and without contradicting its original Answer and Counterclaims, specifically allege whether the

22  Marks have inherent or acquired distinctiveness." Order 12:13-16.

**d.**      **State Law Unfair Competition Claim**

24      On FreecycleSunnyvale's motion to strike under California's Anti-SLAPP law, this Court

25  ordered TFN to re-allege its state law unfair competition counterclaim. This Court summarized

26  and quoted an affidavit that TFN submitted to show probability of success:

27          These include an email from Mr. Oey addressed to the Yahoo! group
           "freecyclenext," stating,

28

-5-

1
    The best way to keep freecycle in the public domain is for as many people and groups as possible to continue to use the term generically.

2
        If you feel that the term freecycle is generic, you can let the USPTO know by sending a letter to:

3
    Commission of Trademarks

    P.O. Box 1451

4
    . . .

5
        Yahoo listens to its customers, so if folks complain about groups being deleted for use of the term 'freecycling' than [sic]

6
members/moderators of those groups should complain to Yahoo at: http://add.yahoo.com/fast/help/us/groups/cgi_abuse . . .

7

8
Bandyopadhyay Decl., Ex. 5.  In another email message, Mr. Oey wrote to the "freecyclesunnyvale" Yahoo! group and to Deron Beal, an official of [TFN],

9
    I have encouraged people to use the term freecycle as a generic term which would block [TFN], and all others, from holding a trademark on the

10
    on the term in the area of freecycling services offered on the web.

11
Id., Ex. 6, Sept. 20, 2005 Email from Tim Oey to Chandan Mishra, Deron Beal and <freecyclesunnuyvale-owner@yahoogroups.com>.  Mr. Oey went on to

12
criticize Mr. Beal for refusing to allow discussion or voting.

13
Order 14:13 to 15:8.

14
    This court found that TFN's state law unfair competition counterclaim arose out of facts

15
protected by California's Anti-SLAPP law.  Consequently, FreecycleSunnyvale "met its burden

16
to show that [TFN's] third counterclaim arises out of speech acts 'in connection with an issue of

17
public interest' under [CAL.CIV.PROC.] § 425.16(e)(3)."  Order 16:2-5.

18
    This Court then examined whether TFN met its burden to show that its counterclaim "is

19
legally sufficient and supported by a sufficient prima facie showing of facts to sustain a

20
favorable judgment."  Order 16:12-13 (quoting *Navallier v. Sletten*, 29 Cal. 4[th] 82, 88-89

21
(2002)).  While noting that TFN did not specify, "either in its pleading or by affidavit," how

22
FreecycleSunnyvale engaged in unfair competition, this Court was "reluctant" to grant

23
FreecycleSunnyvale's motion to strike without knowing how FreecycleSunnyvale infringed the

24
alleged trademarks and because of "the Arizona court's granting of a preliminary injunction . . .

25
against Mr. Oey."  Order 17:1-2, 8-12.  This Court ordered TFN "to file amended pleadings

26
which, in addition to specifying the specific legal basis or bases for the [CAL. BUS. & PROF.

27
CODE ]§ 17200 claim, allege facts sufficient, if proved, to substantiate the underlying claim of an

28

-6-

1    illegal, unfair or fraudulent practice." Order 17:13-17. This Court also invited

2    FreecycleSunnyvale to renew its motion to strike. Order 17:17-18.

3    **B.    TFN's Amended Counterclaims**

4         Against the backdrop of this Court's July 25th Order, TFN filed amended counterclaims

5    on August 8, 2006. The first alleges both direct infringement and contributory trademark

6    infringement under § 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). The second alleges unfair

7    competition, also under § 43(a) of the Lanham Act. The third alleges unfair competition under

8    California state law. CAL. BUS. & PROF. CODE §§ 17200, 17500. TFN seeks an injunction and

9    monetary damages. The Freecycle Network, Inc.'s Answer to Plaintiff's Amended Complaint

10    and Amended Counterclaims (filed Aug. 8, 2006; Document 46) ("Amended Counterclaims").

11    **1.    TFN's Allegations of a Protectable Trademark Interest**

12         Because TFN's counterclaims arise out of its assertion of trademark rights, the necessary

13    premise underlying all of the counterclaims is that TFN has a protectable trademark interest. In

14    fact, this Court ordered that TFN must "specifically allege whether the Marks have inherent or

15    acquired distinctiveness." Order 12:15-16.

16         TFN does not allege that its alleged trademarks have acquired distinctiveness. Nowhere

17    does TFN use the phrase "acquired distinctiveness." TFN continues to allege that it has used its

18    alleged trademarks "exclusively and continuously since at least May 1, 2003," and that it "has

19    built up and now owns valuable goodwill that is symbolized by these Marks," Amended

20    Counterclaim ¶¶ 67, 69, 84. See also id. at ¶¶ 91, 96 (alleging loss of goodwill as element of

21    damages"). Nowhere, however, does TFN allege secondary meaning, which is the factual basis

22    for acquired distinctiveness. TFN does not, for example, allege that consumers associate

23    "freecycle" with a single source of freecycling services.

24         TFN instead alleges that "freecycle," "The Freecycle Network," and TFN's graphic logo

25    are "inherently distinctive." Amended Counterclaim ¶¶ 67, 84-86, 88, 90-91. TFN nowhere

26    suggests the factual basis for its claim of inherent distinctiveness. TFN does not, for example,

27    allege whether "freecycle" is fanciful, arbitrary, or suggestive.

28

TFN continues to allege facts about the status of its trademark registration application: "[T]he United States Patent and Trademark Office ("PTO") approved registration of the mark FREECYCLE and its distinctive logo on the Principal Register on November 22, 2005. The PTO issued a notice of publication for the mark FREECYCLE and its distinctive logo on December 28, 2005." Amended Counterclaim ¶ 68. *See also id.* at 85 (alleging December 28, 2006, notice of publication).

FreecycleSunnyvale respectfully requests this Court to take judicial notice of administrative records from the PTO to place these just-quoted allegations into context.[1] The November 22nd notice is designated in the TARR Status as "Approved for Pub – Principal Register (Initial Exam)." RJN Exhibit A. Also on November 22, 2005, an "Examiner's Amendment" issued, indicating the possibility of future amendments and inviting the applicant to object to the examiner's amendment. RJN Exhibit C. On December 28, 2005, a notice of publication issued, indicating that, "If no opposition is filed within the time specified by law, the USPTO *may* issue a Certificate of Registration." RJN Exhibit D (emphasis added). After TFN's trademark registration application was published in the Official Gazette, an opposition was timely filed and, at TFN's request, the opposition proceeding was suspended pending the outcome of the action in this Court. RJN Exhibits E, F, G. The PTO never issued TFN a Certificate of Registration, granted TFN a registration number, or placed TFN's alleged trademarks on the Principal Register.

### 2.    TFN's Allegations of Actionable Speech

This Court ordered TFN to re-allege its various counterclaims for direct infringement, contributory infringement, and unfair competition so that FreecycleSunnyvale has fair notice of the legal theories against which it must defend. Order 11:6-16, 12:3-16. *See also id.* at 10:22-26, 16:23-25, 17:8-9 (citing lack of clarity in counterclaim allegations).

---

[1]    All of the documents referenced in this Memorandum of Points and Authorities are attached to and cited as exhibits to FreecycleSunnyvale's Request for Judicial Notice ("RJN"), which accompanies this Memorandum of Points and Authorities.

1            **a.**       **TFN Alleges that Generic Use of a Trademark is Actionable**

2        TFN's most specific allegations give notice that TFN's legal theory is based on

3 allegations that FreecycleSunnyvale encouraged others to use "freecycle" and its variants as

4 generic terms. FreecycleSunnyvale allegedly encouraged others to "misuse" the alleged

5 trademarks by using those marks "in the form of verbs, adjectives, gerunds, and participles."

6 FreecycleSunnyvale allegedly encouraged this conduct "so that this misuse will result in the

7 Marks being rendered generic." FreecycleSunnyvale allegedly did this "for the specific purpose

8 of rendering them [the alleged trademarks] unregistrable." Amended Counterclaim ¶¶ 75-77.

9        These allegations put FreecycleSunnyvale on notice that FreecycleSunnyvale is accused

10 of encouraging others to use "freecycle" as a generic term. These allegations are consistent with

11 evidence that TFN previously provided to substantiate its California state law unfair competition

12 claim. As noted above, TFN opposed FreecycleSunnyvale's first motion to strike by submitting

13 an email indicating that Oey encouraged others "to keep freecycle in the public domain" by

14 "continu[ing] to use the term generically." Order 14:15-16. In another email, Oey states that he

15 "encouraged people to use the term freecycle as a generic term which would block [TFN], and

16 all others, from holding a trademark on the term in the area of freecycling services offered on the

17 web." Order 15:2-4.

18            **b.**       **TFN Refers to Other Legal Theories**

19        As a counterclaim for direct infringement, TFN alleges that FreecycleSunnyvale "used"

20 or "misused" TFN's alleged trademarks. Amended Counterclaims. ¶¶ 70, 71. TFN then

21 concludes that FreecycleSunnyvale "is likely to cause confusion" and that TFN has engaged in

22 "direct trademark infringement." Amended Counterclaims ¶ 74. Except for the generic use

23 allegations, nowhere does TFN allege facts to give notice of *how* FreecycleSunnyvale used or

24 misused TFN's alleged trademarks. TFN does not, for example, allege that FreecycleSunnyvale

25 used the word "freecycle" to designate a source of freecycling services.

26        As a counterclaim for contributory infringement, TFN alleges that FreecycleSunnyvale

27 "induced others to improperly use" TFN's alleged trademarks and encouraged others to "use" or

28 "misuse" TFN's alleged trademarks. Amended Counterclaims ¶¶ 72, 75-78. TFN then

1  concludes that "such inducement . . . constitutes contributory trademark infringement."

2  Amended Counterclaims ¶ 79. Except for the generic use allegations, TFN does not allege facts

3  to give notice of *how* FreecycleSunnyvale intentionally induced a third party to *infringe* TFN's

4  alleged trademarks. TFN does not, for example, allege that FreecycleSunnyvale induced a third

5  party to use the word "freecycle" to designate a source of freecycling activities.

6       As an alternate basis for contributory infringement, TFN alleges that FreecycleSunnyvale

7  "controls, monitors and holds a position of power as a moderator of a Website which encourages

8  others to use [TFN's] Marks without permission." Amended Counterclaims ¶ 78. TFN then

9  concludes that "control of an instrumentality . . . which encourages third parties . . . constitutes

10  contributory trademark infringement." Amended Complaint ¶ 79. TFN does not allege whether

11  any third party actually visited the alleged Web site or *how* any third party even used TFN's

12  alleged marks as a result of the alleged encouragement. TFN does not, for example, allege that

13  the Web site's encouragement induced a third party to use the word "freecycle" to designate the

14  source of freecycling services.

15       As a counterclaim for unfair competition under § 43(a) of the Lanham Act, TFN alleges

16  FreecycleSunnyvale's "misuse" of the alleged trademarks. Amended Complaint ¶¶ 86, 88-91.

17  TFN then concludes that FreecycleSunnyvale's alleged "misuse" "is likely to cause confusion"

18  and "constitutes unfair competition in violation of § 43(a)(1)(A) and § 43(a)(1)(B) of the

19  Lanham Act, 15 U.S.C. § 1125(a)(1)." Amended Complaint ¶¶ 88, 89. Except for the generic

20  use allegations, TFN does not allege facts to give notice of *how* FreecycleSunnyvale used TFN's

21  alleged trademarks to compete unfairly. TFN does not, for example, allege that

22  FreecycleSunnyvale falsely associated itself with TFN by using the word "freecycle" to

23  designate a source of freecycling services. Nor does TFN allege that FreecycleSunnyvale falsely

24  represented either party's products or services while using the word "freecycle" in an

25  advertisement.

26       TFN's allegations of unfair competition under § 43(a) of the Lanham Act are not clear on

27  the competitive relationship, if any, between the parties. After this Court noted ambiguity

28  "regarding whether [FreecycleSunnyvale] and [TFN] are competitors," this Court explained that,

-10-

1  "if [TFN] and [FreecycleSunnyvale] are not competitors, [TFN] may fail to state a claim for false

2  advertising." Order 10:25-26; 11:10-11. While TFN now alleges that FreecycleSunnyvale

3  competes with TFN by providing freecycling services, TFN nowhere alleges that TFN offers the

4  same services. *Compare* Amended Counterclaim ¶ 61 (TFN provides support to local

5  freecycling organizations) *with id.* at ¶¶ 73, 87 (FreecycleSunnyvale competes with TFN by

6  providing freecycling services).

7       As a counterclaim for unfair competition under California state law, TFN alleges

8  FreecycleSunnyvale's "misuse" of the alleged trademarks and "its encouragement of others to

9  misuse." Amended Complaint ¶¶ 94-97. *See also id.* at ¶¶ 95, 97 ("inducement of others to

10  misuse and infringe"). TFN then concludes that FreecycleSunnyvale's conduct violates CAL.

11  BUS. & PROF. CODE § 17200. TFN alleges the misuse "is forbidden by law and therefore

12  constitutes illegal practice." TFN alleges that the misuse is unfair because that misuse "harms

13  [TFN] and such harm outweighs the benefit to [FreecycleSunnyvale]." TFN alleges that the

14  misuse "is fraudulent in that it is likely to deceive the public." Amended Complaint ¶ 95-97.

15  Except for the generic use allegations, TFN does not allege facts to give notice of *how*

16  FreecycleSunnyvale used TFN's alleged trademarks in an illegal, unfair, or fraudulent matter.

17       **3.**    **TFN's Substantiation of Its California State Law Competition Claim**

18       Because FreecycleSunnyvale's speech activities are protected by California's Anti-

19  SLAPP law, this Court ordered TFN to file amended pleadings "to substantiate the underlying

20  claim of an illegal, unfair or fraudulent practice." Order 17:15-17. TFN's allegations are the

21  same as those just noted. TFN alleges misuse and encouragement of others to misuse, and TFN

22  then concludes that FreecycleSunnyvale's speech activities constitute an illegal, unfair, or

23  fraudulent practice. Except for the incorporated generic use allegations, TFN's conclusions are

24  not bolstered by any additional allegations.

25  **IV.**   **LEGAL STANDARDS**

26       Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the Court to dismiss a

27  counterclaim for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P.

28  12(b)(6). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

-11-

1  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901

2  F.2d 696, 699 (9th Cir. 1990).

3      A counterclaim must contain a "short and plain statement of the claim showing that the

4  pleader is entitled to relief." FED.R.CIV.P. 8(a).  While the counterclaimant need not allege each

5  element of the claim, the counterclaimant must "give the [counterdefendant] fair notice of what

6  the [counterclaimant's] claim is and the grounds on which it rests." *Conley v. Gibson*, 355 U.S.

7  41, 47 (1957).

8      When evaluating a motion to dismiss under Rule 12(b)(6), this Court is not required "to

9  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

10  unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

11  Nor is this Court required to "assume the truth of legal conclusions merely because they are cast

12  in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139

13  (9th Cir. 2003) (internal quotation marks omitted).  Further, this Court should not assume that

14  TFN "can prove facts that [TFN has] not alleged, or that [FreecycleSunnyvale has] violated . . .

15  laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v.*

16  *California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

17      Under FED.R.CIV.P. 12(f), "the court may order stricken from any pleading any . . .

18  immaterial . . . matter."  " 'Immaterial' matter is that which has no essential or important

19  relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527 (9th Cir. 1993)

20  (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990)),

21  *rev. on other grounds*, 510 U.S. 517 (1994).

22  **V.    ARGUMENT**

23      **A.    This Court Should Dismiss All of TFN's Trademark Related Counterclaims**
          **Because FreecycleSunnyvale Does Not Have Fair Notice of the Basis for**
24         **TFN's "Inherently Distinctive" Allegation**

25      TFN now rests its claim to a protectable trademark interest on the allegation that its

26  trademarks are "inherently distinctive."  An inherently distinctive trademark is not a monolithic

27  concept, but admits of different and conflicting ways to prove a protectable trademark interest.

28

-12-

1    TFN has not, however, provided fair notice of the basis or bases against which

2    FreecycleSunnyvale must defend.

3         The determination of whether a term is inherently distinctive is an issue of fact that

4    depends upon whether the term is fanciful, arbitrary, or suggestive, as opposed to descriptive or

5    generic. *Yellow Cab Co./Sacramento v. Yellow Cab/Elk Grove*, 419 F.3d 925, 927 (9th Cir.

6    2005) (describing legal significance of categories); *KP Permanent Make-up, Inc. v. Lasting*

7    *Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005) (same); *Kendall-Jackson Winery v. E.&J.*

8    *Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998) (same). *See also Yellow Cab*, 419 F.3d at 929

9    (classification as generic is issue of fact). *See generally* 2 McCARTHY ON TRADEMARKS AND

10    UNFAIR COMPETITION §§ 11:1-4 (4th ed. 2006).[2]

11         The three categories of "inherently distinctive" trademarks have different and conflicting

12    requirements. A fanciful term is one that did not previously exist and that was coined for the

13    purpose of designating a single source for the product or service. *See Surfvivor Media, Inc. v.*

14    *Survivor Productions*, 406 F.3d 625, 632 (9th Cir. 2005) ("Fanciful marks consist of coined

15    phrases that also have no commonly known connection with the product at hand.") (internal

16    quotations omitted); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1390 (9th Cir. 1993) ("A

17    fanciful mark is a coined word or phrase, such as Kodak, invented solely to function as a

18    trademark."). *See generally* 2 McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 11:5

19    (4th ed. 2006).

20         An arbitrary term is one that already exists but that neither suggests nor describes a

21    characteristic of the product or service. *See Kendall-Jackson*, 150 F.3d at 1047 n.8 ("*Arbitrary*

22    *marks* have no relevance to any feature or characteristic of a product.") (emphasis in original);

23    *Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1130 n.7 (9th Cir. 1998)

24    ("An arbitrary mark, such as Dutch Boy on a can of paint, uses common words in a fictitious and

25

26    ─────────────────────

27    [2]    On these issues, TFN has the burden of proof. *See Yellow Cab*, 419 F.3d at 928 (for unregistered mark, claimant "has burden of proof of establishing a valid mark"); *Filipino Yellow Pages v. Asian Journal Publications*, 198 F.3d 1143,1146 (9th Cir. 1999) (burden on party

28    asserting trademark interest in unregistered mark to prove mark is not generic).

-13-

1    arbitrary manner"). *See generally* 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§

2    11:11-12 (4th ed. 2006).

3        A suggestive term suggests but does not describe a characteristic of the product or

4    service. *See Surfvivor Media,* 406 F.3d at 632 ("Suggestive marks do not describe the product's

5    features but suggest them.") (internal quotations and brackets omitted); *Filipino Yellow Pages,*

6    198 F.3d at 1147 n.3 ("imagination or a mental leap is required in order to reach a conclusion as

7    to the nature of the product being referenced") (internal quotations omitted). *See generally* 2

8    MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 11:12, 64 (4th ed. 2006). For

9    suggestive terms only, courts variously employ three tests to distinguish a suggestive from a

10   descriptive term. *See generally* 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§

11   11:66-69 (4th ed. 2006) (describing degree of imagination, competitors' need, and competitors'

12   use tests).

13       The differences in the separate bases for inherent distinctiveness are manifest. For

14   example, a fanciful term, which is made up, cannot be an arbitrary term, which already existed in

15   the English language. Also, a fanciful or arbitrary term, which has no relation to the product or

16   service, cannot be a suggestive term, which does suggest the nature of the product or service.

17   Further, the tests to distinguish a suggestive term from a descriptive term have no relevance to a

18   fanciful or arbitrary term.[3]

19       TFN has not provided fair notice of the grounds on which its alleged trademarks are

20   inherently distinctive. An allegation that a term is inherently distinctive is not a unique ground

21   to show a protectable trademark interest, but instead a vague reference to different and

22   conflicting bases. At this stage in this litigation, and especially in light of TFN's involvement in

23   the related litigation in the Arizona district court and Ninth Circuit appeal, FreecycleSunnyvale is

24

---

25   [3]    The only factual requirement that appears to be in common with all three kinds of
     inherently distinctive terms is that the claimant must have been the first to use the mark in

26   commerce. *See Omega Nutrition v. Spectrum Marketing,* 756 F. Supp. 435,438 (N.D. Cal. 1991)
     ("well-settled principal of trademark law that ownership is founded on actual use of the mark,

27   not mere invention of it. As between actual users of the mark, it is the *first* user who possesses
     the superior right.") (citations omitted; emphasis in original). *See generally* 2 MCCARTHY ON

28   TRADEMARKS AND UNFAIR COMPETITION § 16:4 (4th ed. 2006).

-14-

1  entitled to know on which theory of inherent distinctiveness TFN will rely.  FreecycleSunnyvale

2  requests this Court to dismiss all of TFN's counterclaims because all of those counterclaims are

3  premised upon a protectable trademark interest and TFN has not provided fair notice of the basis

4  or bases for protection.

**B.    This Court Should Dismiss All of TFN's Counterclaims Because TFN Has Failed to Provide Notice of a Cognizable Legal Theory**

7  Even if TFN has properly alleged that it has a protectable trademark interest – which

8  TFN has not – TFN was directed by this Court to supplement its factual allegations so that

9  FreecycleSunnyvale has fair notice of the legal theories against which it must defend.  Order

10  11:6-16, 12:3-16.  *See also id.* at 10:22-26, 16:23-25, 17:8-9 (citing lack of clarity in

11  counterclaim allegations).  TFN responded in two ways.  First, in the context of its contributory

12  infringement counterclaim, TFN alleges facts based upon a novel legal theory that encouraging

13  the generic use of a trademark constitutes infringement.  Second, sprinkled throughout TFN's

14  counterclaims are conclusory labels, unsupported conclusions, and deficient allegations.  None of

15  these allegations comply with this Court's July 25th Order or state a claim on which relief might

16  be granted.

**1.    The Generic Use of an Alleged Trademark Is Not Actionable**

18  The fundamental contention that now supports all of TFN's counterclaims is that the

19  generic use of a trademark is actionable.  This much is evident from TFN's most specific

20  allegation that FreecycleSunnyvale encouraged others to use TFN's alleged trademarks "in the

21  form of verbs, adjectives, gerunds, and participles."  Amended Counterclaims ¶ 75.  This

22  allegation also follows evidence, placed by TFN into the record, that the leading member of

23  FreecycleSunnyvale, Tim Oey, encouraged others to use "freecycle" as a generic term.  Order

24  14:13 to 15:8.  Not only does TFN's novel legal theory have no support in trademark or unfair

25  competition law, but TFN's novel legal theory runs afoul of the First Amendment.

**a.    The Generic Use of a Trademark is Legal**

27  Not only did research fail to find a case holding that the generic use of a trademark is

28  illegal, but the leading treatise states that, "United States law offers no legal remedy to stop those

-15-

1    who use a word in a generic sense in magazines, newspapers, books, dictionaries, etc." 2

2    MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 12:28, at 12-91 (4th ed. 2006).  Every

3    trademark owner runs the risk that generic use will deprive a mark of its legal status as a

4    trademark.  *See generally id.* at §§ 12:26-29 (discussing marketplace precautions to prevent

5    genericide); David H. Melilli, *A Good Mark Is Hard to Find, Even Harder to Protect against*

6    *Genericide*, 12 J. CONTEMP. LEGAL. ISSUES 185 (2001).

7                    **b.      TFN's Novel Theory That the Generic Use of a Trademark is**
                             **Actionable Is Contrary to Trademark Law Principles**
8

9            TFN's proposition that any generic use of a trademark is actionable cannot be a

10    cognizable legal theory because TFN's proposition is contrary to settled principles of trademark

11    law.  First, the Lanham Act provides that a trademark registration, even one that has achieved

12    incontestable status, may be cancelled if consumers use the trademark as a generic term.  15

13    U.S.C. §§ 1064(3), 1065.  TFN's assertion that generic use is illegal equates to the illogical

14    contention that a third party's illegal conduct can lead to loss of trademark rights.

15            Second, only 'trademark use' is actionable, and courts define 'trademark use' in ways

16    that do not align with generic use.  *See, e.g., Interactive Products Corp. v. a2z Mobile Office*

17    *Solutions, Inc.*, 326 F.3d 687, 695 (6th Cir. 2003) (where trademark used only "in a 'non-

18    trademark' way – that is, in a way that does not identify the source of a product – then trademark

19    infringement and false designation of origin laws do not apply"); *Packman v. Chicago Tribune*

20    *Co.*, 267 F.3d 628, 639-42 (7th Cir. 2001) (no infringement for descriptive, "non-trademark"

21    use); *New Kids on the Block v. New America Pub., Inc.*, 971 F.2d 302, 307 (9th Cir. 1992)

22    ("Cases like these are best understood as involving a non-trademark use of a mark – a use to

23    which the infringement laws simply do not apply."); *eAcceleration Corp. v. Trend Micro, Inc.*,

24    408 F. Supp. 2d 1110, 1121 (W.D. Wash. 2006) ("fair use defense permits others to use

25    protected marks in descriptive ways"; citing cases where descriptive and non-trademark use

26    found not to infringe).[4]

27    _____

28    [4]      District courts from other circuits also limit actionable conduct to 'trademark use.'  *See,*
       *e.g., Wells Fargo & Co. v. WhenU.com*, 293 F. Supp. 2d 734, 757 (E.D. Mich. 2003) ("There can
                                                                                          (cont'd)

1    Third, trademark liability is premised on commercial use, and a broad proscription on

2  generic use would impermissibly extend to non-commercial use. *See Bosley Medical Institute v.*

3  *Kremer*, 403 F.3d 672, 679 (9th Cir. 2005) ("The Lanham Act, expressly enacted to be applied in

4  commercial contexts, does not prohibit all unauthorized uses of a trademark."). *See also id*. at

5  676 (construing "commercial use in commerce" as "analogous to the 'in connection with' sale of

6  goods and services requirement of the infringement statute.").

7    Fourth, the Lanham Act provides that the descriptive use of a trademark is a defense to

8  infringement. 15 U.S.C. § 1115(b)(4). *See also Woodroast Systems, Inc. v. Restaurants*

9  *Unlimited*, 793 F. Supp. 906, 916 (D. Minn. 1992) ("A defendant's generic or fair use of a

10  service mark, however, provides a statutory defense to such claims [under § 43(a) of the Lanham

11  Act]."). *Cf.* Amended Counterclaims ¶ 75 (alleging that FreecycleSunnyvale encouraged others

12  to use TFN's alleged trademarks "in the form of . . . adjectives").

13    Fifth, under the "dual usage" doctrine, a term can be recognized as both a trademark and

14  a generic term. *See generally* 2 MᶜCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §

15  12:51 (4th ed. 2006). Even if TFN had a protectable trademark interest, the "dual usage" doctrine

16  indicates that FreecycleSunnyvale may use "freecycle" as a generic term.

17    TFN contends that the generic use of a trademark is illegal, but TFN's novel theory is

18  unsupportable. Because the generic use of trademark is perfectly legal, the encouragement of

19  others to engage in legal activity cannot be actionable. TFN's wrongheaded notion that equates

20  generic use to either trademark infringement or unfair competition lies at the heart of TFN's

21  counterclaims. This Court should therefore dismiss all of TFN's counterclaims without leave to

22  amend because none of those claims are based upon a cognizable legal theory.

23        **c.    TFN's Novel Theory That the Generic Use of a Trademark is
             Actionable Is Contrary to the First Amendment**

24

25    Any attempt to prohibit the generic use of an alleged trademark – as TFN attempts to do

26  be no liability under the Lanham Act absent the use of a trademark in a way that identifies the
    products and services being advertised by the defendant."); *U-Haul International, Inc. v.*

27  *WhenU.com, Inc.*, 279 F. Supp. 2d 723, 728 (E.D. Va. 2003) (no trademark use where there was
    no evidence that defendant "use[d the] trademarks to identify the source of its [the defendant's]

28  products").

-17-

1  in all of its counterclaims – would run afoul of the First Amendment. As the Ninth Circuit

2  explained,

> [W]hen a trademark owner asserts a right to control how we express ourselves . . .
> applying the traditional test fails to account for the full weight of the public's
> interest in free expression.
>
> The First Amendment may offer little protection for a competitor who
> labels its commercial goods with a similar mark, but "[t]rademark rights do not
> entitle the owner to quash an unauthorized use of the mark by another who is
> communicating ideas or expressing points of view."

8  *Mattel, Inc. v. MCA Records*, 296 F.3d 894, 900 (9th Cir. 2002) (quoting *L.L. Bean, Inc. v. Drake*

9  *Publishers, Inc.*, 811 F.2d 26, 29 (1st Cir. 1987)).

10  Even if TFN had a protectable trademark interest, trademark rights do not include

11  generalized "rights to control language" that would extend to the generic use of "freecycle."

12  *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1017 (9th Cir. 2004) (quotation

13  omitted). There is nothing 'illegal,' 'unfair,' or 'fraudulent' about the generic use of a

14  trademark.

15  This Court should dismiss all of TFN's trademark-based counterclaims because each of

16  those counterclaims is based upon the incorrect assertion that encouraging generic use of a

17  purported trademark is actionable. Nothing in trademark or unfair competition law protects the

18  owner of even a registered trademark from the risk that consumers will use its trademark as a

19  generic term, thereby depriving the term of trademark status. The true goal of TFN's

20  counterclaims is to enlist this Court's aid in avoiding that risk by suppressing free speech in

21  violation of the First Amendment. TFN's fatally defective counterclaims should be dismissed

22  without leave to amend.

23  **2.      TFN's Other Allegations Do Not Salvage TFN's Trademark Related
          Counterclaims**

24

25  Aside from the generic use allegations that lie at the heart of TFN's counterclaims, TFN

26  adds conclusory labels, unsupported conclusions, and deficient allegations, none of which state a

27  claim for relief that might salvage any of TFN's counterclaims.

28

-18-

#### a.    This Court Should Disregard Conclusory Labels and Unsupported Conclusions

TFN liberally sprinkles all of its counterclaims with allegations that label FreecycleSunnyvale's conduct as "misuse," "use without permission," or "improper use" of TFN's alleged trademarks.  TFN also alleges that FreecycleSunnyvale is "likely to cause confusion" and has engaged in "trademark infringement," but provides no more than an unsupported conclusion  The problem is that there is no short and plain (or any other) statement that gives FreecycleSunnyvale fair notice of what TFN's claims are, much less the grounds on which they rest. *See Conley*, 355 U.S. at 47.  Further, under FED.R.CIV.P. 12(b)(6), this Court may disregard conclusory allegations and legal conclusions, even if cast in the form of allegations.  *See Warren*, 328 F.3d at 1139; *Sprewell*, 266 F.3d at 988.  This Court should disregard TFN's conclusory labels and unsupported conclusions and dismiss all of TFN's counterclaims.

The "misuse" label in each counterclaim is particularly confusing.  As a technical term in trademark law, "misuse" refers to a defense to a Lanham Act claim of infringement where the trademark owner has unclean hands because "the mark has been or is being used to violate the antitrust laws of the United States." 15 U.S.C. § 1115(b)(7).  *See generally* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:92 (4th ed. 2006).  Because TFN is the only one claiming trademark infringement in this action, only FreecycleSunnyvale could plead "misuse" as an affirmative defense, but FreecycleSunnyvale has not.  This Court should disregard TFN's conclusory label of "misuse" because the incoherent use of a technical term of art is not fair notice of counterclaims or the grounds on which they rest.

#### b.    TFN's Contributory Infringement Counterclaim Is Not Based on a Cognizable Legal Theory

TFN does try to salvage its contributory infringement counterclaim by alleging in the alternative that FreecycleSunnyvale "controls, monitors and holds a position of power which encourages others to use [TFN's] Marks without permission." Amended Counterclaims ¶ 78.  As this Court instructed in its July 25th Order:

-19-

1      A defendant may be held liable for contributory trademark infringement if
he or she "(1) intentionally induces another to infringe on a trademark or (2)
2      continues to supply a product knowing that the recipient is using the product to
engage in trademark infringement." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76
3      F.3d 259, 264 (9th Cir. 1996) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456
U.S. 844, 854-55 (1982)).  The "supplies a product" requirement for contributory
4      infringement has been expanded to include "[d]irect control and monitoring of the
instrumentality used by a third party to infringe the plaintiff's mark." *Lockheed*
5      *Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999).

6

7    Order 8:8-19.

8         TFN does not state a counterclaim for contributory infringement under this legal theory

9    for two reasons.  First, TFN does not allege that FreecycleSunnyvale controls a Web site where

10   third parties sold infringing products, but merely alleges that FreecycleSunnyvale controls a Web

11   site that encourages others to use TFN's alleged trademarks without permission.  Second, TFN

12   never alleges that the third parties actually infringed.  TFN only asserts that mere encouragement

13   to infringe, without actual infringement resulting from the encouragement, "constitutes

14   contributory trademark infringement."  Amended Counterclaims ¶ 79.[5]  Because control of an

15   instrumentality that encourages others to use a trademark without permission does not state a

16   counterclaim for contributory infringement, this Court should dismiss TFN's alternate attempt to

17   allege contributory infringement.

18                    **c.    TFN Has Not Provided Notice of the Factual Basis for TFN's
                          Unfair Competition Claim under the Lanham Act**

19

20        TFN also attempts to salvage the ambiguous standing allegations in its Lanham Act

21   unfair competition counterclaim by alleging that "[FreecycleSunnyvale] has its own re-using,

22

---

23   [5]     This allegation is all the more remarkable because this Court, in its July 25th Order, stated
that TFN must re-allege its contributory infringement counterclaim because "nowhere in the
24   Answer and Counterclaims does Defendant actually allege that Plaintiff induced infringement;
the allegations state only that Plaintiff induced others 'to use' the Marks." Order 8:23-26.  The
25   second contributory infringement counterclaim is even worse than the first.  Previously, TFN
failed to state a claim because TFN equated mere *inducement* to use to contributory
26   infringement.  Now, TFN equates *encouragement* to use a term generically to contributory
infringement of a trademark, which is further removed from satisfying the requirement that TFN
27   must allege that FreecycleSunnyvale induced a third party to infringe.  *See* Order 8:20-22
("Defendant acknowledges that, in order to state a claim for contributory infringement, it must
28   allege that Plaintiff 'intentionally induced another to infringe its Marks.'").

1   recycling, and gifting services, such that it is a competitor of [TFN]." Amended Counterclaims ¶

2   87. This Court explained that a standing requirement to bring a claim under the false advertising

3   prong of § 43(a)(1)(B) is that the "plaintiff must show that the injury is 'competitive.'" Order

4   10:15-16 (citing *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*, 407 F.3d 1027,

5   1037 (9th Cir. 2005)). The conclusory label that FreecycleSunnyvale is a "competitor" was

6   added, apparently to clear the "ambiguity in the pleading regarding whether

7   [FreecycleSunnyvale] and [TFN] are competitors." Order 10: 25-26.

8        TFN's attempt to salvage its counterclaim under § 43(a)(1)(B) misses the mark because

9   the defective ambiguity remains. TFN does not allege that TFN offers freecycling services in

10  competition with FreecycleSunnyvale. All that TFN alleges is that TFN "promotes recycling by

11  providing support to and acting as a central organizing point for local community-based

12  recycling efforts." Amended Counterclaims ¶ 61. "[D]ifferent § 43(a)(1) claims for unfair

13  competition may rest on different factual bases." Order 11:8-9 Because ambiguity remains

14  about any competitive relationship between the parties that is necessary for a § 43(a)(1)(B)

15  counterclaim, this Court should once again dismiss TFN's Lanham Act unfair competition

16  counterclaim for failing to provide fair notice.

17   C.   **This Court Should Strike TFN's State Law Unfair Competition**
          **Counterclaim under California's Anti-SLAPP Law Because TFN Has Failed**
18        **to Show That Its Counterclaim Is Legally Sufficient Or Supported by a**
          **Prima Facie Showing of Facts**
19

20        This Court should strike TFN's state-law counterclaim as a 'strategic lawsuit against

21  public participation.' CAL. CIV. PROC. 425.16. Under California's Anti-SLAPP law,

22           First, the court decides whether the defendant has made a threshold
             showing that the challenged cause of action is one arising from
23           protected activity. . . . If the court finds that such a showing has
             been made, it must then determine whether the plaintiff has
24           demonstrated a probability of prevailing on the claim.

25  *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002). *See Equilon Enterprises, LLC v. Consumer*

26  *Cause, Inc.*, 29 Cal.4th 53, 67 (2002) (same). *See also Thomas v. Fry's Electronics, Inc.*, 400

27  F.3d 1206, 1206-07 (9th Cir. 2005) ("California anti-SLAPP motions to strike and entitlement to

28

-21-

1  fees and costs are available to litigants proceeding in federal court, and . . . these provisions do

2  not conflict with the Federal Rules of Civil Procedure").

3      **1.    This Court Found that TFN's State-Law Counterclaim Arises from**
        **FreecycleSunnyvale's Protected Free Speech Activities**

4

5      This Court found, on TFN's own evidence, that TFN's state law unfair competition

6  counterclaim arose out of facts that fall within the protection of California's Anti-SLAPP law.

7  Consequently, FreecycleSunnyvale "met its burden to show that [TFN's] third counterclaim

8  arises out of speech acts 'in connection with an issue of public interest' under [CAL. CIV. PROC.] §

9  425.16(e)(3)." Order 16:2-5.

10     **2.    TFN Did Not Met Its Burden to Show That Its Counterclaim Is**
        **Legally Sufficient Or Supported by a Prima Facie Showing of Facts**

11

12     The burden shifted to TFN to show a probability of prevailing on its state law unfair

13  competition counterclaim. This Court was reluctant to find that TFN had failed to make that

14  showing, in part, because of "the Arizona court's granting of a preliminary injunction in [TFN's]

15  favor against Mr. Oey." Order 17:9-11. The Ninth Circuit stayed the preliminary injunction

16  pending appeal, at least suggesting that it was issued without legal basis.[6] Moreover, the Arizona

17  court has stayed the Arizona action pending the outcome of proceedings in this Court. There is

18  no reason to defer to the preliminary injunction that has been stayed by the Ninth Circuit, or to

19  the Arizona action that has been stayed by the Arizona district court in favor of this action.

20     This Court was also reluctant to find that TFN met its burden because the record was not

21  clear on "how [FreecycleSunnyvale's] violation of usage guidelines is alleged to have infringed

22  the Marks." Order 17:8-9. This Court therefore ordered TFN "to substantiate the underlying

23  claim of an illegal, unfair or fraudulent practice [under CAL. BUS. & PROF. CODE § 17200]."

24  Order 17:15-17. TFN responded by incorporating allegations from its other counterclaims and

25  _____

26  [6]    FreecycleSunnyvale moved the Ninth Circuit to stay the preliminary injunction, in
        significant part, on the grounds that the preliminary injunction is a prior restraint of speech in

27  violation of the First Amendment and that TFN is not likely to succeed on the merits because
        TFN does not have a protectable trademark interest. In its one-page order, the Ninth Circuit did

28  not indicate the ground or grounds on which the Ninth Circuit granted the stay.

1    then jumping to legal conclusions.  TFN concludes that misuse of its alleged trademarks "is

2    forbidden by law and therefore constitutes illegal practice."  TFN also concludes that misuse is

3    unfair because misuse "harms [TFN] and such harm outweighs the benefit to

4    [FreecycleSunnyvale]."  Finally, TFN concludes that misuse "is fraudulent in that it is likely to

5    deceive the public."  Amended Counterclaims ¶ 95-97.

6        For the reasons already given, this Court should grant FreecycleSunnyvale's renewed

7    motion to strike.  TFN's fundamental contention that the generic use of a trademark in a

8    narrative is actionable is wrong as a matter of law.  Because the generic use of TFN's alleged

9    trademarks is perfectly legal, TFN has not engaged in an illegal practice.  Because generic use of

10   an alleged trademark is legal, TFN has not suffered a cognizable legal harm, much less a harm

11   that outweighs FreecycleSunnyvale's free speech benefits.  Finally, because the generic use of an

12   alleged trademark is not 'trademark use,' there is no likelihood of confusion among consumers

13   and, thus, no fraud.

14       This Court ordered TFN to show that its California state law unfair competition

15   counterclaim is legally sufficient or supported by a prima facie showing of facts, and TFN has

16   failed to do so.  This Court should grant FreecycleSunnyvale's motion to strike under

17   California's Anti-SLAPP law.  CAL. CIV. PROC. 425.16.

18   **D.    This Court Should Strike TFN's Immaterial Allegations of TFN's
     Trademark Registration Application So That FreecycleSunnyvale Does Not**
19   **Have to Respond to Allegations or Discovery Requests That Have No
     Relationship to Any Conceivable Counterclaim**

20

21       Finally, FreecycleSunnyvale requests this Court to strike TFN's allegations pertaining to

22   the status of its trademark registration allegation.  This Court may strike "immaterial" matter

23   under FED.R.CIV.P. 12(f).  " 'Immaterial' matter is that which has no essential or important

24   relationship to the claim for relief."  *Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527 (9th Cir. 1993)

25   (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990)),

26   *rev. on other grounds*, 510 U.S. 517 (1994).  "[T]he function of a 12(f) motion to strike is to

27   avoid the expenditure of time and money that must arise from litigating spurious issues by

28

-23-

1    dispensing with those issues prior to trial." *Id.* (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697

2    F.2d 880, 885 (9th Cir.1983)), *rev'd on other grounds*, 510 U.S. 517 (1994).

3        TFN continues to allege that "the United States Patent and Trademark Office ("PTO")

4    approved registration of the mark FREECYCLE and its distinctive logo on the Principal Register

5    on November 22, 2005." Amended Counterclaims ¶ 68. This allegation has no bearing on the

6    validity or ownership of TFN's alleged trademarks. If TFN's alleged trademarks had been

7    placed on the Principal Register, the Lanham Act would provide that registration is *prima facie*

8    evidence of validity and ownership. 15 U.S.C. §§ 1057(b), 1115(a). Because TFN's registration

9    application is pending, TFN's alleged marks are not registered, and TFN cannot rely on the

10   statutory presumption of validity and ownership.

11       Further, TFN's allegation that the PTO approved its trademarks for registration on the

12   Principal Register is wrong. In an initial examination, the examiner may issue an office action

13   notifying the applicant that the application is not entitled to registration. Alternately, the

14   examiner may "approve the application for publication." Trademark Manual for Examination

15   Procedures § 704.01. After the initial examination, "The Publication and Issue Section of the

16   Office will send a notice of publication or certificate of registration to the applicant." *Id. See*

17   *also* 3 McCarthy on Trademarks and Unfair Competition § 19:125.1, at 19-359 (4th ed.

18   2006) ("The first stage consists of examination for compliance with formalities and registrability

19   . . . . If registrable, the Examiner will pass the mark to be published for opposition.").

20       Contrary to TFN's allegation, the November 22, 2005, notice was not an approval for

21   registration on the Principal Register. The November 22nd notice was designated as "Approved

22   for Pub – Principal Register (Initial Exam)." RJN Exhibit A. This notice merely approved for

23   publication TFN's application for registration on the Principal Register. In fact, on the same day,

24   the examiner also issued a notice of examiner's amendment, indicating the possibility of future

25   amendments and inviting TFN to object to the examiner's amendment. RJN Exhibit C. And,

26   notice of the publication of TFN's application was later sent on December 28, 2005, by a

27   different office. RJN Exhibit D. TFN's alleged trademarks were never approved for registration

28   on the Principal Register.

1    This is the second time that FreecycleSunnyvale has had to respond to TFN's unfounded

2    and mistaken allegation regarding the status of its trademark registration application.

3    FrecycleSunnyvale should not be subjected to a further waste of time and effort.  Worse yet,

4    FreecycleSunnyvale should not be open to the annoyance of immaterial discovery requests, such

5    as the request for admission that TFN already served and that asks FreecycleSunnyvale to admit

6    that TFN's trademark registration application was approved for publication on the Principal

7    Register.  This Court should net this red herring and strike TFN's allegations pertaining to the

8    status of its trademark registration application.

9    **VI.    <u>CONCLUSION</u>**

10    For the foregoing reasons, FreecycleSunnyvale respectfully requests this Court to dismiss

11    all of TFN's counterclaims without leave to amend and to strike TFN's state law counterclaim

12    under California's Anti-SLAPP law.  If this Court grants TFN leave to amend any counterclaim,

13    FreecycleSunnyvale respectfully requests this Court to strike TFN's allegations pertaining to the

14    status of its trademark registration.

17    Dated:  August 28, 2006

MAYER, BROWN, ROWE & MAW LLP
Ian N. Feinberg
Dennis S. Corgill
Eric B. Evans


By: _____/s/_____
Dennis S. Corgill
Attorneys for Plaintiff
FREECYCLESUNNYVALE

-25-