PAUL J. ANDRE, BAR No. 196585
(pandre@perkinscoie.com)
LISA KOBIALKA, Bar No. 191404
(lkobialka@perkinscoie.com)
ESHA BANDYOPADHYAY, Bar No. 212249
(ebandyopadhyay@perkinscoie.com)
SEAN M. BOYLE, Bar No. 238138
(sboyle@perkinscoie.com)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:   (650) 838-4300
Facsimile:    (650) 838-4350

Attorneys for Defendant
The Freecycle Network, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> THE FREECYCLE NETWORK, INC., an Arizona corporation, <br><br> Defendant/Counterclaimant. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. C 06-00324 CW <br><br> **NOTICE OF ERRATA IN THE FREECYCLE OPPOSITION TO FREECYCLESUNNYVALE'S MOTION TO DISMISS AMENDED COUNTERCLAIMS UNDER FED.R.CIV.P. 12(b)(6) AND TO STRIKE STATE-LAW COUNTERCLAIMS UNDER CAL. CODE CIV. PROC. § 425.16** |

NOTICE OF ERRATA
CASE NO. 06-00324 CW

[BY062610.004]

## NOTICE OF ERRATA

Defendant/Counterclaimant The Freecycle Network, Inc. files this Notice of Errata in connection with its Opposition to FreecycleSunnyvale's Motion to Dismiss Amended Counterclaims under Fed.R.Civ.P. 12(b)(6) and to Strike State-Law Counterclaims under Cal. Code Civ. Proc. § 425.16006 filed on September 15, 2006 ("Opposition") (Docket No. 51). Unexpected problems were encountered with the word processing software resulting in errors in Table of Contents and Table of Authorities in the Opposition. Consequently, Plaintiff is hereby submitting the attached Corrected Table of Contents and Corrected Table of Authorizes as a replacement in whole of those Exhibit A to the Complaint.

DATED: September 18, 2006.         **PERKINS COIE** LLP

By _____s/Lisa Kobialka_____
Paul J. Andre
Lisa Kobialka
Sean Boyle
Attorneys for Plaintiff
The Freecycle Network, Inc.

## CORRECTED TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................... 2

III. STATEMENT OF RELEVANT FACTS............................................................. 2

    A. The Freecycle Network's Factual Allegations ......................................... 2

    B. This Court's Order Granting Leave to Amend ......................................... 4

IV. ARGUMENT........................................................................................................ 5

    A. THE FREECYCLE NETWORK HAS COMPLIED WITH THIS COURT'S ORDER............................................................................. 5

    B. THE FREECYCLE NETWORK HAS SUFFICIENTLY ALLEGED THE ESSENTIAL ELEMENT OF PROTECTABILITY ......................... 7

        1. The Freecycle Network's Allegation of "Inherent Distinctiveness" Pleads the Essential Element ............................................................. 7

        2. Simplified "Notice Pleading" is the Policy and Especially Pertinent to Trademark Infringement Cases...................................................... 8

        3. The Freecycle Network's Marks Are Inherently Distinctive........................................................................................10

    C. "GENERICIZING" BY A COMPETITOR CONSTITUTES INFRINGEMENT UNDER THE LANHAM ACT ................................... 11

        1. As a Competitor, Counterdefendant May Not Make The Freecycle Network's Marks Generic Under The Lanham Act .......................... 11

        2. The Freecycle Network's Marks Are Not Generic........................... 14

        3. The Materiality of The Freecycle Network's Application for Trademark Registration of the Marks Shows the that the Marks are Not Generic ....................................................................................... 16

        4. The Defenses Raised By Counterdefendant Provide No Shield To Making a Competitor's Mark Generic............................................... 16

    D. THE FREECYCLE NETWORK HAS SUFFICIENTLY ALLEGED THE STANDING ELEMENT OF FALSE ADVERTISING .............................. 20

    E. LANHAM ACT VIOLATIONS DO NOT IMPAIR FREE SPEECH RIGHTS AND ARE NOT SUBJECT TO ANTI-SLAPP MOTIONS........... 21

-i-

NOTICE OF ERRATA
CASE NO. C 06-00324 CW

|   |   |   |   |
|---|---|---|---|
| | 1. | Lanham Act Violations Do Not Impair Free Speech Rights | 21 |
| | 2. | Lanham Act Violations Are Not Subject Anti-SLAPP Motions | 21 |
| | 3. | Statements of "Opinion" are Judged by Reasonableness and Context – Not on Their Face | 22 |
| | 4. | Counterdefendant Has Failed to Meet Its Burden of Showing that the Freecycle Network's State Law Unfair Competition Counterclaim Arises OUt of Speech Acts in Connection with an Issue of Public Interest | 23 |
| | 5. | The Freecycle Network's Allegations Substantiating Its Underlying Claims of Illegal, Unfair, And Fraudulent Practices Show Its Probability of Success and are Sufficiently Pled | 23 |
| F. | | LEAVE TO AMEND IS FREELY GRANTED | 25 |
| V. | CONCLUSION | | 25 |

**CORRECTED TABLE OF AUTHORITIES**

**Cases**

Abercrombie & Fitch Co. v. Hunting World, Inc.,
   537 F.2d 4 (2d. Cir. 1976) .................................................................................................... 9

Albillo v. Intermodal Container Servs., Inc.,
   114 Cal. App. 4th 190 (2003) ............................................................................................. 24

Alpha Indus., Inc. v. Alpha Steel Tube & Shapes, Inc.,
   616 F.2d 440, 445-46 (9th Cir. 1980) ................................................................................ 10

American Steel Foundries v. Robertson,
   269 U.S. 372 (1926) ........................................................................................................... 14

Armstrong Paint & Varnish Works v. Nu-Enamel Corp.,
   305 U.S. 315 (1938) ........................................................................................................... 14

Banff, Ltd. v. Federated Dept. Stores, Inc.,
   841 F.2d 486 (2d. Cir. 1988) .............................................................................................. 10

Big Bear Lodging Ass'n v. Snow Summit, Inc.,
   182 F.3d 1096 (9th Cir. 1999) ........................................................................... 5, 12, 17, 23

Bosley Medical Institute Inc., v. Kremer,
   403 F.3d 672 (9th Cir. 2005) ......................................................................................... 22, 23

Conley v. Gibson,
   355 U.S. 41 (1957) ....................................................................................................... passim

Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.,
   600 F.2d 1184, 1188 (5th Cir. 1979) ............................................................................ 18, 21

Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.,
   604 F.2d 200, 206 (2d Cir. 1979) ................................................................................. 18, 21

Dr. Seuss Enters., L.P. v Penguin Books USA, Inc.,
   109 F.3d 1394, 1403 n.11 (9th Cir. 1997) .................................................................... 17, 21

Dreamwerks Prod. Group, Inc v. SKG Studio,
   142 F.3d 1127, 1130-31 (9th Cir. 1998) ............................................................................ 10

Echo Drain v. Newsted,
   307 F.Supp.2d 1116 (C.D. Cal. 2003) .............................................................................. 7, 8

Fidelity Fin. Corp. v. Fed. Home Loan Bank of S. F.,
   792 F.2d 1432 (9th Cir. 1986), *cert denied* 497 U.S. 1064 (1987) ..................................... 5

NOTICE OF ERRATA
CASE NO. C 06-00324 CW

Case 4:06-cv-00324-CW    Document 53    Filed 09/18/2006    Page 6 of 7

Forman v. Davis,
  371 U.S. 178 (1962)..................................................................................25

Gilligan v. Jamco Develop. Corp.,
  108 F.3d 246 (9th Cir. 1997)........................................................................5

GoTo.com, Inc. v. Walt Disney Co.,
  122 F.3d 1199 (2000).................................................................................11

Hanover Star Milling Co. v. Metcalf,
  240 U.S. 403 (1916)...................................................................................14

Howrey v. United States,
  481 F.2d 1187 (9th Cir. 1973)....................................................................25

In re Nett Designs, Inc.,
  236 F.3d 1339 (Fed. Cir. 2001)....................................................................9

Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery,
  150 F.3d 1042 (9th Cir. 1998)................................................................7, 11

L.L. Bean, Inc. v. Drake Publishers, Inc.,
  625 F. Supp. 1531 (D.Me. 1986)................................................................19

L.L. Bean, Inc. v. Drake Publishers, Inc.,
  811 F.2d 26 (1st Cir. 1987)...................................................................18, 19

Mattel, Inc. v. MCA Records,
  296 F.3d 894 (9th Cir. 2002)................................................................18, 19

Milkovich v Lorain Journal Co.,
  497 U.S. 1 (1990) ..................................................................................17, 22

National Assoc. of Letter Carriers v Austin,
  418 U.S. 264 (1974)..............................................................................17, 23

Nissan Motor Co. v. Nissan Computer Corp.,
  378 F.3d 1002 (9th Cir. 2004)..............................................................18, 19

Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.,
  469 U.S. 189 (1985)................................................................................3, 15

Soweco, Inc. v. Shell Oil Co.,
  617 F.2d 1178 (5th Cir. 1980).......................................................................9

Stix Products, Inc. v. United Merchants & Mfrs., Inc.,
  295 F.Supp 479 (S.D.N.Y. 1968)..........................................................passim

- iv -

NOTICE OF ERRATA
CASE NO. C 06-00324 CW

Surgicenters of America, Inc. v. Medical Dental Surgeries, Co.,
  601 F.2d 1011 (9th Cir. 1979) ................................................................. 12

Two Pesos, Inc. v. Taco Cabana, Inc.,
  505 U.S. 763 (1992) ........................................................................... 7, 10

United States v. Redwood City,
  640 F.2d 963 (9th Cir. 1981) ..................................................................... 5

Wyshak v. City Nat'l Bank,
  607 F. 2d 824 (9th Cir 1979) .................................................................... 25

WSM, Inc. v. Hilton,
  724 F.2d 1320 (8th Cir. 1984) .................................................................... 9

Zacchini v. Scripps-Howard Broad. Co.,
  443 U.S. 562, 576-77 and n.13 (1977) ................................................ 18, 21

Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,
  698 F.2d 786 (5th Cir. 1983) ...................................................................... 9

**Statutes**

§ 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) ............................................ passim

Cal. Bus. & Prof. Code § 17200 ......................................................................... 24

Cal. Code Civ. P. § 425.16(e) ............................................................................ 23

FED.R.CIV.P. 8(a)(2) ...................................................................................... 7, 8

FED.R.CIV.P. 15 (a) ........................................................................................... 25

**Other Authorities**

2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 12:28, at 12-91 (4th
  Ed. 2006) .................................................................................................. 17

BLACK'S LAW DICTIONARY 694 (7th ed. 1999) .................................................... 12

TRADEMARK MANUAL OF EXAMINING PROCEDURE ......................................... 3, 15