MAYER, BROWN, ROWE & MAW LLP
Ian N. Feinberg (SBN 88324)
ifeinberg@mayerbrownrose.com
Dennis S. Corgill (SBN 103429)
dcorgill@mayerbrownrose.com
Eric B. Evans (SBN 232476)
eevans@mayerbrownrose.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, Ca 94306-2112
TELEPHONE: (650) 331-2000
FACSIMILE: (650) 331-2060

Attorneys for Plaintiff
FREECYCLESUNNYVALE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE,<br>a California unincorporated association,<br><br>   Plaintiff,<br><br>   v.<br><br>THE FREECYCLE NETWORK,<br>an Arizona corporation,<br><br>   Defendant. | Case No. C06-00324 CW<br><br>**PLAINTIFF AND COUNTERDEFENDANT FREECYCLESUNNYVALE'S REPLY IN SUPPORT OF MOTIONS TO DISMISS AMENDED COUNTERCLAIMS UNDER FED.R.CIV.P. 12(b)(6), TO STRIKE STATE-LAW COUNTERCLAIM UNDER CAL.CIV.PROC. § 425.16, AND TO STRIKE IMMATERIAL ALLEGATIONS UNDER FED.R.CIV.P. 12(f)** |
| THE FREECYCLE NETWORK, INC.,<br>an Arizona Corporation,<br><br>   Counterclaimant,<br><br>   v.<br><br>FREECYCLESUNNYVALE,<br>a California unincorporated association,<br><br>   Counterdefendant. | Date:     October 6, 2006<br>Time:     10:00 a.m.<br>Before:   Hon. Claudia Wilken<br>Location: Courtroom 2, 4th Floor |

TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................... 1
II. ARGUMENT ...................................................................................................................... 2
    A. TFN's Lanham Act Counterclaims Should Be Dismissed Because TFN Has Not Alleged A Claim For Relief Under The Lanham Act ............................... 2
        1. TFN's Allegations Of Infringement And Unfair Competition Are Not Based Upon A Cognizable Legal Theory Because There Is No Legal Remedy For The Generic Use Of A Valid Trademark .................... 2
        2. TFN Has Not Discovered Or Alleged A Cognizable Legal Theory For A Protectable Trademark Interest .......................................................... 5
    B. This Court Should Strike TFN's State-Law Counterclaim Under California's Anti-SLAPP Law Because TFN Did Not Satisfy Its Burden To Show A Probability Of Success ........................................................................ 7
    C. This Court Should Strike TFN's Allegations Pertaining To The Status Of Its Trademark Registration Application Because Those Allegations Are Immaterial And Wrong As A Matter Of Law .......................................................... 8
III. CONCLUSION ................................................................................................................. 10

I.      **INTRODUCTION**

TFN's counterclaims are based upon the novel proposition that genericide is illegal under § 43(a) of the Lanham Act. But the Seventh Circuit directly addressed genericide and rejected this theory of liability. *Ty Inc. v. Perryman*, 306 F.3d 509, 513-14 (7th Cir. 2002). TFN can only muster support by misstating a different case that is not on point. This Court should dismiss all of TFN's trademark-related counterclaims because each is based on the unsupported notion that genericide is illegal.

TFN's defense of the rest of its counterclaims underscores the flaws in TFN's second attempt to state a claim for relief. Many of FreecycleSunnyvale's points are left unchallenged. For example, TFN does not dispute that its allegations of contributory trademark infringement by control of an instrumentality do not state a claim for relief. Also, TFN does not dispute that its allegations that the USPTO approved its trademark registration application for publication on the Principal Register are immaterial and wrong.

TFN's defense of its allegations of a protectable trademark interest demonstrate that TFN misapprehends the law. TFN asserts that its trademark rights are inherently distinctive, but there are different and conflicting ways to show inherent distinctiveness. TFN does not put FreecycleSunnyvale on notice of the theory of inherent distinctiveness against which FreecycleSunnyvale should prepare to defend. If anything, TFN's Opposition confirms that its alleged trademarks do not fall into any category of inherent distinctiveness. This Court should dismiss all of TFN's trademark-related counterclaims because TFN does not provide notice of a cognizable legal theory for its claim of a protectable trademark interest.

TFN's Opposition also confirms that this Court should strike TFN's state-law counterclaim under California's Anti-SLAPP law. Cal. Code Civ. Proc. § 425.16. This Court found that the burden shifted to TFN to show a probability of success, but TFN failed to meet its obligation to state a claim for relief and to provide competent admissible evidence of a prima facie showing of facts. TFN points only to allegations, which are insufficient under the applicable legal standards.

1  On FreecycleSunnyvale's motion, in the alternative, to strike allegations pertaining to the status of TFN's trademark registration application, TFN defends hypothetical allegations instead of the ones in its amended counterclaims. This Court should strike the allegations that TFN actually made because those allegations are immaterial and wrong.

## II. ARGUMENT

### A. TFN's Lanham Act Counterclaims Should Be Dismissed Because TFN Has Not Alleged A Claim For Relief Under The Lanham Act

#### 1. TFN's Allegations Of Infringement And Unfair Competition Are Not Based Upon A Cognizable Legal Theory Because There Is No Legal Remedy For The Generic Use Of A Valid Trademark

TFN's counterclaims will stand or fall on TFN's novel theory that genericide is illegal under § 43(a) of the Lanham Act. TFN does not dispute that the fundamental basis for TFN's infringement and unfair competition counterclaims is that FreecycleSunnyvale used "freecycle" as a generic term. In fact, that is the only specific conduct identified in TFN's amended counterclaims. Amended Counterclaims ¶ 75. After FreecycleSunnyvale demonstrated that there is no legal remedy for the generic use of even a valid trademark, TFN now asserts that "***competitors***, such as [TFN] and [FreecycleSunnyvale] may not 'genericize' each other's mark, i.e., one may not make a competitor's trademark generic." Opposition 12:11-13 (emphasis in original). Much is wrong with this assertion.

Research disclosed only one case in which genericide was challenged under the Lanham Act. *Ty Inc. v. Perryman*, 306 F.3d 509 (7th Cir. 2002). That case involved a dilution claim under § 43(c) against a Web site that offered Beanie Babies (stuffed beanbag animals) for resale. Defendant used the trademarks BEANIE BABIES and BEANIES on her Web site, including the conjoined use of BEANIES in her Internet address, www.bargainbeanies.com. The Seventh Circuit treated the claim as "seeking . . . an extension of antidilution law to forbid commercial uses that accelerate the transition from trademarks (brand names) to generic names (product names)." *Id*. at 513.

The Seventh Circuit rejected the idea that the generic use of a trademark is actionable under antidiultion law:

-2-
REPLY IN SUPPORT OF MOTIONS TO DISMISS/STRIKE AMENDED COUNTERCLAIMS
CASE NO. C06-00324 CW

> Although there is a social cost when a mark becomes generic—the trademark owner has to invest in a new trademark to identify his brand—there is also a social benefit, namely an addition to ordinary language. . . . An interpretation of antidilution law as arming trademark owners to enjoin uses of their mark that, while not confusing, threaten to render the mark generic may therefore not be in the public interest. Moreover, the vistas of litigation that such a theory of dilution opens up are staggering. Ty's counsel at argument refused to disclaim a right to sue the publishers of dictionaries should they include an entry for "beanie," lower cased and defined as a beanbag stuffed animal, thus accelerating the transition from trademark to generic term.

*Id*. at 514. If generic use is not actionable under antidilution law which expanded the reach of the Lanham Act, generic use cannot be actionable under the narrower reach of infringement or unfair competition law.

TFN attempts to salvage its novel theory that genericide is illegal by misstating the case on which it relies, a 1968 case from the Southern District of New York. *Stix Products, Inc. v. United Merchants & Mfrs., Inc.*, 295 F. Supp. 479 (S.D.N.Y. 1968). The trademark in that case—CON-TACT for self-adhesive shelf paper—had an *incontestable* registration prior to commencement of the lawsuit. *Id*. at 482 & n.6. For its first five years of business, the declaratory relief plaintiff had not used the trademark in any form, either in advertising or on its products. *Id*. at 484. The dispute arose when the declaratory relief plaintiff "commenced to use the word as part of the caption headline in all of its advertising, promotional and sale display materials." *Id*. The counterclaims brought by the declaratory relief defendant were not about generic use, but about trademark use in connection with advertising and point of sale displays. *See id*. at 493 ("eye-catching captions are prominently displayed above the products").

The *Stix* court did address generic use in two contexts, but neither discussion supports TFN's novel theory that genericide is illegal. First, the court found that the declaratory relief plaintiff's survey evidence and expert testimony did not show genericness. In that context, the court concluded that the declaratory relief plaintiff's trademark use of the word was not evidence of generic use. *Id*. ("The Court concludes that Stix's use of 'contact' in its captions . . ., is a trademark use; it is not a primary or descriptive or generic use"). This portion of the opinion is not on point because, in the instant case, the issue is whether TFN's allegations of generic use

-3-

state a claim for trademark infringement or unfair competition, not whether the statutory presumption of validity for a registered trademark has been rebutted by evidence of genericness.

The *Stix* court also addressed generic use in the context of the issue of likelihood of confusion and the factor of "whether the use of 'contact' was innocent or purposeful." *Id*. at 497. *Cf. Au-Tomotive Gold, Inc. v. Volkswagen of America, Inc*., 457 F.3d 1062, 1075 (9th Cir. 2006) (for likelihood of confusion, "Ninth Circuit employs an eight-factor test," which includes factor of "defendant's intent"). In this context, the *Stix* court found evidence of a "lack of good faith" in the declaratory relief plaintiff's efforts to encourage generic use because the declaratory relief plaintiff was aware of both the trademark and that the declaratory relief plaintiff's trademark use likely infringed. *Id*. at 498. This portion of the opinion also is not on point because, in the instant case, the issue is whether TFN's allegations of generic use state a claim for trademark infringement or unfair competition, not whether the combined generic and trademark use of an acknowledged trademark demonstrates a lack of good faith under an isolated factor in the likelihood of confusion test.

TFN's novel theory is not helped by asserting that genericide becomes illegal when one competitor uses another's trademark as a generic term. First, a person is not banned from any use of a trademark simply by being a competitor. For example, it is settled law that one competitor may use another's trademark in comparative advertising, provided that the comparison is not false or misleading. *See generally* 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 27:59-62 (2006).

Second, even if the status of competitor has legal significance, TFN has not alleged sufficient facts to invoke TFN's novel theory. TFN alleges that TFN "promotes recycling by providing support to and acting as a central organizing point for local community-based recycling efforts." Amended Counterclaims ¶ 61. TFN then jumps to the conclusion that FreecycleSunnyvale is a competitor because "[FreecycleSunnyvale] has its own re-using, recycling, and gifting services." Amended Counterclaims ¶ 73.[1] In other words, TFN and

---

[1] In the same pleading, TFN also professes not to know what FreecycleSunnyvale does. In FreecycleSunnyvale's amended complaint, FreecycleSunnyvale alleges that it "promotes

(cont'd)

-4-

FreecycleSunnyvale both promote freecycling, TFN by supporting local freecycling groups and FreecycleSunnyvale by providing local freecycling services. TFN's allegation of competition is tantamount to the absurd assertion that a large shoe manufacturer competes with a local shoe retailer because they both sell shoes.[2]

This Court should reject TFN's novel theory that a competitor's generic use of a trademark constitutes infringement or unfair competition under § 43(a) of the Lanham Act. There is no support for what is an unsupportable proposition. Because TFN's novel theory is not a cognizable legal theory, all of TFN's Lanham Act claims should be dismissed.

### 2. TFN Has Not Discovered Or Alleged A Cognizable Legal Theory For A Protectable Trademark Interest

TFN does not dispute that it must allege a protectable trademark interest. Nor does TFN dispute that this Court ordered TFN to allege, more specifically, the basis for its allegation. This Court stated that, "because inherent and acquired distinctiveness are different legal theories that potentially involve different factual bases, [FreecycleSunnyvale] is entitled to notice of whether the Marks are alleged to possess inherent distinctiveness." Order 12:4-7.

TFN now alleges inherent distinctiveness, but TFN does not allege a theory of inherent distinctiveness. Fanciful, arbitrary, and suggestive terms can be inherently distinctive, but each of those categories is a different legal theory that involves a different factual basis. For example, a fanciful term, which is coined or invented, cannot be a an arbitrary term, which is a common term used out of context. *Compare Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1390 (9th Cir. 1993) ("A fanciful mark is a coined word or phrase, such as Kodak, invented solely to function as a trademark."), *with Dreamwerks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1130 n.7 (9th Cir. 1998) ("An arbitrary mark, such as Dutch Boy on a can of paint, uses

---

freecycling by providing support and advice to freecyclers." Amended Complaint at ¶ 1 (Document # 20, filed Apr. 6, 2006). In its answer, TFN states that it "lacks knowledge or information sufficient to admit or deny" this allegation. Answer and Amended Counterclaims at ¶ 1 (Document 46, filed Aug. 8, 2006).

[2] This lack of evidence of a competitive relation between TFN and FreecycleSunnyvale also demonstrates that TFN has failed to show a likelihood of success on the issue of standing to bring a claim under § 43(a)(1)(B) of the Lanham Act. *See Jack Russell Terrier Network v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005).

-5-

1  common words in a fictitious and arbitrary manner"). An arbitrary term, which has no

2  association with the nature or characteristics of the product or service, cannot be a suggestive

3  term, which has an association. *Compare Kendall-Jackson Winery v. E.& J. Gallo Winery*, 150

4  F.3d 1042, 1047 n.8 (9th Cir. 1998) ("*Arbitrary marks* have no relevance to any feature or

5  characteristic of a product.") (emphasis in original) *with Surfvivor Media, Inc. v. Survivor*

6  *Productions*, 406 F.3d 625, 632 (9th Cir. 2005) ("Suggestive marks do not describe the product's

7  features but suggest them.") (internal quotations and brackets omitted).

8      Because TFN does not allege which specie of inherent distinctiveness it claims for

9  "freecycle," TFN has not put FreecycleSunnyvale on notice of the factual basis against which

10  FreecycleSunnyvale should prepare to defend. TFN's Opposition does not assert that

11  "freecycle" is fanciful, which narrows the choices to arbitrary or suggestive. *See* Opposition

12  10:15. TFN undercuts any assertion that "freecycle" is arbitrary by confusing fanciful, a term

13  that is made up, and arbitrary, a common term used out of context. *Id* at 10:16 ("The best

14  example of an arbitrary mark is a name made up by the user."). TFN then indicates that

15  "freecycle" cannot be arbitrary because "freecycle" is not a common term found in the

16  dictionary. *Id*. at 10:18-19 ("[T]here is no dictionary definition for the term FREECYCLE.").

17  That leaves suggestive, a term that suggests a feature of the product or service. According to

18  TFN, however, "freecycle" cannot be suggestive, because "[t]here is no association between the

19  mark FREECYCLE and the quality or nature of [TFN's] service." *Id*. at 11:1-2. TFN's

20  Opposition indicates that there is no basis for a protectable trademark interest.

21      This is not a matter, as TFN asserts, of fact pleading versus notice pleading. This is a

22  matter of putting FreecycleSunnyvale on notice of how it must defend against TFN's yet to be

23  identified theory of a protectable trademark interest. TFN's allegations provide no clue, for

24  example, as to whether TFN should conduct discovery to determine who invented "freecycle" or

25  whether "freecycle" was a common term before TFN took it out of context and used it solely to

26  designate a single source. Moreover, given TFN's misunderstandings of the clear distinctions

27  among the different ways to show inherent distinctiveness, FreecycleSunnyvale is left to guess at

28  TFN's theory of a protectable trademark interest. This Court should dismiss all of TFN's

counterclaims because those counterclaims are trademark-related but TFN has not put FreecycleSunnyvale on notice of TFN's theory of trademark rights.

### B. This Court Should Strike TFN's State-Law Counterclaim Under California's Anti-SLAPP Law Because TFN Did Not Satisfy Its Burden To Show A Probability Of Success

TFN does not dispute that this Court found that "[FreecycleSunnyvale] met its burden to show that [TFN's] third countercliam arises out of speech acts 'in connection with an issue of public interest' under [Cal. Code Civ. Proc.] § 425.16(e)." Order 16:2-5.[3] Nor does TFN dispute that the burden then shifted to TFN to substantiate its state-law counterclaim. As this court stated, "[TFN] must demonstrate that a complaint is legally sufficient *and* supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Order 16:12-14 (quoting *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002); emphasis added). *See also* Cal. Code Civ. Proc § 425.16(b)(2) ("court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based").

The requirement of showing a probability of success has two elements, and TFN has failed on both. First, TFN has not demonstrated that its complaint is legally sufficient. Except for TFN's conclusory allegations, TFN incorporates each of its Lanham Act allegations. As shown above, those Lanham Act allegations are infected with TFN's novel theory that a competitor's generic use of a trademark constitutes infringement or unfair competition, a theory that is unsupported and unsupportable. TFN has not demonstrated a probability of success because TFN has not stated a claim for relief. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) ("a plaintiff responding to an anti-SLAPP motion must state . . . a legally sufficient claim") (internal quotations and brackets omitted).

---

[3] TFN quibbles that this Court did not quote all of the available evidence. TFN asserts that, "The Court only cited to snippets of the statements, which do not constitute, by any means, the entirety of statements at issue. This is not the correct basis for making such finding." Opposition 22:22-24. TFN's assertion misses the point because the issue is whether there is evidence in the record on which this Court properly relied for its finding, not some imagined requirement that this Court repeat all of that evidence in its opinion.

-7-

1  Second, even if TFN demonstrated that its state-law counterclaim is legally sufficient, TFN has not "supported [that counterclaim] by a sufficient prima facie showing of *facts* to sustain a favorable judgment." *Navellier*, 29 Cal. 4th at 88-89 (2002) (emphasis added). "The plaintiff [here, counterclaimant TFN] may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence." *Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 673 (2006). *See also Integrated Healthcare Holdings, Inc. v. Fitzgibbons*, 140 Cal. App. 4th 515, 527 (2006) ("plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial"); *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1236 (2003) (evidence must be *admissible*) (emphasis in original).

TFN has not met its burden under the second element, which requires a prima facie showing of facts by competent admissible evidence. TFN points only to allegations in its counterclaims, but allegations are not competent admissible evidence. *See* Opposition at 24:7-28. The burden shifted to TFN, and there is no reason to excuse TFN's failure to understand the law or to meet its burden under applicable legal standards.

TFN has failed to satisfy its burden to show a probability of success on its state-law claim because TFN has failed to state a claim for relief under California unfair competition law and failed to provide admissible evidence of a prima facie showing of facts. This Court should strike TFN's state-law counterclaim under California's Anti-SLAPP law.

**C. This Court Should Strike TFN's Allegations Pertaining To The Status Of Its Trademark Registration Application Because Those Allegations Are Immaterial And Wrong As A Matter Of Law**

In the alternative, FreecycleSunnyvale moved under FED.R.CIV.P. 12(f) to strike TFN's allegation that "the United States Patent and Trademark Office ("PTO") approved registration of the mark FREECYCLE and its distinctive logo on the Principal Register on November 22, 2005." Amended Counterclaims ¶ 68. TFN does not dispute that an initial examination of a trademark registration application is not approval for registration on the Principal Register. TFN does not dispute that publication of a trademark registration application in the Official Gazette is

-8-

not approval for registration on the Principal Register. TFN, in short, does not dispute that its allegation is both immaterial and wrong.

Rather, TFN now asserts that the examining attorney's initial examination is evidence that TFN's alleged trademarks are not generic. Opposition 15:7-9. There are two problems here. First, the authorities on which TFN relies do not support any evidentiary presumptions that might flow from an initial examination. *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985); Trademark Manual for Examination Procedures § 1209.01(c) ("TMEP"). Both refer to the examination process. *Park 'N Fly*, 469 U.S. at 202 (*ex parte* examination procedures not final because of possibility of opposition); TMEP § 1209.01(c)(i) ("examining attorney has the burden of providing that a term is generic by clear evidence"). Neither, however, addresses the issue of whether any evidentiary presumptions flow from an initial examination. Research disclosed only one case that mentioned this issue, and that decision found that there is no presumption. *See Simon & Schuster, Inc. v. Dove Audio, Inc.*, 970 F. Supp. 279, 292 n.15 (S.D.N.Y. 1997) ("While the PTO examiner's action in approving plaintiffs' mark for publication in the Official Gazette without requiring proof of secondary meaning may be marginally relevant to our analysis, we do not believe that it entitles plaintiffs to a rebuttable presumption that their mark is suggestive or has secondary meaning."). TFN's allegations regarding the status of its trademark registration application are immaterial because there is no established evidentiary presumption that might flow from an initial examination.

Second, TFN defends a hypothetical allegation that it did not make. FreecycleSunnyvale did not move to strike an allegation that the examiner completed an initial examination of TFN's trademark registration application. In fact, TFN did not make that allegation. TFN moved to strike an allegation that TFN's trademark registration application was approved for publication on the Principal Register. TFN does not defend its actual allegation, which is both immaterial and wrong. This Court should therefore strike the allegation that TFN's actually made because the allegation pertaining to the status of TFN's trademark allegation is immaterial and wrong.

### III. CONCLUSION

For the foregoing reasons, FreecycleSunnyvale respectfully requests this Court to dismiss all of TFN's counterclaims without leave to amend and to strike TFN's state law counterclaim under California's Anti-SLAPP law. If this Court grants TFN leave to amend any counterclaim, FreecycleSunnyvale respectfully requests this Court to strike TFN's allegations pertaining to the status of its trademark registration.

Dated: September 21, 2006

MAYER, BROWN, ROWE & MAW LLP
Ian N. Feinberg
Dennis S. Corgill
Eric B. Evans

By: _____/s/_____
    Dennis S. Corgill
    Attorneys for Plaintiff
    FREECYCLESUNNYVALE