IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br>    Plaintiff/Counterclaim Defendant,<br>  v.<br>THE FREECYCLE NETWORK, INC., an Arizona corporation,<br>    Defendant/Counterclaimant. | No. C 06-00324 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS AND DENYING IT IN PART AND DENYING MOTION TO STRIKE |

Plaintiff and Counterclaim-Defendant FreecycleSunnyvale moves to dismiss Defendant and Counterclaimant The Freecycle Network, Inc.'s amended federal counterclaims against it and to strike Defendant's amended State law counterclaim. Defendant opposes the motion. The matter was decided on the papers. Having considered the parties' papers the Court grants in part Plaintiff's motion to dismiss and denies it in part, and denies the motion to strike.

BACKGROUND

In this case, Plaintiff FreecycleSunnyvale brings claims for declaratory judgment of non-infringement of trademarks and tortious interference with business relations. As the Court noted in its order on the original motion to dismiss the counterclaims, Plaintiff is a non-profit organization with its principal place of business in Sunnyvale, California. Defendant is an Arizona non-profit organization with its principal place of business in Tuscon, Arizona. Its purpose is to promote recycling by providing support and acting as a central organizing point for local community-based recycling efforts throughout the United States and abroad. Defendant alleges that it "is the sole owner of the inherently distinctive and famous trademarks 'FREECYCLE' and 'The Freecycle Network,' and the inherently distinctive 'The Freecycle Network' logo (collectively referred to as the 'Marks'), which it has been using exclusively and continuously since at least May 1, 2003." Amended Counterclaims ¶ 67.

In its original answer, Defendant brought counterclaims for (1) direct and contributory trademark infringement under §§ 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (2) unfair competition under the Lanham Act; and (3) unfair competition under California Business and Professions Code §§ 17200 and 17500. The Court granted in part Plaintiff's motion to dismiss the federal counterclaims and denied it in part, granting Defendant leave to amend. The Court denied Plaintiff's motion to strike the State law

2

counterclaims.[1]

In deciding the first motion to dismiss the counterclaims, the Court found that Defendant failed to state a claim for direct infringement under § 32(1) of the Lanham Act because the statute limits standing to individuals with federally registered marks. Therefore, the Court dismissed the § 32(1) claim without prejudice to renewal in the event the Patent and Trademark Office (PTO) approves registration of the Marks[2] and granted Defendant leave to amend the claim to state a claim for direct infringement under § 43(a)(1) of the Lanham Act, which does not require registration of the Marks.

With respect to Defendant's counterclaim for contributory infringement under § 43(a) of the Lanham Act, the Court found that Defendant failed to allege that Plaintiff induced infringement of the Marks rather than simple "use of the marks." Therefore, the Court instructed Defendant that to go forward with its contributory infringement claim, it must "allege either that Plaintiff has intentionally induced a third party or parties to infringe the Marks or that Plaintiff directly controls and monitors the instrumentality used by others to infringe the Marks." July 25, 2006 Order at 9.

The Court found that Defendant's federal unfair competition

---

[1] For a detailed summary of the original counterclaims and Defendant's allegations, see the Court's July 25, 2006 order. For a detailed summary of Plaintiff's allegations, see the Court's April 4, 2006 order.

[2] Proceedings before the PTO are currently stayed pending resolution of this case.

3

claim was insufficiently plead because it failed to indicate on which theory of liability, false association or false advertising, the claim was based. The Court instructed Defendant "to identify the particular prong or prongs of § 43(a)(1) which Plaintiff is alleged to have violated." Id. at 11. Further, the Court noted that Defendant had not established that it had a competitive relationship with Plaintiff and that, absent such a relationship, "Defendant may fail to state a claim for false advertising." Id. In addition to its argument that Defendant failed to state a claim, Plaintiff argued that Defendant failed to allege facts sufficient to show "that the Marks are inherently distinctive or have acquired distinctiveness" and therefore failed to plead an essential element of the claim. The Court instructed Defendant to "specifically allege whether the Marks have inherent or acquired distinctiveness." Id. at 12.

Finally, the Court declined to strike Defendant's State law counterclaim as a "strategic lawsuit against public participation" (SLAPP) because there appeared to be some legal basis and some showing of fact to support the claim. However, the Court ordered Defendant "to file amended pleadings which, in addition to specifying the specific legal basis or bases for the § 17200 claim, allege acts sufficient, if proved, to substantiate the underlying claim of an illegal, unfair or fraudulent practice." The Court left open the possibility for Plaintiff to "file a renewed special motion to strike." Id. at 17.

Defendant filed its amended answer and counterclaims on August 8, 2006. Plaintiff moves to dismiss the amended counterclaims and

4

1 renews its motion to strike the State unfair business practice
2 claim under the anti-SLAPP statute.

## LEGAL STANDARD

As stated in the Court's order regarding the first motion to dismiss, a motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

## DISCUSSION

I.  Inherently Distinctive

Plaintiff moves to dismiss all of Defendant's trademark-related counterclaims on the ground that Defendant has failed to provide fair notice of the basis for its allegation that the term "freecycle" is inherently distinctive. Plaintiff argues that there are three categories and related theories of inherently distinctive trademarks and that it is entitled to know under which theory Defendant intends to proceed.

In its previous order, the Court found that "because inherent and acquired distinctiveness are different legal theories that potentially involve different factual bases, Plaintiff is entitled to notice of whether the Marks are alleged to possess inherent distinctiveness." July 25, 2006 Order at 12. Therefore, the Court advised Defendant that it must "specifically allege whether the Marks have inherent or acquired distinctiveness." Id. Defendant has done so, alleging, "The Freecycle Network is the sole owner of

5

the inherently distinctive and famous trademarks . . . and the inherently distinctive 'The Freecycle Network' logo." Amended Counterclaims ¶ 67. The Court finds that this statement is sufficient to put Plaintiff on notice of the claims against it and the grounds upon which those claims rest. Therefore, the Court denies Plaintiff's motion to dismiss the trademark-related counterclaims on this ground.

II.   Lanham Act: Infringement Counterclaim

Plaintiff argues that Defendant has failed to state a claim for trademark infringement and contributory infringement in its allegations that Plaintiff has encouraged others to use the Mark. However, Plaintiff's argument is based on a mischaracterization of Defendant's counterclaim. Plaintiff states that "the fundamental basis for TFN's infringement and unfair competition counterclaims is that FreecycleSunnyvale used 'freecycle' as a generic term." Reply at 2 (citing Amended Counterclaims ¶ 75). However, the amended counterclaims allege that Plaintiff "has willfully and intentionally induced third parties to infringe the Marks by encouraging others to misuse the Marks in the form of verbs, adjectives, gerunds, and participles . . . so that this misuse will result in the Marks being rendered generic . . . [and] for the specific purpose of rendering them unregistrable." Amended Counterclaims ¶¶ 75-77.

Therefore, Plaintiff's citation to cases where courts have found a "non-trademark use of a mark" is unconvincing. Those cases involved fair use of trademarks rather than targeted efforts to render a trademark generic. For example, in New Kids on the Block

6

v. New America Pub. Inc, 971 F.2d 302, 307 (9th Cir. 1992), the Ninth Circuit held that a newspaper's use of a band's name in a survey about the band was fair use of the trademarked band name. The court noted that "it is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark" and cited as an example, a mechanic that would like to advertise that he or she works on a specific brand of car. Id. at 306-07. In that situation, the mechanic's use of the automaker's trademark would be to describe his or her services rather than to suggest a connection with the automaker. Id.

In contrast, Defendant has not alleged and Plaintiff has not claimed that it is using the Mark as a point of comparison or to criticize Defendant. Rather, Defendant has alleged that Plaintiff is encouraging others to infringe the Mark in a way that will render it unregistrable. Defendant can prove consistent with the allegations in the amended counterclaims that Plaintiff has induced others to infringe the Marks. Therefore, Defendant has plead a cause of action for contributory infringement.

Further, Defendant alleges that Plaintiff's own use of the term and logo "is likely to cause confusion, to cause mistake, or to deceive," which is a standard allegation of trademark infringement. Amended Counterclaims at ¶ 74. In other words, Defendant alleges that Plaintiff is using the mark in the very manner that trademark law was developed to avoid. See New Kids on the Block, 971 F.2d at 307 (distinguishing cases of infringement from non-infringement "where the use of the trademark does not

7

attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one").

Therefore, the Court denies Plaintiff's motion to dismiss the trademark-based claims for a failure to plead a cognizable legal theory.  However, Plaintiff also argues, and the Court agrees, that Defendant's allegation that Plaintiff "directly controls, monitors and holds a position of power as a moderator of a Website which encourages others to use The Freecycle Network's Marks without permission" is insufficient to state a claim for contributory infringement under the "supplies a product" theory of liability. Defendant may not proceed on that theory.

III.  Lanham Act: Unfair Competition Counterclaim

In deciding the first motion to dismiss, the Court found that Defendant's federal unfair competition counterclaim was deficient because it failed to identify whether the claim rested on § 43(a)(1)(A) or (B) or both, and because claims based on those sections "may rest on different factual bases."  July 25, 2006 Order at 11.  Therefore, the Court dismissed Defendant's counterclaim for unfair competition pursuant to the Lanham Act and granted Defendant "leave to amend to identify the particular prong or prongs of § 43(a)(1) which Plaintiff is alleged to have violated."  Id.  The Court also noted that a party must allege a competitive relationship in order to bring a claim for false advertising under § 43(a)(1)(B) and observed "ambiguity in the pleading regarding whether Plaintiff and Defendant are competitors."  Id. at 10.

Plaintiff argues broadly that Defendant's federal unfair

8

1  competition counterclaim should again be dismissed "for failing to
2  provide fair notice."  Motion to Dismiss at 21.  However,
3  Plaintiff's argument focuses only on its allegation that Defendant
4  has failed to plead a competitive relationship between the parties.
5  In deciding the original motion to dismiss, the Court instructed
6  Defendant that it must clarify that relationship in order to meet
7  the standing requirement for a claim under § 43(a)(1)(B).
8  Defendant alleges that Plaintiff's activities make it "a competitor
9  of The Freecycle Network."  Amended Counterclaims ¶ 87.
10      The Court finds that Defendant's pleading regarding the
11 competitive relationship is sufficient to satisfy the federal
12 notice pleading requirement and therefore denies Plaintiff's motion
13 to dismiss Defendant's counterclaims under § 43(a)(1)(A) and (B).
14 IV.  State Law Unfair Competition Counterclaim
15      Plaintiff renews its argument from the original motion that
16 Defendant's unfair competition counterclaim under California
17 Business and Professions Code § 17200 should be stricken as a SLAPP
18 suit under California Code of Civil Procedure § 425.16(b)(1).  In
19 deciding that motion, the Court found that Defendant's counterclaim
20 arose out of acts subject to the SLAPP provisions and therefore
21 ordered Defendant "to file amended pleadings which, in addition to
22 specifying the specific legal basis or bases for the § 17200 claim,
23 allege facts sufficient, if proved, to substantiate the underlying
24 claim of an illegal, unfair or fraudulent practice."  July 25, 2006
25 Order at 17.  Plaintiff argues that Defendant has not complied with
26 the Court's order.
27      In its amended counterclaims, Defendant alleges that it is

9

1 entitled to relief on each of the three bases for liability under
2 § 17200, stating that Plaintiff's "misuse of the Marks without
3 permission, its encouragement of others to misuse the Marks, and
4 its inducement of others to infringe the Mark" are illegal
5 practices, unfair and fraudulent.  Amended Counterclaims ¶¶ 95-97.[3]
6 Further, Defendant has alleged facts which if proved would
7 substantiate the claims.  For example, Defendant claims that
8 Plaintiff's alleged actions have caused Defendant "to suffer a loss
9 in reputation, goodwill, membership, and corporate sponsorship" and
10 alleges that these harms outweigh any benefit to Plaintiff.  Id. at
11 96.  Further, Defendant incorporates the allegations related to its
12 federal claims, which are sufficient to support its claims that
13 Plaintiff has acted illegally and in a manner that will confuse
14 consumers.  Therefore, the Court denies Plaintiff's special motion

---

[3] Plaintiff also argues that Defendant should be held to a heightened pleading standard based on California cases stating that an individual bringing a suit challenged under the anti-SLAPP statute "may not rely solely on its complaint, even if verified; instead its proof must be made upon competent admissible evidence." Reply at 8 (quoting Paulus v. Bob Lynch Ford, Inc., 139 Cal. App. 4th 659, 673 (2006)).  However, the case that provides that anti-SLAPP motions are available to litigants proceeding in federal court specifically reiterates that "federal courts may not impose a heightened pleading requirement in derogation of federal notice pleading rules." Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1207 (9th Cir. 2005) (per curiam).  Requiring Defendant to produce additional evidence to support its allegations would conflict with the notice-pleading requirement of Federal Rule of Civil Procedure 8(a).  See also, Empress LLC v. City & County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005) (holding that "a heightened pleading standard should only be applied when the Federal Rules of Civil Procedure so require"); Verizon, Inc. v. Covad Communs. Co., 377 F.3d 1081, 1091 (holding that "[p]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure" and noting that federal courts have "accordingly refused to apply certain discovery-limiting provisions of the anti-SLAPP statute because they would conflict with Fed. R. Civ. P. 56").

10

to strike Defendant's State law counterclaim as a SLAPP.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion to dismiss and DENIES it in part (Docket No. 48). Plaintiff's special motion to strike is DENIED.[4]

IT IS SO ORDERED.

Dated:  10/3/06

CLAUDIA WILKEN
United States District Judge

---

[4] Plaintiff also moves pursuant to Federal Rule of Civil Procedure 12(f) to strike as immaterial and incorrect Defendant's allegations regarding its trademark registration application before the PTO. Defendant does not respond to the motion. However, the Court notes that Plaintiff did not move to strike identical allegations in the original answer and counterclaims. Rule 12(f) requires a party's motion to be made "within 20 days after the service of the pleading upon the party." Fed. R. Civ. P. 12(f). The Court DENIES Plaintiff's motion to strike.

Both parties move for judicial notice of the record of Defendant's application before the PTO (Docket Nos. 49, 52). The Court will take notice of the record because it is a report by the PTO, an administrative body, and a matter of public record. See Fed. R. Evid. 201; Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953).

11