Ian N. Feinberg (SBN 88324)
ifeinberg@mayerbrownrowe.com
Dennis S. Corgill (SBN 103429)
dcorgill@mayerbrownrowe.com
Eric B. Evans (SBN 232476)
eevans@mayerbrownrowe.com
MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:     (650) 331-2000
Facsimile:      (650) 331-2060

Attorneys for Plaintiff
FREECYCLESUNNYVALE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>THE FREECYCLE NETWORK, an Arizona corporation,<br><br>Defendant.<br><br>THE FREECYCLE NETWORK, INC., an Arizona Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Counterdefendant. | CASE NO. C06-00324 CW<br><br>**PLAINTIFF AND COUNTERDEFENDANT FREECYCLESUNNYVALE'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT THE FREECYCLE NETWORK, INC.'S COUNTERCLAIMS** |

Plaintiff and Counterdefendant FreecycleSunnyvale ("FreecycleSunnyvale"), through its *pro bono* attorneys Mayer, Brown, Rowe & Maw LLP, answers the counterclaims of Defendant and Counterclaimant The Freecycle Network, Inc. ("The Freecycle Network"), upon knowledge as to itself and its own actions, and on information and belief as to all other matters, as follows:

### The Parties

1. Answering paragraph 61, FreecycleSunnyvale admits that The Freecycle Network is an Arizona non-profit corporation with its principal place of business in Tucson, Arizona. FreecycleSunnyvale admits that The Freecycle Network promotes freecycling by providing support and advice to freecyclers who wish to create Internet fora for freecycling. FreecycleSunnyvale admits that The Freecycle Network maintains a Web site with links to some online groups that provide Internet fora for freecycling activity. FreecycleSunnyvale is informed and believes that the remaining allegations in Paragraph 61 are true and, on that basis, admits them.

2. Answering paragraph 62, FreecycleSunnyvale admits that FreecycleSunnyvale is an unincorporated association with its principal place of business in Sunnyvale, California.

### Jurisdiction and Venue

3. Answering paragraph 63, FreecycleSunnyvale does not contest jurisdiction in this Court.

4. Answering paragraph 64, FreecycleSunnyvale does not contest jurisdiction in this Court.

5. Answering paragraph 65, FreecycleSunnyvale does not contest venue in this Court.

### COUNTERCLAIM FOR TRADEMARK INFRINGEMENT
### UNDER THE LANHAM ACT

(Trademark Infringement, 15 U.S.C. § 1125(a))

6. Answering paragraph 66, FreecycleSunnyvale repeats and reasserts Paragraphs 1 though 5 of this Answer as if fully set forth herein.

1    7.   Answering paragraph 67, FreecycleSunnyvale is informed and believes and on that basis admits that The Freecycle Network has been using the term "freecycle," the composite phrase "The Freecycle Network," and its logo (a stylized version of the term "freecycle") continuously since at least May 1, 2003.  FreecycleSunnyvale denies the remaining allegations.

8.   Answering paragraph 68, FreecycleSunnyvale repeats and reasserts Paragraph 7 of this Answer as if fully set forth herein.  FreecycleSunnyvale is informed and believes and on that basis admits that, on December 28, 2005, the United States Patent and Trademark Office issued a notice of publication in the Official Gazette for the trademark registration application bearing Serial No. 78/475,113.  FreecycleSunnyvale denies the remaining allegations.

9.   Answering paragraph 69, FreecycleSunnyvale repeats and reasserts Paragraph 7 of this Answer as if fully set forth herein.  FreecycleSunnyvale lacks sufficient information and belief regarding the allegation that The Freecycle Network promotes is alleged trademarks and, on that basis, denies that allegation.  FreecycleSunnyvale denies the remaining allegations.

10.  Answering paragraph 70, FreecycleSunnyvale denies the allegations.

11.  Answering paragraph 71, FreecycleSunnyvale denies the allegations.

12.  Answering paragraph 72, FreecycleSunnyvale denies the allegations.

13.  Answering paragraph 73, FreecycleSunnyvale admits that its members own and moderate an online group that assists freecyclers in the Sunnyvale, California, area to engage in freecycling activities.  FreecycleSunnyvale denies the remaining allegations.

14.  Answering paragraph 74, FreecycleSunnyvale denies the allegations.

15.  Answering paragraph 75, FreecycleSunnyvale admits that one of its members, Timothy Oey, has encouraged others to continue to use "freecycle" and its variants as generic terms.  FreecycleSunnyvale denies the remaining allegations.

16.  Answering paragraph 76, FreecycleSunnyvale denies the allegations.

17.  Answering paragraph 77, FreecycleSunnyvale denies the allegations.

18.  No response to paragraph 78 is necessary because paragraph 78 purports to allege contributory infringement under the "supplies a product" theory, which was rejected by the Court.

19. No response to paragraph 79 is necessary because paragraph 79 purports to allege contributory infringement under the "supplies a product" theory, which was rejected by the Court.

20. Answering paragraph 80, FreecycleSunnyvale denies the allegations.

21. Answering paragraph 81, FreecycleSunnyvale denies the allegations.

22. Answering paragraph 82, FreecycleSunnyvale denies the allegations.

## **COUNTERCLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT**

(Unfair Competition, 15 U.S.C. § 1125(a))

23. Answering paragraph 83, FreecycleSunnyvale repeats and reasserts Paragraphs 1 though 22 of this Answer as if fully set forth herein.

24. Answering paragraph 84, FreecycleSunnyvale is informed and believes and on that basis admits that The Freecycle Network has been using the term "freecycle," the composite phrase "The Freecycle Network," and its logo (a stylized version of the term "freecycle") continuously since at least May 1, 2003. FreecycleSunnyvale denies the remaining allegations.

25. Answering paragraph 85, FreecycleSunnyvale is informed and believes and on that basis admits that, on December 28, 2005, the United States Patent and Trademark Office issued a notice of publication in the Official Gazette for the trademark registration application bearing Serial No. 78/475,113. FreecycleSunnyvale denies the remaining allegations.

26. Answering paragraph 86, FreecycleSunnyvale denies the allegations.

27. Answering paragraph 87, FreecycleSunnyvale admits that its members own and moderate an online group that assists freecyclers in the Sunnyvale, California, area to engage in freecycling activities. FreecycleSunnyvale denies the remaining allegations.

28. Answering paragraph 88, FreecycleSunnyvale denies the allegations.

29. Answering paragraph 89, FreecycleSunnyvale denies the allegations.

30. Answering paragraph 90, FreecycleSunnyvale denies the allegations.

31. Answering paragraph 91, FreecycleSunnyvale denies the allegations.

32. Answering paragraph 92, FreecycleSunnyvale denies the allegations.

1  **COUNTERCLAIM FOR UNFAIR COMPETITION**

2  **UNDER THE CALIFORNIA BUSINESS AND PROFESSIONAL CODE**

3  (Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 and 17500)

4  33.  Answering paragraph 93, FreecycleSunnyvale repeats and reasserts Paragraphs 1
5  though 32 of this Answer as if fully set forth herein.

6  34.  Answering paragraph 94, FreecycleSunnyvale denies the allegations.

7  35.  Answering paragraph 95, FreecycleSunnyvale denies the allegations.

8  36.  Answering paragraph 96, FreecycleSunnyvale denies the allegations.

9  37.  Answering paragraph 97, FreecycleSunnyvale denies the allegations.

10  38.  Answering paragraph 98, FreecycleSunnyvale denies the allegations.

11  39.  Answering paragraph 99, FreecycleSunnyvale denies the allegations.

12  **AFFIRMATIVE DEFENSES**

13  FreecycleSunnyvale pleads the following affirmative defenses to The Freecycle
14  Network's counterclaims.  By designating the following defenses as affirmative defenses,
15  FreecycleSunnyvale does not concede that it bears the burden of proof with respect to any such
16  defense and does not intend to alter the burden of proof on any matter to the extent that the
17  burden rests with The Freecycle Network.

18  **First Affirmative Defense**

19  40.  The counterclaims, and each of them, fail to state a claim for which relief may be
20  granted.

21  **Second Affirmative Defense**

22  41.  The Freecycle Network does not own a protectable trademark interest.

23  **Third Affirmative Defense**

24  42.  FreecycleSunnyvale has used the term "freecycle" continuously and from a time
25  prior to the acquisition of any alleged trademark rights by The Freecycle Network.

26  **Fourth Affirmative Defense**

27  43.  The Freecycle Network, through its generic use of its alleged trademarks,
28  abandoned any and all rights that it may have had to those alleged trademarks.

4

**Fifth Affirmative Defense**

44. The Freecycle Network, through the uncontrolled licensing of its alleged trademarks, abandoned any and all rights that it may have had to those alleged trademarks.

**Sixth Affirmative Defense**

45. The Freecycle Network has failed to protect its alleged trademarks against the widespread, unauthorized use by others for several years. FreecycleSunnyvale relied on The Freecycle Network's failure to protect its alleged trademarks. The Freecycle Network is now precluded, by virtue of the doctrines of laches, estoppel, and acquiescence, from asserting any purported rights in its alleged trademarks.

**Seventh Affirmative Defense**

46. Any use by FreecycleSunnyvale of the alleged trademarks constitutes fair use.

**Eighth Affirmative Defense**

47. Any use by FreecycleSunnyvale of the alleged trademarks constitutes free speech that is protected by the First Amendment to the United States Constitution.

**Ninth Affirmative Defense**

48. Any infringement or unfair competition by FreecycleSunnyvale was innocent and wholly without knowledge of any rights that The Freecycle Network may have, if any, in the alleged trademarks.

**Tenth Affirmative Defense**

49. The Freecycle Network cannot demonstrate that the public will be confused or misled as to the source of FreecycleSunnyvale's services or that FreecycleSunnyvale's services are associated with, or endorsed by, The Freecycle Network.

**Eleventh Affirmative Defense**

50. The Freecycle Network knowingly and wrongfully asserted its alleged trademark rights by sending baseless cease and desist notices and filing false trademark infringement reports with Yahoo! Corporation, all as a means to eliminate competition in violation of the antitrust laws.

**Twelfth Affirmative Defense**

51. The Freecycle Network does not have standing to bring a counterclaim under 15 U.S.C. § 1125(a)(1)(B).

**PRAYER FOR RELIEF**

WHEREFORE, as to The Freecycle Network's counterclaims, FreecycleSunnyvale requests that this Court enter judgment as follows:

1. Dismiss The Freecycle Network's counterclaims in their entirety;
2. Award FreecycleSunnyvale its costs, expenses, and costs of suit, as allowed by law;
3. Award FreecycleSunnyvale its attorneys' fees, as allowed by law; and
4. Enter such other and further relief as the Court deems just, proper, and equitable.

Dated: October 16, 2006                    MAYER, BROWN, ROWE & MAW LLP

By:        /s/
    Dennis S. Corgill
    Attorneys for Plaintiff
    FREECYCLESUNNYVALE