

**MAYER**
**BROWN**
**ROWE**
**& MAW**

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

June 30, 2006

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

Esha Bandyopadhyay, Esq.
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

Re:     Meet and Confer in *FreecycleSunnyvale v. The*
*Freecycle Network, Inc.*, Case No. C06-00324
(N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

This letter will initiate the meet and confer process with regard to some of The Freecycle
Network, Inc.'s ("TFN") responses to discovery requests thus far. The Local Rules require that
we must confer to resolve disputed issues before the Court will entertain a request or motion to
resolve a disclosure or discovery dispute.

During our meet and confer, I plan to raise issues pertaining to the following discovery requests,
in response to which TFN failed to indicate that it would produce responsive and non-privileged
documents within its possession, custody, or control:

**Request for Production No. 18:**

Any and all documents concerning the dollar value, yearly and by quarter, of products and/or
services offered, provided, or exchanged in association with Defendant's Mark.

In this action, TFN claims that it has a protectable trademark interest. Therefore, an issue raised
by TFN is whether it has a protectable trademark interest because "freecycle" has obtained
secondary meaning. Documents responsive to this request are directly relevant to that issue or
reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 19:**

Any and all documents concerning the dollar value, yearly and by quarter, of efforts undertaken
by or on behalf of Defendant to advertise or promote products and/or services associated with
Defendant's Mark.

In this action, TFN claims that it has a protectable trademark interest. Therefore, an issue raised
by TFN is whether it has a protectable trademark interest because "freecycle" has obtained

Berlin Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay, Esq.
June 29, 2006
Page 2

secondary meaning. Documents responsive to this request are directly relevant to that issue or reasonably calculated to lead to the discovery of admissible evidence.

## Request for Production No. 64:

Any and all documents, including archived electronic files, concerning a web site, web page, home page, or internet posting of any freecycle community, individual group, or local group within Defendant's network.

In this action, TFN claims that it has a protectable trademark interest. Therefore, an issue raised by TFN is whether TFN or any of its alleged licensees use "freecycle" as a generic term. Further, FreecycleSunnyvale claims that TFN has engaged in naked licensing. This claim also raises the issue of whether TFN or any of its alleged licensees use "freecycle" as a generic term. Documents responsive to this request are directly relevant to that issue or reasonably calculated to lead to the discovery of admissible evidence.

## Request for Production No. 67:

Any and all documents, except privileged documents identified on a privilege log, concerning the above-captioned lawsuit and/or the action filed by The Freecycle Network, Inc., in the United States District Court for the District of Arizona and captioned, *The Freecycle Network, Inc. v. Tim Oey and Jane Doe Oey*, Case No. CIV 06-00173 (D. Ariz. filed Apr. 4, 2006).

In the above-captioned lawsuit, TFN filed a counterclaim alleging, *inter alia*, that FreecycleSunnyvale engaged in contributory trademark infringement. In *The Freecycle Network, Inc. v. Tim Oey and Jane Doe Oey*, Case No. CIV 06-00173 (D. Ariz. filed Apr. 4, 2006), TFN alleges, *inter alia*, that Tim Oey engaged in contributory trademark infringement. In his order granting a stay of the lawsuit in Arizona, Judge Collins found that both actions involve effectively the same parties. Because TFN has raised the same issues regarding the same parties in both actions, documents response to this request are directly relevant or reasonably calculated to lead to discovery of admissible evidence.

The reasons identified in this letter indicate why TFN's responses are inadequate, but those reasons are not the only ones that FreecycleSunnyvale might raise. Please let me know when, on Monday, July 3, 2006, or Wednesday, July 5, 2006, you are available for a teleconference.

Sincerely,

Dennis S. Corgill

Esha Bandyopadhyay
PHONE: 650.838.4355
FACSIMILE: 650.838.4555
EMAIL: ebandyopadhyay@perkinscoie.com

## Perkins Coie

101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

July 7, 2006

*Via Facsimile (650-331-2060) and U.S. Mail*

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112

Re:   ***The Freecycle Network, Inc. adv. FreecycleSunnyvale***
      **Case No. C 06-00324 CW**
      **Document Production**

Dear Dennis:

I am writing in response to your letter of June 30, 2006, regarding document production in the above-referenced matter.

In regard to your proposal for the format of exchanged documents, we cannot agree to produce all of The Freecycle Network's documents in .pdf format.  The Freecycle Network will produce documents either in hard copy or by way of .pdf files contained on CDs.

In regard to your proposal for the bates numbering of documents, it is our intention to sequentially number the documents produced by The Freecycle Network and to include a prefix identifying The Freecycle Network.  In addition, we agree that documents shall be produced as they are kept in the ordinary course of business, to the extent possible.

We intend to send you an invoice for the costs associated with the creation of a copy set of documents for production to FreecycleSunnyvale.

Thank you in advance for your anticipated cooperation during the remainder of the discovery period.  Please let me know if you have any questions or concerns.

Very truly yours,

*Esha Bandyopadhyay*

Esha Bandyopadhyay

EB/

BY061880.023   ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates



Esha Bandyopadhyay
PHONE: 650.838.4355
FACSIMILE: 650.838.4555
EMAIL: ebandyopadhyay@perkinscoie.com

101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

July 7, 2006

*Via Facsimile (650-331-2060) and U.S. Mail*

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

Re:  ***FreecycleSunnyvale v. The Freecycle Network, Inc.***, Case No. C06-00324
     **FreecycleSunnyvale's Discovery Responses**

Dear Dennis:

     I am writing to address certain deficiencies in FreecycleSunnyvale's ("FCS") responses to The Freecycle Network, Inc.'s ("The Freecycle Network") First Set of Requests for Production of Documents and Things ("Document Requests") and First Set of Interrogatories ("Interrogatories"). We reserve the right to raise additional issues with respect to FCS's responses after receiving information and/or documents. A number of FCS's responses to The Freecycle Network's Document Requests and Interrogatories are inadequate and state objections that are without merit. Accordingly, we ask that FCS promptly supplement its responses to reflect that no relevant, responsive, and non-privileged documents and information have been withheld.

**Responses to Requests for Production of Documents**

Document Request Nos. 19, 20, 23, and 61

     FCS's responses to the above requests indicate that FCS will not produce any documents related to the suspended proceeding before the Trademark Trial and Appeals Board. As you mention repeatedly in your letter of June 30, 2006, pertaining to The Freecycle Network's discovery responses, The Freecycle Network believes it has protectable trademark interests in the mark "freecycle" and the associated graphic logo (hereinafter referred to as the "Marks"). In opposing registration of the Marks, FCS has challenged the legitimacy of The Freecycle Network's assertions. Documents pertaining to FCS's opposition to the registration of the Marks address the central issues of trademark ownership and the validity of the Marks in question. Thus, documents responsive to these requests are directly relevant to this case, which FCS apparently bases on its contention that The Freecycle Network does *not* have a legitimate trademark right. Accordingly, The Freecycle

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
July 7, 2006
Page 2

Network requests that FCS immediately amend its responses to these Document Requests and agree to produce all responsive documents.

Similarly, FCS's response to Document Request No. 61 indicates that FCS will not produce documents related to the case *The Freecycle Network v. Tim Oey and Jane Doe Oey*, Case No. CIV 06-00176-TUC-RCC (D.Ariz.) (the "Arizona Action"). FCS has consistently taken the position that the Arizona Action is related to the present case (including in its response to this Document Request). In addition, we do not believe that requesting production of documents related to the Arizona Action constitutes the taking of "discovery" in the Arizona Action. As such, documents related to the Arizona Action are indeed relevant to the present case and must, therefore, be produced. Accordingly, The Freecycle Network requests that FCS immediately amend its response to this Document Request and agree to produce all responsive documents.

Document Request No. 34

FCS has failed to provide a response to this Document Request, which seeks documents relating to FCS's belief that it has a right to use the word "freecycle" or any variation thereof. This Document Request seeks information which is relevant to FCS's claims that it may freely use the Marks in question. Documents responsive to this Document Request are directly related to FCS's contention that The Freecycle Network does *not* have a valid trademark right, and to FCS's direct and contributory infringement of the Marks. Accordingly, The Freecycle Network requests that FCS immediately amend its response to this Document Request and agree to produce all responsive documents.

Document Request No. 39

This Document Request intends to seek documents regarding FCS's awareness of compliance or non-compliance by third parties or entities with The Freecycle Network's efforts to protect the Marks. Due to a typographical error, the word "protection" was omitted. Given this clarification, The Freecycle Network requests that FCS immediately amend its response to this Document Request and agree to produce all responsive documents.

Document Request Nos. 50 and 51

FCS has refused to produce any documents responsive to Document Request Nos. 50 and 51, which seek documents pertaining to the money and resources spent by FCS to advertise, market, promote, or inform the public about FCS and FCS's services. Documents responsive to these Document Requests relate directly to FCS's intentional infringement of The Freecycle Network's Marks (both direct and contributory), and to FCS's efforts to

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
July 7, 2006
Page 3

destroy the Marks.  Accordingly, The Freecycle Network requests that FCS immediately amend its responses to these Document Requests and agree to produce all responsive documents.

To the extent that FCS intends to withhold responsive and relevant documents which are protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity, please provide us with a privilege log indicating with particularity the documents withheld on such basis.

**Responses to Interrogatories**

Interrogatory No. 3

FCS's response to this Interrogatory, which seeks information relating to FCS's contention that "freecycling" is a generic name, is insufficient.  Specifically, this Interrogatory asks that FCS describe in detail its basis for its contention.  Merely claiming there is "pervasive and ongoing generic use" is insufficient.  Similarly, merely citing to online groups and Internet Web sites, without specificity, is also insufficient.  Accordingly, The Freecycle Network requests that FCS immediately amend its response to this Interrogatory to specify the facts on which it intends to rely to support its contention that the term "freecycling" is generic.

Interrogatory No. 5

FCS's response to this Interrogatory, which requests identification of all past and current members of FCS, is insufficient.  Specifically, this Interrogatory is not limited to current and past *moderators* of FCS's online groups.  Accordingly, FCS's response, which lists only five current and past moderators and no members, is insufficient.  Accordingly, The Freecycle Network requests that FCS immediately amend its response tot his Interrogatory to list all past and current members of FCS, including their Yahoo! User IDs and positions within FCS.

We propose discussing these deficiencies telephonically on Tuesday, July 11, 2006, during the time we will be discussing your letter of June 30, 2006, regarding The Freecycle Network's discovery responses.  We propose a 3:00 p.m. time for the call.  Please let me know at your earliest convenience whether this is a suitable time.  In the meantime, please feel free to contact me if you have any questions or concerns.

Very truly yours,

Esha Bandyopadhyay



July 18, 2006

MAYER, BROWN, ROWE & MAW LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

<u>VIA ELECTRONIC DELIVERY</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:  Plaintiff's Request for Production No. 64 in
     *FreecycleSunnyvale v. The Freecycle Network,*
     *Inc.*, Case No. C 06-00324 CW (N.D. Cal. filed
     Jan. 18, 2006)

Dear Esha:

In our "meet and confer" teleconference this past Tuesday, July 11, 2006, we discussed The Freecycle Network, Inc.'s ("TFN's") response to FreecycleSunnyvale's Request for Production No. 64. That Request seeks, "Any and all documents, including archived electronic files, concerning a web site, web page, home page, or internet posting of any freecycle community, individual group, or local group within Defendant's network."

Responsive documents are highly relevant to the core issues in this lawsuit because those documents will show how TFN's alleged licensees use the word "freecycle." FreecycleSunnyvale asserts that "freecycle" cannot be protected as a trademark because "freecycle" is generic. Even if "freecycle" could be protected as a trademark, FreecycleSunnyvale asserts that TFN does not have rights because TFN engages in naked licensing.

While you agreed that responsive documents are "highly relevant," you objected that production would be too burdensome. I suggested different ways to begin with a sampling of online groups within TFN's network, but you again objected that any production would be too burdensome.

FreecycleSunnyvale is seeking documents which show whether TFN's alleged licensees use (or TFN permits them to use) the word "freecyle" as a generic term or in ways that constitute naked licensing. The range of documents requested cannot be narrowed because documents that are highly relevant to these issues likely will be found in, for example, the alleged licensees' group home pages as well as the postings to those home pages.

The standard is "unduly burdensome," and TFN's concerns on this score will be addressed if TFN produces electronically. To begin, TFN does not need to review the documents.

Berlin Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LL

Esha Bandyopadhyay
July 18, 2006
Page 2

FreecycleSunnyvale will review the documents to determine how TFN's alleged licensees use the word "freecycle." TFN will not be burdened by conducting a review itself.

Further, any concern regarding inadvertent disclosure of privileged documents in an electronic format can be addressed by a stipulation that (a) inadvertent disclosure will not waive any privilege, (b) FreecycleSunnyvale will notify TFN if FreecycleSunnyvale finds any documents that might be privileged, and (c) FreecycleSunnyvale will destroy the electronic files of any documents that are privileged. TFN stands ready to enter into such a stipulation.

TFN's production of documents that are responsive to Request for Production No. 64 is necessary to the litigation. These documents are not available to the general public, as www.archive.org no longer archives online groups. Thus, FreecycleSunnyvale must seek these highly relevant documents from TFN.

Moreover, TFN is the one asserting trademark rights, having filed (a) a trademark infringement report with Yahoo! and which resulted in the termination of the Yahoo! Group "freecyclesunnyvale" and (b) trademark-based counterclaims in the above captioned lawsuit. Even though FreecycleSunnyvale does not assert trademark rights, FreecycleSunnyvale has agreed to produce all responsive documents, which we presently estimate will include at least 150,000 pages.

The claims of both parties in this lawsuit will stand or fall on whether TFN has a protectable trademark interest in the word "freecycle." Documents that are responsive to Request for Production No. 64 are highly relevant and go to the core issues of whether "freecycle" is generic and whether TFN engaged in naked licensing.

Please let us know whether TFN will supplement its response to Request for Production No. 64 and indicate that TFN will produce the responsive documents to which FreecycleSunnyvale is entitled. If TFN does not agree to produce all responsive documents, we intend to file a motion to compel with the district court.

Sincerely,

Dennis S. Corgill

Cc:  Client



October 17, 2006

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:    Meet and Confer in *FreecycleSunnyvale v. The
       Freecycle Network, Inc.*, Case No. C06-00324 CW
       (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

This letter will continue the meet and confer process that was initiated this past June 30, 2006, when I sent you a letter of the same date. This letter will also initiate the meet and confer process on additional matters that concern some of The Freecycle Network, Inc.'s ("TFN") responses to discovery requests. The Local Rules require that we must confer to resolve disputed issues before the Court will entertain a request or motion to resolve a disclosure or discovery dispute.

During our meet and confer, I plan to raise issues pertaining to the following matters, some of which were the subject of our prior meet and confer and some of which are new.

**Request for Production No. 18:**

> Any and all documents concerning the dollar value, yearly and by quarter, of products and/or services offered, provided, or exchanged in association with Defendant's Mark.

TFN's response did not indicate that TFN would produce any documents, and this response was an unresolved subject of our prior meet and confer. During our telephone conference on July 11, 2006, you indicated that you would follow-up with your client and amend the response to indicate that TFN will produce responsive documents. Please advise us as to whether TFN will amend its response and produce documents to which FreecycleSunnyvale is entitled.

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay
October 17, 2006
Page 2

**Request for Production No. 19:**

> Any and all documents concerning the dollar value, yearly and by
> quarter, of efforts undertaken by or on behalf of Defendant to
> advertise or promote products and/or services associated with
> Defendant's Mark.

TFN's response did not indicate that TFN would produce any documents, and this response was
an unresolved subject of our prior meet and confer. During our telephone conference on July 11,
2006, you indicated that you would follow-up with your client and amend the response to
indicate that TFN will produce responsive documents. Please advise us as to whether TFN will
amend its response and produce documents to which FreecycleSunnyvale is entitled.

**Request for Production No. 64:**

> Any and all documents, including archived electronic files,
> concerning a website, webpage, home page, or internet posting of
> any freecycle community, individual group, or local group within
> the network.

TFN's response did not indicate that TFN would produce any documents, and this response was
an unresolved subject of our prior meet and confer. Let me summarize points made during the
prior meet and confer.

Both parties agreed that this request sought documents that are relevant to the issues of the
generic use of "freecycle," naked licensing by TFN, and TFN's dedication of "freecycle" to the
public domain.

TFN's objection to production was that production would be burdensome. TFN also indicated
that the documents likely were available to the public.

FreecycleSunnyvale offered three considerations. First, to the extent that TFN claims that online
groups within its network are licensees, then those licensees are TFN's agents whose documents
are subject to document requests in this action. Second, for some time, archived files for Yahoo!
Groups have not been available at www.archive.org, and therefore responsive documents are not
available to the public. Third, the burden to TFN can be greatly reduced by producing
documents in searchable pdf files, as FreecycleSunnyvale proposed.

FreecycleSunnyvale also suggested a way to narrow the request. FreecycleSunnyvale suggested
that production begin with a random sample of online groups with, for example, 20 online
groups selected by FreecycleSunnyvale and 20 online groups selected by TFN. If responsive
documents from those initial online groups produced relevant evidence, then the parties would
select another random sample in the same manner.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay
October 17, 2006
Page 3

TFN indicated that FreecycleSunnyvale's suggestion would be too burdensome. Variations on this procedure, with fewer online groups in the random sample, were also unacceptable to TFN as too burdensome.

Documents responsive to this request are relevant or reasonably calculated to lead to the discovery of admissible evidence. FreecycleSunnyvale is entitled to discovery. Please advise us as to whether TFN will produce any of the documents to which FreecycleSunnyvale is entitled.

**Request for Production No. 67:**

> Any and all documents, except privileged documents identified on a privilege log, concerning the above-captioned lawsuit and/or the action filed by The Freecycle Network, Inc., in the United States District court for the District of Columbia and captioned, *The Freecycle Network, Inc. v. Tim Oey and Jane Doe Oey*, Case No. Civ. 06-00173-TUC-RCC (D. Ariz. filed Apr. 4, 2006).

TFN's response did not indicate that TFN would produce any documents, and this response was an unresolved subject of our prior meet and confer. During our telephone conference on July 11, 2006, you indicated that you would follow-up with your client and amend the response to indicate that TFN will produce responsive documents. Please advise us as to whether TFN will amend its response and produce documents to which FreecycleSunnyvale is entitled.

**TFN's Document Production to Date**

Thus far, TFN has produced approximately 1,459 pages of documents. A fair summary of these documents is that they generally fall into two categories. First are internal policies and guidelines drafted by TFN. Second are articles about freecycling, TFN, or Deron Beal.

Please advise us as to whether TFN will supplement its document production and produce documents that are responsive to all of FreecycleSunnyvale's requests for production.

**Interrogatory No. 1:**

> State all facts, identify all documents, and identify all communications on which TFN relies for any claim or allegation that TFN has any protectable trademark interest.

Interrogatory No. 2 is related and asks TFN to, "Identify each person who has knowledge of the fact or facts stated in TFN's answer to Interrogatory No. 1 and, for each person, identify the fact or facts of which each has knowledge."

Whether TFN has a protectable trademark interest involves issues of fact and the determination of whether the term "freecycle" is [1] fanciful, [2] arbitrary, [3] suggestive, or [4] descriptive with secondary meaning.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay
October 17, 2006
Page 4

TFN's answer to Interrogatory No. 1 does not identify facts that indicate which, if any, of the theories of trademark protection underlies TFN's claim of trademark rights. For example, TFN has alleged, in its counterclaims, that "freecycle" is inherently distinctive, but TFN has not identified facts that might show whether "freecycle" is fanciful, arbitrary, or suggestive.

Facts about the basis for TFN's claim of a protectable trademark interest are relevant or reasonably calculated to lead to the discovery of admissible evidence. Please advise us as to whether TFN will supplement its answer to Interrogatory No. 1 to provide facts that indicate which, if any, of the theories of trademark protection underlies TFN's claim of trademark rights.

**Interrogatory No. 3:**

> State all facts, identify all documents, and identify all communications on which TFN relies for any claim or allegation that FreecycleSunnyvale, or any person acting on behalf of FreecycleSunnyvale, infringed, contributed to infringement, or committed any acts of unfair competition in violation of any protectable trademark interest that TFN claims.

FreecycleSunnyvale's Interrogatory No, 4 is related and asks TFN to, "Identify each person who has knowledge of the fact or facts stated in TFN's answer to Interrogatory No. 3 and, for each person, identify the fact or facts of which each has knowledge."

An allegation that FreecycleSunnyvale directly infringed must be based on facts which show how FreecycleSunnyvale used the alleged trademarks. Similarly, an allegation that FreecycleSunnyvale contributorily infringed must be based on facts which show how a third party used the alleged trademarks. Allegations of unfair competition also must be based on facts which show how Freecycle use the alleged trademarks.

TFN's answer to Interrogatory No. 3 does not identify facts that show how FreecycleSunnyvale or third parties used the alleged trademarks in ways that support TFN's allegations of direct infringement, contributory infringement, or unfair competition. While TFN's interrogatory answer notes the "use," "misuse," or "improper use" of the alleged trademarks, TFN does not identify facts that disclose precisely how FreecycleSunnyvale or third parties used the alleged trademarks. While TFN's answer states that facts can be found in TFN's document production, TFN did not identify any documents or range of documents, and we have been unable to find any.

Facts about the basis for TFN's counterclaims of direct infringement, contributory infringement, and unfair competition are relevant or reasonably calculated to lead to the discovery of admissible evidence. Please advise us as to whether TFN will supplement its answer to Interrogatory No. 3 to provide facts that show how FreecycleSunnyvale or third parties used the alleged trademarks in ways that support TFN's allegations of direct infringement, contributory infringement, or unfair competition.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay
October 17, 2006
Page 5

The reasons identified in this letter indicate why TFN's responses to requests for production, production, and answers to interrogatories are inadequate, but those reasons are not the only ones that FreecycleSunnyvale might raise. Please let me know when you are available for a teleconference to discuss these matters.

Sincerely,

Dennis S. Corgill

44030290.2



101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

Esha Bandyopadhyay
PHONE: 650.838.4355
FAX: 650.838.4350
EMAIL: ebandyopadhyay@perkinscoie.com

October 31, 2006

**VIA FACSIMILE AND U.S. MAIL**

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

> Re: *The Freecycle Network, Inc. adv. FreecycleSunnyvale*
> **Case No. C 06-00324 CW**

Dear Dennis:

    I am writing to address certain deficiencies in FreecycleSunnyvale's ("FCS") responses to The Freecycle Network, Inc.'s ("The Freecycle Network") First and Second Sets of Requests for Production of Documents ("Document Requests") and First and Second Set of Interrogatories ("Interrogatories"). We reserve the right to raise additional issues with respect to FCS's responses to these and other discovery requests propounded by The Freecycle Network, after receiving additional information and/or documents.

**Responses to Document Requests 19, 20, 23, 34, 39, 50, 51, 61, 78, 85, 99, and 107-33**

    In its supplemental responses to Document Requests 19, 20, 23, 34, 39, 50, 51, and 61, FCS has limited its responses to documents "that are relevant to issues of ownership, validity, and registrability" of The Freecycle Network's marks. Similarly, in its responses to Document Requests 78, 85, 99, 107-33, FCS has limited its responses to documents that "relate to [The Freecycle Network]'s claims of trademark validity and ownership." We believe this is an unreasonable narrowing of the issues in this case. As such, we request that FCS immediately amend its responses to these Document Requests to reflect that FCS will produce all responsive non-privileged documents in its possession.

Mr Dennis Corgill
October 31, 2006
Page 2


**Responses to Interrogatories**

Interrogatory No. 3

We discussed FCS's response to Interrogatory No. 3, which seeks information relating to
FCS's contention that "freecycling" is a generic term, during our call on July 11, 2006.
The Freecycle Network continues to believe that FCS's response to this Interrogatory,
which merely claims that there is "pervasive and ongoing generic use" and cites online
groups and Internet Web sites without specificity, is insufficient.  Accordingly, The
Freecycle Network requests that FCS immediately amend its response to this
Interrogatory to specify the facts on which it intends to rely to support its contention that
the term "freecycling" is generic.

Interrogatory Nos. 16 and 17

FCS has failed to adequately respond to Interrogatory Nos. 16 and 17, which ask for
identification of each and every use of the term "freecycle" and The Freecycle Network's
graphic logo by FCS.  While FCS has provided a few examples of its use, it has not
referenced, for example, its use of the term "freecycle" in various e-mails and Internet
postings in which it claim that The Freecycle Network's marks are generic.  As such, The
Freecycle Network requests that FCS immediately amend its responses to these
Interrogatories to identify with specificity these uses, and any other use, of the term
"freecycle" and The Freecycle Network's graphic logo.

We propose discussing these deficiencies telephonically on Thursday, November 2, 2006,
during the time we will be discussing your letter of October 17, 2006, regarding The
Freecycle Network's discovery responses.  In the meantime, please feel free to contact me
should you have any questions or concerns.  We look forward to resolving these
discovery-related concerns.


Very truly yours,

Esha Bandyopadhyay



Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

November 8, 2006

<u>VIA ELECTRONIC DELIVERY</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:    Meet and Confer in *FreecycleSunnyvale v. The
       Freecycle Network, Inc.*, Case No. C 06-00324
       CW (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

This follows upon our 'meet and confer' telephone conference of this past Friday and, in particular, our discussion of The Freecycle Network, Inc.'s response to FreecycleSunnyvale's Request for Production No. 64:

        Any and all documents, including archived electronic files,
        concerning a website, webpage, home page, or internet posting of
        any freecycle community, individual group, or local group within
        the network.

The Freecycle Network, Inc., has resisted production of any responsive documents, principally on the grounds that production is burdensome and that available documents are public. Our understanding is that not all responsive documents are public.

With respect to online groups where members exchange unwanted items, our understanding is that there are different protocols regarding public access. Some groups allow public access to all files, some groups permit access only to members, and some groups only admit members who meet certain qualifications, such as having a local residence. Not all of these responsive files are public.

Other online groups discuss policies and procedures of The Freecycle Network, and the email files of these discussion groups are responsive to Request for Production No. 64, as well as other document requests. These groups include discussion groups for NOA's, GOA's, and moderators (the "Modsquad"). This list is not exhaustive. For example, Modsquad discussion groups include groups that, we understand, are system-wide, regional, and local. None of these responsive files are public.

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw L

Esha Bandyopadhyay
November 8, 2006
Page 2

Responsive documents are not public, and it is overly burdensome for FreecycleSunnyvale to
attempt to catalog which documents might be public and then to propound additional document
requests aimed at particular discussion groups.  Production by The Freecycle Network, Inc., will
not be burdensome if production is accomplished by way of searchable PDF files.

Further, The Freecycle Network, Inc., has indicated that it does not archive electronic files, even
after the initiation of the above-captioned action.  Any delay by The Freecycle Network, Inc., in
producing responsive files risks the destruction of electronic files that are responsive and
relevant.

As soon as possible, please advise us of whether The Freecycle Network, Inc., will produce the
responsive documents to which FreecycleSunnyvale is entitled.

Sincerely,

Dennis S. Corgill



101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

Esha Bandyopadhyay
PHONE: 650.838.4355
FAX: 650.838.4350
E-MAIL: ebandyopadhyay@perkinscoie.com

December 1, 2006

**VIA FACSIMILE AND U.S. MAIL**

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

     **Re:** *The Freecycle Network, Inc. adv. FreecycleSunnyvale*
          **Case No. C 06-00324 CW**

Dear Dennis:

    I am writing in response to your letter of November 8, 2006, regarding FreecycleSunnyvale's Request for Production No. 64, which asks for "any and all documents, including archived electronic files, concerning a website, webpage, home page, or internet posting of any freecycle community, individual group, or local group within the network."

    As we have now discussed on multiple occasions, The Freecycle Network cannot agree to this request as it is far too burdensome. Based on the number of member communities and groups that are a part of The Freecycle Network, and the average number of postings on the Web sites or Web pages of these communities and groups, in order to respond to this request, The Freecycle Network estimates it would have to print out, review, and produce over 200,000,000 documents. While FreecycleSunnyvale has suggested that The Freecycle Network produce these documents by way of searchable files in PDF format, this would also require the conversion to PDF format of all (or close to all) of these 200,000,000-plus documents on a Web page by Web page basis.

    As you know, the vast majority of these documents are publicly available, and we have suggested that FreecycleSunnyvale access these public documents itself. By way of compromise, we have further suggested that FreecycleSunnyvale narrow its request to the identification of specific Web sites or Web pages which are of particular interest to FreecycleSunnyvale, and which do not result in an overly burdensome number of responsive documents. However, FreecycleSunnyvale appears to insist that identification

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Dennis Corgill
December 1, 2006
Page 2

of individual Web sites or Web pages of specific interest is overly burdensome. We fail to comprehend how identifying specific sites or pages can be any more burdensome to FreecycleSunnyvale prior to The Freecycle Network's production of documents versus after the document production. Accordingly, we feel that our suggestion has been reasonable, and FreecycleSunnyvale does not have sufficient basis on which to reject it.

As such, it does not appear that the parties can arrive at any sort of amicable resolution in regard to this particular request. We note, however, that each of the documents responsive to this request were created as part of a Yahoo! Group and are therefore in the custody, possession, or control of Yahoo! Corporation. We further note that FreecycleSunnyvale has already propounded on Yahoo! Corporation a subpoena for the production of documents, and we suggest that this may be an alternative and less burdensome approach to obtaining the documents sought by FreecycleSunnyvale.

Please feel free to contact me should you have any questions or concerns.

Very truly yours,

Esha Bandyopadhyay



December 4, 2006

<u>VIA ELECTRONIC DELIVERY</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

Re:    Discovery in *FreecycleSunnyvale v. The Freecycle
       Network, Inc.*, Case No. C 06-00324 CW (N.D.
       Cal. filed Jan. 18, 2006)

Dear Esha:

I am writing in response to your letter of December 1, 2006, regarding FreecycleSunnyvale's Request for Production No. 64:

> Any and all documents, including archived electronic files, concerning a web site, web page, home page, or internet posting of any freecycle community, individual group, or local group within Defendant's network.

It now appears that we have reached the basis for a compromise on which we can initially proceed.  In our telephone conference of July 11, 2006, we discussed the possibility of initial production limited to a sampling of online groups.  My understanding was that The Freecycle Network refused to produce responsive documents from even a *single* online group.

Your December 1, 2006, letter offers a compromise by which "FreecycleSunnyvale [will] narrow its request to the identification of specific Web sites or Web pages which are of particular interest."  Without waiving its rights to seek responsive documents from additional online groups in the future, FreecycleSunnyvale identifies the following online groups:

> http://groups.yahoo.com/group/freecyclemodsquad/
> http://groups.yahoo.com/group/freecyclengas/
> http://groups.yahoo.com/group/OIDG/
> http://groups.yahoo.com/group/CAModSquad/
> http://groups.yahoo.com/group/freecycleportland/
> http://groups.yahoo.com/group/freecycle-mthood-or/
> http://groups.yahoo.com/group/AlexandriaVAFreecycle/
> http://groups.yahoo.com/group/freecyclenewyorkcity/

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Esha Bandyopadhyay
December 4, 2006
Page 2

       http://groups.yahoo.com/group/Binghamtonfreecycle/
       http://groups.yahoo.com/group/AustinFreecycle/
       http://groups.yahoo.com/group/SaratogaSpringsNYS_freecycle/
       http://groups.yahoo.com/group/sdfreecycle/
       http://groups.yahoo.com/group/freecyclesDartmouth/
       http://groups.yahoo.com/group/FreeCycle_Palm_Springs/
       http://groups.yahoo.com/group/OceansideFreecycle/
       http://groups.yahoo.com/group/Spring_TX_Freecycle/
       http://groups.yahoo.com/group/FreecyclePotsdamNY/
       http://groups.yahoo.com/group/freecyclekennebeccountymaine/
       http://groups.yahoo.com/group/siliconvalleymodsquad/
       http://groups.yahoo.com/group/freecyclecolumbiacounty/

To this list, please add the online groups for The Freecycle Network's "hub" team, GOA's, and any other internal discussion group to which Deron Beal contributes and that discuss issues pertaining to The Freecycle Network's trademark usage policy.

Please immediately amend your response to Request for Production No. 64 to indicate that you will produce responsive documents from the above-identified groups. For each online group, document production should include the "Web Features" Management Group Activity Log for all log entries.

FreecycleSunnyvale believes that this initial compromise provides a basis to reach an amicable solution regarding Request for production No. 64. The compromise provides a way for The Freecycle Network to produce responsive and relevant documents that are within its possession, custody, or control. The compromise also provides a way for FreecycleSunnyvale to evaluate initial production to determine if further production is warranted.

Thank you for your cooperation in this discovery matter. If, for any reason, The Freecycle Network is not willing proceed on the basis of the compromise offered in your December 1, 2006, letter, and discussed in this letter, please let me know immediately.

Sincerely,

Dennis S. Corgill

44031285



December 5, 2006

<u>VIA ELECTRONIC DELIVERY</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

Re:    Discovery Matters in *FreecycleSunnyvale v. The
       Freecycle Network, Inc.*, Case No. C 06-00324
       CW (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

This letter concerns recent responses by The Freecycle Network ("TFN") to discovery requests in the above-captioned action. Local rules require that we must confer to resolve disputed issues before the Court will entertain a request or motion to resolve a disclosure or discovery dispute.

During our meet and confer, I plan to raise issues pertaining to the following matters. The reasons identified in this letter indicate why TFN's responses to recent discovery requests are inadequate, but the reasons set forth below are not the only ones that FreecycleSunnyvale might raise.

**The Freecycle Network's Responses to Plaintiff's
Second Set of Requests for Admission**
(served November 20, 2006)

**Requests for Admission 76 and 77:**

> Admit that Defendant coined or invented the term "freecycle."

> Admit that Defendant did not coin or invent the term "freecycle."

TFN's responses do not refer to the term "freecycle," but evasively refer to "its trademarks." Further, TFN only admits that it was not aware of whether others similarly used the term "freecycle" when TFN began using the term. TFN makes no admission or denial about the origin of the term "freecycle." Nowhere does TFN admit or deny whether TFN did (or did not) invent or coin the term "freecycle."

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent:  Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Esha Bandyopadhyay
December 5, 2006
Page 2

FreecycleSunnyvale therefore requests that TFN immediately amend its responses to Requests
for Admission numbered 76 and 77 so that TFN's responses fairly meet the substance of these
requests for admission.

**Requests for Admission 82 and 83:**

> Admit that Defendant originally used the term "freecycle" solely to
> designate itself as a single source origin for the Identified Service

> Admit that Defendant did not originally use the term "freecycle"
> solely to designate itself as a single source origin for the Identified
> Service

TFN's responses do not refer to the term "freecycle," but evasively refer to "its trademarks."
Further, TFN's responses do not respond to whether TFN did (or did not) use the term
"freecycle" *solely* to designate itself as a single source origin for the services identified in TFN's
trademark registration application, but confusingly state that TFN uses trademarks to identify
itself as the source of its services. Nowhere does TFN admit or deny whether TFN did (or did
not) use the term "freecycle" *solely* to designate itself as a single source of the services that TFN
describes in TFN's trademark registration application.

In response to other requests for admission, TFN qualified its responses with "sole" to
distinguish whether there was (or was not) a single reason for TFN's conduct. (*See, e.g.*,
responses to requests for admission 66, 67, 68, 69). TFN therefore should similarly respond to
requests for admission 82 and 83, both of which use the same qualifier to ask whether TFN did
(or did not) use the term "freecycle" *solely* to designate itself as a single source origin for the
services that TFN described in TFN's trademark registration application.

FreecycleSunnyvale therefore requests that TFN immediately amend its responses to Requests
for Admission numbered 82 and 83 so that TFN's responses fairly meet the substance of these
requests for admission.

**Requests for Admission 74, 75, 78, 79, 80, 81, 84, 85, 86, 87, 88, 89, 90, 97, 98, 99, 100, 101,
102, 103, 104:**

In response to each of these requests for admission, TFN responds that "it can neither admit nor
deny this Request as it calls for a legal conclusion." FED.R.CIV.P. 36(a) provides that requests
for admission may be directed to "the application of law to fact" and that a party may not object
to a request on the sole ground that "a matter on which an admission has been requested presents
a genuine issue for trial." Under FED.R.CIV.P. 36(a), TFN may not refuse to respond to requests
for admission simply because those requests pertain to an application of law to fact that
ultimately will be determined at trial.

Esha Bandyopadhyay
December 5, 2006
Page 3

FreecycleSunnyvale therefore requests that TFN immediately amend its responses to Requests for Admission numbered 74, 75, 78, 79, 80, 81, 84, 85, 86, 87, 88, 89, 90, 97, 98, 99, 100, 101, 102, 103, 104, so that TFN's responses fairly meet the substance of these requests for admission.

**The Freecycle Network, Inc.'s Supplemental
Responses to FreecycleSunnyvale's Second Set of
Interrogatories**
(served November 20, 2006)

**Interrogatory No. 11:**

> State all facts, identify all documents, and identify all communications on which TFN relies for any claim or allegation that TFN suffered a commercial injury as a result of the conduct alleged in TFN's amended counterclaims.

TFN's answer states, in part, that "The Freecycle Network has approached over 25 private foundations and corporations this year without finding a single additional source of funding, despite being the largest non-profit Web site in the world." TFN does not, however identify these potential sources of funding with sufficient particularity so that FreecycleSunnyvale may pursue discovery by, for example, serving subpoenas. Nor does TFN state any facts, identify any documents, or identify any communications which show that TFN did not receive any funding from these or other sources as a result of FreecycleSunnyvale's conduct.

FreecycleSunnyvale therefore requests that TFN immediately amend its answer to Interrogatory No. 11 so that TFN's response fully answers this interrogatory by stating facts, identifying documents, and identifying any communications that support TFN's conclusory assertions.

**Interrogatory No. 13:**

> State all facts, identify all documents, and identify all communications on which TFN relies for any claim or allegation that TFN suffered a competitive injury as a result of the conduct alleged in TFN's amended counterclaims.

TFN's answer states that TFN "suffered a significant loss of reputation and goodwill" and that TFN "has faced a decline in membership." TFN does not state any facts, identify any documents, or identify any communications that provide any evidence of an alleged competitive injury, much less that FreecycleSunnyvale caused an alleged injury.

FreecycleSunnyvale therefore requests that TFN immediately amend its answer to Interrogatory No. 11 so that TFN's response fully answers this interrogatory by stating facts, identifying documents, and identifying any communications that support TFN's conclusory assertions.

Esha Bandyopadhyay
December 5, 2006
Page 4

### The Freecycle Network, Inc.'s Responses to
### Plaintiff's Third Set of Requests for Production
### of Documents
(served November 21, 2006)

**Requests for Production 71 through 92:**

In response to each and every request for production, TFN responds by stating that TFN will produce non-privileged documents "to the extent such documents . . . are in The Freecycle Network's possession." Fed.R.Civ.P. 34 requires that a party produce documents "which are in the possession, custody or control of the party." TFN is obligated to produce documents not only its possession, but also documents in its custody or control.

FreecycleSunnyvale therefore requests that TFN immediately amend its responses to Requests for Production 71 through 92, so that TFN's responses comply with its obligations, under the Federal Rules of Civil Procedure, to produce documents also in its custody or control.

### The Freecycle Network, Inc.'s Supplemental
### Responses to FreecycleSunnyvale's First Set of
### Interrogatories
(served November 22, 2006)

**Interrogatory No. 1:**

> State all facts, identify all documents, and identify all communications on which TFN relies for any claim or allegation that TFN has any protectable trademark interest.

TFN's answer states, in part, that "The Freecycle Network bases its allegation that its trademarks are inherently distinctive on the widespread acknowledgement that the trademarks are fanciful, arbitrary, or suggestive . . . ." TFN does not, however, state any facts, identify any documents, or identify any communications to support the conclusion that there is a "widespread acknowledgement" that any alleged trademark is inherently distinctive.

Whether a term is fanciful, arbitrary, or suggestive are issues on which TFN has the burden of proof. *See Yellow Cab Co./Sacramento v. Yellow Cab/Elk Grove*, 419 F.3d 925, 927 (9th Cir. 2005). TFN's answer does not state any facts, identify any documents, or identify any communications which indicate whether any of TFN's alleged trademarks fall into one or more of these categories of inherently distinctive marks.

FreecycleSunnyvale therefore requests that TFN immediately amend its answer to Interrogatory No. 1 so that TFN's response fully answers this interrogatory by stating facts, identifying documents, and identifying any communications that support TFN's conclusory assertions.

Esha Bandyopadhyay
December 5, 2006
Page 5

**Interrogatory No. 3:**

> State all facts, identify all documents, and identify all
> communications on which TFN relies for any claim or allegation
> that FreecycleSunnyvale, or any person acting on behalf of
> FreecycleSunnyvale, infringed, contributed to infringement, or
> committed any acts of unfair competition in violation of any
> protectable trademark interest that TFN claims.

TFN's answer makes the conclusory assertion that FreecycleSunnyvale engaged in
"unauthorized use" of TFN's alleged trademarks, but TFN never identifies or describes a single
example of the alleged "unauthorized use," much less the facts, documents, or communications
that might show that the alleged "unauthorized use" is an infringing use.

TFN's answer makes the conclusory assertion that FreecycleSunnyvale has "encouraged others
to use" TFN's alleged trademarks, but TFN never identifies or describes a single example of the
alleged encouragement of others, much less the facts, documents, or communications that might
show that FreecycleSunnyvale allegedly encouraged others to use the alleged trademarks in an
infringing manner.

FreecycleSunnyvale therefore requests that TFN immediately amend its answer to Interrogatory
No. 3 so that TFN's response fully answers this interrogatory by stating facts, identifying
documents, and identifying any communications that support TFN's conclusory assertions.

**The Freecycle Network, Inc.'s Supplemental
Responses to FreecycleSunnyvale's Second Set of
Requests for Production of Documents**
(served November 20, 2006)

**Request for Production No. 67:**

> Any and all documents, except privileged documents identified on
> a privilege log, concerning the above-captioned lawsuit and/or the
> action filed by The Freecycle Network, Inc., in the United States
> District Court for the District of Arizona and captioned, *The
> Freecycle Network, Inc. v. Tim Oey and Jane Doe Oey*, Case No.
> CIV 06-00173-TUC-RCC (D. Ariz. filed Apr. 4, 2006).

TFN responds by stating that TFN will produce non-privileged documents "to the extent such
documents . . . are in The Freecycle Network's possession." Fed.R.Civ.P. 34 requires that a
party produce documents "which are in the possession, custody or control of the party."  TFN is
obligated to produce documents not only its possession, but also documents in its custody or
control.

Esha Bandyopadhyay
December 5, 2006
Page 6

FreecycleSunnyvale therefore requests that TFN immediately amend its responses to Requests for Production 71 through 92, so that TFN's responses comply with its obligations, under the Federal Rules of Civil Procedure, and produce documents in its custody or control.

The reasons identified in this letter indicate why TFN's responses to recent discovery requests are inadequate but, as noted above, the reasons set forth above are not the only ones that FreecycleSunnyvale might raise. Please let me know when you are available, this week, to discuss these matters.

Sincerely,

Dennis S. Corgill



Esha Bandyopadhyay
PHONE: 650.838.4355
FAX: 650.838.4350
E-MAIL: ebandyopadhyay@perkinscoie.com

101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

December 15, 2006

## VIA FACSIMILE AND U.S. MAIL

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

Re:   *The Freecycle Network, Inc. adv. FreecycleSunnyvale*
      Case No. C 06-00324 CW

Dear Dennis:

I am writing in response to your letter of December 4, 2006, regarding production of documents in response to FreecycleSunnyvale's Request for Production No. 64 ("Request"). FreecycleSunnyvale has narrowed its Request such that it includes documents from 20 member groups of The Freecycle Network, as well as documents from The Freecycle Network's "hub" team, GOA's, and all other internal discussion groups to which Deron Beal contributes and that discuss issues pertaining to The Freecycle Network's trademark usage policy. In addition, you have indicated that FreecycleSunnyvale may request to seek responsive documents from additional online groups in the future.

As I have clearly stated during our telephonic meet and confers, The Freecycle Network cannot agree to produce documents from a random sampling of The Freecycle Network's member communities and groups, only to have FreecycleSunnyvale provide additional requests for such documents from other member communities and groups. By reserving the right to list an unlimited number of member communities and groups, FreecycleSunnyvale is, in effect, refusing to narrow the Request, and asking for the same overly burdensome number of documents that it originally requested. Moreover, we believe that the narrowed version of FreecycleSunnyvale's Request, as presented in your December 4th letter, continues to be overly broad. You are correct that The Freecycle Network has agreed to produce documents should

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Dennis S. Corgill
December 15, 2006
Page 2


FreecycleSunnyvale "narrow its request to the identification of specific Web sites or Web pages which are of particular interest to FreecycleSunnyvale." However, The Freecycle Network expects FreecycleSunnyvale's narrowing of its Request to be reasonable.

We continue to believe that the Request is far too burdensome. As such, it does not appear that the parties can arrive at any sort of amicable resolution in regard to this particular request. Please feel free to contact me should you have any questions or concerns regarding this matter.

Very truly yours,

*Esha Bandyopadhyay* / by SD

Esha Bandyopadhyay



Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

May 29, 2007

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:     *FreecycleSunnyvale v. The Freecycle Network,
        Inc.*, Case No. C 06-00324 CW (N.D. Cal. filed
        Jan. 18, 2006)

Dear Esha:

This letter will continue the meet and confer process that was initiated on June 30, 2006, when I
sent you a letter of the same date. Local rules require that we must confer to resolve disputed
issues before the Court will entertain a request or motion to resolve a disclosure or discovery
dispute. During our meet and confer, I plan to raise issues pertaining to the following discovery
matters:

## Privilege Log:

TFN failed to produce a privilege log when TFN responded to FreecycleSunnyvale's requests for
production of documents. Please let us know whether and/or when TFN will comply with its
obligations under FED.R.CIV.P. 26(b)(5), 34. FreecycleSunnyvale reserves its right to move to
compel the production of documents on the grounds that TFN has waived any privilege. *See
Burlington Northern v. District Court*, 408 F.3d 1142 (9th Cir. 2005).

## Request for Production No. 64:

> Any and all documents, including archived electronic files,
> concerning a website, webpage, home page, or internet posting of
> any freecycle community, individual group, or local group within
> the network.

As I have explained, and you have agreed, responsive documents are highly relevant to core
issues in this lawsuit. Responsive documents will show that TFN's alleged licensees use the
word "freecycle" as a generic term, that TFN engages in naked licensing, and that TFN dedicated
its alleged trademark to the public domain. Despite the clear relevance to these dispositive

Berlin Brussels Charlotte Chicago Cologne Frankfurt Hong Kong Houston London Los Angeles New York Palo Alto Paris Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay
May 29, 2007
Page 2

issues, TFN has refused to produce any documents on the ground that production would be burdensome. TFN also refused to agree to a procedure whereby TFN would initially produce documents for a limited number of its alleged licensees, leaving for another day the question of further production.

FreecycleSunnyvale demands that TFN immediately amend its response and immediately produce responsive documents.

## Requests for Admission Nos. 74, 75, 78 through 81, and 84 through 88:

Most of these requests ask TFN to admit if TFN has (or does not have) trademark rights in "freecycle" because that word is fanciful, arbitrary, suggestive, or descriptive. The remainder ask TFN to admit if TFN has (or does not have) trademark rights in "freecycle" because that word has acquired secondary meaning.

In response to each of these requests, TFN states that "it can neither admit nor deny this Request as it calls for a legal conclusion." FED.R.CIV.P. 36(a) provides, however, that requests for admission may be directed to "the application of law to fact" and that a party may not object to a request on the sole ground that "a matter on which an admission has been requested presents a genuine issue for trial."

These requests do not pertain to pure issues of law, but require the application of law to the facts in this action. First, TFN asserts trademark rights in a particular word, "freecycle," and these requests refer to that word. Second, whether "freecycle" is fanciful, arbitrary, suggestive, or descriptive is an issue of fact on which TFN has the burden of proof. Third, whether "freecycle" has acquired secondary meaning also is an issue of fact on which TFN has the burden of proof. *See Yellow Cab Co./Sacramento v. Yellow Cab/Elk Grove*, 419 F.3d 925 (9th Cir. 2005); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 391 F.3d 1088 (9th Cir. 2004).

In a telephonic conference on December 18, 2006, you stated that TFN need not respond to these requests because these requests went to the "heart of the case." In response to my request for authority to support this position, you provided a 1955 case which is reported at 19 F.R.D. 432. That case provides no support for TFN's refusal to respond to these requests. That case preceded the 1970 amendments to Rule 36 which, as explained by the Advisory Committee Notes, expanded Rule 36 to allow requests for admission direct to "the application of law to fact."

FreecycleSunnyvale demands that TFN immediately amend its responses to Requests for Admission numbered 74, 75, 78 through 81, and 84 through 88, so that TFN's responses fairly meet the substance of these requests for admission.

Mayer, Brown, Rowe & Maw LLP

Esha Bandyopadhyay
May 29, 2007
Page 3

**Requests for Production 67, and 71 through 92:**

In its supplemental response to Request for Production No. 67, and its original responses to
Requests for Production Nos. 71 through 92, TFN responds by stating that TFN will produce
non-privileged documents "to the extent such documents . . . are in The Freecycle Network's
possession." FED.R.CIV.P. 34 requires that a party produce documents "which are in the
possession, custody or control of the party." TFN is obligated to produce documents not only its
possession, but also in its custody or control.

FreecycleSunnyvale demands that that TFN immediately amend its responses to Requests for
Production 71 through 92, so that TFN's responses comply with its obligations, under the
Federal Rules of Civil Procedure, to produce documents also in its custody or control.

The reasons identified in this letter indicate why TFN's responses to recent discovery requests
are inadequate but, as noted above, the reasons set forth above are not the only ones that
FreecycleSunnyvale might raise. Please let me know when you are available, this week, to
discuss these matters.

Sincerely,

Dennis S. Corgill



Perkins
Coie

Shane M. Glynn
PHONE: 650.838.4300
FACSIMILE: 650.838.4350
EMAIL: sglynn@perkinscoie.com

101 Jefferson Drive
Menlo Park, CA 94025-1114
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

June 7, 2007

**VIA FACSIMILE AND U.S. MAIL**

Dennis S. Corgill
MAYER, BROWN, ROWE & MAW, LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112

Re:     *FreecycleSunnyvale v. The Freecycle Network, Inc.*, Case No. C06-00324 CW

Dear Dennis:

I am writing in response to your letter of May 29, 2007, to Esha Bandyopadhyay regarding The Freecycle Network's discovery responses in the above-captioned case. This letter addresses each of the four issues raised in your May 29th letter.

### Privilege Log:

The Freecycle Network will produce a privilege log to FreecycleSunnyvale in compliance with Federal Rules of Civil Procedure 26(b)(5) and 34.

### Request for Production No. 64:

As explained in Esha Bandyopadhyay's December 15, 2006, letter to you regarding this topic, FreecycleSunnyvale's Request for Production No. 64 is overly broad, unduly burdensome, and oppressive. In addition, The Freecycle Network cannot agree to produce documents from a sampling of such member communities and groups, only to then have FreecycleSunnyvale request a potentially unlimited number of additional requests for such documents from other member communities and groups. Moreover, The Freecycle Network may not have access to the message archives for a given Yahoo! Group affiliated with The Freecycle Network. The Freecycle Network is willing to produce documents from a limited number of member communities and groups to which it has access, but that number of groups, as we have stated more than once, must be limited.

In the interest of cooperation, however, please note that the archives for nine of the twenty groups you identified in your December 4th letter are available online through the

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES · MENLO PARK
OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · SHANGHAI · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Dennis S. Corgill
June 7, 2007
Page 2

Yahoo! Groups interface. This is the same interface that The Freecycle Network would be required to use to obtain paper copies of the messages for production to you. Accordingly, these messages are equally available to you, with the added benefit that the messages are already prepared in an electronic, searchable format. The list of openly available group archives (from your December 4th letter) includes:

> http://groups.yahoo.com/group/freecycleportland/
> http://groups.yahoo.com/group/AlexandriaVAFreecycle/
> http://groups.yahoo.com/group/freecyclenewyorkcity/
> http://groups.yahoo.com/group/SaratogaSpringsNYS_freecycle /
> http://groups.yahoo.com/group/FreeCycle_Palm_springs/
> http://groups.yahoo.com/group/Spring_TX_Freecycle/
> http://groups.yahoo.com/group/FreecyclePotsdamNY/
> http://groups.yahoo.com/group/freecyclekennebeccountymaine/
> http://groups.yahoo.com/group/freecyclecolumbiacounty/

In addition, the following six groups are also available through Yahoo! Groups, subject to the local group moderator's approval. The Freecycle Network will attempt to obtain access to the archives for these groups on your behalf if you are unable to secure access on your own. However, please keep in mind that The Freecycle Network may not have direct access to the archives for these groups and may not be able to secure access on your behalf, as these groups were created by local moderators who may retain sole control over access to the groups.

> http://groups.yahoo.com/group/Binghamtonfreecycle/
> http://groups.yahoo.com/group/AustinFreecycle/
> http://groups.yahoo.com/group/freecycle-mthood-or/
> http://groups.yahoo.com/group/sdfreecycle/
> http://groups.yahoo.com/group/freecyclesDartmouth/
> http://groups.yahoo.com/group/OceansideFreecycle/

With regard to the five other groups identified in your December 4th letter, I believe that The Freecycle Network has already produced the vast majority of these documents in earlier document production, including documents from http://groups.yahoo.com/group/freecyclemodsquad/, http://groups.yahoo.com/group/OIDG, and other groups to which Deron Beal contributes. We are happy to address continuing concerns you have about a specific group. However, at this time, we believe that we have produced or made available all documents referenced in your December 4th letter and consider this particular issue resolved.

### Requests for Admission Nos. 74, 75, 78-81, and 84-88:

The Freecycle Network is agreeable to supplementing its responses to these Requests for Admission, as requested in your May 29th letter.

Dennis S. Corgill
June 7, 2007
Page 3

**Requests for Production Nos. 67, and 71-92:**

The Freecycle Network is agreeable to supplementing its responses to these Requests for Production, as requested in your May 29th letter.

Please feel free to contact me should you have any further questions regarding these matters, or should you continue to feel that a telephonic meet and confer is necessary.

Regards,

Shane M. Glynn



MAYER
BROWN
ROWE
& MAW

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

June 8, 2007

<u>BY EMAIL AND U.S. MAIL</u>

Shane M. Glynn
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114

Re:    Meet and Confer in *FreecycleSunnyvale v. The*
       *Freecycle Network*, Case No. C 06-00324 (N.D.
       Cal. filed Jan. 16, 2006)

Dear Shane:

Thank you for your letter of June 7, 2007, in which you address several matters that I raised with
regard to The Freecycle Network's ("TFN") failure to provide discovery. Unfortunately,
because your letter is not responsive, none of the matters that I raised have been resolved. This
letter will address some, but not all, of the points that you raised.

With respect to three matters, TFN indicated that it will respond, but TFN did not indicate when.
These matters include (i) TFN's privilege log, (ii) Requests for Admission Nos. 74, 75, 78-81,
and 84-88, and (iii) Requests for Production Nos. 67, and 71-92. TFN is long overdue in
complying with these discovery obligations, and further delay continues to disrupt the orderly
progress of discovery.

With respect to Request for Production No. 64, the issue is far from resolved. First, TFN
continues to state that production would be burdensome. This objection assumes that TFN must
make paper copies of electronic files. TFN nowhere considers FreecycleSunnyvale's suggestion
of the relatively easy alternative of producing the files in electronic format.

Second, TFN mischaracterizes my letter of December 4, 2006, in which I discussed a
compromise procedure but expressly stated that FreecycleSunnyvale was not "waiving its rights
to seek responsive documents from additional online groups in the future." As you are well
aware, Ms. Bandyopadhyay squarely rejected any compromise procedure in a letter dated
December 15, 2006. Your letter of June 7, 2007, also states that TFN "cannot agree" to a
compromise procedure.

Third, TFN's discovery obligations pertain to Request for Production No. 64, not my letter of
December 4, 2006. We all agree that Request for Production No. 64 seeks documents that are
relevant to core issues that may be dispositive of the trademark issues in the above-captioned
action. TFN's response to the first step of a compromise procedure that TFN rejected is not a
response to Request for Production No. 64.

Berlin Brussels Charlotte Chicago Cologne Frankfurt Hong Kong Houston London Los Angeles New York Palo Alto Paris Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Shane M. Glynn
June 8, 2007
Page 2

Fourth, TFN effectively states that, with respect to some groups, TFN does not have possession, custody, or control of responsive documents: "[T]hese groups were created by local moderators who may retain sole control over access to the groups." TFN has waived this new objection because TFN did not timely raise this objection in its response to Request for Production No. 64.

Fifth, with regard to some groups, TFN states that it "believe[s] that [TFN] has already produced the vast majority of these documents." TFN's obligation is to produce all of the documents that are responsive to Request for Production No. 64.

None of these discovery matters have been resolved. TFN continues to evade its discovery obligations by failing to provide the discovery that FreecycleSunnyvale requested long ago and to which FreecycleSunnyvale is entitled. FreecycleSunnyvale demands that The Freecycle Network comply with its discovery obligations immediately. FreecycleSunnyvale reserves the right to seek any and all relief from the Court.

I will call you today so that we may discuss these matters.

Sincerely,

Dennis S. Corgill