1　MAYER, BROWN, ROWE & MAW LLP
　　Ian N. Feinberg (SBN 88324)
2　ifeinberg@mayerbrownrowe.com
　　Dennis S. Corgill (SBN 103429)
3　dcorgill@mayerbrownrowe.com
　　Eric B. Evans (SBN 232476)
4　eevans@mayerbrownrowe.com
　　Two Palo Alto Square, Suite 300
5　3000 El Camino Real
　　Palo Alto, CA  94306-2112
6　Telephone:  (650) 331-2000
　　Facsimile:   (650) 331-2060
7
　　Attorneys for Plaintiff
8　FREECYCLESUNNYVALE,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE,<br>a California unincorporated association,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE FREECYCLE NETWORK,<br>an Arizona corporation,<br><br>　　　　　Defendant. | Case No. C06-00324 CW<br><br>**PLAINTIFF AND COUNTERDEFENDANT FREECYCLESUNNYVALE'S NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 10, 2007 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE** |
| THE FREECYCLE NETWORK, INC., an Arizona Corporation,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>FREECYCLESUNNYVALE, a California unincorporated association,<br><br>　　　　　Counterdefendant. | |

NOTICE OF ADMINISTRATIVE MOTION AND MOTION FOR RECONSIDERATION
CASE NO. C06-00324 CW

TO DEFENDANT AND COUNTERCLAIMANT THE FREECYCLE NETWORK, INC., AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff and Counterdefendant FreecycleSunnyvale moves this Court for leave to file an administrative motion for reconsideration of this Court's August 10, 2007 order denying FreecycleSunnyvale's motion for summary judgment without prejudice. FreecycleSunnyvale concurrently submits its administrative motion for reconsideration.

Plaintiff and Counterdefendant FreecycleSunnyvale respectfully asks this Court, under Local Civil Rule 7-9(a), to set a September 2007 hearing date for FreecycleSunnyvale's motion for summary judgment or, in the alternative, summary adjudication on the issue of naked licensing. FreecycleSunnyvale also respectfully asks this Court to adjust the due dates for filing opposition and reply papers in accordance with a new hearing date.

FreecyleSunnyvale's motion for leave to file a motion for reconsideration under Local Civil Rule 7-9(a), and its motion for reconsideration, are supported by the following Memorandum of Points and Authorities, the [Proposed] Order, the Declaration of Dennis S. Corgill, the file in this matter, any facts or records of which this Court may take judicial notice, and any argument that may be heard by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN ADMINISTRATIVE MOTION FOR RECONSIDERATION AND ADMINISTRATIVE MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This Court need not decide the complex issue of whether The Freecycle Network ("TFN") has trademark rights in the word "freecycle," the phrase "The Freecycle Network," and a logo containing a stylized version of "freecycle" and the elements of a guitar and bicycle (the "Alleged Trademarks"), if this Court instead first hears FreecycleSunnyvale's motion for summary judgment and, in the alternative, summary adjudication on the ground that TFN forfeited, by naked licensing, the Alleged Trademarks. *See* Corrected Notice of Motion and Motion for Summary Judgment or, in the Alternative, Summary Adjudication on FreecycleSunnyvale's First Claim for Relief and The Freecycle Network's Counterclaims (July 19, 2007; Document # 76) ("Naked Licensing Motion"). Indeed, TFN created a veritable nudist colony of naked licensing as the evidence in support of Freecycle Sunnyvale's Naked Licensing Motion demonstrates. In fact, the reason that FreecycleSunnyvale filed the Naked Licensing Motion for early decision, instead of waiting to file a comprehensive motion at the end of the motion period, is precisely because the evidence of naked licensing is so compelling and resolution of the Naked Licensing Motion would obviate any need to resolve the more complicated issues.

FreecycleSunnyvale originally filed its Naked Licensing Motion for a hearing on August 23, 2007. On July 27, 2007, the parties jointly requested this Court to change the hearing date on FreecycleSunnyvale's Naked Licensing Motion from August 23, 2007, to September 6, 2007. *See* Stipulated Request for Order Changing Time under L.R. 6-2 (July 27, 2007; Document # 79). Instead of entering the stipulated order, on July 30, 2007, this Court entered an order directing Plaintiff to re-notice its motion for a hearing on February 28, 2008, unless TFN was prepared to submit its own motion for summary judgment on August 9, 2007. *See* Order Granting as Modified the Parties' Stipulated Request for Order Changing Time (July 30, 2007; Document # 81). This Court modified the parties' stipulated request because, "*[a]bsent good*

1  *cause*, the Court prefers to consider all summary judgment motions and cross-motions at the
2  same time." *Id*. (emphasis added).  Thus, unless TFN decided to present a summary judgment
3  motion, if any, by August 9, 2007, the parties were directed to submit cross-motions for
4  summary judgment after the close of expert discovery.
5        Not wanting to look a gift horse in the mouth, and hoping that further delay will improve
6  its chances, on August 6, 2007 TFN notified Plaintiff that TFN was not prepared to submit a
7  motion for summary judgment on August 9, 2007.  Presumably, TFN was also not prepared to
8  file its opposition to the Naked Licensing Motion.  Or, TFN may not have determined if it can
9  file a motion for summary judgment at all.  In any event, TFN further requested Plaintiff to re-
10 notice its motion for a hearing on February 28, 2007.  *See* Exhibit A to Declaration of Esha
11 Bandyopadhyay in Support of The Freecycle Network, Inc.'s Administrative Motion to Change
12 Hearing Date on Plaintiff's Motion for Summary Judgment (August 9, 2009; Document # 83).
13 On August 9, 2007, TFN submitted an administrative motion, asking this Court to re-notice the
14 hearing on FreecycleSunnyvale's Naked Licensing Motion until February 28, 2007.  TFN did not
15 apprise the Court that the Naked Licensing Motion addresses all of the trademark-based claims
16 and counterclaims, which include all of the federal claims and counterclaims.  Rather, TFN
17 asked this court to wait until the last moment, and after expensive expert discovery, to hear a
18 motion that is ripe for decision, that does not depend upon expert discovery, and that will
19 eliminate the vast majority of issues that would otherwise confront the Court.  *See* The Freecycle
20 Network, Inc.'s Notice of Administrative Motion and Motion To Change Hearing Date on
21 Plaintiff's Motion for Summary Adjudication; Memorandum of Points and Authorities in
22 Support Thereof (August 9, 2007; Document # 82).
23       On August 10, 2007, the Court entered an order, dismissing FreecycleSunnyvale's Naked
24 Licensing Motion without prejudice to re-noticing for a hearing on February 28, 2007.  This
25 Court also denied TFN's administrative motion as moot.  *See* Order Denying Plaintiff's Motion
26 for Summary Judgment without Prejudice and Denying Defendant's Administrative Motion to
27 Change Hearing Date as Moot (August 10, 2007; Document # 85).  The practical effect of the
28 Court's order is that the parties must now prepare for trial on the full range of trademark issues in

1  this action, some of which require the parties to engage experts well in advance of the
2  December 3, 2007 cutoff for disclosing the identities and reports of experts.  *See* Order Changing
3  Time for Fact Discovery Cutoff and Other Deadlines (July 26, 2007; Document # 78).
4      Simply put, this Court need not consider any issue regarding whether the Alleged
5  Trademarks are valid, enforceable, owned by TFN or infringed by FreecycleSunnyvale in
6  deciding the Naked Licensing Motion.  But were that motion granted, it would render moot all
7  other issues regarding the Alleged Trademarks, including whether they would, but for the naked
8  licensing, be valid, enforceable, owned by TFN, or infringed by FreecycleSunnyvale.  Thus,
9  good cause exists for the Court to hear FreecycleSunnyvale's Naked Licensing Motion on
10 September 13, 2007 rather than waiting until February 28, 2008.
11 **II.   STATEMENT OF THE ISSUE TO BE DECIDED**
12     Whether there is good cause for this Court to hear FreecycleSunnyvale's Naked
13 Licensing Motion before the last day to hear motions for summary judgment.
14 **III.  LEGAL STANDARD**
15     In its July 30, 2007 order, this Court stated that it preferred to hear all summary judgment
16 motions at the same time, "*[a]bsent good cause*."  *See* Order Granting as Modified the Parties'
17 Stipulated Request for Order Changing Time (July 30, 2007; Document # 81).  Civil Local Rule
18 7-9(a) provides that, "No party may notice a motion for reconsideration without first obtaining
19 leave of Court to file the motion."  Civil Local Rule 7-9(b) provides that one ground for a motion
20 for reconsideration is a "failure by the Court to consider material facts or dispositive legal
21 arguments which were presented to the Court before such interlocutory order."
22 FreecycleSunnyvale submits that there is good cause for this Court to schedule a September 13,
23 2007, hearing on FreecycleSunnyvale's Naked Licensing Motion.  Not anticipating that the
24 hearing on its Naked Licensing Motion might be continued for an additional five months, TFN
25 did not apprise the Court of material facts concerning the nature of the Naked Licensing Motion
26 which merits early consideration.
27
28

IV. **ARGUMENT**

There is good cause to set the hearing on FreecycleSunnyvale's Naked Licensing Motion for September 13, 2007. FreecycleSunnyvale's motion addresses discrete issues and will resolve all of the trademark-based claims and counterclaims before the parties are forced to engage experts and to prepare for trial. In addition, a September 13, 2007 hearing will allow TFN to complete its discovery in time to prepare its opposition. The issues raised in FreecycleSunnyvale's Naked Licensing Motion are ripe for this Court's decision, and this Court's decision will significantly narrow the issues remaining for trial.

  A. **FreecycleSunnyvale's Naked Licensing Motion Raises One Discrete Issue That Would Resolve The Trademark-Based Claims And Counterclaims**

FreecycleSunnyvale's Naked Licensing Motion raises one discrete issue which, if decided in favor of Freecycle Sunnyvale, would eliminate any need to decide the merits of TFN's claim to the Alleged Trademarks. It is black letter law that naked licensing forfeits trademark rights: "[W]here a trademark owner engages in naked licensing, without any control over the quality of goods produced by the licensee, such a practice is *inherently deceptive* and constitutes abandonment of any rights to the trademark by the licensor." *Barcamerica Intern. v. Tyfield Importers, Inc.*, 289 F.3d 589, 598 (9th Cir. 2002) (emphasis in original; quotation omitted).

Courts look to three kinds of evidence to determine if an alleged trademark has been abandoned through naked licensing: whether the trademark owner (1) retained contractual rights to control quality, (2) actually controlled quality, or (3) reasonably relied on the licensee to maintain quality. *See Barcamerica Intern.*, 289 F.3d at 596 (courts uphold trademark where licensor familiar with licensee and relies on licensee quality control); *First Interstate Bancorp v. Stenquist*, 1990 WL 300321, *4 (N.D. Cal. July 13, 1990) (first indication of quality control found in license agreement; actual licensor control accepted in absence of contractual right).

The existence of the Alleged Trademarks are an essential element of TFN's counterclaims under 15 U.S.C. § 1125(a) for trademark infringement and unfair competition. *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir. 1987) (to prevail on

1  claim under § 43, plaintiff must show protectable trademark interest).  So too, TFN's
2  counterclaims under California Bus. & Prof. Code §§ 17200 *et seq.* require that TFN has
3  trademark rights.  *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (stating that
4  the Ninth Circuit "has consistently held that state common law claims of unfair competition and
5  actions pursuant to California Business and Professions Code § 17200 are 'substantially
6  congruent' to claims made under the Lanham Act").  The non-existence of the Alleged
7  Trademarks (as a result of naked licensing or otherwise) is also central to Freecycle Sunnyvale's
8  declaratory relief claim.  Because TFN forfeited any rights it had in the Alleged Trademarks
9  through naked licensing, *a fortiori*, FreecycleSunnyvale cannot have infringed and therefore is
10 entitled to summary judgment on TFN's trademark claims and its own claim for declaratory
11 relief.
12     All that would remain if FreecycleSunnyvale's Naked Licensing Motion were granted
13 would be Plaintiff's common law claim for tortuous interference with contract or Plaintiff's
14 motion under California's Anti-SLAPP law.  Cal. Civ. Proc. Code § 425.16.  These are much
15 less complex issues than the issue of whether TFN has rights in the Alleged Trademarks and
16 would most likely be settled if the Naked Licensing Motion were granted.

### B. There Is Good Cause To Hear FreecycleSunnyvale's Motion On September 13, 2007

19     FreecycleSunnyvale respectfully submits that good cause exists for this Court to hear
20 FreecycleSunnyvale's Motion on September 13, 2007, and before the parties must engage
21 experts and prepare for trial on all trademark-related issues.
22     First, FreecycleSunnyvale's Naked Licensing Motion does not depend upon expert
23 testimony.  FreecycleSunnyvale's Naked Licensing Motion contends that TFN forfeited
24 whatever rights it had in the Alleged Trademarks through naked licensing.  Were this Court to
25 agree, it would dispose of all trademark-based claims and counterclaims.  Naked licensing issues
26 do not require expert testimony.  Both parties, which are operated not for profit and represented
27 *pro bono*, will benefit if the trademark-based claims and counterclaims can be resolved without
28 engaging experts in anticipation of going to trial.

Second, the parties will need to retain experts to prepare for trial on issues not addressed by FreecycleSunnyvale's Naked Licensing Motion, if it is not timely heard. For example, a central issue is this lawsuit, if the Naked Licensing Motion is not heard, is whether TFN has enforceable rights in the Alleged Trademarks. FreecycleSunnyvale contends that TFN's alleged trademarks are generic, an issue on which expert testimony is highly relevant. *See generally* 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 12.13-12.17 (4th ed. 2007). FreecycleSunnyvale's Naked Licensing Motion allows this Court to dispose of the trademark-based claims and counterclaims without reaching the issues of whether TFN's Alleged Trademarks are generic or otherwise invalid or unenforceable.

Third, TFN will not be prejudiced if this Court hears FreecycleSunnyvale's Motion on September 13, 2007, and before the parties must retain expert witnesses. In their most recent joint stipulation seeking an extension of time, the parties indicated that they were requesting additional time solely for the purpose of scheduling already-noticed depositions. *See* Stipulated Request for Order Changing Time under Civil L.R. 6-2, at 2:13-15 (July 17, 2007; Document # 66). TFN—*who has conducted no third-party discovery whatsoever*—has noticed only three depositions. One was completed on August 9, 2007, and another was completed on August 10, 2007. TFN's last deposition is scheduled for August 17, 2007. *See* Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Administrative Motion for Reconsideration at ¶¶ 2-3. Thus, TFN can conduct all of the discovery it has sought and timely respond to FreecycleSunnyvale's Naked Licensing Motion by filing an opposition on August 23, 2007.

Fourth, the status of discovery cannot prejudice TFN because evidence relevant to naked licensing issues is peculiarly within the possession, custody, or control of TFN. The issues are whether (1) TFN retained contractual rights to control quality, (2) TFN actually controlled quality, or (3) TFN reasonably relied upon on the licensee to maintain quality. If there is evidence that TFN complied with its affirmative duty to monitor and supervise its alleged licensees, TFN already has that evidence and need not seek that evidence through discovery.

The naked licensing issues are ripe for decision, and TFN cannot complain that it does not have access to the relevant facts.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to reconsider its July 30, 2007 order, to hear Plaintiff's Naked Licensing Motion in September 2007, and to adjust the due dates for filing opposition and reply papers in accordance with a new hearing date. In the alternative, Plaintiff requests this Court to grant Plaintiff leave, under Civil Local Rule 7-9(a), to notice a motion for reconsideration.

Dated: August 13, 2007                             MAYER, BROWN, ROWE & MAW LLP


                                                   By      /s/    Ian N. Feinberg
                                                       Ian N. Feinberg
                                                       Attorneys for Plaintiff
                                                       FREECYCLESUNNYVALE,