1   PAUL J. ANDRE, Bar No. 196585
    (pandre@perkinscoie.com)
2   LISA KOBIALKA, Bar No. 191404
    (lkobialka@perkinscoie.com)
3   ESHA BANDYOPADHYAY, Bar. No. 212249
    (ebandyopadhyay@perkinscoie.com)
4   SEAN M. BOYLE, Bar No. 238128
    (sboyle@perkinscoie.com)
5   PERKINS COIE LLP
    101 Jefferson Drive
6   Menlo Park, CA 94025
    Telephone:     (650) 838-4300
7   Facsimile:     (650) 838-4350

8   Attorneys for Defendant
    The Freecycle Network, Inc.

9

                    UNITED STATES DISTRICT COURT

10

                   NORTHERN DISTRICT OF CALIFORNIA

11

                           OAKLAND DIVISION

12

13
    FREECYCLESUNNYVALE,                    CASE NO. C 06-00324 CW
14  a California unincorporated association,
                                           **OPPOSITION TO**
15                     Plaintiff,          **FREECYCLESUNNYVALE'S**
                                           **ADMINISTRATIVE MOTION FOR**
16         v.                              **RECONSIDERATION OF THIS COURT'S**
                                           **AUGUST 10, 2007 ORDER DENYING**
17  THE FREECYCLE NETWORK, INC.,           **PLAINTIFF'S MOTION FOR SUMMARY**
    an Arizona corporation,                **JUDGMENT WITHOUT PREJUDICE**
18
                       Defendant.
19

20  THE FREECYCLE NETWORK, INC.
    an Arizona corporation,
21
                       Counterclaimant,
22
           v.
23
    FREECYLESUNNYVALE,
24  a California unincorporated association,

25                     Counterdefendant,

26

27

28

OPPOSITION TO FREECYCLESUNNYVALE'S ADMINISTRATIVE          Case No. C 06-00324 CW
MOTION FOR RECONSIDERATION OF THIS COURT'S
AUGUST 10, 2007 ORDER

1

## I.    INTRODUCTION

2          Plaintiff FreecycleSunnyvale ("Plaintiff") makes an inappropriate Motion for

3   Reconsideration of this Court's August 10, 2007, Order Denying Plaintiff's Motion for Summary

4   Judgment Without Prejudice ("Motion"), seeking to have its Motion for Summary Adjudication

5   Under Fed.R.Civ.P. 56 ("MSJ") heard on September 13, 2007.  Wholly apart from the fact that

6   counsel for The Freecycle Network is now not available on September 13, 2007 for such a

7   hearing, there is simply no good cause to permit Plaintiff's premature MSJ at this point in the

8   case.[1]  As a preliminary matter, The Freecycle Network would like to complete discovery in this

9   case, including expert discovery, so it can file, if appropriate, its own summary judgment motion,

10  as well as fully and properly oppose Plaintiff's MSJ, so that all motions can be heard at the same

11  time.  For example, The Freecycle Network has yet to take the deposition of at least one

12  important witness, Tim Oey, one of the founders of Plaintiff.  Declaration of Esha

13  Bandyopadhyay in Opposition to Freecyclesunnyvale's Administrative Motion for

14  Reconsideration of this Court's August 10, 2007, Order Denying Plaintiff's Motion for Summary

15  Judgment Without Prejudice ("Bandyopadhyay Dec."), filed herewith, ¶¶ 2-3.

16          Moreover, this Court has explicitly stated that it "prefers to consider all summary

17  judgment motions and cross-motions at the same time."  *See* Order Granting as Modified the

18  Parties' Stipulated Request for Order Changing Time (Docket Entry No. 81) ("July 30, 2007

19  Order") at 1-2.[2]  As such, hearing all related motions at the same time would be in compliance

20  with this Court's Order.  *See id.*  When The Freecycle Network attempted to meet and confer

21  with Plaintiff regarding this Court Order, Plaintiff ignored The Freecycle Network's multiple

22  requests to discuss the matter, forcing The Freecycle Network to file its Administrative Motion

23

24          [1] Plaintiff failed to comply with the local rules, which imposes a 5 page limit for all
25  motions for administrative relief.  L.R. 7-11(a).  Furthermore, Plaintiff did not even attempt to
    meet and confer with The Freecycle Network regarding this Motion for Reconsideration.

26          [2] The Court also denied Plaintiff's Motion for Summary Judgment without prejudice "to
27  renoticing for February 28, 2008."  *See* Order Denying Plaintiff's Motion for Summary
    Judgment Without Prejudice and Denying Defendant's Administrative Motion to Change
    Hearing Date as Moot (Docket No. 85) ("August 10, 2007 Order").

28

OPPOSITION TO FREECYCLESUNNYVALE'S ADMINISTRATIVE          Case No. C 06-00324 CW
MOTION FOR RECONSIDERATION OF THIS COURT'S
AUGUST 10, 2007 ORDER

1    to Change Hearing Date On Plaintiff's Motion for Summary Adjudication. *See* Motion to

2    Change Time of Hearing on Plaintiff's Motion for Summary Adjudication (Docket Entry

3    No. 82).

4    　　　Now, without regard to the evidence that The Freecycle Network requires in order to

5    oppose Plaintiff's premature MSJ, Plaintiff makes the bold unsupported request for a motion for

6    reconsideration, even though the parties are far from completing discovery or expert discovery.

7    Contrary to Plaintiff's claims, additional ongoing discovery is required for The Freecycle

8    Network to file its cross-motions on substantive issues, which are not limited to discovery issues,

9    as well as to fully develop all relevant facts to oppose aspects of Plaintiff's MSJ.[3]

10    　　　Here, The Freecycle Network has not had the opportunity to depose all material witnesses

11    in this case. Bandyopadhyay Dec., ¶¶ 2-3. In fact, The Freecycle Network was contemplating a

12    cross-motion due to Plaintiff's failure to identify apparently key witnesses during discovery taken

13    thus far prior to the filing of Plaintiff's MSJ. Specifically, the parties entered into a stipulation to

14    extend the discovery date to November 1, 2007 and to not propound any additional deposition

15    notices. On this same day, however, Plaintiff filed its MSJ on July 17, 2007, attaching the

16    declaration of Miles Dennis Robertson, Jr., an apparently key witness that Plaintiff ***never***

17    ***identified*** in discovery, including in its initial disclosures and discovery responses.

18    Bandyopadhyay Decl., ¶¶ 2-3, Exhs. A-E. Plaintiff has not provided an explanation as to its

19    failure to disclose this witness's name and has subsequently supplemented its discovery

20    responses after filing its MSJ. Bandyopadhyay Decl., ¶ 3, Exh. F. To suggest that no further

21    discovery is necessary to oppose Plaintiff's MSJ is absurd, particularly since even Plaintiff

22    realized it needed to supplement its disclosures *after* filing its summary judgment motion.

23    　　　In part, due to Plaintiff's failure to identify this witness, The Freecycle Network was not

24    fully prepared to submit its motion for summary judgment as a cross-motion by August 9, 2007,

25    and notified opposing counsel of this fact. Bandyopadhyay Dec. ¶¶ 4-5, Exhs. G-H.

26

27    _____

28    　　　[3] The parties agreed to cooperatively complete the remaining discovery, which involves
depositions of a number of witnesses in the case for both sides.

OPPOSITION TO FREECYCLESUNNYVALE'S ADMINISTRATIVE　　　　Case No. C 06-00324 CW
MOTION FOR RECONSIDERATION OF THIS COURT'S
AUGUST 10, 2007 ORDER

1   Furthermore, contrary to Plaintiff's claims, an expert declaration will likely be necessary for

2   opposing Plaintiff's premature motion, and expert disclosures have yet to occur.

3         Plaintiff's request is likely tempered by its desire to avoid any cross-motions by The

4   Freecycle Network, which will be based in part on the evidence that it is still diligently obtaining

5   through discovery of Plaintiff.  The Freecycle Network should not, however, be prejudiced from

6   an opportunity to complete discovery so that it can fully oppose Plaintiff's MSJ, as well as

7   present its own motion for summary judgment, as appropriate.  Accordingly, The Freecycle

8   Network respectfully requests that the Court deny Plaintiff's Motion.

9                                **II.    ARGUMENT**

10  **A.    Plaintiff's Motion for Reconsideration is Inappropriate Since Plaintiff
          Cannot Prove Any Highly Unusual Circumstances.**

11        Absent "highly unusual circumstances," reconsideration is appropriate only where the

12  court is presented with newly-discovered evidence, the court "committed clear error or the initial

13  decision was manifestly unjust," or there is an intervening change in controlling law.  School

14  Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); United

15  States v. James, 915 F.Supp. 1092, 1098 (S.D. Cal. 1995).  Local Rule 7(b)(1) further provides

16  that the moving party must specifically show a "manifest failure by the Court to consider

17  material facts or dispositive legal arguments which were presented to the Court before such

18  interlocutory order."

19        Plaintiff seeks to dismiss the Court's August 10, 2007 Order, but does not have a

20  reasonable basis for doing so.  Plaintiff's attempt to manipulate the language of the local rules

21  cannot hide its failure to meet the requirements explicitly stated in Local Rule 7-9.  Here,

22  Plaintiff claims that "[The Freecycle Network] did not apprise the Court of material facts

23  concerning the nature" of Plaintiff's MSJ.  Given that Plaintiff simply ignored The Freecycle

24  Network when it attempted to discuss the Court's July 30, 2007 Order and further failed to

25  respond to its administrative motion to the Court, suggesting that The Freecycle Network was

26  somehow at fault for Plaintiff's decision to file a summary judgment motion before the close of

27  discovery and expert discovery is simply not grounds for a motion for reconsideration.  Plaintiff,

28

OPPOSITION TO FREECYCLESUNNYVALE'S ADMINISTRATIVE          Case No. C 06-00324 CW
MOTION FOR RECONSIDERATION OF THIS COURT'S
AUGUST 10, 2007 ORDER

1   without any notice to The Freecycle Network, filed its MSJ, and did so without attempting to

2   discuss a mutually agreeable hearing date with The Freecycle Network.  It is now absurd to

3   blame The Freecycle Network as the reason that the Court should reconsider its Order to dismiss

4   without prejudice Plaintiff's MSJ.  The bottom line is that Plaintiff cannot demonstrate that the

5   Court failed to consider any "material facts or dispositive legal arguments" that were presented to

6   it before the August 10, 2007 Order.  Any attempt by Plaintiff to present facts or legal arguments

7   now is improper and in violation of the rules.[4]

8       Since Plaintiff failed to bring these issues before the Court's Order, it cannot show that

9   the Court "manifestly failed to consider these material facts or dispositive legal arguments." *Id*.

10  Moreover, Plaintiff failed to show that the Court "committed clear error or the initial decision

11  was manifestly unjust," or that there is an intervening change in controlling law." *See* School

12  Dist. No. 1, 5 F.3d at 1263; James, 915 F.Supp. at 1098.  As a result, Plaintiff's Motion for

13  Reconsideration should be denied.

14  **B.    Plaintiff Cannot Show that Good Cause Exists for the Court to Reconsider its August 13, 2007 Order.**

15      Plaintiff clearly disregarded the Court's preference regarding dispositive motions and its

16  specific instruction regarding renoticing the hearing for Plaintiff's MSJ.  Moreover, Plaintiff

17  cannot show that good cause exists as to why the Court should reconsider its Order.

18      **1.    Expert Testimony is Likely Necessary to Dispute Plaintiff's Allegations of Naked Licensing**

19

20      Plaintiff claims that its MSJ raises one discrete issue – determining whether The

21  Freecycle Network engaged in naked licensing.  Plaintiff then continues to make the bare

22  assertion that "naked licensing issues do not require expert testimony."  Motion at 5.  However,

23  in order to determine whether an owner loses its trademark as a result of naked licensing, a party

24  must meet a high burden of proof that the owner failed to maintain some level of quality control

25  over a licensee's service.  Edwin K. Williams & Co. v. Edwin K. Williams & Co-East, Inc., 542

26

27      [4] Contrary to Plaintiff's claim, Plaintiff's MSJ raises numerous material issues of fact that make its motion improper for summary adjudication and this issue alone is not dispositive of the entire case.

28

- 4 -

1    F.2d 1053, 1059 (9th Cir. 1976).  The required level of actual quality control is flexible and

2    varies with "the wide range of licensing situations in use in the modern marketplace."

3    Barcamerica Intern. v. Tyfield Importers, Inc., 289 F.3d 589, 598 (9th Cir. 2002).

4         Once fact discovery has been completed, it is very likely that expert testimony will be

5    necessary.  Under Federal Rule of Evidence 702, an expert witness may testify in the form of an

6    opinion if "such testimony would assist the trier of fact to understand the evidence or determine a

7    factual issue."  Little Oil Co. v. Atlantic Richfield Co., 852 F.2d 441, 446 (9th Cir. 1988).  The

8    mere fact that both parties are "not for profit and represented *pro bono*" does not discredit the

9    fact that expert testimony may be needed to determine the naked licensing issues.  To the

10   contrary, due to the flexible and informal circumstances of the licensing arrangement between

11   the parties, expert testimony may be in even greater need to determine if adequate controls are

12   satisfied in this non-commercial context.  Despite Plaintiff's assertion that it does not need expert

13   testimony, The Freecycle Network would be prejudiced if it did not have the opportunity to

14   complete its expert discovery before having to oppose Plaintiff's MSJ.

15        **2.    The Freecycle Network Will Be Severely Prejudiced if the Hearing**
              **Date As It Is Not Available That Date And Wishes To Complete**
16            **Discovery**

17        As stated above, The Freecycle Network is not available for a hearing on September 13,

18   2007, and would like to complete discovery to fully oppose Plaintiff's Motion.  Plaintiff has

19   failed to be forthright in discovery by failing to disclose all witnesses in its initial disclosures

20   and/or discovery responses.  In its MSJ, Plaintiff relied on the declaration of an apparently key

21   witness that it never disclosed to The Freecycle Network.  *See* Bandyopadhyay Decl., ¶¶ 2-3.

22   Further, the depositions of this witness and another key witness, some of which have been

23   scheduled, have not yet commenced.  *Id.*  Realizing that The Freecycle Network has not had the

24   opportunity to conduct all pertinent discovery, the parties stipulated and indeed, the Court

25   extended the discovery cut-off until November 1, 2007.  As a result, discovery is ongoing in this

26   case.  The Freecycle Network would like the opportunity to adequately respond to Plaintiff's

27   MSJ upon completion of discovery.

28

OPPOSITION TO FREECYCLESUNNYVALE'S ADMINISTRATIVE          Case No. C 06-00324 CW
MOTION FOR RECONSIDERATION OF THIS COURT'S
AUGUST 10, 2007 ORDER

1

**III.    CONCLUSION**

2

Based on the foregoing, The Freecycle Network respectfully requests that the Court enter

3

an order denying Plaintiff's Administrative Motion for Reconsideration of this Court's

4

August 10, 2007, Order Denying Plaintiff's Motion for Summary Judgment Without Prejudice.

5

6

DATED: August 16, 2007                **PERKINS COIE LLP**

7

8

By _____/s/ Lisa Kobialka_____
Paul J. Andre
Lisa Kobialka

9

Esha Bandyopadhyay
Sean Boyle

10

Attorneys for Defendant
THE FREECYCLE NETWORK, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO FREECYCLESUNNYVALE'S ADMINISTRATIVE          Case No. C 06-00324 CW
MOTION FOR RECONSIDERATION OF THIS COURT'S
AUGUST 10, 2007 ORDER