# Exhibit A

```
From: Bandyopadhyay, Esha (Perkins Coie)
Sent: Friday, July 27, 2007 11:56 AM
To: 'Corgill, Dennis S.'
Subject: RE: Timing issues in FreecycleSunnyvale v. The Freecycle Network
```

Dennis-

I write in response to your letter of earlier this morning.  We will not file The Freecycle Network's motion to change the hearing date, though it is unfortunate that your delay in responding to our proposal has resulted in wasted time and resources in preparing the motion.

Thank you for agreeing to move the hearing date on FreecycleSunnyvale's Motion for Summary Judgment to September 6, 2007.  Attached please find a joint stipulation and proposed order pursuant to Local Rule 6-2.  Please let me know if the attached drafts are acceptable, and we will take care of the filing.

As I clearly stated during our telephonic discussion on Wednesday, July 25th, we disagree with your assertions regarding The Freecycle Network's grounds for filing a motion under Federal Rule of Civil Procedure 37.  FreecycleSunnyvale violated the Federal Rules of Civil Procedure in failing to identify a key witness, Mr. Miles Dennis Robertson, Jr., prior to the close of discovery.  As you are no doubt aware, Federal Rule of Civil Procedure 26(a) requires a party to disclose the names of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses...."  FreecycleSunnyvale failed to meet this burden.  In addition, it is well-established that failure to comply with the disclosure requirements of the Federal Rules of Civil Procedure will result in the exclusion of that evidence unless the failing party shows that there was substantial justification for the failure or that the failure was harmless.  Fed.R.Civ.Proc. 37(c); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1001, 1106 (9th Cir. 2001).  FreecycleSunnyvale has neither established that it was justified in failing to identify Mr. Robertson during the discovery period, nor has it established that the failure to identify Mr. Robertson was harmless.  Failing to identify a witness prior to the close of discovery that FreecycleSunnyvale is relying upon in a summary judgment motion, after entering into a stipulation precluding The Freecycle Network from taking this witness' deposition, does not satisfy FreecycleSunnyvale's burden in this case.  As such, The Freecycle Network will be filing a cross-motion under Federal Rule of Civil Procedure 37 as we have complied with our meet and confer requirements.  To this end, we need to address the briefing schedule based on the new proposed hearing date.  We propose setting August 23, 2007, as the date by which FreecycleSunnyvale may oppose The Freecycle Network's cross-motion, and August 30, 2007, as the date by which The Freecycle Network may file a reply brief in response to FreecycleSunnyvale's opposition.  We are happy to discuss this further.

Please let me know if you have any further questions.

Regards,

Esha

-----Original Message-----
From: Corgill, Dennis S. [mailto:DCorgill@mayerbrownrowe.com]
Sent: Friday, July 27, 2007 10:02 AM
To: Bandyopadhyay, Esha (Perkins Coie)
Subject: Timing issues in FreecycleSunnyvale v. The Freecycle Network

Esha,

Thank you for your patience. Please see the attached letter. Please call if you have any questions.

Cheers,
Dennis

Dennis S. Corgill
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Direct Telephone:  650.331.2058
Direct Facsimile:  650.331.4558
Email:   dcorgill@mayerbrownrowe.com
Mobile Telephone:  650.248.0340

IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was neither written nor intended by the sender or Mayer, Brown, Rowe & Maw LLP to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then (i) the advice was written to support the promotion or marketing (by a person other than Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii) such taxpayers should seek advice based on the taxpayers particular circumstances from an independent tax advisor.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

2