

MAYER, BROWN, ROWE & MAW LLP
Ian N. Feinberg (SBN 88324)
ifeinberg@mayerbrownrowe.com
Dennis S. Corgill (SBN 103429)
dcorgill@mayerbrownrowe.com
Eric B. Evans (SBN 232476)
eevans@mayerbrownrowe.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Plaintiff
FREECYCLESUNNYVALE,

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**OAKLAND DIVISION**

FREECYCLESUNNYVALE, a California unincorporated association,

Plaintiff,

v.

THE FREECYCLE NETWORK, an Arizona corporation,

Defendant.

THE FREECYCLE NETWORK, INC., an Arizona Corporation,

Counterclaimant,

v.

FREECYCLESUNNYVALE, a California unincorporated association,

Counterdefendant.

Case No. C06-00324 CW

**REPLY IN SUPPORT OF PLAINTIFF AND COUNTERDEFENDANT FREECYCLESUNNYVALE'S NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 10, 2007 ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**



Dockets.Justia.com

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN ADMINISTRATIVE MOTION FOR RECONSIDERATION AND ADMINISTRATIVE MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

TFN's opposition to an early disposition of naked licensing issues demonstrates only that TFN will go to any length to delay the resolution of a central issue that would streamline this action. While TFN objects that it needs all manner of unidentified discovery, TFN is the one who has long frustrated discovery on naked licensing. Moreover, while TFN objects that it needs an expert to address naked licensing, TFN fails to cite one case in which a court admitted expert testimony on naked licensing. For whatever reason, TFN would rather drag this action out than allow this Court to narrow the issues left for trial. TFN's dilatory tactics should be rejected, and this Court should schedule FreecycleSunnyvale's Naked Licensing Motion for a hearing in September 2007.

## II. TFN HAS LONG FRUSTRATED DISCOVERY EFFORTS ON NAKED LICENSING

Early in this action, FreecycleSunnyvale sought production of documents concerning TFN's relationships with its alleged licensees. Obviously, such documents would indicate if TFN retained contractual rights to control quality, if TFN actually controlled quality, or if TFN reasonably relied upon any licensee to maintain quality. *See* Exhibit A to Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Motion for Summary Adjudication (July 17, 2007; Document # 69).

FreecycleSunnyvale initiated the meet and confer process on June 30, 2006 to obtain these documents, but TFN has refused to produce documents that it acknowledges are relevant to naked licensing. At first, TFN objected that production was overly burdensome. Only recently, in June 2007, TFN admitted that it did not have possession, custody, or control of many of its alleged licensees' documents, which only demonstrates that TFN has nakedly licensed its alleged trademarks because TFN lacks access to the documents which would enable TFN to exercise quality control over its alleged licensees. *See Id.*

TFN's suggestion that it was surprised that FreecycleSunnyvale filed its Naked Licensing

Motion is disingenuous. Naked licensing was alleged in the original complaint filed in this action and, as just noted, FreecycleSunnyvale has been seeking relevant discovery throughout this action. *See* Complaint for Declaratory Judgment of Trademark Non-Infringement and Tortious Interference with Business Relations ¶ 41 (Jan. 18, 2007; Document # 1). Even though TFN has denied FreecycleSunnyvale access to whatever licensee documents are in TFN's possession, custody, or control, FreecycleSunnyvale has presented convincing evidence of naked licensing, thereby making the Naked Licensing Motion ripe for this Court's review. At the very least, TFN should not be allowed to postpone the inevitable, and this Court should hear the Naked Licensing Motion in September 2007.

## III. TFN HAS COMPLETED FACT DISCOVERY AND HAS NO GROUNDS TO SEEK ADDITIONAL FACT DISCOVERY

Not only has TFN frustrated discovery on naked licensing issues, but TFN muddles the record when TFN argues that it needs additional fact discovery. First, TFN has completed its discovery. The parties stipulated to extend the discovery period solely to schedule already noticed depositions. *See* Stipulated Request for Order Changing Time under Civil L.R. 6-2, at 2:13-15 (July 17, 2007; Document # 66). TFN completed its last deposition on Friday, August 17, 2007. TFN has no outstanding discovery requests to which FreecycleSunnyvale need reply. *See* Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Reply in Support of Administrative Motion for Reconsideration at ¶¶ 2, 3 (accompanying this Reply). In any event, TFN's argument that it needs additional discovery is a red herring. In fact, TFN does not dispute that licensing evidence—whether of naked licensing or licensing that ensures quality control—is peculiarly within the possession, custody, and control of TFN.

Second, TFN's argument that one of FreecycleSunnyvale's declarants—Miles Dennis Robertson, Jr.—was not listed in FreecycleSunnyvale's initial disclosures, is much ado about nothing. Under FED.R.CIV.P. 37(c)(1), evidence of an undisclosed witness may be used if any failure to disclose the witness is "harmless." A failure to disclose a witness is harmless if the witness's identity is already know to the other party or disclosed by other parties. *See* Advisory

Committee Notes to 1993 Amendments to FED.R. CIV.P. 37(c).

Mr. Robertson is no surprise witness. Mr. Robertson is well-known to TFN and its Executive Director, Deron Beal. Mr. Robertson was a senior TFN volunteer who gave of his time in several significant roles. Mr. Robertson was a New Group Approver, a Group Outreach and Assistant (GOA) volunteer, the GOA coordinator for all GOAs, and a member of the eight person central committee known as The Hub. *See* Declaration of Miles Dennis Robertson, Jr., in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Motion for Summary Adjudication at ¶¶ 2, 11, 19, 33, 34 (July 17, 2007; Document # 70). Any argument by TFN that it did not know the identity of Mr. Robertson is tantamount to a corporation arguing that it did not know of a recent senior officer and member of the board of directors.

Moreover, TFN cannot argue that it has any serious interest in seeking discovery from Mr. Robertson because TFN rejected FreecycleSunnyvale's offer to extend the fact discovery period for the purpose of taking Mr. Robertson's deposition. *See* Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Reply in Support of Administrative Motion for Reconsideration at ¶ 5 (accompanying this Reply). Throughout this litigation, TFN has failed to engage in any third party discovery whatsoever. *See* Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Administrative Motion for Reconsideration at ¶ 3 (Aug. 13, 2007; Document # 87). TFN has completed its fact discovery, and TFN should not be allowed to delay a hearing on FreecycleSunnyvale's Naked Licensing Motion further.

## IV. <u>EXPERT DISCOVERY IS NOT NEEDED ON NAKED LICENSING ISSUES</u>

TFN suggests that it needs an expert before it can respond to FreecycleSunnyvale's Naked Licensing Motion, but TFN never explains itself. TFN cites no case in which a court received expert testimony to assist fact finding on naked licensing. Nor does TFN explain why an expert is needed to determine if TFN retained contractual rights to control quality, if TFN actually controlled quality, or if TFN reasonably relied upon any licensee to maintain quality.

TFN's plea for time to conduct expert discovery on naked licensing is belied by the fact that TFN did not believe that it needed an expert declaration when TFN sought a hearing date of

September 6, 2007. On July 27, 2007, TFN filed a joint stipulation requesting a September 6, 2007 hearing date. *See* Stipulated Request for Order Changing Time under L.R. 6-2 (July 27, 2007; Document # 79). Up to that point, TFN did not express any need for expert discovery on naked licensing issues. TFN's "need" for expert discovery arose only after this Court's order of July 30, 2007, and TFN saw an opportunity to delay. *See* Order Granting as Modified the Parties' Stipulated Request for Order Changing Time (July 30, 2007; Document # 81) ("*Absent good cause*, the Court prefers to consider all summary judgment motions and cross-motions at the same time.") (emphasis added). If TFN believed that it could be prepared to oppose the Naked Licensing Motion for a September 6, 2007 hearing, there is no reason to credit TFN's recent arguments that it cannot be prepared to oppose the Naked Licensing Motion before a February 28, 2007 hearing.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests this Court to reconsider its July 30, 2007 order, to hear Plaintiff's Naked Licensing Motion in September 2007, and to adjust the due dates for filing opposition and reply papers in accordance with a new hearing date. In the alternative, Plaintiff requests this Court to grant Plaintiff leave, under Civil Local Rule 7-9(a), to notice a motion for reconsideration.

Dated: August 22, 2007

MAYER, BROWN, ROWE & MAW LLP

By /s/ Ian N. Feinberg
Ian N. Feinberg
Attorneys for Plaintiff
FREECYCLESUNNYVALE,