PAUL J. ANDRE, Bar No. 196585
(pandre@perkinscoie.com)
LISA KOBIALKA, Bar No. 191404
(lkobialka@perkinscoie.com)
ESHA BANDYOPADHYAY, Bar. No. 212249
(ebandyopadhyay@perkinscoie.com)
SEAN M. BOYLE, Bar No. 238128
(sboyle@perkinscoie.com)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025
Telephone:   (650) 838-4300
Facsimile:   (650) 838-4350

Attorneys for Defendant
The Freecycle Network, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association, <br><br> Plaintiff, <br><br> v. <br><br> THE FREECYCLE NETWORK, INC., an Arizona corporation, <br><br> Defendant. | CASE NO. C 06-00324 CW <br><br> **THE FREECYCLE NETWORK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SHORTEN TIME** <br><br> Date:     September 27, 2007 <br> Time:     2:00 p.m. <br> Before:   Honorable Claudia Wilken <br> Location: Courtroom 2 |
| THE FREECYCLE NETWORK, INC. an Arizona corporation, <br><br> Counterclaimant, <br><br> v. <br><br> FREECYLESUNNYVALE, a California unincorporated association, <br><br> Counterdefendant. | |

THE FREECYCLE NETWORK, INC.'S
MEMORANDUM OF POINTS & AUTHORITIES        -1-                CASE NO. C 06-00324 CW
IN SUPPORT OF MOTION TO SHORTEN TIME

## I.  INTRODUCTION

Pursuant to Civil Local Rule 6-3, Defendant The Freecycle Network, Inc. ("The Freecycle Network") hereby submits the following memorandum of points and authorities in support of its Motion to Shorten Time regarding the briefing schedule for its Motion to Strike, filed concurrently herewith. The Freecycle Network requests expedited briefing such that the Motion to Strike may be heard before the Court on September 27, 2007, concurrently with Plaintiff FreecycleSunnyvale's summary judgment motion (Docket No. 76). The Freecycle Network's Motion to Strike seeks to exclude evidence cited in FreecycleSunnyvale's summary judgment motion and, being thus related, hearing both The Freecycle Network's Motion to Strike and FreecycleSunnyvale's summary judgment motion at the same time will streamline proceedings before the Court by consolidating hearings on two related motions into one. Further, The Freecycle Network will suffer prejudice if an expedited briefing schedule is not granted, because it will be forced to argue at the summary judgment hearing against evidence it was ambushed by and never had the opportunity to take discovery on. The Freecycle Network therefore respectfully requests the Court to grant its Motion to Shorten Time.

## II.  STATEMENT OF FACTS

On July 17, 2007, FreecycleSunnyvale filed a motion for summary adjudication, attaching as evidence the Declaration of Miles J. Robertson, Jr. ("Robertson Declaration"), whom FreecycleSunnyvale had never previously identified during fact discovery. FreecycleSunnyvale's summary judgment motion is currently set to be heard on September 27, 2007.

On August 30, 2007, counsel for The Freecycle Network informed counsel for Freecycle Sunnyvale that it planned to file a motion to strike the Robertson Declaration. Declaration of Lisa Kobialka in Support of The Freecycle Network's Motion to Shorten Time ("Kobialka Decl."), ¶ 2, Ex. 1. To avoid filing a formal motion to shorten time, counsel for The Freecycle Network attempted to meet and confer with counsel for Freecycle Sunnyvale to stipulate to an expedited briefing schedule for the motion to strike, such that it could be heard on September 27, 2007 at the same time as FreecycleSunnyvale's summary judgment motion. Id.

THE FREECYCLE NETWORK, INC.'S
MEMORANDUM OF POINTS & AUTHORITIES    -2-    CASE NO. C 06-00324 CW
IN SUPPORT OF MOTION TO SHORTEN TIME

On August 31, 2007, counsel for FreecycleSunnyvale informed counsel for The Freecycle Network for the first time that it did not represent Mr. Robertson, who is a third party. Id., ¶ 3, Ex. 2. Counsel for FreecycleSunnyvale further refused to stipulate to an expedited briefing schedule regarding The Freecycle Network's Motion to Strike, stating that "[t]here is no need for expedited briefing on a separate motion." Id.

Despite FreecycleSunnyvale's response, counsel for The Freecycle Network contacted counsel for FreecycleSunnyvale again on August 31, 2007 in a further effort to resolve the dispute and avoid filing a motion to strike with the Court. Id., ¶ 4, Ex. 3. Counsel for The Freecycle Network proposed that they be permitted to take the deposition of Mr. Robertson prior to filing The Freecycle Network's opposition to FreecycleSunnyvale's summary judgment motion. Id. To date, counsel for FreecycleSunnyvale have not responded to The Freecycle Network's proposal. Id., ¶ 5.

### III.   ARGUMENT

#### A.   LEGAL STANDARD

Civil Local Rule 6-3 provides that a motion to shorten time must set forth (1) the reasons for shortening time, (2) the efforts made to obtain a stipulation to change time, and (3) the substantial harm or prejudice that would occur if the Court did not change the time.

#### B.   AN EXPEDITED BRIEFING SCHEDULE WILL STREAMLINE THE PROCEEDINGS BY CONSOLIDATING HEARINGS ON TWO RELATED MOTIONS INTO ONE

The Freecycle Network's Motion to Strike bears directly upon FreecycleSunnyvale's motion for summary judgment. It seeks to exclude the Robertson Declaration filed in support of FreecycleSunnyvale's summary judgment motion, which is improperly before the Court because Mr. Robertson was never previously identified by FreecycleSunnyvale until the filing of its summary judgment motion. Because The Freecycle Network's Motion to Strike and FreecycleSunnyvale's summary judgment motion are thus related, it makes sense and would be efficient to hear both motions at the same time.

### C. THE FREECYCLE NETWORK WILL SUFFER SUBSTANTIAL PREJUDICE IF THE MOTION TO SHORTEN TIME IS DENIED, BECAUSE IT WILL BE FORCED TO ARGUE AGAINST EVIDENCE ON WHICH IT DID NOT HAVE THE OPPORTUNITY TO TAKE DISCOVERY

The Freecycle Network will suffer substantial prejudice if its Motion to Shorten Time is denied. At the September 27, 2007 hearing on FreecycleSunnyvale's summary judgment motion, The Freecycle Network will be forced to argue against evidence supporting FreecycleSunnyvale's summary judgment motion, *i.e.*, the Robertson Declaration, without the benefit of directly contradictory evidence. Such an unfair advantage is due entirely to FreecycleSunnyvale's effectively having ambushed The Freecycle Network with the Robertson Declaration after entering into a stipulation limiting discovery, depriving The Freecycle Network of the opportunity to depose and propound discovery relating to a key witness.

With such apparently uncontroverted evidence, The Freecycle Network faces the very serious danger that FreecycleSunnyvale will fabricate the appearance of an absence of any triable issue of fact, thus entitling it to judgment as a matter of law. Thus, denial of The Freecycle Network's Motion to Shorten Time will cause The Freecyle Network to suffer substantial prejudice in that it will be required to oppose FreecycleSunnyvale's summary judgment motion with its hands tied behind its back. This prejudice can only be cured if The Freecycle Network's Motion to Strike is heard at the same time as FreecycleSunnyvale's summary judgment motion, which will provide The Freecycle Network with the means to timely challenge and exclude FreecycleSunnyvale's improper evidence. The Motion to Shorten time should thus be granted.

### D. THE REQUIREMENTS OF CIVIL LOCAL RULE 6-3 ARE SATISFIED

Pursuant to Civil Local Rule 6-3(a)(2) and (4)(i), and to avoid filing the present Motion to Shorten Time before the Court, counsel for The Freecycle Network met and conferred with counsel for FreecycleSunnyvale to reach a stipulation to shorten the briefing schedule for The Freecycle Network's Motion to Strike. *See* Kobialka Decl., ¶¶2-3, Exs. 1, 2. Counsel for FreecycleSunnyvale refused to an expedited briefing schedule, stating that "[t]here is no need for expedited briefing on a separate motion." Id., ¶ 3, Ex. 2.

THE FREECYCLE NETWORK, INC.'S
MEMORANDUM OF POINTS & AUTHORITIES     -4-     CASE NO. C 06-00324 CW
IN SUPPORT OF MOTION TO SHORTEN TIME

1   In a further effort to meet and confer and resolve this matter without court intervention, The Freecycle Network proposed, in lieu a motion to strike, taking the deposition of Mr. Robertson prior to the time by which it must file its opposition to FreecycleSunnyvale's summary judgment motion. Id., ¶ 4, Ex. 3. The parties discussed extending fact discovery for this limited purpose and had been working toward scheduling the deposition. Id., ¶ 5, Ex. 4. In the interim, however, Plaintiff represented to the Court that all discovery was completed. Further, only days ago, however, counsel for FreecycleSunnyvale informed counsel for The Freecycle Network for the first time that it did not represent Mr. Robertson. Therefore, it has now become necessary for The Freecycle Network to formally subpoena Mr. Robertson, which cannot be accomplished before The Freecycle Network must oppose FreecycleSunnyvale's summary judgment motion. The Freecycle Network's present Motion to Strike and concurrent Motion to Shorten Time were therefore necessitated by FreecycleSunnyvale's delayed disclosure regarding Mr. Robertson's representation.

Pursuant to Civil Local Rule 6-3(4)(ii), as stated above, The Freecycle Network's Motion to Strike seeks to exclude to the Robertson Declaration which FreecycleSunnyvale filed in support of its summary judgment motion. The Freecycle Network believes that the Robertson Declaration should be stricken, as FreecycleSunnyvale never identified Mr. Robertson as a person having relevant knowledge until filing its summary judgment motion. The Freecycle Network is currently unaware of FreecycleSunnyvale's position as to why the Robertson Declaration is proper and should not be stricken.

Pursuant to Civil Local Rule 6-3(5), all previous time modifications in the case are summarized as follows: On February 2, 2006, the parties stipulated and the Court agreed to extend the time by which The Freecycle Network would file its answer to FreecycleSunnyvale's complaint. On May 5, 2006, the parties stipulated to extending the time for completing mediation, which the Court approved. On July 26, 2006, the parties stipulated to a 90 day extension of fact discovery and other dates in the Court's Case Management Order, which the Court approved. On October 2, 2006, the parties stipulated to and the Court approved a continuance on FreecycleSunnyvale's Motion to Dismiss Amended Counterclaims and Motion to

Strike, as well as to 90 day extension of fact discovery and other dates in the Court's Case Management Order. On December 19, 2006, March 29, 2007, and July 17, 2007, the parties stipulated to and the Court approved a 90 day extension of fact discovery and other dates in the Court's Case Management Order. On July 27, 2007, the parties jointly requested an order changing the hearing date on FreecycleSunnyvale's motion for summary adjudication, which the Court granted as modified on July 30, 2007.

Pursuant to Civil Local Rule 6-3(5), if granted, The Freecycle Network's Motion to Shorten Time will not affect any of the dates on the Court's Case Management Order.

## IV. CONCLUSION

For the foregoing reasons, The Freecycle Network respectfully requests that this Court grant the Motion to Shorten Time.

DATED: September 4, 2007.          **PERKINS COIE LLP**

By _____/s/ Lisa Kobialka_____
Paul J. Andre
Lisa Kobialka
Esha Bandyopadhyay
Sean M. Boyle
Attorneys for Defendant
THE FREECYCLE NETWORK, INC.