1   PAUL J. ANDRE, Bar No. 196585
    (pandre@perkinscoie.com)
2   LISA KOBIALKA, Bar No. 191404
    (lkobialka@perkinscoie.com)
3   ESHA BANDYOPADHYAY, Bar. No. 212249
    (ebandyopadhyay@perkinscoie.com)
4   SEAN M. BOYLE, Bar No. 238128
    (sboyle@perkinscoie.com)
5   PERKINS COIE LLP
    101 Jefferson Drive
6   Menlo Park, CA 94025
    Telephone:    (650) 838-4300
7   Facsimile:    (650) 838-4350

8   Attorneys for Defendant
    The Freecycle Network, Inc.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13

14  FREECYCLESUNNYVALE,                    CASE NO. C 06-00324 CW
    a California unincorporated association,
15                                         THE FREECYCLE NETWORK, INC.'S
                    Plaintiff,             MEMORANDUM OF POINTS AND
16                                         AUTHORITIES IN SUPPORT OF
         v.                                DEFENDANT'S MOTION TO STRIKE
17                                         UNDER F.R.C.P. 37(c).
    THE FREECYCLE NETWORK, INC.,
18  an Arizona corporation,                Date:       September 27, 2007
                                           Time:       2:00 p.m.
19                  Defendant.             Before:     Honorable Claudia Wilken
                                           Location:   Courtroom 2
20
    THE FREECYCLE NETWORK, INC.
21  an Arizona corporation,

22                  Counterclaimant,

23       v.

24  FREECYLESUNNYVALE,
    a California unincorporated association,
25
                    Counterdefendant.
26

27

28

THE FREECYCLE NETWORK, INC.'S
MEMORANDUM OF POINTS & AUTHORITIES          -1-              CASE NO. C 06-00324 CW
IN SUPPORT OF MOTION TO STRIKE

Dockets.Justia.com

1

## I.    INTRODUCTION

2    The Freecycle Network, Inc. ("The Freecycle Network") moves this Court to strike or

3    otherwise refuse to consider the Declaration of Mr. Miles Dennis Robertson, Jr. (Docket Entry

4    No. 70) submitted by Plaintiff Freecyclesunnyvale ("Plaintiff") in support if its motion for

5    summary adjudication and for sanctions pursuant to Fed. R. Civ. P. 37. Plaintiff's recent Motion

6    for Reconsideration misleads the Court by representing that the parties have completed discovery

7    in this matter. However, this is not the case because The Freecycle Network has not yet taken the

8    deposition of Miles Dennis Robertson, Jr., a key person with knowledge the circumstances giving

9    rise to the claims in the present case.

10    The parties in this matter stipulated that only specific limited discovery remained to be

11    completed in the pending action. Plaintiff did not identify Mr. Robertson in its Fed. R. Civ. P.

12    Rule 26 disclosures or otherwise during the discovery period. Following the filing of the

13    stipulation, Plaintiff disclosed for the first time Mr. Robertson as someone with relevant

14    information. As such, the deposition of Mr. Robertson was not contemplated in the stipulation.

15    Instead, the information within the personal knowledge of Mr. Robertson and its importance only

16    became known to The Freecycle Network when Plaintiff filed its motion for summary

17    adjudication that was supported by the declaration of Mr. Robertson.

18    Plaintiff's late identification of Mr. Robertson effectively sandbagged The Freecycle

19    Network into entering into a limiting discovery stipulation, one which extends the discovery

20    cutoff for only previously noticed depositions. Prior to agreeing to the terms of the stipulation,

21    Plaintiff improperly caused The Freecycle Network to believe that Plaintiff complied with its

22    discovery obligations and identified all known potential witnesses. Although Plaintiff agreed to

23    extend the discovery cut-off to permit The Freecycle Network to take the deposition Mr.

24    Robertson, it filed its Motion for Reconsideration before The Freecycle Network had the

25    opportunity to go forward with Mr. Robertson's deposition and falsely represented to the Court

26    that all discovery had been completed. More recently, Plaintiff informs The Freecycle Network

27    that it cannot produce Mr. Robertson as it does not represent him.

28

1    Due to Plaintiff's actions and misrepresentations, The Freecycle Network hereby moves to

2    strike the declaration of Mr. Robertson. The Freecycle Network also requests the Court to have

3    this briefing done on an expedited basis so this motion can be heard at the same time as the

4    summary judgment motion on September 27, 2007.

5                        **II.    STATEMENT OF FACTS**

6        The Freecycle Network has not had the opportunity to depose all material witnesses in this

7    case. *See* Declaration of Esha Bandyopadhyay in Opposition to Freecycle Sunnyvale's

8    Administrative Motion for Reconsideration ("Bandyopadhyay Decl."), ¶¶ 2-3 (Docket Entry No.

9    91). Specifically, the parties entered into a stipulation to extend the discovery date to November

10   1, 2007 and to not propound any additional deposition notices. *Id.* On the very same day,

11   however, Plaintiff filed its Motion for Summary Adjudication Under Federal Rule of Civil

12   Procedure 56 ("MSJ") and a supporting declaration of Miles Dennis Robertson, Jr. Mr.

13   Robertson is apparently a key witness that Plaintiff ***never identified*** in discovery, including in its

14   initial disclosures and written discovery responses. *Id.*, ¶¶ 2-3, Exhs. A-E. In fact, the earliest

15   notice The Freecycle Network received that Plaintiff may rely on Mr. Robertson as a witness was

16   when Plaintiff electronically filed his declaration in support of Plaintiff's MSJ on the evening of

17   July 17, 2007, after the stipulation was filed. To date, Plaintiff has not provided an explanation as

18   to its failure to identify Mr. Robertson as a person with knowledge or otherwise describe

19   information relevant to the claims in the present matter that are within the personal knowledge of

20   Mr. Robertson. *Id.*, ¶ 3, Exh. F. Only after The Freecycle Network brought this issue to

21   Plaintiff's attention did Plaintiff supplement its disclosures to identify Mr. Robertson as a person

22   with knowledge. *Id.*

23       The Freecycle Network attempted to meet and confer with Plaintiff regarding the

24   deposition of Mr. Robertson on a number of occasions. *Id.*, ¶¶ 2-3, Exhs. A-E; Declaration of

25   Lisa Kobialka In Support Of The Freecycle Network's Motion to Strike ("Kobialka Decl.) filed

26   herewith, ¶2, Exh. A. However, Plaintiff ignored The Freecycle Network's multiple requests to

27   discuss the matter, and then stated it would extend the discovery deadline with respect to Mr.

28   Robertson's deposition. *See* Bandyopadhyay Decl., ¶¶2-3, Exhs. A-E (Docket Entry No. 91); *see*

1    *also* Kobialka Decl., ¶2. In the meantime, Plaintiff filed a Motion for Reconsideration without

2    providing The Freecycle Network the opportunity to depose Mr. Robertson, forcing The

3    Freecycle Network to oppose that motion. In Plaintiff's Reply in Support of its Motion for

4    Reconsideration, Plaintiff falsely represented that all discovery necessary in connection with its

5    MSJ had been taken, which simply was not true. Reply in Support of Freecyclesunnyvale's

6    Notice of Administrative Motion for Reconsideration ("Reply") at 2 (Docket Entry No. 93). In

7    light of the Court's recent Order on this matter and Plaintiff's unwillingness to resolve this matter

8    now with The Freecycle Network, including its recent disclosure that it does not represent Mr.

9    Robertson, The Freecycle Network does not have enough time to depose Mr. Robertson. Indeed,

10   Plaintiff's counsel informed counsel for The Freecycle Network late last week that Mr. Robertson

11   is not represented by Plaintiff's counsel and that The Freecycle Network must use the Fed. R.

12   Civ. P. 45 third-party subpoena process in order to obtain testimony from Mr. Robertson.

13        As a direct result of Plaintiff's conduct, The Freecycle Network will be unable to question

14   Mr. Robertson regarding the facts discussed in his declaration and gather information from Mr.

15   Robertson that may dispute those facts. Under these circumstances, this Court's consideration of

16   Mr. Robertson's declaration would result in substantial prejudice to The Freecycle Network. The

17   Freecycle Network is substantially prejudiced by (1) Plaintiff's failure to disclose Mr. Robertson

18   in a timely manner during discovery, (2) Plaintiff's failure in providing Plaintiff's a sufficient

19   opportunity to depose Mr. Robertson before filing its Motion for Reconsideration to change the

20   MSJ hearing date, despite its offer to extend the discovery deadline with respect to Mr.

21   Robertson's deposition, (3) Plaintiff's failure to inform The Freecycle Network that it did not

22   represent Mr. Robertson, such that The Freecycle Network could go through the appropriate third

23   party subpoena procedures in a timely manner, and (4) Plaintiff's false representation to the Court

24   that all discovery in the case had been completed at a time when Plaintiff was aware that The

25   Freecycle Network was seeking to take the deposition of a previously undisclosed witness who

26   supplied a fact declaration in support of Plaintiff's motion for summary adjudication. In order to

27   prevent such prejudice, The Freecycle Network files this Motion to Strike. The Freecycle

28   Network respectfully requests that the Court strike the declaration of Miles Dennis Robertson, Jr.

filed in support of Plaintiff's MSJ and allow The Freecycle Network the opportunity to amend its

opposition should such an amendment be necessary.

### III.    ARGUMENT

#### A.    There Was No Justification for Plaintiff's Failure to Disclose Mr. Robertson

Federal Rule of Civil Procedure 37(c) provides that "[a] party that without substantial

justification fails to disclose information required by Rule 26(e)(1) or 26(e)(1) or to amend a prior

response to discovery as required by Rule 26(e)(2), is not [...] permitted to use as evidence at a

trial, at a hearing, or on a motion any witnesses or information not so disclosed." Failure to

comply with the disclosure requirements will result in the exclusion of that evidence unless the

failing party shows that there was substantial justification for the failure or that the failure was

harmless. Fed.R.Civ.Proc. 37(c); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101,

1106 (9th Cir. 2001). The burden is on the violating party to prove that the violation was

harmless. Id. Courts have applied this preclusionary rule to motions for summary judgment.

See, e .g., Ebewo v. Martinez, 309 F.Supp.2d 600, 607 n.2 (S.D.N.Y. 2004). Its purpose is to

prevent the practice of "sandbagging" an opposing party with new evidence. Ventra v. United

States, 121 F.Supp.2d 326, 332 (S.D.N.Y. 2000).

In addition to striking Plaintiff's Declaration, pursuant to Fed. R. Civ. P. 37(c)(1), this

Court may impose appropriate sanctions against Plaintiff including all sanctions set forth in

subsection (b)(3)(A-E) of Rule 37. Tritek Techs., Inc. v. United States, 63 Fed.Cl. 740, 750

(2005). Included in the sanctions available to this Court is an "order refusing to allow [Plaintiff]

to support or oppose designated claims or defenses, or prohibiting [Plaintiff] from introducing

designated matters in evidence." Fed.R.Civ.Proc. 37(b)(2)(B).

#### B.    Mr. Robertson's Declaration Should be Stricken From the Record Pursuant to Federal Rule of Civil Procedure 37

The Freecycle Network moves to strike the declaration of Miles Dennis Robertson, Jr. on

the ground that Plaintiff failed to list this witness in either its initial disclosures or discovery

responses pursuant to Fed. R. Civ. P. 26(a), which requires a party to disclose the names of "each

individual likely to have discoverable information that the disclosing party *may* use to support its

1   claims or defenses...." Fed.R.Civ.P. 26(a) (emphasis added). The evidence is uncontradicted that

2   at no time prior to filing its summary adjudication motion did Plaintiff ever disclose Mr.

3   Robertson as a person with knowledge and Plaintiff's intention to rely upon Mr. Robertson's

4   statements to support its claims or defenses.

5        Further, The Freecycle Network will plainly be prejudiced by Plaintiff's utilization of a

6   surprise witness in support of its summary judgment request. Absent the disclosure of Mr.

7   Robertson as a person with knowledge under Rule 26(a), it would be unreasonable to expect The

8   Freecycle Network to depose them. *See* Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D.

9   313, 324-26 (C.D. Cal. 2004) (striking declaration offered by plaintiff in support of its opposition

10  to a summary judgment request under Rule 37 because declarant was not disclosed as witness

11  during the time established for fact discovery); *see also* Fleming v. Verizon New York, Inc., Slip

12  Copy, No. 03 Civ. 5639 (WHP), 2006 WL 2709766, at *7-9 (S.D.N.Y. Sept. 22, 2006) (striking

13  declaration offered by plaintiff in support of its opposition to a summary judgment request under

14  Rule 37 because plaintiff failed to identify the witness in its Rule 26(a) disclosures).

15        Plaintiff failed to be forthright in its disclosures and written discovery responses because it

16  failed to disclose all witnesses with knowledge regarding the claims and defenses asserted by

17  Plaintiff in the present action. After ensuring that The Freecycle Network's opportunity to take

18  depositions was foreclosed, in its MSJ, Plaintiff relied on the declaration of an apparently key

19  witness that it never disclosed to The Freecycle Network. *See* Bandyopadhyay Decl., ¶¶ 2-3

20  (Docket Entry No. 91). When The Freecycle Network brought this omission to the Plaintiff's

21  attention, Plaintiff claimed that the witness was "harmless." *Id.*, ¶¶2-3, Exhs. A-E. However, the

22  evidence is uncontroverted that The Freecycle Network had no indication that Plaintiff would be

23  using Mr. Robertson as a witness in this case until his declaration was filed in support of

24  Plaintiff's MSJ. *Id.* Further, Plaintiff used Mr. Robertson's declaration in support of a MSJ, a

25  dispositive motion which could preclude The Freecycle Network from asserting defenses to

26  Plaintiff's claims and asserting a trademark infringement counterclaim against Plaintiff. Contrary

27  to Plaintiff's assertion that the failure to disclose Mr. Robertson's identity was harmless, it is clear

28

1  that Plaintiff's improper actions directly and substantially prejudice The Freecycle Network's

2  ability to adequately and fully respond to Plaintiff's dispositive motion.

3      The Freecycle Network cannot take the deposition of Mr. Robertson before providing its

4  submissions responsive to the MSJ. After several meet and confer letters, Plaintiff agreed to

5  provide Mr. Robertson for deposition. However, before allowing The Freecycle Network the

6  opportunity to depose Mr. Robertson, Plaintiff filed a Motion for Reconsideration requesting that

7  the Court move the hearing date of the MSJ. *See id.*, ¶¶2-3, Exh. A-E; *see also* Kobialka Decl.,

8  ¶2, Exh. A; Motion for Reconsideration (Docket Entry No. 86). In support of its Motion for

9  Reconsideration, Plaintiff represented to the Court that all fact discovery was completed and,

10  presumably, the Court relied on this false representation in granting Plaintiff's Motion for

11  Reconsideration. Motion for Reconsideration at 2 (Docket Entry No. 86). The Court scheduled

12  the hearing on Plaintiff's MSJ for September 27, 2007 with the inaccurate understanding that The

13  Freecycle Network had completed necessary discovery. With the current schedule, The Freecycle

14  Network will not be able to complete the deposition of Mr. Robertson before The Freecycle

15  Network's opposition papers are due to the Court. This is particularly true where Plaintiff just

16  informed The Freecycle Network that they could not provide Mr. Robertson for deposition last

17  week, despite its offer to extend the discovery deadline in order for Mr. Robertson's deposition to

18  be taken.

19      The Freecycle Network has plainly been prejudiced by Plaintiff's actions, including its

20  failure to disclose Miles Dennis Robertson, Jr. as a prospective witness at any time prior to

21  submitting its summary adjudication declarations on July 17, 2007. Plaintiff's conduct is

22  particularly egregious because on the very day Plaintiff first identified Mr. Robertson as a

23  potential witness by submitting his declarations, The Freecycle Network agreed to and stipulated

24  to not propound further additional deposition notices. Plaintiff's conduct effectively eliminated

25  The Freecycle Network's ability to depose Mr. Robertson and ensured that Plaintiff's submission

26  Mr. Robertson's declaration without allowing The Freecycle Network to effectively refute the

27  contents of the declaration. Plaintiff's conduct was without substantial justification and was not

28  harmless.

1    Plaintiff's conduct clearly constitutes a failure to comply with its disclosure obligations in

2    violation of Fed. R. Civ. P. 26.  Therefore, The Freecycle Network is entitled to sanctions

3    pursuant to Fed. R. Civ. P. 37.  As such, The Freecycle Network hereby requests that the

4    Declaration of Miles Dennis Robertson, Jr. (Docket Entry No. 70) be stricken and that sanctions

5    be granted pursuant to Rule 37(c)(1).  In the alternative, The Freecycle Network requests that the

6    Court order that Mr. Robertson be made available for his respective deposition and to allow The

7    Freecycle Network to supplement its opposition to Plaintiff's MSJ should such supplementation

8    be necessary following the deposition.

9    The circumstances before the Court in this action are similar to those before the Court in

10    Jain v. Trimas Corp., 2005 WL 3439932 (E.D. Cal. Dec. 15, 2005).  In Jain, the plaintiff

11    submitted a declaration in support of its opposition to defendant's summary judgment motion.  *Id.*

12    at *1.  In the declaration, the declarant offered expert opinions regarding the issues in the case.

13    *Id.* at *2.  However, at no time prior to submitting the declaration did plaintiff disclose the

14    declarant as an expert witness in either its Rule 26 disclosures or written discovery.  Defendant

15    moved the court to strike the declaration.  *Id.*  In striking the declaration, the Court stated that "the

16    failure to disclose [declarant] as an expert is not harmless because [the declaration] . . . is the only

17    evidence of disputed issues between the parties." *Id.* at *3.  Similar to the circumstances in Jain,

18    Plaintiff's failure to disclose the declarant in a timely is not harmless because Plaintiff is using the

19    declaration to put forth disputed facts without allowing The Freecycle Network to engage in

20    discovery regarding those allegations.

21                         **IV.    CONCLUSION**

22    For the foregoing reasons, The Freecycle Network respectfully requests that this Court

23    grant its Motion to Strike under F.R.C.P. 37( c) to strike the declaration of Miles Dennis

24    Robertson, Jr. from Plaintiff's MSJ.  Further, The Freecycle Network requests that the Court

25    allow The Freecycle Network the opportunity to amend its Opposition to Plaintiff's MSJ should

26

27

28

1  such an amendment be necessary.

2

3  DATED: September 4, 2007          **PERKINS COIE LLP**

4

5                                    By _____ s/s Lisa Kobialka _____
                                        Paul J. Andre
6                                       Lisa Kobialka
                                        Esha Bandyopadhyay
7                                       Sean Boyle
                                        Attorneys for Defendant
8                                       THE FREECYCLE NETWORK, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28