Ian N. Feinberg (SBN 88324)
ifeinberg@mayerbrown.com
Dennis S. Corgill (SBN 103429)
dcorgill@mayerbrown.com
Eric B. Evans (SBN 232476)
eevans@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2060

Attorneys for Plaintiff
FREECYCLESUNNYVALE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>THE FREECYCLE NETWORK, an Arizona corporation,<br><br>Defendant. | CASE NO. C06-00324 CW<br><br>**OPPOSITION TO THE FREECYCLE NETWORK, INC.'S MOTION TO SHORTEN TIME PURSUANT TO CIVIL L.R. 6-3** |
| THE FREECYCLE NETWORK, INC., an Arizona Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Counterdefendant. | Date:       September 27, 2007<br>Time:       2:00 p.m.<br>Before:     Honorable Claudia Wilken<br>Location:  Courtroom 2 |

Having failed to convince this Court to delay the hearing on Plaintiff and Counterdefendant FreecycleSunnyvale's motion for summary judgment on naked licensing, Defendant and Counterclaimant The Freecycle Network, Inc. ("TFN") now seeks to preclude evidence that it has long known about from a witness about whom TFN has long and intimate knowledge. Pursuant to Civil L.R. 6-3(c), FreecycleSunnyvale opposes TFN's motion for an order shortening time on its motion to strike the Declaration of Miles Dennis Robertson Jr. because the motion is baseless on its face and is simply more dilatory conduct by TFN.

## I.   INTRODUCTION

TFN's motion seeks to shorten time for the parties to brief a Fed.R.Civ.P. 37 motion to strike the Declaration of Miles Dennis Robertson, Jr. in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Motion for Summary Adjudication (the "Naked Licensing Motion") (July 17, 2007; Document # 70) ("Robertson Declaration") because Mr. Robertson was not disclosed in FreecyleSunnyvale's initial disclosures. But Mr. Robertson is no surprise witness and TFN suffered no prejudice. *See* Exh. A to Declaration of Dennis S. Corgill in Support of Opposition to Motion to Shorten Time (attaching Robertson Declaration) ("Corgill Dec.").

In fact, Mr. Robertson was a senior TFN volunteer who gave his time to TFN in several significant roles and ways. Mr. Robertson was a New Group Approver for TFN, a Group Outreach and Assistant (GOA) volunteer for TFN, the GOA coordinator for all TFN GOAs , and a member of the eight person TFN central committee known as The Hub. *See* Robertson Declaration ¶¶ 2, 11, 19, 33, 34 (Exh. A to Corgill Dec.). That Mr. Robertson was well-known to TFN is obvious, and TFN does not argue otherwise. In short, the Robertson Declaration presents evidence well-known to TFN from a wittiness well-known to TFN.

A failure to disclose a witness is harmless if the witness's identity is already known to the other party. *See* Advisory Committee Notes to 1993 Amendments to FED.R.CIV.P. 37(c). Like the overwhelming evidence of TFN's naked licensing, the evidence that Mr. Robertson's identity, and indeed his testimony, was already known to TFN is similarly overwhelming.

Nonetheless, TFN asserts that it has been "ambushed" and that TFN will "suffer prejudice" if this Court considers the Robertson Declaration. That claim is preposterous on its

face. First, as shown above, TFN has long-known of Mr. Robertson as demonstrated by his declaration and documents TFN itself produced identifying Mr. Robertson. Second, the evidence he presents is of acts by TFN of which TFN was obviously well-aware. Third, when TFN first complained that it had not had the opportunity to depose Mr. Robertson, Freecycle Sunnyvale twice offered to stipulate to extend the fact discovery cutoff so that TFN could seek discovery from him, notwithstanding that TFN had long known of Mr. Robertson and his evidence. TFN declined the offers because it also wanted to extract an extension of the discovery cut-off for a declarant whose identity had been disclosed. And TFN's assertion that it would have deposed Mr. Robertson had it only known of him is belied by the fact that TFN took NO third party discovery whatsoever. *See* Corgill Dec. ¶¶ 2-4, 6(a), (b), (d), (g). TFN will not "suffer prejudice" from consideration of the Robertson Declaration.

## II.  FACTUAL BACKGROUND

On July 24, 2007, TFN initiated the meet and confer process regarding the Robertson Declaration. TFN objected to the Robertson Declaration because Mr. Robertson had not been identified as a fact witness in FreecycleSunnyvale's initial disclosures. On July 25, 2007, FreecycleSunnyvale responded by way of letter, explaining that the failure to identify Mr. Robertson was harmless because Mr. Robertson and his evidence was well-known to TFN. FreecycleSunnyvale specifically pointed out that ***TFN itself*** had identified Mr. Robertson as one of TFN's senior volunteers in documents that TFN produced to Freecycle Sunnyvale. *See* Corgill Dec. ¶¶ 5, 6(a).

Notwithstanding that the omission of Mr. Robertson was harmless, later that same day (July 25, 2007), FreecycleSunnyvale offered to extend the fact discovery cutoff so that TFN could seek discovery from Mr. Robertson. TFN rejected that offer unless FreecycleSunnyvale agreed also to extend discovery for an additional witness who *was* identified on FreecycleSunnyvale's initial disclosures. On July 30, 2007, TFN stated that the meet and confer process had concluded because FreecycleSunnyvale would not agree to extend discovery for the disclosed witness, and announced its intention to file a FED.R.CIV.P. 37 motion. *See* Corgill Dec. ¶¶ 6(b)-(f).

1   On July 30, 2007, FreecycleSunnyvale again offered to extend the fact discovery cutoff so that TFN could seek discovery from Mr. Robertson.  On July 31, 2007, TFN responded that it was "not agreeable to FreecycleSunnyvale's offer."  Although TFN stated that it was "willing to hear alternative proposals," TFN never identified those "alternative proposals."  By failing to accept FreecycleSunnyvale's offer, or to offer any "alternative proposals" of its own, TFN demonstrated that it was not prejudiced by any nondisclosure of Mr. Robertson but instead simply wanted to use the Robertson issue to gain a tactical advantage.  *See* Corgill Dec. ¶¶ 6(g), (h).

On August 16, 2007, TFN opposed FreecycleSunnyvale's motion to schedule the Naked Licensing Motion for a September 2007 hearing.  TFN argued that it needed discovery from Mr. Robertson and from experts.  *See* Opposition to FreecycleSunnyvale's Administrative Motion 2:10-25 (August 16, 2007; Document # 90).  This Court did not credit TFN's arguments and set a September 27, 2007, hearing date for the Naked Licensing Motion.  *See* Order Granting Plaintiff's Motion (August 24, 2007; Document # 96).

On August 30, 2007—little more than a week before its opposition to Naked Licensing Motion is due—TFN again sought discovery from Mr. Robertson.  In the alternative, TFN sought expedited briefing on a FED.R.CIV.P. 37 motion to strike the Robertson Declaration.  FreecycleSunnyvale responded the next day, pointing out that a separate motion was not necessary because TFN could present any evidentiary objections in TFN's opposition to the Naked Licensing Motion.  *See* Corgill Dec. ¶ 8.

On September 4, 2007—just two days before its opposition to the Naked Licensing Motion is due—TFN filed two motions.  One is a motion to shorten time so that this Court may hear a FED.R.CIV.P. 37 motion concurrently with the Naked Licensing Motion.  The second is a FED.R.CIV.P. 37 motion seeking to strike the Robertson Declaration.  FreecycleSunnyvale now responds to the first motion, the motion to shorten time.

### III.  TFN FABRICATES PROCEDURAL HURDLES TO A SUMMARY JUDGMENT DECLARATION THAT HAS NO BASIS IN LAW OR THE RECORD

TFN complains that it was "depriv[ed] of the opportunity to depose and propound discovery relating to [Mr. Robertson]."  TFN Memorandum 4:10-11 (September 4, 2007;

3

Document # 99) ("TFN Memorandum"). This statement is not true. Mr. Robertson was well-known to TFN, and TFN does not argue otherwise. Nothing prevented TFN from seeking discovery from Mr. Robertson before the fact discovery cutoff. Further, FreecycleSunnyvale twice offered to extend the fact discovery cutoff so that TFN could take discovery from Mr. Robertson, but TFN refused both offers because it did not also include an agreement to extend the discovery cut-off for a disclosed witness.

TFN complains that FreecycleSunnyvale only recently notified TFN that counsel for FreecycleSunnyvale does not represent Mr. Robertson. TFN Memorandum 5:6-10. But TFN never asked who represented Mr. Robertson, and TFN cites no rule or case for the novel proposition that FreecycleSunnyvale had a duty to volunteer the fact that it did not represent Mr. Robertson. Moreover, TFN does not—and cannot—complain that it was misled. TFN does not point to any statement by counsel for FreecycleSunnyvale even implying, much less stating, that it represented Mr. Robertson.[1]

TFN complains that TFN "is currently unaware of FreecycleSunnyvale's position as to why the Robertson Declaration is proper and should not be stricken." TFN Memorandum 5:18-20. This statement is wrong. In a letter dated July 25, 2007, FreecycleSunnyvale explained why the Robertson Declaration should not be stricken. *See* Corgill Dec. ¶ 6(a). FreecycleSunnyvale repeated its explanation in a pleading filed on August 22, 2007. *See* Exhibit C to Corgill Dec. (attaching Reply in Support of Administrative Motion for Reconsideration 2:24 to 3:20 (August 22, 2007; Document # 93)).

**IV. THE REQUIREMENTS OF CIVIL L.R. 6-3 ARE NOT SATISFIED BECAUSE TFN WILL NOT BE PREJUDICED IF TIME IS NOT SHORTENED TO HEAR A FED.R.CIV.P. 37 MOTION**

---

[1] Perhaps TFN is arguing that it should be allowed to assume that every fact witness with unfavorable evidence is represented by opposing counsel and, therefore, can be produced pursuant to a deposition noticed under FED.R.CIV.P. 30. Such an argument flies in the face of common sense and FED.R.CIV.P. 45, which permits third party depositions, regardless of whether the evidence is favorable.

4

1    TFN must show that TFN will suffer prejudice if TFN's motion to shorten time is not granted. First, as FreecycleSunnyvale has explained, any evidentiary objection to the Robertson Declaration can be presented in TFN's opposition to the Naked Licensing Motion. *See* FED.R.CIV.P. 37(c)(1) (first sentence). There is no FED.R.CIV.P. 37 requirement that evidentiary objections may only be presented by way of a separate motion, much less one that is briefed on shortened time. TFN does not argue otherwise.

Second, TFN will not suffer prejudice if this Court considers the Robertson Declaration and decides the Naked Licensing Motion on the merits. As FreecycleSunnyvale has explained, an undisclosed witness may be used if any failure to disclose the witness is "harmless." A failure to disclose a witness is harmless if the witness's identity is already known to the other party. *See* Advisory Committee Notes to 1993 Amendments to FED.R.CIV.P. 37(c). Not only was Mr. Robertson extremely well known to TFN, but TFN itself identified Mr. Robertson in its own documents. And Mr. Robertson's declaration is about TFN's own acts, of which it was obviously well aware. In short, TFN seeks to preclude evidence of which it was painfully aware from a witness of whom it had long known, in an attempt to conceal from the Court evidence of naked licensed on a grand scale. Desperation, however, is not a reason to preclude the Robertson Declaration.

**V.    CONCLUSION**

For the foregoing reasons, FreecycleSunnyvale respectfully requests that this Court deny TFN's motion to shorten time and strike TFN's motion to strike under FED.R.CIV.P. 37.

Dated: September 6, 2007        MAYER BROWN LLP
                                IAN N. FEINBERG
                                DENNIS S. CORGILL
                                ERIC B. EVANS


                                By:         /s/
                                        Ian N. Feinberg

                                Attorneys for Plaintiff FREECYCLESUNNYVALE

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

44040089.3                                              OPPOSITION TO TFN'S MOTION TO SHORTEN TIME
                                                                      CASE NO. C06-00324 CW