

1    MAYER BROWN LLP
     Ian N. Feinberg (SBN 88324)
2    ifeinberg@mayerbrown.com
     Dennis S. Corgill (SBN 103429)
3    dcorgill@mayerbrown.com
     Eric B. Evans (SBN 232476)
4    eevans@mayerbrown.com
     Two Palo Alto Square, Suite 300
5    3000 El Camino Real
     Palo Alto, CA  94306-2112
6    Telephone: (650) 331-2000
     Facsimile:  (650) 331-2060
7
     Attorneys for Plaintiff
8    FREECYCLESUNNYVALE,

9
                      UNITED STATES DISTRICT COURT
10
                         NORTHERN DISTRICT
11
                          OAKLAND DIVISION
12

13   FREECYCLESUNNYVALE,                    Case No. C06-00324 CW
     a California unincorporated association,
14                                          DECLARATION OF DENNIS S.
                      Plaintiff,            CORGILL IN SUPPORT OF
15                                          PLAINTIFF AND
            v.                              COUNTERDEFENDANT
16                                          FREECYCLESUNNYVALE'S
     THE FREECYCLE NETWORK,                 OPPOSITION TO MOTION TO
17   an Arizona corporation,                SHORTEN TIME

18                    Defendant.

19   ─────────────────────────────         Date:      September 27, 2007
                                            Time:      2:00 p.m.
20   THE FREECYCLE NETWORK, INC.,           Before:    Honorable Claudia Wilken
     An Arizona Corporation,                Location:  Courtroom 2
21
                      Counterclaimant,
22
            v.
23
     FREECYCLESUNNYVALE,
24   a California unincorporated association,

25                    Counterdefendant.

26

27

28
     ─────────────────────────────────────────────────────────────
           CORGILL DECLARATION ISO OPPOSITION TO MOTION TO SHORTEN TIME
                                               CASE NO. C06-00324 CW

Dockets.Justia.com

1    I, Dennis S. Corgill, declare as follows:

2        1.      I am an attorney licensed to practice in the State of California.  I am an associate

3    in the law firm Mayer Brown LLP, counsel of record for Plaintiff and Counterdefendant

4    FreecycleSunnyvale in the above-captioned action.  I am one of the attorneys representing

5    FreecycleSunnyvale.  I know the following facts of my own knowledge and, if called as a

6    witness, could and would competently testify to the following facts.

7        2.      Throughout the above-captioned litigation, Defendant and Counterclaimant The

8    Freecycle Network ("TFN") has noticed the depositions of only three individuals, Jason Wong,

9    Lisanne Abraham, and Timothy Oey, all of whom are members of Plaintiff and

10    Counterdefendant FreecycleSunnyvale.  The deposition of Jason Wong was completed on

11    August 9, 2007.  The deposition of Lisanne Abraham was completed on August 10, 2007.  The

12    deposition of Timothy Oey was taken on August 17, 2007.  At the end of Mr. Oey's day-long

13    deposition, counsel for TFN, Lisa Kobialka indicated that she had no further questions pending

14    supplemental document production in response to requests that TFN previously served and

15    FreecycleSunnyvale previously answered.  FreecycleSunnyvale produced additional documents

16    on August 31, 2007.

17        3.      There are no outstanding discovery requests that TFN has served upon

18    FreecycleSunnyvale and that FreecycleSunnyvale has not answered.

19        4.      Throughout the above-captioned litigation, TFN has not conducted third-party

20    discovery under the Federal Rules of Civil Procedure.

21        5.      On July 24, 2007, counsel for TFN, Esha Bandyopadhyay, initiated a meet and

22    confer process pertaining to the declaration of Miles Dennis Robertson, Jr., which was filed on

23    July 17, 2007, in support of FreecycleSunnyvale's motion for summary adjudication.  *See*

24    Declaration of Miles Dennis Robertson, Jr., in Support of Plaintiff and Counterdefendant

25    FreecycleSunnyvale's Motion for Summary Adjudication (July 17, 2007; Document # 70)

26    ("Robertson Declaration").  Attached to this Declaration as Exhibit A is a true and correct copy

27    of the Robertson Declaration.

28

6.     In the meet and confer conference on July 24, 2007, Ms. Bandyopadhyay objected that Mr. Robertson had not been identified as a fact witness on FreecycleSunnyvale's initial disclosures.  Attached to this Declaration as Exhibit B is a true and correct copy of letters and email correspondence that Ms. Bandyopadhyay and I exchanged in the course of the meet and confer.  To help with identification, page numbers have been hand-written in the lower right-hand corner of the documents collected in Exhibit B.  Among the correspondence collected in Exhibit B are the following, in chronological order:

   a.     On July 25, 2007, I sent a letter to Ms. Bandyopadhyay by way of email attachment, explaining why a Fed.R.Civ.P. 37 motion to strike the Robertson Declaration would be unfounded.  (Page 1 of Exhibit B).

   b.     On July 25, 2007, I sent a letter to Ms. Bandyopadhyay by way of email attachment, offering to extend the fact discovery cutoff solely for the purpose of seeking a deposition from Mr. Robertson.  (Page 2 of Exhibit B).

   c.     On July 25, 2007, Ms. Bandyopadhyay sent an email to me, making a counter proposal to extend the fact discovery cutoff, not only for Mr. Robertson, but also for Kenneth A. Hedden, Sr., who had been identified on FreecycleSunnyvale's initial disclosures.  (Page 3 of Exhibit B).

   d.     On July 26, 2007, I sent an email to Ms. Bandyopadhyay, stating the offer was still open to extend the fact discovery cutoff solely for the purpose of seeking a deposition from Mr. Robertson.  (Page 3 of Exhibit B).

   e.     On July 27, 2007, I sent a letter to Ms. Bandyopadhyay by way of email attachment, explaining why a case cited by Ms. Bandyopadhyay did not support a FED.R.CIV.P 37 motion to strike the Robertson Declaration (page 8 of Exhibit B).

   f.     On July 30, 2007, Ms. Bandyopadhyay sent an email to me, announcing that the meet and confer had concluded and that TFN would file a motion under FED.R.CIV.P 37.  (Page 9 of Exhibit B).

g.      On July 30, 2007, I sent an email to Ms. Bandyopadhyay, again offering to extend the fact discovery cutoff solely for the purpose of seeking a deposition from Mr. Robertson.  (Page 11 of Exhibit B).

h.      On July 31, 2007, Ms. Bandyopadhyay sent an email to me, stating that TFN "is not agreeable to FreecycleSunnyvale's offer [to extend the fact discovery cutoff solely for the purpose of seeking a deposition from Mr. Robertson]."  Ms. Bandyopadhyay also stated that TFN was "willing to hear alternative proposals." (Page 12 of Exhibit B).  Ms. Bandyopadhyay never subsequently identified any "alternative proposals."

7.      On August 22, 2007, FreecycleSunnyvale filed a Reply in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Notice of Administrative Motion and Administrative Motion for Reconsideration (August 22, 2007; Document # 93).  A true and correct copy of that pleading is attached as Exhibit C.

8.      On August 30, 2007, counsel for TFN, Lisa Kobialka, initiated a meet and confer process pertaining to the Robertson Declaration.  Attached to this Declaration as Exhibit D is a true and correct copy of the email that Ms. Kobialka sent to me.  On August 31, 2007, I sent a letter to Ms. Kobialka by way of email attachment.  Attached to this Declaration as Exhibit E is a true and correct copy of my letter of August 31, 2007.   In a telephone conference On August 31, 2007, Ms. Kobialka indicated that TFN wanted to take the deposition of Mr. Robertson before TFN filed its opposition to a summary judgment motion on September 6, 2007.  Ms. Kobialka also indicated that, if Mr. Robertson was not available for deposition, TFN wanted to schedule an expedited briefing schedule for a FED.R.CIV.P. 37 motion.

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.  Executed in Palo Alto, California, on September 6, 2007.

_____
Dennis S. Corgill

CORGILL DECLARATION ISO OPPOSITION TO MOTION TO SHORTEN TIME
CASE NO. C06-00324 CW

# EXHIBIT A

September 6, 2007, Declaration of Dennis S. Corgill in Support of
Plaintiff and Counterdefendant FreecycleSunnyvale's Opposition to
Motion to Shorten Time

FreecycleSunnvyale v. The Freecycle Network
Case No. C06-00324
(N.D. Cal. filed Jan. 18, 2006)

1   MAYER, BROWN, ROWE & MAW LLP
    Ian N. Feinberg (SBN 88324)
2   ifeinberg@mayerbrownrose.com
    Dennis S. Corgill (SBN 103429)
3   dcorgill@mayerbrownrose.com
    Eric B. Evans (SBN 232476)
4   eevans@mayerbrownrose.com
    Two Palo Alto Square, Suite 300
5   3000 El Camino Real
    Palo Alto, CA  94306-2112
6   Telephone:  (650) 331-2000
    Facsimile:  (650) 331-2060
7
    Attorneys for Plaintiff
8   FREECYCLESUNNYVALE,

9

10              UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT

12                  OAKLAND DIVISION

13  FREECYCLESUNNYVALE,                    Case No. C06-00324 CW
    a California unincorporated association,
14                                         DECLARATION OF MILES DENNIS
                Plaintiff,                  ROBERTSON, JR., IN SUPPORT OF
15                                          PLAINTIFF AND
          v.                                COUNTERDEFENDANT
16                                          FREECYCLESUNNYVALE'S MOTION
    THE FREECYCLE NETWORK,                  FOR SUMMARY ADJUDICATION
17  an Arizona corporation,
                                           Date:       August 23, 2007
18              Defendant.                  Time:       2:00 p.m.
                                           Before:     Hon. Claudia Wilken
19  ─────────────────────────────          Location:   Courtroom 2

20  THE FREECYCLE NETWORK, INC., an
    Arizona Corporation,
21
                Counterclaimant,
22
    v.
23
    FREECYCLESUNNYVALE, a California
24  unincorporated association,

25              Counterdefendant.

26

27

28
                                           ROBERTSON DECLARATION ISO PLAINTIFF'S
                                           MOTION FOR SUMMARY ADJUDICATION
                                           CASE NO. C06-00324 CW

1        I, Miles Dennis Robertson, Jr., declare as follows:

2        1.    I am a resident of Stillwater, Oklahoma. I am a former senior volunteer for The

3    Freecycle Network, Inc. ("TFN"), the Defendant and Counterclaimant in the above-captioned

4    lawsuit. I know the following facts of my own knowledge and, if called as a witness, could and

5    would competently testify to the following facts.

6        2.    In late 2003 or early 2004, I read an article about freecycling and the formation of

7    online freecycling groups. The article contained an email address for Deron Beal, who was

8    described as a founder of a freecycling group. I sent an email to Mr. Beal and indicated that I

9    was interested in starting an online freecycling group for my local area. I asked Mr. Beal what I

10   needed to do. In the ensuing email exchange, Mr. Beal first asked if I had experience moderating

11   groups. I replied with several examples of groups that I was currently moderating. (Among the

12   groups that I was then moderating was a weight loss group for men and an equine related buy-

13   sell-trade group.) Mr. Beal then sent a second email, telling me that the best way to figure out

14   how to form and moderate an online freecycling group was to join two or three of the groups that

15   were already active. Mr. Beal indicated that it was pretty much self explanatory. Mr. Beal's two

16   emails were very brief and to the point. In those emails, Mr. Beal suggested that I could use any

17   files that I found on an online freecycling group. Mr. Beal also advised that I could copy and use

18   any files as I found them. Mr. Beal also advised that I could modify any files to suit my local

19   situation. There was no mention of any requirements that he or his staff be "co-owners" of the

20   group, nor any mention of any requirement to display a Freecycle logo.

21       3.    A few months after my email exchange with Mr. Beal, I acted on the advice that

22   Mr. Beal had forwarded. I joined Mr. Beal's online freecycling group in Tucson, Arizona, and

23   one or two others that Mr. Beal recommended. When I joined the freecycling group in Tucson,

24   Arizona, I was surprised that I did not find any indication that Mr. Beal was actively involved

25   with that group.

26       4.    On April 12, 2004, I entered into a group service account with Yahoo! and started

27   my own online freecycling group for Stillwater, Oklahoma. I named the online group

28

1  "FreecycleStillwaterOK." Following upon Mr. Beal's suggestion, I copied files from other

2  online recycling groups to use to create my own files. Most of the files contained basic

3  instructions on how to use the online group, what to post, and what not to post. I immediately set

4  out to modify the copied files to suit my own preferences. After I modified those files, I posted

5  them to my online freecycling group.

6      5.    At no point during the time when I was setting up my own online freecycling

7  group did anyone contact me to advise me as to what I could do and could not do. No one asked

8  me to sign a contract agreeing to what was expected of me or my group. I was unaware that any

9  one checked on what I was doing.

10     6.    At the time that I set up my own online freecycling group, I was unaware of TFN

11  or its website. The website was not mentioned in the article that sparked my interest in

12  freecycling. In his two emails to me, Mr. Beal did not mention the existence of a freecycle

13  website, and he did not suggest that I visit a website for information on how to start an online

14  freecycling group.

15     7.    Throughout 2004, I ran the FreecycleStillwaterOK online freecycling group

16  independently and without any assistance or guidance from any one, including TFN or Mr. Beal.

17     8.    Toward the end of 2004, as the activity of freecycling was getting more publicity,

18  I happened upon another article that mentioned a website, and I visited it for my first time. This

19  turned out to be TFN's website at www.freecycle.org. In searching the website, I found where

20  "approved" groups were listed by their State. I sent an email to an address on the website and

21  inquired about getting my local group listed. Afterwards, my online freecycling group showed

22  up in the listing on TFN's website. Again, no one from TFN contacted me to advise me as to

23  what I could do and could not do. No one asked me to sign a contract agreeing to what was

24  expected of me or my group. I was unaware of whether anyone joined my group to look over the

25  files or archives. If someone did join my group to look over the files, they did not identify

26  themselves or contact me in any way.

27

28

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.     Later, perhaps in an email exchange with another freecycling group moderator, I learned that TFN had an online discussion group for moderators. I joined that discussion group for additional information, as I was interested in finding more information to help my group grow.

10.     Shortly after joining the online discussion group for moderators, I read about leadership groups that had formed. I sent an email to the person posting the message about the leadership groups, indicating that I had time on my hands to volunteer and would be willing to assist in anyway I could.

11.     Shortly after I volunteered for a leadership group, I received an email from a woman who was known to me as Deanna and who identified herself as TFN's Group Outreach and Assistance ("GOA") for Oklahoma. Deanna asked if I would be interested in being a New Group Approver ("NGA") for Oklahoma. This was sometime right after the Christmas holiday 2004 or possibly the first week of January 2005. I agreed to become the NGA for Oklahoma. On January 9, 2005, Nancy Castleman sent a congratulatory email, announcing that I had agreed to take the appointment as NGA for Oklahoma. Shortly thereafter I received my first new group to approve.

12.     The training that I received to be an NGA came by joining an online discussion group for TFN NGAs. This discussion group was moderated by an "NGA Coordinator." Basically, the training came when an NGA would post a question to the group and the members of the group with an interest in the question would offer suggestions.

13.     While I was an NGA, the applicants who wanted an online freecycling group to be listed on TFN's website received minimal guidance. TFN's website contained some very brief instructions on how to set up an online group through Yahoo! TFN's website also provided group files that an applicant could use or modify for an online freecycling group. For example, there was a "welcome" file which contained the text of an email message for a new member, a "Freecycle Etiquette" file which provided instructions on how members could use the online group, and an "exit" file which contained the text of an email message for a member departing

-3-

from the group. Moderators of new online freecycling groups were supposed to read these files and to conduct themselves accordingly. Otherwise, there was no formal instruction or training whatsoever. In the NGA discussion group, we were often reminded by one or more of the more experienced NGAs that NGAs needed to give new online freecycling groups minimum instructions on how to set up an online group with Yahoo! and how to get the group up and running. The reason was that, if the owner and moderator of a new online group could figure out how to set up the group on their own, then they could figure out how to run the group by, for example, copying files from TFN's website.

       14.    My typical practice as an NGA was as follows: (1) An individual who wanted to set up a new online freecycling group would apply through TFN's website. (2) I would receive information from TFN regarding an application to set up a group in my state, Oklahoma. (3) I would contact the individual and obtain basic information about where they were located, how large of a geographic area they intended to cover, and whether they lived in that area. NGAs were not supposed to approve groups that would geographically cover an area that was too small or too large, groups that overlapped with existing groups, or groups where the owner did not live in the area covered by the group. (4) I would advise that person to set up an online group and get back to me when the online group was up and running. (5) While the individual was setting up the online freecycling group, I would contact moderators in Oklahoma, typically by posting an email to an online discussion group for Oklahoma moderators. In my email to the discussion group, I would ask if there was any reason not to allow the applicant to moderate an online freecycling group. This was the only reference check. (6) When a new online freecycling group was set up, the new group notified me that they were ready for an "inspection." This inspection consisted of making sure that the new group had certain group files, such as the "welcome" file, the "Freecycle Etiquette" file, and the "exit" file. If the online group contained these files, I approved the group, and the group was listed on TFN's website.

       15.    Only at a later time did I learn that a moderator's handbook had been created by a moderator of an online freecycling group in Virginia. That handbook, which was created in

-4-

1  approximately November 2004, was not yet approved by TFN. Because this handbook was

2  available and other moderators on the moderator online discussion group recommended it, I let

3  moderators of new groups know about this manual. Several months later, in the spring of 2005,

4  TFN approved a moderator's manual that was posted on TFN's website.

5      16.    One other thing that a NGA had to do was to make sure that "EF", or

6  "Ersatzfriend" was a co-owner of the group. EF was a fictional person who was created by TFN.

7  EF had an email account, which permitted EF to be listed as a co-owner. EF was passed off to

8  the online freecycling group owner as a safety valve in case something ever happened. For

9  example, if the owners and moderators were locked out of their group by Yahoo!, EF could

10  always go in and save the group.

11      17.    Even though I required new groups to have EF as a co-owner before the new

12  groups would be approved and listed on TFN's website, at this time I did not add EF as a co-

13  owner of my online freecycling group in Stillwater. I knew that, if EF was listed as a co-owner,

14  TFN could come in and take over my group. I just did not want to risk losing ownership and

15  control of my online freecycling group.

16      18.    When I started as an NGA, I approved many groups that did not adopt TFN's

17  logo, which is a stylized presentation of the word "freecycle" and includes a guitar and a bicycle.

18  Some did not like the color. Some did not like the stylized presentation or the overall

19  appearance, and many previously had their own graphics and logos. Later, NGAs were told that

20  new groups had to use TFN's logo and to include a trademark and copyright notice on the home

21  page of the group. I then began to inspect new groups to make sure that the new groups had

22  TFN's logo as well as the trademark and copyright notice.

23      19.    After having served as the NGA of Oklahoma for a short period of time, a woman

24  known to me as Nancy Castleman sent an email to me, stating that the GOA of Oklahoma

25  (Deanna) had recommended me as a possible GOA. Ms. Castleman asked if I would be

26  interested in becoming a GOA. Again having time on my hands, and believing in freecycling, I

27  accepted and became a volunteer GOA. A GOA was not allowed to be a GOA for the state in

28

-5-

1    which he or she had an online freecycling group or for the state in which the GOA was also the

2    NGA. I started as the GOA for Kansas, Nebraska, South Dakota, and North Dakota. By the

3    time I left TFN in August 2005, I had been the GOA over at least a dozen states at one time or

4    another. Even though I took on these new volunteer duties for TFN, I continued as the NGA for

5    Oklahoma until August 2005. When I took on additional volunteer work at the beginning of

6    August 2005, I trained my co-owner of the Stillwater online freecycling group to become the

7    NGA for Oklahoma. My co-owner was subsequently appointed NGA for Oklahoma.

8        20.    The duties of a GOA were quite separate and different from the NGA duties. As

9    an NGA, I contacted individuals who indicated they were interested in starting an online

10   freecycling group or had already started their own freecycling group, and wanted to get it listed

11   on TFN's website. As a GOA, we were listed as "Group Outreach Assistance", to "help" groups

12   owners make their groups run well. I also responded to complaints about online freecycling

13   groups. NGAs were forbidden from looking at up and running online groups to see if there were

14   any problems. If an NGA heard about a problem, the NGA was supposed to report the problem

15   to the appropriate GOA.

16       21.    There was an online discussion group for GOAs that was moderated by Nancy

17   Castleman. Nancy Castleman and other senior volunteers instructed GOAs that we were not, in

18   any way, to get involved in any group other than our own, unless a complaint was made against

19   an online freecycling group. We were advised not to join local groups or even to join online

20   local discussion groups for moderators in our assigned states. The only reason that we were to

21   make contact with an online freecycling group was if a member of a group listed on TFN's

22   website initiated a complaint against a particular group. Then, and only then, was a GOA to join

23   or apply for membership in that particular group. The GOA would then make contact with the

24   group's owners to discuss the "problems." GOAs were told that the reason for our "non-

25   involvement" was to assure the local group owners that they had full and total control over their

26   local groups. Mr. Beal did not want it to appear that TFN was monitoring groups in anyway.

27   Mr. Beal specifically told the online discussion group for GOAs that we should not look for

28

-6-

1  problems.  GOAs were not to go looking for problems but were supposed to let problems come

2  to them.

3      22.    In addition to receiving information from the online discussion group for GOAs, I

4  also communicated regularly with Dianna, the GOA for Oklahoma.  Dianna became my mentor

5  for GOA activities.

6      23.    When I first became a GOA, complaints were made to TFN's website.  If the

7  complaint was about an online freecycling group in one of my states, the complaint would be

8  forwarded to me.  Later, a list of the GOAs and our email addresses was posted on TFN's

9  website.  This allowed members to submit complaints directly to the appropriate GOAs.

10      24.    While complaints from members of online freecycling groups usually were about

11  their own groups, complaints might also concern a neighboring group.  One reason that this

12  might happen is that neighboring groups might have different policies on what kinds of items

13  could be posted.  For example, different groups had different policies about whether pets could

14  be posted.  If a member did not believe that pets should be posted, the member might complain

15  either that his or her own group allowed pet postings or that a neighboring group allowed pet

16  postings.

17      25.    When a member made a complaint about an online freecycling group in one of

18  my states, I responded by email to let the member know that the complaint had been received

19  and that I would look into the matter as best as time allowed.  Because I was assigned to multiple

20  states that had numerous online freecycling groups, a complaint was not always investigated

21  immediately.  Most often, a second or third complaint about a particular group was needed

22  before I would start an investigation.

23      26.    As a GOA, I investigated violations of the "rules" set forth in the "Freecycle

24  Etiquette" file.  Those rules basically stated that everything must be free, legal, and appropriate

25  for all ages.  More often, complaints did not focus on the character of the items that members

26  sought to freecycle.  For some people, "appropriate for all ages" applied to a member's email

27  address that was shown when the email was posted to an online freecycling group.  For example,

28

-7-

some complaints concerned the signature lines on another member's email post, such as signature lines with information advertising a business. One signature line indicated that member was an agent for an insurance company and that people should come see that member for their insurance needs. Some complaints were that other members used vulgar or offensive language in their email addresses and that the group owner did not prohibit these kinds of email addresses.

27.     When investigating complaints, I kept Nancy Castleman generally informed of what I was doing. Sometimes, the group owner would agree that the complaint was legitimate and then resolve the problem. If so, my job was done. Sometimes, the group owner would refuse to resolve the problem. Group owners who refused to cooperate usually objected that, as the owner, they ran the group and made the decisions. As a group owner myself, I understood this concern. In these situations, I had to make judgment calls as to whether to press the issue. I cannot speak for other GOAs, but personally I usually did not press the issue, especially if the complaint seemed minor.

28.     Only if an online freecycling group had flagrant violations, such a permitting postings of items for sale, was an action ever taken against an owner due to a member's complaint. The action that I took was to remove the group from the list of approved groups on TFN's website. The standard practice was to email an individual known to me as Dean, who worked in the "back office" for TFN's Website. Dean would de-list groups. If the delisting from the TFN Website did not persuade an owner to comply with my requests, I would then report the group to Dean, who responsible for sending cease and desist notices to group owners. If cease and desist notices did not work, TFN would file a report with Yahoo! to get the group terminated. My understanding is that the person who was actually responsible for filing reports with Yahoo! was Emily (who had an email address with "gowriterotica"). My understanding was that Emily had developed a relationship with the trademark officers at Yahoo, and could, it seemed, get them to act on her wishes.

29.    In approximately June or July of 2005, after I had been a GOA for a while, the GOAs were asked to check to see if EF had been added as a co-owner when they had a complaint against a group. To do this, we had to email "Judy," the lady who was keeper of the password for "EF". Approximately that same time, GOAs were also asked to check to see if TFN's logo had been updated and the trademark and copyright notice was correct and up to date. I added these additional checks when I investigated complaints. If there was a problem, I would mention to the group owner that I noticed the problem while looking into the complaint. GOAs were not asked to routinely check all groups to see if EF was a co-owner, if TFN's logo was up to date, or if the trademark and copyright notice was correct. I only checked on these matters if I was already investigating a complaint.

30.    Action was taken against group owners who refused to add EF as a co-owner, or to display either TFN's logo or the trademark and copyright notice. For example, in Oklahoma, the online freecycling groups for Lawton and Tulsa refused to add EF as a co-owner. These groups were taken off the list of approved groups on TFN's website. TFN also reported these groups to Yahoo!, who then terminated these groups. TFN then set up new online freecycling groups for Lawton and Tulsa. Deanna, as the GOA of Oklahoma, asked me, as the NGA for Oklahoma, to be an owner of the two replacement groups, and I took on these duties in addition to my other volunteer responsibilities. The two replacement groups were listed on TFN's website.

31.    During this time period, Dianna, the GOA for Oklahoma, informed me that EF was not listed as an owner of my Stillwater freecycling group and that I had to add EF as a co-owner. When I realized that she was serious, I added EF. About six to eight weeks later, I removed EF as a co-owner of my group. As a senior volunteer within the network, I was seeing what was being done to groups that did not follow TFN's directions. I did not want to risk losing ownership and control of my online freecycling group.

32.    Although EF was supposed to be used only in the rare case when a group was left without an owner, I am aware of one instance when TFN used EF to bully its way into a group,

1   displace the original owner, and take over the group. The owner of the group in Lansing,

2   Michigan known as Mid-Michigan Freecycle Network (or MMFN) was contacted about

3   complaints of selling and the group being used as a general discussion forum. The owner

4   refused to contact us, as she told me later, because she didn't know who these people were that

5   were contacting her about problems with her group. Like all the rest of us, she had been given

6   no direction or restrictions as it was "her" group. So she ignored our emails and instructed her

7   co-owner to do the same. During this dispute, Judy specifically noted to other TFN volunteers,

8   including me, that she was against using EF to take over a group. Judy was instructed to use EF

9   to replace the owner. TFN first used EF to appoint an interim moderator for MMFN, giving

10  control of the group to Robin, the coordinator of the "IMOD" team. Then, TFN used EF to

11  appoint me and the interim moderator as new co-owners. Finally, TFN used EF to remove the

12  original owner as an owner. By the time the original owner realized she had lost her group, the

13  IMOD team had control, and the original owner was not one of the people selected to control the

14  MMFN group from that point.

15      33.    In late July or early August 2005, a senior TFN volunteer known to me as

16  Stephanie indicated that she and Mr. Beal wanted me to become the most senior GOA (known as

17  the GOA Coordinator). I accepted the position of GOA Coordinator and became a member of

18  the Hub. On August 5, 2005, Mr. Beal sent an email announcing that I had accepted the position

19  as GOA Coordinator.

20      34.    The creation of the Hub was already in the works at the time of my

21  "promotion", and the Hub was initially started within the first few days after my

22  accepting the position of GOA Coordinator. The Hub was a group of eight people

23  who occupied the top TFN positions. I was included because I was the GOA

24  Coordinator. Mr. Beal told the members of the Hub that all Hub conversations

25  were strictly confidential and could not be disclosed to others, including TFN

26  volunteers who were not Hub members. After two weeks as the GOA Coordinator

27

28

-10-

1   and a member of the Hub, I left TFN.  I still own and moderate freecycling groups

2   that are no longer a part of The Freecycle Network.

3

4        I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct. Executed in Stillwater, Oklahoma, on _7/14/2007_

6

7

8                                    Miles Dennis Roberson, Jr.

# EXHIBIT B

September 6, 2007, Declaration of Dennis S. Corgill in Support of
Plaintiff and Counterdefendant FreecycleSunnyvale's Opposition to
Motion to Shorten Time

FreecycleSunnvyale v. The Freecycle Network
Case No. C06-00324
(N.D. Cal. filed Jan. 18, 2006)



MAYER
BROWN
ROWE
& MAW

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

July 25, 2007

<u>VIA EMAIL AND U.S. MAIL</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:    Disclosure of Witness in *FreecycleSunnyvale v.
The Freecycle Network, Inc.*, Case No. C 06-
00324 CW (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

Thank you for your telephone call yesterday during which you initiated the meet and confer
process for a FED.R.CIV.P. 37 motion on the grounds that Miles Dennis Robertson, Jr., was not
disclosed as a potential witness.

Under FED.R.CIV.P. 37(c)(1), evidence from an undisclosed witness may be used if any failure to
disclose the witness is "harmless." A failure to disclose a witness is harmless if the witness's
identity is already known to the other party or disclosed by other parties. *See* Advisory
Committee Notes to 1993 Amendments to FED.R.CIV.P. 37(c).

Mr. Robertson is not a surprise witness. Mr. Robertson is well-known to The Freecycle Network
("TFN") and to its Executive Director, Deron Beal. Mr. Robertson was an NGA, a GOA, the
GOA Coordinator, and a member of The Hub.

Further, TFN disclosed the identity of Mr. Robertson, as well as his senior status within TFN.
*See, e.g.,* FN 066925, FN 068170, FN 070599.

Pursuant to FED.R.CIV.P. 26(e), FreecycleSunnyvale will supplement its Initial Disclosures to
include the identity of Mr. Robertson, an identity already known to TFN.

We consider this matter resolved pursuant to L.R. 37-1.

Sincerely,

*Denis S. Corgill*

Dennis S. Corgill

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.



Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

July 25, 2007

<u>VIA EMAIL AND U.S. MAIL</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:     Disclosure of Witness in *FreecycleSunnyvale v.*
        *The Freecycle Network, Inc.*, Case No. C 06-
        00324 CW (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

Thank you for returning my telephone call today.  On condition that The Freecycle Network
agrees not to bring a motion under FED.R.CIV.P. 37, FreecycleSunnyvale will agree (1) that the
discovery cut-off of August 3, 2007, does not apply to a deposition of Miles Dennis Robertson,
Jr., and (2) that the hearing date for the motion currently scheduled for August 23, 2007, may be
moved to September 6, 2007, with corresponding adjustments to the briefing schedule.

Sincerely,

Dennis S. Corgill

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

2

**Corgill, Dennis S.**

| | |
|---|---|
| **From:** | Corgill, Dennis S. |
| **Sent:** | Thursday, July 26, 2007 8:53 AM |
| **To:** | 'Bandyopadhyay, Esha  (Perkins Coie)' |
| **Subject:** | RE: Disclosure of Witness in FreecycleSunnyvale v. The Freecycle Network |

Esha,

I will let you know as soon as I am able.  By the way, the offer in my last letter remains open.

Cheers,
Dennis

-----Original Message-----
From: Bandyopadhyay, Esha (Perkins Coie) [mailto:BANDE@PerkinsCoie.com]
Sent: Thursday, July 26, 2007 8:18 AM
To: Corgill, Dennis S.
Subject: RE: Disclosure of Witness in FreecycleSunnyvale v. The Freecycle Network


Dennis:


Please advise as to FreecycleSunnyvale's position on our proposal as we will otherwise need to move forward with a motion in order to continue the August 23rd hearing date.  I look forward to hearing from you.

Best regards,
Esha

-----Original Message-----
From: Bandyopadhyay, Esha (Perkins Coie)

Sent: Wednesday, July 25, 2007 2:47 PM
To: 'Corgill, Dennis S.'
Subject: RE: Disclosure of Witness in FreecycleSunnyvale v. The Freecycle Network

Dennis:

Thank you for your letter of earlier this afternoon.  We are hopeful that the parties can reach some sort of mutual agreement in order not to unnecessarily burden the Court.  We propose the following: The Freecycle Network will agree not to bring a motion under Federal Rule of Civil Procedure 37 if FreecycleSunnyvale will agree that 1) the August 3, 2007, discovery cutoff will not apply to depositions of Miles Dennis Robertson, Jr. or Kenneth A. Hedden, Sr. and 2) that the hearing date for the motion currently scheduled for August 23, 2007, may be moved to September 20, 2007, with corresponding adjustments to the briefing scheduling in order to afford The Freecycle Network sufficient opportunity to conduct the additional depositions.

Please feel free to contact me should you have any questions or concerns.

Best regards,
Esha

-----Original Message-----
From: Corgill, Dennis S. [mailto:DCorgill@mayerbrownrowe.com]

1

3

Sent: Wednesday, July 25, 2007 2:12 PM
To: Bandyopadhyay, Esha (Perkins Coie)
Subject: Disclosure of Witness in FreecycleSunnyvale v. The Freecycle
Network

Esha,

Thank you for returning my call today.  I am sorry that the tenor of our
discussion became acrimonious, and I apologize for my part in that.

Please see the attached letter.

Cheers,
Dennis

Dennis S. Corgill
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Direct Telephone:  650.331.2058
Direct Facsimile:  650.331.4558
Email:  dcorgill@mayerbrownrowe.com
Mobile Telephone:  650.248.0340


IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters
was neither written nor intended by the sender or Mayer, Brown, Rowe &
Maw LLP to be used and cannot be used by any taxpayer for the purpose of
avoiding tax penalties that may be imposed under U.S. tax law. If any
person uses or refers to any such tax advice in promoting, marketing or
recommending a partnership or other entity, investment plan or
arrangement to any taxpayer, then (i) the advice was written to support
the promotion or marketing (by a person other than Mayer, Brown, Rowe &
Maw LLP) of that transaction or matter, and (ii) such taxpayers should
seek advice based on the taxpayers particular circumstances from an
independent tax advisor.


This email and any files transmitted with it are intended solely for the
use of the individual or entity to whom they are addressed. If you have
received this email in error please notify the system manager. If you
are not the named addressee you should not disseminate, distribute or
copy this e-mail.

NOTICE: This communication may contain privileged or other confidential information. If
you have received it in error, please advise the sender by reply email and immediately
delete the message and any attachments without copying or disclosing the contents. Thank
you.

4



Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

July 27, 2007

<u>VIA EMAIL AND U.S. MAIL</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

Re:   Hearing on Motion in *FreecycleSunnyvale v. The Freecycle Network, Inc.*, Case No. C 06-00324 CW (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

With respect to the recently filed Motion for Summary Judgment, FreecycleSunnyvale agrees to moving the hearing date to September 6, 2007, the date originally requested by The Freecycle Network.

With respect to the Declaration of Mr. Robertson, as I explained earlier, any objection under FED.R.CIV.P. 37 is unfounded and, therefore, frivolous.  If you are aware of legal authority to the contrary, please let us know.  Otherwise, we consider this matter concluded.

With respect to depositions of Messrs. Hedden and Robertson, FreecycleSunnyvale will not agree to extend discovery.  The Freecycle Network's failure to seek any third party discovery during the discovery period is not grounds to delay the hearing on the Motion for Summary Judgment.

If you have any questions, please feel free to call.

Sincerely,

Dennis S. Corgill

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

**Corgill, Dennis S.**

**From:**      Bandyopadhyay, Esha  (Perkins Coie) [BANDE@PerkinsCoie.com]
**Sent:**      Friday, July 27, 2007 11:56 AM
**To:**        Corgill, Dennis S.
**Subject:**   RE: Timing issues in FreecycleSunnyvale v. The Freecycle Network

   

FRE_ Joint          FRE_ Order - Joint
stipulation re_ MSJ..   Stipulation...

&lt;&lt;FRE: Joint Stipulation re: MSJ Hearing.DOC&gt;&gt;  &lt;&lt;FRE: Order - Joint
Stipulation re: MSJ Hearing.DOC&gt;&gt; Dennis-

I write in response to your letter of earlier this morning.  We will not
file The Freecycle Network's motion to change the hearing date, though
it is unfortunate that your delay in responding to our proposal has
resulted in wasted time and resources in preparing the motion.

Thank you for agreeing to move the hearing date on FreecycleSunnyvale's
Motion for Summary Judgment to September 6, 2007.  Attached please find
a joint stipulation and proposed order pursuant to Local Rule 6-2.
Please let me know if the attached drafts are acceptable, and we will
take care of the filing.

As I clearly stated during our telephonic discussion on Wednesday, July
25th, we disagree with your assertions regarding The Freecycle Network's
grounds for filing a motion under Federal Rule of Civil Procedure 37.
FreecycleSunnyvale violated the Federal Rules of Civil Procedure in
failing to identify a key witness, Mr. Miles Dennis Robertson, Jr.,
prior to the close of discovery.  As you are no doubt aware, Federal
Rule of Civil Procedure 26(a) requires a party to disclose the names of
"each individual likely to have discoverable information that the
disclosing party may use to support its claims or defenses...."
FreecycleSunnyvale failed to meet this burden.  In addition, it is
well-established that failure to comply with the disclosure requirements
of the Federal Rules of Civil Procedure will result in the exclusion of
that evidence unless the failing party shows that there was substantial
justification for the failure or that the failure was harmless.
Fed.R.Civ.Proc. 37(c); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259
F.3d 1001, 1106 (9th Cir. 2001).  FreecycleSunnyvale has neither
established that it was justified in failing to identify Mr. Robertson
during the discovery period, nor has it established that the failure to
identify Mr. Robertson was harmless.  Failing to identify a witness
prior to the close of discovery that FreecycleSunnyvale is relying upon
in a summary judgment motion, after entering into a stipulation
precluding The Freecycle Network from taking this witness' deposition,
does not satisfy FreecycleSunnyvale's burden in this case.  As such, The
Freecycle Network will be filing a cross-motion under Federal Rule of
Civil Procedure 37 as we have complied with our meet and confer
requirements.  To this end, we need to address the briefing schedule
based on the new proposed hearing date.  We propose setting August 23,
2007, as the date by which FreecycleSunnyvale may oppose The Freecycle
Network's cross-motion, and August 30, 2007, as the date by which The
Freecycle Network may file a reply brief in response to
FreecycleSunnyvale's opposition.  We are happy to discuss this further.


Please let me know if you have any further questions.

Regards,

6

Esha

-----Original Message-----
From: Corgill, Dennis S. [mailto:DCorgill@mayerbrownrowe.com]

Sent: Friday, July 27, 2007 10:02 AM
To: Bandyopadhyay, Esha (Perkins Coie)
Subject: Timing issues in FreecycleSunnyvale v. The Freecycle Network

Esha,

Thank you for your patience.  Please see the attached letter.  Please
call if you have any questions.

Cheers,
Dennis

Dennis S. Corgill
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Direct Telephone:  650.331.2058
Direct Facsimile:  650.331.4558
Email:  dcorgill@mayerbrownrowe.com
Mobile Telephone:  650.248.0340


IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters
was neither written nor intended by the sender or Mayer, Brown, Rowe &
Maw LLP to be used and cannot be used by any taxpayer for the purpose of
avoiding tax penalties that may be imposed under U.S. tax law. If any
person uses or refers to any such tax advice in promoting, marketing or
recommending a partnership or other entity, investment plan or
arrangement to any taxpayer, then (i) the advice was written to support
the promotion or marketing (by a person other than Mayer, Brown, Rowe &
Maw LLP) of that transaction or matter, and (ii) such taxpayers should
seek advice based on the taxpayers particular circumstances from an
independent tax advisor.


This email and any files transmitted with it are intended solely for the
use of the individual or entity to whom they are addressed. If you have
received this email in error please notify the system manager. If you
are not the named addressee you should not disseminate, distribute or
copy this e-mail.


NOTICE: This communication may contain privileged or other confidential information. If
you have received it in error, please advise the sender by reply email and immediately
delete the message and any attachments without copying or disclosing the contents. Thank
you.

7



July 27, 2007

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

<u>VIA EMAIL AND U.S. MAIL</u>

Esha Bandyopadhyay
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

Re:    Disclosure of Witness in *FreecycleSunnyvale v.
The Freecycle Network, Inc.*, Case No. C 06-
00324 CW (N.D. Cal. filed Jan. 18, 2006)

Dear Esha:

This letter continues the meet and confer process for a FED.R.CIV.P. 37 motion on the grounds
that Miles Dennis Robertson, Jr., was not disclosed as a potential witness.

Any motion would be frivolous. This conclusion is not changed by *Yeti By Molly, Ltd. v.
Deckers Outdoor Corp*, 259 F.3d 1101 (9th Cir. 2001). In that case, evidence from a timely
identified expert witness was excluded because the expert's report was not provided until two
years after discovery closed and twenty-eight days prior to trial.

Even if *Yeti* pertained to identifying a potential witness, *Yeti* concerned an expert witness. A
party has no reason to know the identity of an opposing party's expert. Here, The Freecycle
Network ("TFN") knew the identity of Mr. Robertson, and TFN identified Mr. Robertson in
documents that TFN produced.

If you are aware of relevant authority that would make a FED.R.CIV.P. 37 motion not frivolous,
please let us know. Otherwise, we consider this matter concluded. There is no need to discuss a
briefing schedule on any cross-motion.

Sincerely,

Dennis S. Corgill

Berlin Brussels Charlotte Chicago Cologne Frankfurt Hong Kong Houston London Los Angeles New York Palo Alto Paris Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

B

**Corgill, Dennis S.**

| | |
|---|---|
| **From:** | Bandyopadhyay, Esha  (Perkins Coie) [BANDE@PerkinsCoie.com] |
| **Sent:** | Monday, July 30, 2007 10:20 AM |
| **To:** | Corgill, Dennis S. |
| **Subject:** | RE: Meet and Confer |

Dennis-

I write in response to your letter of Friday, July 30th, regarding The
Freecycle Network's cross-motion under Federal Rule of Civil Procedure
37 based on FreecycleSunnyvale's failure to identify Miles Dennis
Robertson, Jr. as a potential witness.  Based on our correspondence last
week, both written and telephonic, we do not believe there is any need
to "continue" the meet and confer process regarding this cross-motion.
Indeed, The Freecycle Network has already met its meet and confer
requirements and our position has been set forth clearly with citations
to legal authority.  Despite your assertions to the contrary, this
matter will not be "concluded" until the Court rules upon The Freecycle
Network's cross-motion.  Moreover, your repeated refusal to acknowledge
The Freecycle Network's intent to file a cross-motion will not alter our
position.  As we stated clearly last week, this is an issue on which we
will have to agree to disagree.

To be clear, The Freecycle Network will be filing a cross-motion under
Federal Rule of Civil Procedure 37.  FreecycleSunnyvale will then have
an opportunity to oppose The Freecycle Network's motion.  We believe it
is in the best interests of both parties to arrive at some sort of
agreement regarding the briefing schedule for the cross-motion.  Should
FreecycleSunnyvale continue to simply deny the existence of the motion,
and continue to fail to cooperate in this endeavor, we will have no
choice but to indicate the same to the Court.

Please let me know if you have any questions or concerns.

Best regards,
Esha

-----Original Message-----
From: Corgill, Dennis S. [mailto:DCorgill@mayerbrownrowe.com]

Sent: Friday, July 27, 2007 5:04 PM
To: Bandyopadhyay, Esha (Perkins Coie)
Subject: Meet and Confer

Esha,

Please see the attached letter.

Cheers,
Dennis

Dennis S. Corgill
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Direct Telephone:  650.331.2058
Direct Facsimile:  650.331.4558
Email:  dcorgill@mayerbrownrowe.com
Mobile Telephone:  650.248.0340

9

IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was neither written nor intended by the sender or Mayer, Brown, Rowe & Maw LLP to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then (i) the advice was written to support the promotion or marketing (by a person other than Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii) such taxpayers should seek advice based on the taxpayers particular circumstances from an independent tax advisor.


This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

10

**Corgill, Dennis S.**

| | |
|---|---|
| **From:** | Corgill, Dennis S. |
| **Sent:** | Monday, July 30, 2007 3:21 PM |
| **To:** | 'ebandyopadhyay@perkinscoie.com' |
| **Subject:** | Rule 37 Motion |

Esha,

With respect to the Declaration of Miles Dennis Robertson, Jr., as previously indicated, any objection under Fed.R.Civ.P. 37 is unfounded and, therefore, frivolous. In an effort not to burden the court with motions, however, FreecycleSunnyvale will not object to extending the discovery cutoff of August 3rd solely with respect to a deposition of Miles Dennis Robertson, Jr. If this is agreeable to The Freecycle Network, please let me know.

Cheers,
Dennis

Dennis S. Corgill
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Direct Telephone:  650.331.2058
Direct Facsimile:  650.331.4558
Email:  dcorgill@mayerbrownrowe.com
Mobile Telephone:  650.248.0340

## Corgill, Dennis S.

**From:** Bandyopadhyay, Esha (Perkins Coie) [BANDE@PerkinsCoie.com]
**Sent:** Tuesday, July 31, 2007 10:53 AM
**To:** Corgill, Dennis S.
**Subject:** RE: Rule 37 Motion

Dennis-

The Freecycle Network is not agreeable to FreecycleSunnyvale's offer, which is why we made a counter-proposal.  However, we are willing to hear alternative proposals.  Please feel free to let me know if you have any questions.

Regards,
Esha

**From:** Corgill, Dennis S. [mailto:DCorgill@mayerbrownrowe.com]
**Sent:** Tuesday, July 31, 2007 10:33 AM
**To:** Bandyopadhyay, Esha (Perkins Coie)
**Subject:** RE: Rule 37 Motion

Esha,

We are aware of The Freecycle Network's counter-proposal in your email of July 25th.  FreecycleSunnyvale is not accepting that counter-proposal.  FreecycleSunnyvale's offer in my email of yesterday is limited to a deposition of Mr. Robertson.

If you have any questions, please feel free to call.

Cheers,
Dennis

**From:** Bandyopadhyay, Esha (Perkins Coie) [mailto:BANDE@PerkinsCoie.com]
**Sent:** Tuesday, July 31, 2007 10:05 AM
**To:** Corgill, Dennis S.
**Subject:** RE: Rule 37 Motion

Dennis-

We continue to disagree with your assertions regarding FreecycleSunnyvale's failure to identify its witnesses as required by the Federal Rules of Civil Procedure.

In regard to you your proposal below, as you know, FreecycleSunnyvale previously made this proposal in a letter dated July 25, 2007, though FreecycleSunnyvale later withdrew the offer in a subsequent letter. In response to your July 25th letter, I set forth a counter-proposal in an e-mail of that same date.  To the extent that FreecycleSunnyvale is now reintroducing its proposal, we request that you please review and respond to The Freecycle Network's counter-proposal in my e-mail of July 25th.  Please let me know if you have any further questions.

Regards,
Esha

**From:** Corgill, Dennis S. [mailto:DCorgill@mayerbrownrowe.com]
**Sent:** Monday, July 30, 2007 3:21 PM
**To:** Bandyopadhyay, Esha (Perkins Coie)
**Subject:** Rule 37 Motion


Esha,

With respect to the Declaration of Miles Dennis Robertson, Jr., as previously indicated, any objection under Fed.R.Civ.P. 37 is unfounded and, therefore, frivolous.  In an effort not to burden the court with motions, however, FreecycleSunnyvale will not object to extending the discovery cutoff of August 3rd solely with respect to a deposition of Miles Dennis Robertson, Jr.  If this is agreeable to The Freecycle Network, please let me know.

Cheers,
Dennis

Dennis S. Corgill
Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Direct Telephone:  650.331.2058
Direct Facsimile:  650.331.4558
Email:  dcorgill@mayerbrownrowe.com
Mobile Telephone:  650.248.0340

IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was neither written nor intended by the sender or Mayer, Brown, Rowe & Maw LLP to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then (i) the advice was written to support the promotion or marketing (by a person other than Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii) such taxpayers should seek advice based on the taxpayers particular circumstances from an independent tax advisor.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT C

September 6, 2007, Declaration of Dennis S. Corgill in Support of
Plaintiff and Counterdefendant FreecycleSunnyvale's Opposition to
Motion to Shorten Time

FreecycleSunnvyale v. The Freecycle Network
Case No. C06-00324
(N.D. Cal. filed Jan. 18, 2006)



1   MAYER, BROWN, ROWE & MAW LLP
    Ian N. Feinberg (SBN 88324)
2   ifeinberg@mayerbrownrowe.com
    Dennis S. Corgill (SBN 103429)
3   dcorgill@mayerbrownrowe.com
    Eric B. Evans (SBN 232476)
4   eevans@mayerbrownrowe.com
    Two Palo Alto Square, Suite 300
5   3000 El Camino Real
    Palo Alto, CA  94306-2112
6   Telephone:  (650) 331-2000
    Facsimile:  (650) 331-2060
7
    Attorneys for Plaintiff
8   FREECYCLESUNNYVALE,

9
                    UNITED STATES DISTRICT COURT
10
                        NORTHERN DISTRICT
11
                         OAKLAND DIVISION
12

13  FREECYCLESUNNYVALE,                    Case No. C06-00324 CW
    a California unincorporated association,
14                                          REPLY IN SUPPORT OF PLAINTIFF
                    Plaintiff,              AND COUNTERDEFENDANT
15                                          FREECYCLESUNNYVALE'S NOTICE
          v.                                OF ADMINISTRATIVE MOTION AND
16                                          ADMINISTRATIVE MOTION FOR
    THE FREECYCLE NETWORK,                  RECONSIDERATION OF THIS
17  an Arizona corporation,                 COURT'S AUGUST 10, 2007 ORDER
                                            DENYING PLAINTIFF'S MOTION FOR
18                  Defendant.              SUMMARY JUDGMENT WITHOUT
                                            PREJUDICE
19

20
    THE FREECYCLE NETWORK, INC., an
21  Arizona Corporation,

22                  Counterclaimant,

23  v.

24  FREECYCLESUNNYVALE, a California
    unincorporated association,
25
                    Counterdefendant.
26

27

28

    REPLY ISO NOTICE OF ADMINISTRATIVE MOTION AND MOTION FOR RECONSIDERATION
                                                CASE NO. C06-00324 CW

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN ADMINISTRATIVE MOTION FOR RECONSIDERATION AND ADMINISTRATIVE MOTION FOR RECONSIDERATION**

## I.   INTRODUCTION

TFN's opposition to an early disposition of naked licensing issues demonstrates only that TFN will go to any length to delay the resolution of a central issue that would streamline this action. While TFN objects that it needs all manner of unidentified discovery, TFN is the one who has long frustrated discovery on naked licensing. Moreover, while TFN objects that it needs an expert to address naked licensing, TFN fails to cite one case in which a court admitted expert testimony on naked licensing. For whatever reason, TFN would rather drag this action out than allow this Court to narrow the issues left for trial. TFN's dilatory tactics should be rejected, and this Court should schedule FreecycleSunnyvale's Naked Licensing Motion for a hearing in September 2007.

## II.   TFN HAS LONG FRUSTRATED DISCOVERY EFFORTS ON NAKED LICENSING

Early in this action, FreecycleSunnyvale sought production of documents concerning TFN's relationships with its alleged licensees. Obviously, such documents would indicate if TFN retained contractual rights to control quality, if TFN actually controlled quality, or if TFN reasonably relied upon any licensee to maintain quality. *See* Exhibit A to Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Motion for Summary Adjudication (July 17, 2007; Document # 69).

FreecycleSunnyvale initiated the meet and confer process on June 30, 2006 to obtain these documents, but TFN has refused to produce documents that it acknowledges are relevant to naked licensing. At first, TFN objected that production was overly burdensome. Only recently, in June 2007, TFN admitted that it did not have possession, custody, or control of many of its alleged licensees' documents, which only demonstrates that TFN has nakedly licensed its alleged trademarks because TFN lacks access to the documents which would enable TFN to exercise quality control over its alleged licensees. *See Id.*

TFN's suggestion that it was surprised that FreecycleSunnyvale filed its Naked Licensing

-1-

1  Motion is disingenuous.  Naked licensing was alleged in the original complaint filed in this

2  action and, as just noted, FreecycleSunnyvale has been seeking relevant discovery throughout

3  this action.  *See* Complaint for Declaratory Judgment of Trademark Non-Infringement and

4  Tortious Interference with Business Relations ¶ 41 (Jan. 18, 2007; Document # 1).  Even though

5  TFN has denied FreecycleSunnyvale access to whatever licensee documents are in TFN's

6  possession, custody, or control, FreecycleSunnyvale has presented convincing evidence of naked

7  licensing, thereby making the Naked Licensing Motion ripe for this Court's review.  At the very

8  least, TFN should not be allowed to postpone the inevitable, and this Court should hear the

9  Naked Licensing Motion in September 2007.

10 **III.    TFN HAS COMPLETED FACT DISCOVERY AND HAS NO GROUNDS TO**
11 **         SEEK ADDITIONAL FACT DISCOVERY**

12          Not only has TFN frustrated discovery on naked licensing issues, but TFN muddles the

13 record when TFN argues that it needs additional fact discovery.  First, TFN has completed its

14 discovery.  The parties stipulated to extend the discovery period solely to schedule already

15 noticed depositions.  *See* Stipulated Request for Order Changing Time under Civil L.R. 6-2, at

16 2:13-15 (July 17, 2007; Document # 66).  TFN completed its last deposition on Friday, August

17 17, 2007.  TFN has no outstanding discovery requests to which FreecycleSunnyvale need reply.

18 *See* Declaration of Dennis S. Corgill in Support of Plaintiff and Counterdefendant

19 FreecycleSunnyvale's Reply in Support of Administrative Motion for Reconsideration at ¶¶ 2, 3

20 (accompanying this Reply).  In any event, TFN's argument that it needs additional discovery is a

21 red herring.  In fact, TFN does not dispute that licensing evidence—whether of naked licensing

22 or licensing that ensures quality control—is peculiarly within the possession, custody, and

23 control of TFN.

24          Second, TFN's argument that one of FreecycleSunnyvale's declarants—Miles Dennis

25 Robertson, Jr.—was not listed in FreecycleSunnyvale's initial disclosures, is much ado about

26 nothing.  Under FED.R.CIV.P. 37(c)(1), evidence of an undisclosed witness may be used if any

27 failure to disclose the witness is "harmless."  A failure to disclose a witness is harmless if the

28 witness's identity is already know to the other party or disclosed by other parties.  *See* Advisory

1  Committee Notes to 1993 Amendments to FED.R. CIV.P. 37(c).

2      Mr. Robertson is no surprise witness. Mr. Robertson is well-known to TFN and its

3  Executive Director, Deron Beal. Mr. Robertson was a senior TFN volunteer who gave of his

4  time in several significant roles. Mr. Robertson was a New Group Approver, a Group Outreach

5  and Assistant (GOA) volunteer, the GOA coordinator for all GOAs, and a member of the eight

6  person central committee known as The Hub. *See* Declaration of Miles Dennis Robertson, Jr., in

7  Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Motion for Summary

8  Adjudication at ¶¶ 2, 11, 19, 33, 34 (July 17, 2007; Document # 70). Any argument by TFN that

9  it did not know the identity of Mr. Robertson is tantamount to a corporation arguing that it did

10  not know of a recent senior officer and member of the board of directors.

11      Moreover, TFN cannot argue that it has any serious interest in seeking discovery from

12  Mr. Robertson because TFN rejected FreecycleSunnyvale's offer to extend the fact discovery

13  period for the purpose of taking Mr. Robertson's deposition. *See* Declaration of Dennis S.

14  Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Reply in Support of

15  Administrative Motion for Reconsideration at ¶ 5 (accompanying this Reply). Throughout this

16  litigation, TFN has failed to engage in any third party discovery whatsoever. *See* Declaration of

17  Dennis S. Corgill in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's

18  Administrative Motion for Reconsideration at ¶ 3 (Aug. 13, 2007; Document # 87). TFN has

19  completed its fact discovery, and TFN should not be allowed to delay a hearing on

20  FreecycleSunnyvale's Naked Licensing Motion further.

21  **IV.**     **EXPERT DISCOVERY IS NOT NEEDED ON NAKED LICENSING ISSUES**

22      TFN suggests that it needs an expert before it can respond to FreecycleSunnyvale's

23  Naked Licensing Motion, but TFN never explains itself. TFN cites no case in which a court

24  received expert testimony to assist fact finding on naked licensing. Nor does TFN explain why

25  an expert is needed to determine if TFN retained contractual rights to control quality, if TFN

26  actually controlled quality, or if TFN reasonably relied upon any licensee to maintain quality.

27      TFN's plea for time to conduct expert discovery on naked licensing is belied by the fact

28  that TFN did not believe that it needed an expert declaration when TFN sought a hearing date of

1    September 6, 2007. On July 27, 2007, TFN filed a joint stipulation requesting a September 6,

2    2007 hearing date. *See* Stipulated Request for Order Changing Time under L.R. 6-2 (July 27,

3    2007; Document # 79). Up to that point, TFN did not express any need for expert discovery on

4    naked licensing issues. TFN's "need" for expert discovery arose only after this Court's order of

5    July 30, 2007, and TFN saw an opportunity to delay. *See* Order Granting as Modified the

6    Parties' Stipulated Request for Order Changing Time (July 30, 2007; Document # 81) ("*Absent*

7    *good cause*, the Court prefers to consider all summary judgment motions and cross-motions at

8    the same time.") (emphasis added). If TFN believed that it could be prepared to oppose the

9    Naked Licensing Motion for a September 6, 2007 hearing, there is no reason to credit TFN's

10   recent arguments that it cannot be prepared to oppose the Naked Licensing Motion before a

11   February 28, 2007 hearing.

12   **V.    CONCLUSION**

13         For the foregoing reasons, Plaintiff respectfully requests this Court to reconsider its

14   July 30, 2007 order, to hear Plaintiff's Naked Licensing Motion in September 2007, and to adjust

15   the due dates for filing opposition and reply papers in accordance with a new hearing date. In

16   the alternative, Plaintiff requests this Court to grant Plaintiff leave, under Civil Local Rule

17   7-9(a), to notice a motion for reconsideration.

18
19   Dated:  August 22, 2007                           MAYER, BROWN, ROWE & MAW LLP

20
21                                          By        /s/      Ian N. Feinberg
                                                   Ian N. Feinberg
22                                                 Attorneys for Plaintiff
                                                   FREECYCLESUNNYVALE,
23
24
25
26
27
28

# EXHIBIT D

September 6, 2007, Declaration of Dennis S. Corgill in Support of
Plaintiff and Counterdefendant FreecycleSunnyvale's Opposition to
Motion to Shorten Time

FreecycleSunnvyale v. The Freecycle Network
Case No. C06-00324
(N.D. Cal. filed Jan. 18, 2006)

## Corgill, Dennis S.

| | |
|---|---|
| **From:** | Kobialka, Lisa (Perkins Coie) [LKobialka@perkinscoie.com] |
| **Sent:** | Thursday, August 30, 2007 6:06 PM |
| **To:** | Corgill, Dennis S. |
| **Cc:** | Bandyopadhyay, Esha (Perkins Coie) |
| **Subject:** | Meet and Confer |
| **Importance:** | High |

Dennis,

Based on your recent filing the Court representing that all discovery has been completed, we understand that you have no intention of providing Rob Robertson for deposition, despite the offer to do so earlier.  As such, we will be making a motion to strike his declaration in light of plaintiff's failure to disclose this apparently relevant fact witness.  We intend to make a request to the Court to have this briefing done on an expedited basis so this motion can be heard at the same time as the summary judgment motion.  If so, we can discuss the timing of the opposition and reply to this motion.

Please let us know whether you would are willing to agree to an expedited briefing schedule, so this motion can be heard at the same time as the summary judgment hearing, currently scheduled for September 27th.  We intend to file this motion in the next day or so and as such, request a prompt response.

Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025
Ph:  (650) 838-4447
Fax: (650) 838-4350

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT E

September 6, 2007, Declaration of Dennis S. Corgill in Support of
Plaintiff and Counterdefendant FreecycleSunnyvale's Opposition to
Motion to Shorten Time

FreecycleSunnvyale v. The Freecycle Network
Case No. C06-00324
(N.D. Cal. filed Jan. 18, 2006)



August 31, 2007

Mayer, Brown, Rowe & Maw LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

<u>VIA ELECTRONIC AND U.S. MAIL</u>

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrownrowe.com

Lisa Kobialka
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA 94025

**Dennis S. Corgill**
Direct Tel (650) 331-2058
Direct Fax (650) 331-4558
dcorgill@mayerbrownrowe.com

Re:     Robertson Declaration in *FreecycleSunnyvale v.*
        *The Freecycle Network*, Case No. C06-00324
        (N.D. Cal. filed Jan. 18, 2006)

Dear Lisa:

Thank you for your email of yesterday evening and regarding the declaration of Miles Dennis Robertson, Jr.

First, we cannot produce Mr. Robertson for deposition because we do not represent him. Mr. Robertson is a third party.

Second, to clarify prior discussions, on July 31st, The Freecycle Network ("TFN") rejected FreecycleSunnyvale's offer to extend fact discovery for the sole purpose of permitting TFN to take Mr. Robertson's deposition. Because TFN did not thereafter make any alternate proposal, we understand that TFN has no interest in seeking discovery from Mr. Robertson. If TFN wishes to re-open the meet and confer process on this topic, we will be happy to schedule a conference next week, given that Ian Feinberg is out for the vacation weekend.

Third, if you decide not to meet and confer with regard to seeking discovery from Mr. Robertson, TFN is free to raise any evidentiary objections in TFN's opposition to the motion for summary judgment. *See* Fed.R.Civ.P. 37(c)(1) (first sentence). There is no need for expedited briefing on a separate motion.

Sincerely,

Dennis S. Corgill

cc:     Ian N. Feinberg

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.