1  Ian N. Feinberg (SBN 88324)
   ifeinberg@mayerbrown.com
2  Eric B. Evans (SBN 232476)
   eevans@mayerbrown.com
3  MAYER BROWN LLP
   Two Palo Alto Square, Suite 300
4  3000 El Camino Real
   Palo Alto, CA  94306-2112
5  Telephone:    (650) 331-2000
   Facsimile:     (650) 331-2060
6
   Attorneys for Plaintiff
7  FREECYCLESUNNYVALE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>THE FREECYCLE NETWORK, an Arizona corporation,<br><br>Defendant.<br><br>THE FREECYCLE NETWORK, INC., an Arizona Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FREECYCLESUNNYVALE, a California unincorporated association,<br><br>Counterdefendant. | CASE NO. C06-00324 CW<br><br>**FREECYCLESUNNYVALE'S ADDITIONAL OPPOSITION TO THE FREECYCLE NETWORK, INC.'S MOTION TO STRIKE UNDER FED. R. CIV. P. 37(c)**<br><br>Date:     September 27, 2007<br>Time:    2:00 p.m.<br>Before:  Honorable Claudia Wilken<br>Location: Courtroom 2 |

ADDITIONAL OPPOSITION TO TFN'S MOTION TO STRIKE
CASE NO. C06-00324 CW

Defendant and Counterclaimant The Freecycle Network, Inc. ("TFN") seeks to preclude evidence it has long known about from a witness, Miles Dennis Robertson, Jr., of whom it has long and intimate knowledge. TFN had Robertson's declaration two weeks the discovery cut-off. But rather than depose him, TFN threatened a motion to strike. Hoping to avoid even an unmeritorious motion to strike, FreecycleSunnyvale offered to stipulate to allowing Robertson's deposition to be taken after discovery closed.. But TFN refused that offer, because FreecycleSunnyvale declined also to allow the deposition of a disclosed witness to be taken after the close of discovery. TFN should not be allowed to manufacture its own prejudice, and its motion to strike should be denied as the act of pure gamesmanship it obviously is.

## I.  INTRODUCTION

TFN's motion seeks to strike the Declaration of Miles Dennis Robertson, Jr. in Support of Plaintiff and Counterdefendant FreecycleSunnyvale's Motion for Summary Adjudication (the "Naked Licensing Motion") (July 17, 2007; Docket # 70) ("Robertson Decl.") because Robertson was not disclosed in FreecyleSunnyvale's initial disclosures. But Robertson is no surprise witness and TFN suffered no prejudice because FreecycleSunnyvale filed his declaration two weeks before the discovery cutoff and two weeks before TFN's opposition was initially due—and long before its opposition was ultimately due on September 6. *See* Exh. A to Declaration of Dennis S. Corgill in Support of Opposition to Motion to Shorten Time (attaching Robertson Declaration) ("Corgill Decl.") (September 6, 2007, Docket # 96).

Robertson was obviously well-known to TFN, and TFN does not argue otherwise, because he was a senior TFN volunteer who served TFN in several important capacities:
    1.    as a New Group Approver;
    2.    as a Group Outreach and Assistant (GOA) volunteer;
    3.    as the GOA coordinator for all TFN GOAs; and
    4.    as a member of the eight person TFN central committee known as The Hub.

*See* Robertson Declaration 2, 11, 19, 33, 34 (Exh. A to Corgill Decl.). Moreover, as the Corgill Declaration makes clear, Robertson's identity as a witness for FreecycleSunnyvale was "otherwise made clear" to TFN at least by July 17, when his declaration was filed. FED. R. CIV. P. ("Rule") 26(e)(1); Corgill Decl. ¶ 5.

1     Nonetheless, TFN asserts that it has been "ambushed" and that TFN will "suffer prejudice" if this Court considers the Robertson Declaration. That claim is preposterous on its face. First, as shown above, TFN has long known of Robertson as demonstrated by the contents of his declaration, the documents TFN itself produced identifying him, and paragraph 30 of the Declaration of Deron Beal submitted by TFN. Second, the evidence he presents is of acts TFN claims as its own, of which TFN was likewise well aware. TFN's Opposition to Motion for Summary Adjudication ("Opp.") at 21:23-22:16 (Sept. 6, 2007, Docket # 110). Third, TFN didn't even offer any evidence to directly contradict Robertson's testimony. See Declaration of Deron Beal in Support of Opp. ¶ 30 (Sept. 6, 2007, Docket # 111). Fourth, when TFN first complained that it had not had the opportunity to depose Robertson, Freecycle Sunnyvale twice offered to stipulate to extend the fact discovery cutoff so that TFN could seek discovery from him, notwithstanding that TFN had long known of Robertson and his evidence. TFN declined the offers because it also wanted to extract an extension of the discovery cut-off so it could depose a declarant whose identity had been disclosed. And finally, TFN's assertion that it would have deposed Robertson had it only known of him is belied by the fact that TFN took NO third party discovery whatsoever. *See* Corgill Decl. ¶¶ 2-4, 6(a), (b), (d), (g). TFN should not be allowed to manufacture its own "prejudice" by refusing offered discovery.

## II. THE MEET AND CONFER PROCESS

    On July 24, 2007, TFN conferred with FreecycleSunnyvale regarding its objections to the Robertson Declaration. TFN objected to the Robertson Declaration because FreecycleSunnyvale's initial disclosures did not list as a witness Robertson. On July 25, 2007, FreecycleSunnyvale explained that its omission was harmless: Robertson and his evidence were both well known to TFN. FreecycleSunnyvale specifically pointed out that ***TFN's own documents*** had identified Mr. Robertson as a senior TFN volunteer. *See* Corgill Decl. ¶¶ 5, 6(a).

    Despite the fact that the omission was harmless, later that same day (July 25, 2007), FreecycleSunnyvale offered to extend fact discovery so TFN could depose him. TFN refused this offer—unless FreecycleSunnyvale also let it depose an additional witness who ***was*** identified on FreecycleSunnyvale's initial disclosures. On July 30, 2007, TFN threatened to cut off

2

1  negotiations and file a motion to strike because FreecycleSunnyvale would not agree to extend
2  discovery for the disclosed witness. *See* Corgill Decl. ¶¶ 6(b)-(f).

3  On July 30, 2007, FreecycleSunnyvale again offered to extend the fact discovery cutoff so
4  that TFN could seek discovery from Robertson. On July 31, 2007, TFN again rejected this
5  reasonable offer. Although TFN stated that it was "willing to hear alternative proposals," TFN
6  never identified those "alternative proposals." By rejecting FreecycleSunnyvale's offer and
7  offering no "alternative proposals" of its own, TFN demonstrated that it was not prejudiced by
8  any nondisclosure of Robertson but instead simply wanted to use the Robertson issue to gain a
9  tactical advantage. *See* Corgill Decl. ¶¶ 6(g), (h).

10 On August 30, 2007—little more than a week before its opposition to the Naked Licensing
11 Motion was due after this Court had restored FreecycleSunnyvale's motion to the calendar —
12 TFN again sought discovery from Robertson. In the alternative, TFN sought expedited briefing
13 on a Rule 37 motion to strike the Robertson Declaration. FreecycleSunnyvale responded the next
14 day, pointing out that a separate motion was not necessary because TFN could present any
15 evidentiary objections in TFN's opposition to the Naked Licensing Motion. *See* Corgill Decl. ¶ 8.

### III. TFN MANUFACTURES "PREJUDICE" BASED ON ITS OWN REFUSAL TO DEPOSE A WITNESS

TFN should not be allowed to benefit from "prejudice" of its own manufacture. TFN complains that it was "depriv[ed] of the opportunity to depose and propound discovery relating to [Robertson]." TFN Memorandum 4:10-11 (September 4, 2007; Docket # 99) ("TFN Memorandum"). But this statement is not true. Robertson was well-known to TFN, and TFN does not argue otherwise. Once FreecycleSunnyvale filed the Robertson declaration, before the close of discovery, there was no additional duty to supplement: "The duty to supplement does not require an application of form over substance." *Coleman v. Keebler Company*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998) (internal ellipses omitted); 8 Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2049.1 at 604 (3d ed. ).

Nothing prevented TFN from seeking discovery from Robertson ***before the fact discovery cutoff***—two weeks after the date on which TFN became aware that Robertson was a witness.

3

1  Further, FreecycleSunnyvale twice offered to extend the fact discovery cutoff so that TFN could
2  take discovery from Robertson, but TFN refused both offers because they did not also include an
3  agreement to extend discovery for a disclosed witness. And finally, TFN asked
4  FreecycleSunnyvale for, and was granted by FreecycleSunnyvale, a stipulation for continuance of
5  the hearing date on FreecycleSunnyvale's motion for summary judgment—which was then reset
6  to a still later date by the Court. *See, e.g.*, Order Granting as Modified the Parties' Stipulated
7  Request for Order Changing Time (July 30, 2007, Docket # 81), Order Granting Plaintiff's
8  Motion for Leave to File a Motion for Reconsideration and Granting the Motion for
9  Reconsideration (August 24, 2007, Docket # 96).

10  Despite TFN's claims to the contrary, the Robertson Declaration presents evidence well-
11  known to TFN from a witness long well-known to TFN. Where, as here, the witness's identity
12  has "otherwise been made known to the other part[y]," the proffering party has no duty to
13  supplement its relevant Rule 26(a) disclosures. Rule 26(e)(1); *Coleman*, 997 F. Supp. at 1107.
14  And when the identity of a witness has been made known to all parties through one party's
15  documents produced in discovery, there is no basis for excluding testimony from that witness.
16  *Wright v. Aargo Sec. Services, Inc.*, 2001 WL 1035139, at *2 (S.D.N.Y. 2001). Furthermore,
17  where, as here, the other party already is aware of the witness's identity, failure to disclose that
18  witness is "harmless," and therefore beyond sanction under Rule 37(c). *See* Rule 37(c) and
19  Advisory Committee Notes thereto.

20  In many respects this case is similar to *Coleman*, where the court refused to strike the
21  affidavits of two witnesses even though they had not been identified in the plaintiff's initial
22  disclosures and plaintiff had not supplemented its disclosures. 997 F. Supp. at 1106-1108. While
23  the court found that non-disclosure of the two witnesses made the plaintiff's initial disclosures
24  materially incomplete, it held that the plaintiff had effectively satisfied her duty to supplement
25  because the defendants ***had become fully aware*** of the identities of the witnesses through an
26  earlier deposition. *Id*. at 1107. The court further found that even if the plaintiff had failed in her
27  duty to disclose, she was "substantially justified in believing that no further disclosure was
28  required" because both witnesses had been effectively disclosed during the deposition. *Id*.

4

Here, as in *Coleman*, FreecycleSunnyvale had no duty to supplement its Rule 26(a) disclosures because Robertson's identity was made known to TFN through TFN's own documents and, at the very latest, by the July 17 filing of Robertson's declaration. Nevertheless, TFN now complains that it would be prejudiced if the Court admits Robertson's declaration into evidence and claims that it was "depriv[ed] of the opportunity to depose and propound discovery relating to [Mr. Robertson]." TFN Memorandum 4:10-11. But TFN made a strategic decision not to depose Robertson. TFN suffered no prejudice not of its own making when it refused to take Robertson's before the discovery deadline and declined extensions to that deadline that would have let it do so even after the discovery deadline.

Moreover, TFN has produced no facts that dispute the facts in Robertson's declaration. TFN merely characterizes the same facts differently. Opp. at 21:23-22:16. If we compare paragraphs 2-7 of the Robertson Declaration with paragraph 30 of the Beal Declaration, there appears to be no direct conflict of evidence. Robertson and Beal do not disagree on the facts—merely on their legal effect. And that is a matter for this Court to decide, not either party's witness.

TFN raises two other arguments that can be disposed of in passing. First, TFN complains that FreecycleSunnyvale only recently notified TFN that counsel for FreecycleSunnyvale does not represent Robertson. TFN Memorandum 5:6-10. But TFN *never asked* who, if anyone, represented Robertson, and TFN cites no rule or case for the novel proposition that FreecycleSunnyvale had a duty to volunteer the fact that it did not represent Robertson. Moreover, TFN does not—and cannot—complain that it was misled. TFN does not point to any statement by counsel for FreecycleSunnyvale even implying, much less stating, that it represented Robertson.[1] It would be bizarre indeed if there were some presumption that a party filing the declaration of a third-party witness somehow represented the witness in the litigation.

---

[1] Perhaps TFN argues that it should be allowed to assume that every fact witness with unfavorable evidence is represented by opposing counsel and, therefore, can be produced pursuant to a Rule 30 deposition notice. Such an argument flies in the face of common sense and Rule 45, which is the traditional means of deposing third parties.

5

1  Second, TFN complains that TFN "is currently unaware of FreecycleSunnyvale's position
2  as to why the Robertson Declaration is proper and should not be stricken." TFN Memorandum
3  5:18-20. This statement is wrong. In a letter dated July 25, 2007, FreecycleSunnyvale explained
4  why the Robertson Declaration should not be stricken. *See* Corgill Decl. ¶ 6(a).
5  FreecycleSunnyvale repeated its explanation in a pleading filed on August 22, 2007. *See* Exhibit
6  C to Corgill Decl. (attaching Reply in Support of Administrative Motion for Reconsideration 2:24
7  to 3:20 (August 22, 2007; Docket # 93)).

## IV. CONCLUSION

For the foregoing reasons, FreecycleSunnyvale respectfully requests that this Court deny TFN's motion to strike under Rule 37.

Dated: September 14, 2007

MAYER BROWN LLP
IAN N. FEINBERG
ERIC B. EVANS

By: _____/s/_____
    Ian N. Feinberg

Attorneys for Plaintiff FREECYCLESUNNYVALE