| | |
|---|---|
| 1 | PAUL J. ANDRE, Bar No. 196585 (pandre@perkinscoie.com) |
| 2 | LISA KOBIALKA, Bar No. 191404 (lkobialka@perkinscoie.com) |
| 3 | ESHA BANDYOPADHYAY, Bar. No. 212249 (ebandyopadhyay@perkinscoie.com) |
| 4 | SEAN M. BOYLE, Bar No. 238128 (sboyle@perkinscoie.com) |
| 5 | PERKINS COIE LLP 101 Jefferson Drive |
| 6 | Menlo Park, CA 94025 Telephone:    (650) 838-4300 |
| 7 | Facsimile:     (650) 838-4350 |
| 8 | Attorneys for Defendant The Freecycle Network, Inc. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association, | CASE NO. C 06-00324 CW |
| Plaintiff, | **THE FREECYCLE NETWORK, INC.'S REPLY TO FREECYCLESUNNYVALE'S OPPOSITION TO MOTION TO STRIKE UNDER F.R.C.P. 37(c)** |
| v. | |
| THE FREECYCLE NETWORK, INC., an Arizona corporation, | Date:      September 27, 2007 Time:      2:00 p.m. Before:    Honorable Claudia Wilken Location:  Courtroom 2 |
| Defendant. | |
| THE FREECYCLE NETWORK, INC. an Arizona corporation, | |
| Counterclaimant, | |
| v. | |
| FREECYLESUNNYVALE, a California unincorporated association, | |
| Counterdefendant. | |

THE FREECYCLE NETWORK, INC.'S REPLY IN
SUPPORT OF MOTION TO STRIKE                                          CASE NO. C 06-00324 CW
60383-0001/LEGAL13570549.1

## I. INTRODUCTION

Plaintiff FreecycleSunnyvale ("Plaintiff") ironically accuses defendant The Freecycle Network Inc.'s ("The Freecycle Network") Motion to Strike Under F.R.C.P. 37(c) ("Motion") of being an "act of pure gamesmanship." However, it is Plaintiff that has been playing games from the start by 1) failing to fully disclose each of its witnesses, as required by the Federal Rules of Civil Procedure, 2) persuading The Freecycle Network into a stipulation precluding the deposition of an undisclosed witness, 3) ambushing The Freecycle Network by filing a premature motion for summary adjudication ("MSJ") with an accompanying declaration from Miles Dennis Robertson, Jr., a witness Plaintiff had never previously identified during fact discovery, and 4) remaining uncooperative in The Freecycle Network's attempts to depose this witness, including misleading The Freecycle Network into believing that Plaintiff's counsel represented the witness. And, this does not even address the fact that Plaintiff produced over 60,000 pages of documents in a supplemental document production, well after it filed its MSJ and just prior to The Freecycle Network's deadline to submit its opposition to the MSJ, *as well as after the discovery cutoff*.

Plaintiff's actions have forced The Freecycle Network to file the instant Motion as The Freecycle Network has not had an adequate opportunity to depose Mr. Robertson before it filed its opposition to Plaintiff's MSJ. Moreover, Plaintiff has not met its burden of proof of showing "substantial justification" for its failure to disclose Mr. Robertson or that the failure was harmless. As a result, pursuant to Federal Rule of Civil Procedure 37(c), The Freecycle Network respectfully requests the Court to strike the declaration of Miles Dennis Robertson, Jr. filed in support of Plaintiff's MSJ and allow The Freecycle Network the opportunity to amend its opposition to the MSJ should such an amendment be necessary.

## II. ARGUMENT

**A. Plaintiff Has Failed to Meet its Burden of Showing Substantial Justification or Harmlessness for Failing to Disclose a Key Witness**

It is well-established that failure to comply with the disclosure requirements of the Federal Rules of Civil Procedure will result in the exclusion of that evidence unless the failing party shows that there was substantial justification for the failure or that the failure was harmless.

1   Fed.R.Civ.Proc. 37(c); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th

2   Cir. 2001). Plaintiff has neither established that it was justified in failing to identify Mr.

3   Robertson during the discovery period, nor has it established that the failure was harmless.

4   Failing to identify a witness prior to the close of discovery that Plaintiff is relying upon in a

5   summary judgment motion, after entering into a stipulation precluding The Freecycle Network

6   from taking this witness's deposition, does not satisfy Plaintiff's burden in this case. As a result,

7   Plaintiff should not benefit from its behavior.

8   **B.     Mr. Robertson Was a Surprise Witness**

9   Plaintiff claims that The Freecycle Network had a "long and intimate knowledge" of Mr.

10  Robertson. However, such a statement is clearly an exaggeration as Plaintiff admits that Mr.

11  Robertson was not disclosed until it filed its MSJ. Indeed, Mr. Robertson is nothing more than

12  one of hundreds of thousands of individuals who have volunteered for The Freecycle Network

13  since its inception. As such, the broad generalization that The Freecycle Network may know of

14  Mr. Robertson can hardly be considered sufficient support for Plaintiff's erroneous conclusion

15  that The Freecycle Network should have anticipated Plaintiff's reliance on this witness. As such,

16  Plaintiff is improperly attempting to shift the burden on The Freecycle Network to somehow

17  guess who Plaintiff intends to use as witnesses to support its case. Despite Plaintiff's assertions

18  to the contrary, it is Plaintiff who has the burden of identifying the witnesses it believes to have

19  relevant information and specifying the nature of that relevant information. Fed. R. Civ. Proc. 26.

20  Plaintiff simply cannot unfairly surprise The Freecycle Network with a declaration of a witness it

21  failed to disclose earlier. As a result, Mr. Robertson is a surprise witness that will severely

22  prejudice The Freecycle Network if the Court does not strike his declaration.

23  Plaintiff's reliance on Coleman is misguided as Plaintiff forgets that it has the burden to

24  show that there was "substantial justification" for failing to produce the name of the witness or

25  that the failure was harmless. Fed.R.Civ.Proc. 37(c); *see also* Coleman v. Keebler Co., 997 F.

26  Supp. 1102, 1107 (N.D. Ind. 1998). In Coleman, the court found that the plaintiff did not violate

27  Fed.R.Civ.Proc. 26(a) because she was not made aware of the affiant's existence until after her

28  initial disclosures and after responding to discovery requests. Id. Further, the defendant became

1  fully aware of the affiants' existence, <u>at the latest</u>, when plaintiff brought them to defendant's

2  attention during a deposition.  <u>Id</u>.  Finally, the court determined that any prejudice will be

3  ameliorated by allowing the defendant to depose the new witness prior to trial.  <u>Id</u>.  The court

4  found no prejudice because the "[c]ourt's disposition of the instant summary judgment does not

5  depend upon [the] affidavit."  <u>Id</u>. at 1107-08.

6  Unlike the plaintiff in <u>Coleman</u>, Plaintiff never stated that it was unaware of Mr.

7  Robertson's existence before it filed its initial disclosures or discovery responses, and therefore

8  violated its disclosure obligations under Rule 26.  Further, even though Plaintiff supplemented its

9  initial disclosures to include Mr. Robertson after The Freecycle Network brought this apparent

10  failure to Plaintiff's attention, Plaintiff still has not attempted to make any showing of "substantial

11  justification" for its failure to identify Mr. Robertson.  Unlike <u>Coleman</u>, here, Plaintiff did not

12  disclose Mr. Robertson's identity during any deposition or response to discovery.  Instead,

13  Plaintiff only disclosed Mr. Robertson as a declarant when it filed its <u>dispositive</u> motion, and only

14  after it sandbagged The Freecycle Network into a limiting stipulation pertaining to future

15  discovery.  Had Plaintiff complied with its obligations under the Federal Rules, The Freecycle

16  Network would have had adequate opportunity to depose Mr. Robertson before Plaintiff filed its

17  MSJ.  The harm caused by Plaintiff's failure to disclose Mr. Robertson will not be ameliorated by

18  the nature of the briefing schedule, as The Freecycle Network has already filed its opposition to

19  Plaintiff's MSJ on September 6, 2007.  As a result, The Freecycle Network will suffer severe

20  prejudice if Plaintiff is allowed to rely on this key witness in support of its MSJ.

21  In addition, Plaintiff cites <u>Wright</u> for the broad proposition that "when the identity of a

22  witness has been made known to all parties through one party's documents produced in

23  discovery, there is no basis for excluding testimony from that witness."  Opposition at 4 (Docket

24  Entry No. 118).  However, Plaintiff incorrectly interprets that the Court's decision to allow the

25  testimony of five previously undisclosed witnesses.  The Court reached its decision only because

26  "the identities of the five witnesses have been made known to plaintiff during the discovery

27  process in satisfaction of Rule 26(e)(2) . . . and under Rule 37(c)(1)."  <u>Wright v. Aargo Security

28  Servs., Inc</u>., 2001 WL 1035139, at *2 (S.D.N.Y. 2001).  Specifically, the Court found that

THE FREECYCLE NETWORK, INC.'S REPLY IN
SUPPORT OF MOTION TO STRIKE               -3-                CASE NO. C 06-00324 CW
60383-0001/LEGAL13570549.1

1  "plaintiff surely knew through his own experience which of his coworkers were familiar with the
2  duties he performed."  Id.

3  As discussed above, Plaintiff's argument that The Freecycle Network had "long and
4  intimate knowledge" of Mr. Robertson merely because his name appeared on some documents
5  produced by The Freecycle Network is untenable.  The Freecycle Network produced 82,149
6  pages in its document production.  *See* Declaration of Lisa Kobialka in Support of Reply to The
7  Freecycle Network's Motion to Strike filed herewith, ¶2.  In addition, there are hundreds of
8  thousands of members/users that are identified by The Freecycle Network's documents by virtue
9  of the organization's popularity, as well as members since its inception.  Id., ¶3, Exh. A.
10 Suggesting that The Freecycle Network had a "long and intimate knowledge" of any one of these
11 hundreds of thousands of individuals, and should therefore have anticipated that any of these
12 individuals might potentially serve as a witness for Plaintiff is simply ludicrous.  Moreover, the
13 fact that The Freecycle Network has met its document production obligations does not give
14 Plaintiff the right to ignore its obligations.  As a result, Plaintiff's attempt to shift the burden of
15 "substantial justification" is impermissible and its arguments should be disregarded.

16 **C.    Plaintiff Did Not Provide an Adequate Opportunity to Depose Mr. Robertson**

17 Plaintiff makes the bare assertion that The Freecycle Network made a strategic decision
18 not to depose Mr. Robertson.  Such an argument attempts to shift the blame to The Freecycle
19 Network and distracts the Court from the fact that it was Plaintiff who was manipulative and
20 dilatory in failing to comply with the Federal Rules.  It was Plaintiff that failed to provide The
21 Freecycle Network with an adequate opportunity to depose Mr. Robertson by first failing to
22 identify Mr. Robertson in its initial disclosures and then failing to identify Mr. Robertson in its
23 discovery responses pursuant to Federal Rules 26 and 37.  Further, knowing that it would rely on
24 Mr. Robertson's declaration in its MSJ, Plaintiff failed to supplement its initial disclosures and
25 discovery responses and induced The Freecycle Network to stipulate not to propound any further
26 additional deposition notices.  On the very same day, Plaintiff filed its MSJ, attaching the
27 declaration of Mr. Robertson, thereby disclosing him to The Freecycle Network for the first time.
28

THE FREECYCLE NETWORK, INC.'S REPLY IN
SUPPORT OF MOTION TO STRIKE                    -4-                    CASE NO. C 06-00324 CW
60383-0001/LEGAL13570549.1

1  Moreover, Plaintiff's correspondence offering Mr. Robertson for deposition misled The
2  Freecycle Network as to whether he was represented by counsel. In fact, Plaintiff remained silent
3  even after The Freecycle Network proposed that they be permitted to take the deposition of Mr.
4  Robertson prior to filing The Freecycle Network's opposition to Plaintiff's MSJ. *See* Declaration
5  of Lisa Kobialka in Support of The Freecycle Network's Motion to Shorten Time ("Kobialka
6  Decl."), ¶¶ 4-5, Ex. 3 (Docket Entry No. 100). It was not until August 31, 2007, that Plaintiff
7  informed The Freecycle Network that its counsel does not represent Mr. Robertson, leaving no
8  time to properly subpoena a third party witness. Declaration of Lisa Kobialka in Support The
9  Freecycle Network's Motion to Strike Under Fed.R.Civ.Proc. 37(c), ¶ 3, Ex. 2 (Docket Entry No.
10 104).

11 Moreover, Plaintiff makes a circular argument stating that The Freecycle Network
12 produced no facts that dispute Mr. Robertson's declaration. Plaintiff misses the obvious fact that
13 The Freecycle Network simply has not yet had an opportunity to depose Mr. Robertson due to
14 Plaintiff's failure to identify him before filing its MSJ. Such arguments once again attempt to
15 distract the Court from Plaintiff's burden of proof.

16 Despite The Freecycle Network's attempts to meet and confer, the deposition of Mr.
17 Robertson did not go forward because it would have been impossible to complete within the
18 timeframe discussed by the parties. The Freecycle Network made it clear that it was necessary to
19 depose Mr. Robertson before The Freecycle Network had to file its opposition brief. *See*
20 Kobialka Decl., ¶ 4, Ex. 3 (Docket Entry No. 100). To date, counsel for Plaintiff has not
21 responded to The Freecycle Network's proposal. Id., ¶5. In addition, Plaintiff refused to
22 continue the briefing schedule any further, thereby forcing The Freecycle Network to oppose
23 Plaintiff's MSJ without an adequate opportunity to subpoena and depose Mr. Robertson. Id.
24 Despite The Freecycle Network's attempt to depose Mr. Robertson, Plaintiff's actions, as stated
25 above, precluded the deposition. As such, allowing Plaintiff to rely on Mr. Robertson's
26 deposition would not only be an unfair result, but would severely prejudice The Freecycle
27 Network.
28

THE FREECYCLE NETWORK, INC.'S REPLY IN
SUPPORT OF MOTION TO STRIKE        -5-        CASE NO. C 06-00324 CW
60383-0001/LEGAL13570549.1

### III. CONCLUSION

For the foregoing reasons, The Freecycle Network respectfully requests that the Court grant its Motion. Further, The Freecycle Network requests that the Court allow it the opportunity to amend its opposition to Plaintiff's MSJ should such an amendment be necessary.

DATED: September 19, 2007          **PERKINS COIE LLP**

By _____/s/ Lisa Kobialka_____
Paul J. Andre
Lisa Kobialka
Esha Bandyopadhyay
Sean Boyle
Attorneys for Defendant
THE FREECYCLE NETWORK, INC.