FreecycleSunnyvale v. The Freecycle Network Doc. 131

MAYER BROWN LLP
IAN N. FEINBERG (SBN 88324)
ifeinberg@mayerbrownrowe.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrownrowe.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Plaintiff
FREECYCLESUNNYVALE,

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**OAKLAND DIVISION**

| | |
|---|---|
| FREECYCLESUNNYVALE, a California unincorporated association,<br>Plaintiff,<br>v.<br>THE FREECYCLE NETWORK, an Arizona corporation,<br>Defendant. | Case No. C06-00324 CW<br>**FREECYCLESUNNYVALE'S SUPPLEMENTAL NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br>**[FED. R. CIV. P. 56]** |
| AND RELATED COUNTERCLAIMS | |

Dockets.Justia.com

TABLE OF CONTENTS

Page

I. FACTUAL AND PROCEDURAL BACKGROUND ..... 4
  A. The Arizona Case and the Ninth Circuit Ruling ..... 4
II. ARGUMENT ..... 4
  A. Sunnyvale Is Entitled to Summary Judgment Because the Ninth Circuit Held That Using—and Encouraging Other to Use—a Term Generically Is Not Trademark Infringement ..... 4
  B. Sunnyvale Is Entitled to Summary Judgment Because the Ninth Circuit Held That Sunnyvale's Other Acts Do Not Violate the Lanham Act ..... 5
  C. TFN's Pendent Section 17200 Claim Falls with Its Lanham Act Claims ..... 7
  D. Sunnyvale Is Entitled to Summary Judgment and Injunctive Relief on Its Tortious Interference Claim ..... 7
  E. Once Summary Judgment Is Granted, Sunnyvale's Injury May Disappear ..... 8
III. CONCLUSION ..... 9

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that pursuant to this Court's Minute Order of September 27, 2007, Plaintiff and Counterdefendant FreecycleSunnyvale ("Sunnyvale") will and hereby does file a Supplemental Motion for Summary Judgment ("Supplemental Motion") against Defendant and Counterclaimant The Freecycle Network, Inc. ("TFN"). Pursuant to this Court's Minute Order, this motion is to be decided on the papers.

Sunnyvale prays that this Court enter summary judgment against TFN under Fed. R. Civ. P. 56. Sunnyvale seeks summary judgment with respect to (1) Sunnyvale's claim seeking a declaration of non-infringement and, in the alternatives, that the word "freecycle," the phrase "The Freecycle Network," and a logo containing a stylized version of "freecycle" and the elements of a guitar and bicycle (collectively, "TFN's Purported Marks") are generic, or that TFN engaged in naked licensing, (2) Sunnyvale's claim for tortious interference with business relations; and (3) TFN's counterclaims for trademark infringement and unfair competition, all of which are trademark based.

Sunnyvale prays that this Court enter summary judgment on its claims and TFN's counterclaims on the grounds that (1) because there is no material issue of fact that TFN engaged in naked licensing, TFN abandoned any trademark rights it might have had in TFN's Purported Marks, and (2) because the Ninth Circuit held that the Lanham Act contains no provision preventing the use of a trademarked term in its generic sense, TFN has no action under that Act for Sunnyvale's use of any of TFN's Purported Marks in a generic sense.

This Supplemental Motion is supported by Sunnyvale's earlier-filed Corrected Notice of Motion and Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("First Motion") filed July 19, 2007 and heard September 27, 2007, the declarations and evidence filed in support thereof, the declaration of Eric B. Evans filed herewith, the file in this matter, any facts or records of which this Court may take judicial notice, and any argument heard by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

As Sunnyvale demonstrated in its First Motion, it has a naked license to use the word freecycle and the freecycle logo for non-commercial purposes. TFN is forever estopped from asserting any after-recaptured trademark rights against it. The Ninth Circuit's recent ruling in *The Freecycle Network, Inc. v. Tim Oey* ("the Ninth Circuit Case"),[1] provides an additional basis for granting Sunnyvale summary judgment and permanently disposes of TFN's unfounded claims of trademark disparagement or genericide.

Sunnyvale has two remaining claims:

(1) "Declaratory Judgment of Non-Infringement of Trademarks" (Amend. Compl. ¶¶ 40-45); and

(2) "Tortious Interference with Business Relations" (*Id.* ¶¶ 46-55).

Sunnyvale has explicitly waived any damages associated with its tortious interference claim and seeks only injunctive relief. *Id.* ¶ 55.

TFN has three counterclaims still pending:

(1) "Trademark Infringement under the Lanham Act" (Answer & Amended Counterclaims ("A&AC") ¶¶ 66-82);

(2) "Unfair Competition under the Lanham Act" (A&AC ¶¶ 83-92); and

(3) "Unfair Competition under the California Business and Professional Code" (A&AC ¶¶ 93-99).

TFN's claims allege conventional trademark infringement (e.g. ¶¶ 66-74 & 83-87), already fully addressed in Sunnyvale's First Motion. But both of TFN's Lanham Act claims also allege trademark disparagement or genericide:

> 75. Counterdefendant has willfully and intentionally induced third parties to infringe the Marks by encouraging others to ***misuse*** the Marks in the form of verbs, adjectives, gerunds, and participles.
>
> 76. Counterdefendant has further willfully and intentionally induced third parties to infringe the Marks by encouraging others to ***misuse*** the Marks so that this misuse will result in the Marks being rendered generic.

[1] — F.3d —, 2007 WL 2781902 (9th Cir. Sep. 26, 2007), appeal from U.S. District Court for the District of Arizona, Case No. 06-cv-00173-RCC (filed Apr. 4, 2006) ("the Arizona Case").

> 77. Counterdefendant has further willfully and intentionally induced third parties to infringe the Marks by encouraging others to ***misuse*** the Marks for the specific purpose of rendering them unregistrable.
>
> . . .
>
> 86. Counterdefendant's ***misuse*** of the inherently distinctive Marks in connection with its own re-using, recycling, and gifting services misrepresents the nature, characteristics, and qualities of Counterdefendant's services.
>
> (emphasis added)

At the September 27, 2007 hearing on Sunnyvale's First Motion, this Court ordered Sunnyvale to submit this Supplemental Motion addressing (1) the impact of the Ninth Circuit Ruling on this case and (2) the effect of summary judgment in Sunnyvale's favor on its standing to pursue this case.

The Ninth Circuit Ruling establishes beyond any doubt that Sunnyvale's use of the terms "freecycle" and "freecycling" was ***not*** trademark infringement:

> Oey's[2] actions likely did not constitute [trademark]infringement because ***they were not a "use in commerce," created no likelihood of confusion, and did not disparage TFN's products or services***.
>
> To the extent the injunction was based on TFN's "trademark disparagement" claim under section 43(a) of the Lanham Act, the district court abused its discretion because ***no such cause of action exists under the Act***. Furthermore, even if the claim were somehow cognizable under [15 U.S.C.] § 1125(a), TFN has not demonstrated that any likelihood of success because ***the record does not demonstrate that Oey made any false statement***.
>
> 2007 WL 2781902, at *6 (emphasis added).

Moreover, the Ruling demolishes any remnants of TFN's counterclaims arising from Sunnyvale's generic use of the word freecycle: "the Lanham Act . . . contains no provision preventing the use of a trademarked term in its generic sense." 2007 WL 2781902, at *5. Since Sunnyvale has not infringed any TFN trademark right, TFN's accusations trademark infringement, directed at Yahoo! were false. Sunnyvale is entitled to injunctive relief to reverse the injury these false accusations have caused.

As Sunnyvale informed this Court at the September 27 hearing, if Sunnyvale's First Motion is granted, giving it a naked license to TFN's Purported Marks, Sunnyvale is entitled to

[2] Timothy Oey, a principal of Sunnyvale.

(1) summary judgment on its claims and (2) summary judgment on each of TFN's trademark infringement, false advertising, and California unfair competition counterclaims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Arizona Case and the Ninth Circuit Ruling.

In April 2006, TFN brought the Arizona Case against Oey, a principal of Sunnyvale. TFN's claims in the Arizona Case included contributory trademark infringement and "trademark disparagement" under the Lanham Act, and Arizona common-law unfair competition claims. Evans Decl., Ex. A. TFN brought motions for a temporary restraining order and for a preliminary injunction barring Oey from making any statement that freecycle was a generic term. The Arizona Court granted both motions. Evans Decl., Ex. B. Oey appealed. The Ninth Circuit, vacated the Arizona Court's injunction and remanded on September 26, 2007. 2007 WL 2781902, at *6.

## II. ARGUMENT

### A. Sunnyvale Is Entitled to Summary Judgment Because the Ninth Circuit Held That Using—and Encouraging Other to Use—a Term Generically Is Not Trademark Infringement.

TFN claims that Sunnyvale violated the Lanham Act by "encouraging others to misuse the Marks in the form of verbs, adjectives, gerunds, and participles" and "encouraging others to misuse the Marks so that this misuse will result in the Marks being rendered generic." A&AC ¶¶ 75-76.

The Ninth Circuit considered TFN's contention that generic use of a trademark violates the Lanham Act—and directly rejected it, in great detail:

(1) "The Lanham Act itself, however, contains no provision preventing the use of a trademarked term in its generic sense" (2007 WL 2781902, at *5);

(2) "The Lanham Act does not "prevent an individual from expressing an opinion that a mark should be considered generic" (*id*. at *6); and

(3) "The Lanham Act does not "prevent an individual from . . . encouraging others to use the mark in its generic sense" (*id*.).

These holdings destroy TFN's counterclaims against Sunnyvale. "TFN's mere disagreement with Oey's opinion and frustration with his activities cannot render Oey liable under the Lanham Act." *Id*. Without more—"infringement, false designation of origin, false advertising, or dilution" (*id*.)—TFN has no remedy and its Lanham Act counterclaims fail. Likewise, Sunnyvale is entitled to summary judgment on its declaratory relief claim.

**B. Sunnyvale Is Entitled to Summary Judgment Because the Ninth Circuit Held That Sunnyvale's Other Acts Do Not Violate the Lanham Act.**

Sunnyvale has already established that its use of TFN's Purported Marks, including the "fancy-schmancy" logo, was covered by a naked license from TFN. First Motion 5, 17-18; Reply on First Motion 8. The Ninth Circuit has now held that its acts—to the extent not covered by this naked license—infringed no right under the Lanham Act. 2007 WL 2781902, at *3.

In particular, the Ninth Circuit held that trademark infringement requires that "a person must (1) use in commerce (2) any word, false description of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of [a] person's goods or services." *Id.*; 15 U.S.C. § 1125(a)(1)(A). Unfair competition requires that one "in commercial advertising or promotion, misrepresent[] the nature, characteristics, qualities, or geographic origin of [a] person's goods, services, or commercial activities." Ninth Circuit Case, 2007 WL 2781902, at *4; 15 U.S.C. § 1125(a)(1)(B).

The Ninth Circuit identified ***five*** independent bases for holding that Oey's conduct—identical to Sunnyvale's—violated neither of these provisions: First, expressing an opinion about TFN's trademark rights—as Oey and Sunnyvale have done—is not a "use in commerce." Ninth Circuit Case, 2007 WL 2781902, at *3. It cannot, therefore, infringe a trademark or be unfair competition. *Id*.

Second, Sunnyvale's use of TFN's Purported Marks "was not likely to cause confusion, mistake, or deceive anyone as to the connection of [Sunnyvale's] services [or any other] with TFN." *Id.* "Oey [and Sunnyvale] simply did not use TFN's claimed mark or a similar mark in

any manner likely to confuse the relevant public: his statements neither mention any competing service or product, nor claim any affiliation with TFN." *Id.*

Third, Sunnyvale did not use TFN's Purported Marks in "commercial advertising and promotion." *Id.* at *4; 15 U.S.C. § 1125(a)(1)(B). Instead, it used the marks in non-commercial debate. Ninth Circuit Case, 2007 WL 2781902, at *3.

Fourth, TFN did not allege and has not shown that Sunnyvale misrepresented *TFN's* goods, services, or commercial activities. It merely alleged that Sunnyvale's nakedly licensed use of TFN's logo and the word freecycle might cause confusion regarding the origin, sponsorship, or approval of *Sunnyvale's* services. A&AC, ¶¶ 88. This is simply not disparagement of TFN's services. Ninth Circuit Case, 2007 WL 2781902, at *4. Sunnyvale's statements were, in fact, intended to help freecycling succeed: "many of Oey's remarks appear aimed at ensuring the ongoing success of TFN and its services." *Id.*

Fifth, none of Sunnyvale's statements about TFN's Purported Marks were false. *Id.* They were statements of opinion or, at the very worst, "an erroneous legal opinion (by a layperson) that TFN lacked trademark rights in the term 'freecycle.'" *Id.* "Until it is definitively established that TFN holds a trademark in the term 'freecycle,' it cannot be false to contend that it does not." *Id.*[3]

The Ninth Circuit has, therefore, disposed of any claim that Sunnyvale infringed TFN's Lanham Act rights, including Sunnyvale's declaratory relief claim and TFN's counterclaims. First, there is no action for genericide under the Lanham Act. Second, Sunnyvale did not use TFN's Purported Marks in commerce outside the scope of the naked license. Third, Sunnyvale's conduct created no likelihood of confusion. Fourth, Sunnyvale did not use TFN's Purported Marks in commercial advertising and promotion outside the scope of the naked license. Fifth, Sunnyvale did not misrepresent TFN's services. And finally, Sunnyvale's statements about

[3] The Ninth Circuit also rejected TFN's suggestion that Oey and Sunnyvale are somehow barred from challenging its rights to the word freecycle because of their former connections to TFN: "TFN and the district court emphasize Oey's prior support of TFN's efforts to trademark this term, but these prior statements do not render his subsequent statements 'false.' Oey is entitled to change his mind." Ninth Circuit Case, 2007 WL 2781902, at *4.

TFN's Purported Marks cannot be proven false. Sunnyvale is therefore entitled to summary judgment.

**C. TFN's Pendent Section 17200 Claim Falls with Its Lanham Act Claims.**

As Sunnyvale has already established (First Motion 21-22), TFN's California Business and Professions Code § 17200 ("Section 17200") claim cannot succeed if its Lanham Act claims fail. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir.1994) (affirming dismissal of Section 17200 claim after dismissal of federal trademark claims and stating, as established law, that Section 17200 claims are substantially congruent to claims made under the Lanham Act).

**D. Sunnyvale Is Entitled to Summary Judgment and Injunctive Relief on Its Tortious Interference Claim**

The present dispute originated when TFN informed Yahoo!, Inc. ("Yahoo!") that Sunnyvale of infringing TFN's trademark rights. Evans Decl. Ex. C. This act caused Yahoo! to terminate Sunnyvale's access its Yahoo! group, freecyclesunnyvale. TFN's act satisfies all of the elements of tortious interference with business relations: (a) a valid contract between plaintiff and a third party; (b) defendant's knowledge of that contract; (c) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (d) actual breach or disruption of the contractual relationship; and (e) resulting damage. *PG&E Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126, 270 Cal. Rptr. 1 (1990). The proof is straightforward:

(a) Sunnyvale had a valid contract with Yahoo!—Yahoo! hosted the freecyclesunnyvale Yahoo! group;

(b) TFN knew that Sunnyvale had this Yahoo! group, freecyclesunnyvale—it is listed in the fax (Evans Decl. Ex. C.);

(c) TFN intentionally sent the fax to Yahoo! requesting that Yahoo! terminate its contract with Sunnyvale—Deron Beal, its founder, signed it himself (*id.*);

(d) as a result, Yahoo! terminated its contract with Sunnyvale—the Yahoo! group was shut down and its contents deleted; and

(e) Sunnyvale lost access to its most efficient means of promoting freecycling—clearly damaging its ability to do so.

Sunnyvale waived its right to recover damages for TFN's tortious interference in its complaint, waiving:

> any right it may have to recover monetary damages that it has incurred to date on the ground that the freecycling public would be better served if the non-profit corporation, The Freecycle Network, uses its resources to promote freecycling rather than to pay damages to the unincorporated association, [Sunnyvale], which also operates on a non-profit basis
>
> Amend. Compl. ¶ 55.

But Sunnyvale is still entitled to injunctive relief: "Injunctive relief is available to restrain unjustified interference with contractual relations when damages would not afford an adequate remedy." *PG&E*, 50 Cal. 3d. at 1130 n.9. And, in its proposed order, Sunnyvale seeks exactly the injunctive relief that will make it whole, specifically, an order directing TFN to request that Yahoo! restore Sunnyvale's access to the Yahoo! group freecyclesunnyvale.

**E. Once Summary Judgment Is Granted, Sunnyvale's Injury May Disappear.**

This Court also ordered briefing on whether a finding that Sunnyvale is licensed to use TFN's Purported Marks and therefore committed no trademark infringement would eliminate its standing. The Court presents a novel question without clear precedent on either side.

If the Court finds for Sunnyvale on its declaratory relief claim and against TFN on its counterclaims, it appears that the parties' trademark dispute would be forever determined. If the Court were then to grant Sunnyvale's request for injunctive relief and order TFN to communicate its ruling to Yahoo!, Inc., along with a request that Sunnyvale's Yahoo! group be reinstated, Sunnyvale's injury-in-fact might well be cured. Because such a finding, combined with the relief Sunnyvale seeks, would mean that Sunnyvale "for all practical purposes has won the case pleaded in its complaint," and become immune from suit, Sunnyvale might well no longer have standing with regard to at least some of its claims. *Predicate Logic, Inc. v. Distributive Software*, LLC, 2007 WL 2070345, at *4 (S.D. Cal. 2007). Its declaratory relief claim might then be moot, as this Court suspected. *Id.* Such a ruling would "clarify[]and settl[e] the legal relations in issue [and] terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). Once the parties' legal relations are settled—assuming, of course that they would be—the

declaratory judgment claims might become moot and "[a] declaratory judgment may not be used to secure judicial determination of moot questions." *Nome Eskimo Community v. Babbitt*, 67 F.3d 813, 816 (9th Cir. 1995).

**III. <u>CONCLUSION</u>**

For the reasons raised in its First Motion, because the Ninth Circuit Ruling eliminates any potential claim for genericide, and because the Ninth Circuit held that Sunnyvale's conduct was neither trademark infringement nor false advertising, Sunnyvale respectfully requests that this Court enter its proposed order granting summary judgment.

Dated: October 25, 2007

MAYER BROWN LLP

By: /s/ Ian N. Feinberg
Ian N. Feinberg
Attorneys for Plaintiff
FREECYCLESUNNYVALE