# Exhibit A

Dockets.Justia.com

1   **DₑCONCINI MᴄDONALD**
      **YETWIN & LACY, P.C.**
2   2525 East Broadway, Suite 200
    Tucson, Arizona 85716-5300
3   Telephone: 520-322-5000
    Facsimile: 520-322-5585
4
    LISA ANNE SMITH, AZ Bar No. 016762
5   (lsmith@dmyl.com)
    SHEFALI MILCZAREK-DESAI, AZ Bar. No. 021237
6   (smdesai@dmyl.com)
7   **PERKINS COIE LLP**
    101 Jefferson Drive
8   Menlo Park, California 94025-1114
    Telephone: (650) 838-4300
9   Facsimile: (650) 838-4350
    *Pro hac vice admission pending*
10
    PAUL J. ANDRE, CA Bar No. 196585
11  (pandre@perksincoie.com)
    LISA KOBIALKA, CA Bar No. 191404
12  (lkobialka@perkinscoie.com)
    ESHA BANDYOPADHYAY, CA Bar No. 212249
13  (ebandyopadhyay@perkinscoie.com)
    SEAN BOYLE, CA Bar No. 238128
14  (sboyle@perkinscoie.com)
15  Attorneys for Plaintiff
    THE FREECYCLE NETWORK, INC.
16
17              IN THE UNITED STATES DISTRICT COURT
18                      DISTRICT OF ARIZONA
19
20  THE FREECYCLE NETWORK, INC.,          Case No.
    an Arizona non-profit organization,
21                                         COMPLAINT FOR TRADEMARK
          Plaintiff,                       DISPARAGEMENT, INJURIOUS
22                                         FALSEHOOD, DEFAMATION,
    v.                                     INTENTIONAL INTERFERENCE
23                                         WITH BUSINESS RELATIONS
    TIM OEY and JANE DOE OEY,
24                                         DEMAND FOR JURY TRIAL
          Defendants.
25                                         Assigned to:
26
27         Plaintiff The Freecycle Network, Inc. ("Plaintiff" or "The Freecycle Network")
28  hereby alleges for its Complaint against Defendant Tim Oey ("Defendant" or "Mr. Oey")

1   and Defendant Jane Doe Oey ("Mrs. Oey"), on personal knowledge as to its own
2   activities and on information and belief as to the activities of others, as follows:

3                               **The Parties**

4          1.      The Freecycle Network is an incorporated Arizona non-profit organization
5   with its principal place of business in Tucson, Arizona.  The Freecycle Network promotes
6   recycling by providing support to and acting as a central organizing point for local
7   community-based recycling efforts throughout the United States and several countries
8   abroad.

9          2.      Defendants are residents of Sunnyvale, California.  Defendant is a former
10  member of The Freecycle Network.  Defendant Jane Doe Oey is, on information and
11  belief, the spouse of Defendant Mr. Oey, and all actions taken by Defendant were taken
12  on behalf of the marital community.

13                         **Jurisdiction and Venue**

14         3.      This Court has jurisdiction over the subject matter of this action pursuant to
15  28 U.S.C. §§ 1331 and 1338, as this action arises under the trademark laws of the United
16  States.

17         4.      This Court has further jurisdiction under 28 U.S.C. § 1332, in that The
18  Freecycle Network and Defendant are citizens of different states and the matter in
19  controversy exceeds the sum of $75,000, exclusive of interests and costs.

20         5.      This Court has original jurisdiction over The Freecycle Network's state law
21  claims under 28 U.S.C. § 1332(a), as well as supplemental jurisdiction over these claims
22  under 28 U.S.C. § 1367(a).

23         6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as this is a
24  district in which a substantial part of the events giving rise to the claims occurred.

25                            **Background Facts**

26         7.      The Freecycle Network is a non-profit organization that provides local,
27  community-based recycling and gifting forums throughout the United States.  Starting
28  with a single recycling community in Tucson, The Freecycle Network has grown to a

COMPLAINT FOR CONTRIBUTORY TRADEMARK
INFRINGEMENT AND RELATED CLAIMS                                          [FC1012]

1  worldwide organization with thousands of local recycling, reusing, and gifting groups
2  and more than two million individual members. The Freecycle Network maintains an
3  Internet Web site, located at www.freecycle.org, which maintains a directory of local
4  recycling groups throughout the world and provides resources for volunteers to create
5  new local recycling groups.

6      8.    The Freecycle Network has been using the distinctive and famous
7  trademarks FREECYCLE, THE FREECYCLE NETWORK, and the distinctive and
8  famous "The Freecycle Network" logo (collectively "The Freecycle Network's Marks")
9  exclusively and continuously since at least May 1, 2003. The Freecycle Network's
10  Marks comprise the core of The Freecycle Network's intellectual property.

11      9.    In addition to The Freecycle Network's long and continuous use of The
12  Freecycle Network's Marks, registration of The Freecycle Network's Marks is currently
13  pending before the United States Patent and Trademark Office.

14      10.   As a result of its use and promotion of The Freecycle Network's Marks,
15  The Freecycle Network has built up and now owns valuable goodwill that is symbolized
16  by these trademarks.

17      11.   The Freecycle Network enters into contractual relationships with local
18  recycling organizations and with corporate sponsors. The Freecycle Network provides
19  corporate sponsors a limited non-exclusive license to use its intellectual property and
20  recycling know-how, in exchange for monetary donations.

21      12.   The Freecycle Network provides local volunteers with a limited non-
22  exclusive license to use The Freecycle Network's Marks for local promotions. The
23  Freecycle Network's Marks are used to identify local recycling groups that belong
24  generally to The Freecycle Network organization. The Freecycle Network's Marks are
25  further used by The Freecycle Network to promote recycling and reuse of usable items
26  within a community. Individual recyclers rely on The Freecycle Network's Marks to
27  know that they are dealing with a local organization affiliated with The Freecycle
28  Network.

- 3 -

13.    Defendant was an active member of The Freecycle Network from early 2004 until late 2005, holding a variety of positions during this time including, but not limited to, (1) membership in The Freecycle Network's intellectual property working group, and (2) leader of the New Website Planning Group, tasked with developing The Freecycle Network's next-generation Internet Web site.

14.    Defendant vigorously defended The Freecycle Network's rights to The Freecycle Network's Marks in public e-mail exchanges and various Internet fora while he was a member of The Freecycle Network.  Examples include:

(a)    In an e-mail dated September 17, 2004, Defendant stated, in pertinent part, "Everyone in the Freecycle network needs to protect the "Freecycle" trademark." (*See* Exhibit A.)

(b)    In an e-mail dated January 5, 2005, Defendant provided a list of guidelines entitled "How To Protect the Freecycle Trademark" that includes detailed instructions for proper use of the FREECYCLE mark. (*See* Exhibit B.)

(c)    In an e-mail dated May 5, 2005, Defendant stated, in pertinent part, "…the Freecycle trademark [] …is real, Freecycle is using it, and has the right to defend it to a degree even without registration.  The reason that the Freecycle trademark is important is that people are associating it with an excellent service.  People join The Freecycle Network because they trust it.  So the more we work to make Freecycle trustworthy, distinct, and useful, the more people recognize it, the more people join it, and the more power the network has to generate gifts rather than trash – which is THE goal." (*See* Exhibit C.)

15.    On or around September 15, 2005, Defendant was asked to resign from his position at The Freecycle Network due to behavior from Defendant contrary to the mission of The Freecycle Network Organization. (*See* Exhibit D.)

16.    Since terminating his membership in The Freecycle Network, Defendant has engaged in a systematic campaign to destroy the value of The Freecycle Network's intellectual property, particularly The Freecycle Network's Marks.

- 4 -

17. . Defendant has intentionally made false statements about The Freecycle Network's operations and the validity of The Freecycle Network's intellectual property, including The Freecycle Network's Marks. These statements include assertions that The Freecycle Network does not possess valid trademark rights in The Freecycle Network's Marks, assertions that The Freecycle Network's Marks, specifically the FREECYCLE mark, is a generic term, and assertions that third parties can freely use The Freecycle Network's Marks. Examples include:

(a) In a Yahoo! Groups message, Defendant stated, in pertinent part, "…it is legal for everyone to use the term freecycle…so have fun with it!" (*See* Exhibit E.)

(b) In an e-mail dated September 20, 2005, Defendant stated, in pertinent part, "…I have encouraged people to use the term freecycle as a generic term which would block The Freecycle Network (The Freecycle Network), and all others, from holding a trademark…." (*See* Exhibit F.)

(c) In a Yahoo! Groups message dated February 23, 2006, Defendant stated, in pertinent part, "…please contact all the freecycle groups in your state and surrounding states to let them know that freecycle is a generic term…." (*See* Exhibit G.)

18. Defendant has published false and misleading statements regarding The Freecycle Network and The Freecycle Network's Marks to third parties, through public e-mail lists and public Yahoo! Groups Web sites. (*See generally* Exhibits A-F).

19. Defendant has attempted to intentionally and maliciously induce local recycling organizations to terminate their association with The Freecycle Network and misuse The Freecycle Network's trademarks. Examples include:

(a) In a Yahoo! Groups message dated February 23, 2006, Defendant maliciously encouraged others to misuse The Freecycle Network's Marks in a manner that will "[d]rive The Freecycle Network nuts." (*See* Exhibit G.)

- 5 -

(b)    In the same Yahoo! Groups message, Defendant intentionally encouraged others to misuse the Marks "[b]ecause [The Freecycle Network] are doing bad things." *Id.*

(c)    In a Yahoo! Groups message dated September 20, 2005, Defendant stated "I have actually encouraged people to use the term freecycle as a generic term which would block The Freecycle Network (The Freecycle Network), and all others, from holding a trademark…." (*See* Exhibit F.)

## FIRST CLAIM FOR RELIEF

(Contributory Trademark Infringement, 15 U.S.C. § 1125(a))

20.    The Freecycle Network repeats and re-alleges the allegations of paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.    Defendant has been knowingly inducing third parties to infringe The Freecycle Network's Marks.

22.    Such knowing inducement of infringement of The Freecycle Network's Marks by Defendant constitutes contributory trademark infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

23.    The Freecycle Network is informed and believes that Defendant's past and continuing contributory trademark infringement of The Freecycle Network's Marks has been deliberate and willful, and was calculated to harm the goodwill of The Freecycle Network's Marks, and of The Freecycle Network's reputation and goodwill.

24.    Defendant's contributory infringing conduct has damaged The Freecycle Network in an amount to be determined at trial, and will continue to damage The Freecycle Network, unless restrained by this Court. The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

///

1

## SECOND CLAIM FOR RELIEF

2                    (Trademark Disparagement, 15 U.S.C. § 1125(a))

3          25.    The Freecycle Network repeats and re-alleges the allegations of paragraphs

4    1 through 24 of the Complaint as if fully set forth herein.

5          26.    Defendant has intentionally made false statements about The Freecycle

6    Network's operations and the validity of The Freecycle Network's intellectual property,

7    including The Freecycle Network's Marks.  These statements include assertions that The

8    Freecycle Network does not possess valid trademark rights in The Freecycle Network's

9    Marks,  and  assertions  that  The  Freecycle  Network's  Marks,  specifically  the

10   FREECYCLE mark, is a generic term.

11         27.    Defendant made such false statements with malice, in an attempt to harm

12   The Freecycle Network's right to its intellectual property, harm the goodwill of The

13   Freecycle Network's Marks, and harm The Freecycle Network's reputation and goodwill.

14         28.    The Freecycle Network has suffered special damages due to Defendant's

15   false statements in an amount to be determined at trial, including, but not limited to, a

16   loss of goodwill, decreased membership, loss of potential corporate sponsorship, and

17   potential  loss  of  intellectual  property  right  in  The  Freecycle  Network's  Marks.

18   Defendant will continue to damage The Freecycle Network, unless restrained by this

19   Court.  The Freecycle Network is entitled to an injunction, as set forth below, and as a

20   consequence of Defendant's willful conduct, to an award against Defendant in an amount

21   of  three  times  The  Freecycle  Network's  damages,  and  The  Freecycle  Network's

22   attorneys' fees and costs incurred in connection with this action.

23

## THIRD CLAIM FOR RELIEF

24                   (Injurious Falsehood, Arizona Common Law)

25         29.    The Freecycle Network repeats and re-alleges the allegations of paragraphs

26   1 through 28 of the Complaint as if fully set forth herein.

27         30.    Defendant has published false statements to third parties, through public e-

28   mail lists and public Yahoo! Groups Web sites, regarding The Freecycle Network and

COMPLAINT FOR CONTRIBUTORY TRADEMARK
INFRINGEMENT AND RELATED CLAIMS                                              [FC1012]

The Freecycle Network's Marks.  The Freecycle Network's false statements in this regard include, but are not limited to, assertions that The Freecycle Network's Marks are generic, that The Freecycle Network does not have valid trademark rights in The Freecycle Network's Marks, and that third parties can freely use the FREECYCLE mark.

31.    Defendant intentionally made such false statements with the knowledge that they were false.

32.    Defendant made such false statements in an effort to dissuade the readers of these statements from entering into or maintaining business and volunteer relationships with The Freecycle Network.

33.    The Freecycle Network has suffered pecuniary loss due to Defendant's false statements in an amount to be determined at trial, including, but not limited to, a loss of goodwill, decreased membership, loss and/or reduction of potential corporate sponsorship, and potential loss of intellectual property right in The Freecycle Network's Marks.  Defendant will continue to damage The Freecycle Network, unless restrained by this Court.  The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## FOURTH CLAIM FOR RELIEF

### (Defamation, Arizona Common Law)

34.    The Freecycle Network repeats and re-alleges the allegations of paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.    Defendant has made false and misleading public statements concerning The Freecycle Network and The Freecycle Network's Marks.  The Freecycle Network's false statements in this regard include, but are not limited to, assertions that The Freecycle Network's Marks are generic, that The Freecycle Network does not have valid trademark rights in The Freecycle Network's Marks, and that third parties can freely use the FREECYCLE mark.

36.    Defendant has published these false and misleading statements without authorization from The Freecycle Network, on public e-mail lists and public Yahoo! Groups Web sites.

37.    Defendant intentionally made such false and misleading statements with the knowledge that such statements were false and misleading.

38.    Defendant made such false and misleading statements with malice, in an attempt to harm The Freecycle Network's right to its intellectual property, harm the goodwill of The Freecycle Network's Marks, and harm The Freecycle Network's reputation and goodwill.

39.    The Freecycle Network has suffered special harm due to Defendant's false statements in an amount to be determined at trial, including, but not limited to, a loss of goodwill, decreased membership, loss of potential corporate sponsorship, and potential loss of intellectual property right in The Freecycle Network's Marks.    Defendant will continue to damage The Freecycle Network, unless restrained by this Court.    The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## FIFTH CLAIM FOR RELIEF

(Intentional Interference with Business Relationship, Arizona Common Law)

40.    The Freecycle Network repeats and re-alleges the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    The Freecycle Network enters into contractual relationships with its local recycling, reusing, and gifting groups, and with corporate sponsors.

42.    Due to his prior involvement in The Freecycle Network, Defendant has personal knowledge of The Freecycle Network's contractual relationships with its local recycling, reusing, and gifting groups, and with corporate sponsors.

43.    Defendant intentionally made false and misleading statements regarding The Freecycle Network and The Freecycle Network's Marks in an attempt to disrupt The Freecycle Network's contractual relationships by (1) stating that The Freecycle Network does not hold valid rights in the FREECYCLE mark, and (2) attempting to induce local recycling organizations to terminate their association with The Freecycle Network and misuse The Freecycle Network's trademarks.

44.    Defendant made such false and misleading statements with malice, in an attempt to harm The Freecycle Network's right to its intellectual property, harm the goodwill of The Freecycle Network's Marks, and harm The Freecycle Network's reputation and goodwill.

45.    The Freecycle Network has suffered damages due to Defendant's false statements in an amount to be determined at trial, including, but not limited to, a loss of goodwill, decreased membership, loss of potential corporate sponsorship, and potential loss of intellectual property rights in The Freecycle Network's Marks.  Defendant will continue to damage The Freecycle Network, unless restrained by this Court.  The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, The Freecycle Network requests that the Court enter judgment in its favor and against Defendants on its Complaint as follows:

A.    An injunction temporarily, preliminarily and permanently enjoining and restraining Defendant, its agents, servants, employees, affiliates, attorneys, and all those in privity or acting in concert with Defendant, from using or inducing third parties to use The Freecycle Network's Marks in any form or any close variation thereof;

B.    An injunction temporarily, preliminarily and permanently enjoining and restraining Defendant, its agents, servants, employees, affiliates, attorneys, and all those

COMPLAINT FOR CONTRIBUTORY TRADEMARK
INFRINGEMENT AND RELATED CLAIMS                                    [FC1012]

1  in privity or acting in concert with Defendant, from interfering with The Freecycle

2  Network's business relationships;

3      C.    An award of damages to The Freecycle Network adequate to compensate

4  The Freecycle Network for Defendant's acts of infringement, disparagement,

5  interference, injurious falsehood, and defamation, together with interest thereon, and an

6  increase in the amount of damages to three times the amount found or assessed by this

7  Court because of the willful and deliberate nature of Defendant's acts, as provided by

8  35 U.S.C. § 284;

9      D.    An award of The Freecycle Network's costs incurred in this action,

10  together with reasonable attorneys' fees;

11      E.    Granting such other and further relief as this Court may deem just and

12  proper.

13  ## DEMAND FOR JURY TRIAL

14  The Freecycle Network demands a jury trial on all issues.

15  Dated this _4th_ day of April, 2006.

16                    DeCONCINI McDONALD

17                      YETWIN & LACY, P.C., and
                  PERKINS COIE LLP

18

19            By: _____
                  Lisa Anne Smith

20                    Shefali Milczarek-Desai

21                    Paul J. Andre
                  Lisa Kobialka

22                    Esha Bandyopadhyay
                  Sean Boyle

23

24                    Attorneys for Plaintiff
                  The Freecycle Network, Inc.

25

26

27

28

**VERIFICATION**

STATE OF ARIZONA    )
                      ) ss.
County of Pima        )

    I, Deron Beal, upon penalty of perjury, depose and say that:

1.    I am the Executive Director and Board Chair of The Freecycle Network, Inc.

2.    I have reviewed The Freecycle Network, Inc.'s Complaint for Trademark Disparagement, Injurious Falsehood, Defamation, and Intentional Interference with Business Relations.

3.    To the best of my knowledge, the contents of this document are true and correct.

DATED this 4th day of April, 2006.

Subscribed and sworn to before me
this 4th day of April, 2006,
by Deron Beal.

_____
Notary Public

My Commission Expires:

_1-27-08_____

OFFICIAL SEAL
LINDA W. KEILHOLTZ
Notary Public - Arizona
PIMA COUNTY
My Commission Expires
January 27, 2008

# Exhibit B

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                             FOR THE DISTRICT OF ARIZONA

8

9   THE FREECYCLE NETWORK, INC., an )        No. CV 06-173-TUC-RCC
    Arizona non-profit organization,       )
10                                          )   **ORDER**
                    Plaintiff,              )
11                                          )
    vs.                                     )
12                                          )
                                            )
13  TIM OEY and JANE DOE OEY,               )
                                            )
14                  Defendant.              )
                                            )
15  _____)

16

17          On April 24, 2006, the Court held oral argument regarding a motion for a

18  Temporary Restraining Order against Defendant Tim Oey ("Oey").  That motion was

19  granted (Docket # 18).  Now pending before the Court is Plaintiff The Freecycle

20  Network, Inc.'s Notice of *Ex Parte* Motion and *Ex Parte* Motion for Order to Show Cause

21  Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with

22  Temporary Restraining Order (Docket # 20) as well as whether a preliminary injunction

23  should be issued on The Freecycle Network's ("Freecycle") behalf enjoining Oey from

24  making comments that infringe on Freecycle's Trademark.

25  **I.  BACKGROUND**

26          The Freecycle Network is a nonprofit Arizona corporation with member groups

27  throughout the world dedicated to encouraging and coordinating the reusing, recycling,

28

1    and gifting of goods.  Starting with a single community in Tucson, Freecycle has grown

2    to a worldwide organization with thousands of local recycling groups and more than two

3    million members.

4         Freecycle has been using the trademarks FREECYCLE, THE FREECYCLE

5    NETWORK and "The Freecycle Network" logo since May 2003.  On November 22,

6    2005, Freecycle's trademark and logo were approved for publication on the Principal

7    Register by the United States Patent and Trademark Office ("USPTO").  A notice of

8    publication was issued on December 28, 2005, but that registration is being opposed by a

9    group in California making the trademark's application pending.

10        Defendant Oey was actively involved with Freecycle from early 2005 until late

11   2005.  Part of Defendant's duties included participating in an intellectual property group

12   tasked with developing guidelines for protecting Freecycle's intellectual property.  As part

13   of his duties, Defendant has authored emails which have defended Freecycle's trademark

14   rights.

15        In mid-September 2005 Defendant resigned from his position with Freecycle.

16   Subsequently, Defendant began making public remarks disagreeing with the validity

17   Freecycle's trademark rights.  In support of this, Defendant has emailed remarks

18   disparaging Freecycle's trademark as well as posting comments on the internet

19   disparaging Freecycle's trademark.

20        Freecycle filed this action against Defendant claiming that he had made remarks

21   that infringed upon their trademark.  In accordance with this, Plaintiff moved for a

22   temporary restraining order which was granted by this court.  Now, Plaintiffs are asking

23   for a preliminary injunction as well as an order to show cause as to why Defendant should

24   not be held in contempt of court for not removing previously posted comments on the

25   internet that infringe upon Freecycle's trademark.

26        Defendant claims that the term "freecycle" is a generic term and thus not able to be

27   trademarked.  Defendant points to the fact that the trademark is still pending with the

28   USPTO and that there is an objection to the pending trademark that must be resolved by

the USPTO.  With regard to the motion for contempt filed by Freecycle, Defendant asserts that it did not relate to past comments made by Defendant before the Complaint in this case was even filed.

## II. DISCUSSION

The moving party carries the burden for demonstrating the need for injunctive relief.  *Huang v. Holiday Inns, Inc.*, 594 F.Supp. 352, 355 (C.D.Cal. 1984).

Factors to consider in determining whether to grant a preliminary injunction are:

> (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief.

*Dollar Rent A Car of Wash., Inc. v. Travelers Indemnity Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985).

In a trademark infringement case, a plaintiff is entitled to a preliminary injunction if it can show "either (1) a combination of 'probable success on the merits' and 'the possibility of irreparable injury' or (2) the existence of 'serious question going to the merits' and that 'the balance of hardships tips sharply in [its] favor.'" *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985)).

*1.  Likelihood of Success on the Merits*

Freecycle argues that it is likely to succeed on the merits.  The Lanham Act prohibits the unauthorized use of a "registered mark in connection with the sale . . . or advertising of any goods . . . [where] such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114.  Section 43 of the act makes any person who, in connection with the sale of goods, uses any term, name, or symbol in a way that is likely to cause confusion, mistake or to deceive, liable in a civil action to any person damaged by the act.  15 U.S.C. § 1125.  In order to establish trademark infringement or unfair competition under the Lanham Act, a plaintiff must show that the defendant "is

1   using a mark similar to a valid, protectable trademark of [plaintiff's]." *Brookfield*

2   *Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).

3   Freecycle argues that even though its trademark is still pending, it has established a

4   recognizable logo and name that is protectable through over three years of use as well as

5   the USPTO's approval of publication in its Principal Register.

6        Additionally, Freecycle argues that its legitimate trademark rights have been

7   recognized by Defendant when he was associated with The Freecycle Network.  This is

8   born out by the record.  While Defendant was associated with The Freecycle Network, he

9   actively undertook to protect its trademark and logo.  *See* Complaint, Exh. A-C; *see also*

10  Beal Decl. ¶ 8.  Then, after his separation from the organization, he began to publicly

11  encourage the disparagement of the Freecycle trademark.  *See* Complaint, Exh. D-G; *see*

12  *also* Beal Decl. ¶ 9.

13       All of these factors lead to the conclusion that Plaintiff has a significant chance to

14  succeed on the merits of the case.

15  *2.  Irreparable Injury*

16       Irreparable injury may be presumed by a showing of likelihood of success on the

17  merits of a trademark infringement claim.  *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032,

18  1038 (9th Cir. 2003).  Because The Freecycle Network has shown a likelihood of success

19  on the merits, a preliminary injunction is appropriate as to the trademark claims.

20  *3.  Balance of Hardships*

21       The balance of hardships falls in Freecycle's favor.  If a preliminary injunction is

22  granted, then Defendant is merely prohibited from making public comments that could

23  disparage Freecycle's trademark during the pendency of this case.  There would be no or

24  very little cost to Defendant of not being able to do this.   If the preliminary injunction is

25  not granted then The Freecycle Network could very well suffer loss of goodwill and

26  confusion with respect to its trademark rights (assuming it does in fact have those

27  trademark rights).  It is clear though that currently, the balance of hardships clearly falls

28  within Freecycle's favor.

**III.  CONCLUSION**

Accordingly IT IS HEREBY ORDERED that the motion for Preliminary Injunction is GRANTED in Freecycle's Favor.  Defendant is prohibited from making any comments that could be construed as to disparage upon Freecycle's possible trademark and logo.  Additionally, Defendant IS FURTHER ORDERED to remove all postings from the internet and any other public forums that he has previously made that disparage Freecycle's possible trademark and logo.  This Order specifically refers to, but is not limited to, the exhibits used by Freecycle in this case.

Finally, IT IS ORDERED that Plaintiff The Freecycle Network, Inc.'s Notice of *Ex Parte* Motion and *Ex Parte* Motion for Order to Show Cause Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with Temporary Restraining Order (Docket # 20) is DENIED.  However, Defendant is forewarned that if he refused to comply with the terms of this preliminary injunction and continues to publicly disparage Freecylce's trademark rights and logo then he could be found to be held in contempt of court.

DATED this 11th day of May, 2006.

Raner C. Collins
United States District Judge

- 5 -

# Exhibit C



P.O. Box 294  Tucson, AZ 85705  www.freecycle.org

## Attn: Michael Meneses

Hello again, Michael.

Thanks so much for all of your help.

Attached (4 pages including this one) please find our latest list of groups to report for infringement. Please note that we have recently revamped the process by which users are instructed to create new Freecycle Groups using the Yahoo! Groups system, and we hope that the new process will make it clear when it is, and is not, appropriate to create a group. This should cut down significantly on the number of "rogue" groups that are created and our reports should slow to a trickle in the near future.

Thank you!

Sarah &f Dron Beal
Nox

YAH0442

FROM :The Freecycle Network          FAX NO. :5203273771          Nov. 21 2005 12:27PM P5



P.O. Box 294  Tucson, AZ 85705  www.freecycle.org

## Attn: Michael Meneses

Hello again, Michael.

Thanks so much for all of your help.

Attached (4 pages including this one) please find our latest list of groups to report for infringement. Please note that we have recently revamped the process by which users are instructed to create new Freecycle Groups using the Yahoo! Groups system, and we hope that the new process will make it clear when it is, and is not, appropriate to create a group. This should cut down significantly on the number of "rogue" groups that are created and our reports should slow to a trickle in the near future.

Thank you!

*Sarah & Deron Beal*
*Nou...*

YAH0443

ATTN: Michael Meneses

Hello, Michael. Thank you for your continued assistance. Below are some
more groups infringing on the Freecycle(TM) protected property and
refusing to cease.  Thanks much!

> 1. A description of the copyrighted work or other intellectual
property that you claim has been infringed;

The name Freecycle(TM) is protected, as are the Freecycle(TM) logo, and
all of the materials supplied to Freecycle(TM) groups when they are
first created. The group in question is currently using those materials
without permission.

> 2. A description of the location where the material that you claim is
infringing is located;

http://groups.yahoo.com/group/GreaterActonMAFreecycle/
http://groups.yahoo.com/group/Freecycle_Durham/
http://groups.yahoo.com/group/FreecycleBaldwin/
http://groups.yahoo.com/group/Catonsvillefreecycle/
http://uk.groups.yahoo.com/group/cheerfulandfree/
http://groups.yahoo.com/group/ChristianCounty-ILfreecycle/
http://uk.groups.yahoo.com/group/Durhamfreecyclers/
http://uk.groups.yahoo.com/group/freecyclenewcastleupontyne/
http://groups.yahoo.com/group/herfordazfreecycle/
http://groups.yahoo.com/group/FreecycleMarionSC/
http://groups.yahoo.com/group/FreeCycleOklahomaCity/
http://groups.yahoo.com/group/OrcuttFreecycle/
http://groups.yahoo.com/group/freecyclesunnyvale/
http://groups.yahoo.com/group/wofreecycle/
http://groups.yahoo.com/group/GLBTFreecycle/
http://groups.yahoo.com/group/Freecyclingmorris/
http://groups.yahoo.com/group/lakewoodfreecycling/

> 3. A statement by you that you have a good faith belief that the
reported use is not authorized by the copyright or intellectual property
owner, its agent, or the law;

I am the Copyright Agent for The Freecycle Network(TM) and am
subsequently authorized to represent Freecycle in this matter. The groups
in question either applied to be Freecycle groups but were rejected, or
never applied and have been operating without permission from the start.
If they were rejected, they were served with a notice asking them to either
delete the group or remove the protected Freecycle name, etc. When they

YAH0444

didn't do either (or if they never went through the approval process in the first place) they were sent two letters asking them to cease & desist using the protected Freecycle name, logo, and materials. The letters were sent at least two weeks apart (to account for people being away on vacation, medical emergencies, etc.) and 48 hours after the second one was sent the groups were manually checked again. All of the groups that had not been deleted or appropriately edited at that time are listed above. These groups are therefore currently infringing on The Freecycle Network's copyrights and trademark and we ask you now to take the appropriate action
with all of them.

> 4. Your address, telephone number, and, if available, e-mail address;

THE FOLLOWING NAME AND CONTACT INFORMATION ARE PERSONAL AND FOR YAHOO'S
USE ONLY- *NOT* TO BE SHARED WITH THE OFFENDER OR ANYONE ELSE, PLEASE:
Sarah Blouin
978-772-0375

PLEASE USE THIS CONTACT INFORMATION IF YOU HAVE TO SHARE IT WITH THE
OFFENDER OR ANYONE ELSE:
The Freecycle Network
P.O. Box 294
Tucson, AZ 85705
520-631-2171
trademark@freecycle.org

> 5. A statement by you, made under penalty of perjury, that the above information is accurate and that you are the copyright or intellectual property owner or authorized to act on the copyright or intellectual property owner's behalf; and

I hereby state that the information I have supplied in this message is complete and accurate to the best of my knowledge, and that I am authorized to act on the copyright owner's behalf.

YAH0445

> 6. An electronic or physical signature by the person making the
submission (i.e., you or such other person authorized to act on behalf
of [Complainant]). If the submission is made electronically, to satisfy
the signature requirement please designate the electronic signature by
typing a forward slash before and after the name of the authorized
person
making the submission (e.g., /Jane Doe/) and follow this electronic
signature with the typed name of the person.

PLEASE DO NOT DISCLOSE MY LAST NAME TO ANYONE. THANK
YOU.

Signed,
/Sarah Blouin/
Sarah Blouin

Trademark Agent,
The Freecycle Network
www.freecycle.org

Please note that this email message is intended only for the
addressee(s) and contains information that may be confidential
and/or copyrighted. If you are not the intended recipient
please notify the sender by reply email and immediately
delete this email. Disclosure, distribution or reproduction
of this email by anyone is strictly prohibited.

Copyright © 2004-2005 The Freecycle Network (http://www.Freecycle.org).
All rights reserved. Freecycle and the Freecycle logo are trademarks
of The Freecycle Network in the United States and/or other countries.

YAH0446