

1   PAUL J. ANDRE, Bar No. 196585
    (pandre@perkinscoie.com)
2   LISA KOBIALKA, Bar No. 191404
    (lkobialka@perkinscoie.com)
3   ESHA BANDYOPADHYAY, Bar. No. 212249
    (ebandyopadhyay@perkinscoie.com)
4   SEAN M. BOYLE, Bar No. 238128
    (sboyle@perkinscoie.com)
5   PERKINS COIE LLP
    101 Jefferson Drive
6   Menlo Park, CA 94025
    Telephone:     (650) 838-4300
7   Facsimile:     (650) 838-4350

8   Attorneys for Defendant
    The Freecycle Network, Inc.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                   OAKLAND DIVISION

13

14   FREECYCLESUNNYVALE,                      CASE NO. C 06-00324 CW
     a California unincorporated association,
15                                            THE FREECYCLE NETWORK, INC.'S
                     Plaintiff,               MEMORANDUM OF POINTS AND
16                                            AUTHORITIES IN OPPOSITION TO
          v.                                  PLAINTIFF'S SUPPLEMENTAL MOTION
17                                            FOR SUMMARY JUDGMENT
     THE FREECYCLE NETWORK, INC.,
18   an Arizona corporation,                  [FED. R. CIV. P. 56]

19                   Defendant.

20
     THE FREECYCLE NETWORK, INC.
21   an Arizona corporation,

22                   Counterclaimant,

23        v.

24   FREECYLESUNNYVALE,
     a California unincorporated association,
25
                     Counterdefendant.
26

27

28

     OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
     MOTION FOR SUMMARY JUDGMENT
     CASE NO. C 06-00324 CW
     60383-0001/LEGAL13706599.2

# TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................. 1

II.     PROCEDURAL BACKGROUND ..................................................................... 2

III.    ARGUMENT ...................................................................................................... 3

        A.      The Ninth Circuit Did Not Adjudicate Any of FreecycleSunnyvale's or
                The Freecycle Network's Causes of Action in the California Case.................. 3

                1.      FreecycleSunnyvale's Supplemental Motion Intentionally
                        Misstates Highly Relevant Portions of the Ninth Circuit's Oey
                        Opinion........................................................................................... 4

                2.      The Ninth Circuit's Holding on Generic Use in Oey Does Not
                        Affect The Freecycle Network's Claims in the California Case.......... 6

                3.      The Ninth Circuit's Oey Opinion Does Not Affect The Existence
                        of a Genuine Issue of Material Fact Regarding The Freecycle
                        Network's Counterclaims for Trademark Infringement and Unfair
                        Competition under the Lanham Act ...................................................... 6

                        a.      Use in Commerce ................................................................. 7

                        b.      Likelihood of Confusion ...................................................... 8

                        c.      Use in Commercial Advertising and Promotion ...................... 8

                        d.      Misrepresentation ................................................................. 9

                        e.      Falsity ................................................................................... 9

        B.      FreecycleSunnyvale is Not Entitled to Summary Judgment and Injunctive
                Relief on Its Tortious Interference Claim........................................................ 10

                1.      Several Genuine Issues of Material Fact Exist with Regard to
                        FreecycleSunnyvale's Tortious Interference Claim ........................... 10

                2.      A Genuine Issue of Material Fact Exists as to Whether Privilege is
                        an Affirmative Defense to FreecycleSunnyvale's Claim of
                        Tortious Interference with Business Relations.................................... 12

IV.     CONCLUSION .................................................................................................. 13

OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-00324 CW
60383-0001/LEGAL13706599.2

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

4

*PG&E Co. v. Bear Stearns & Co.,*
50 Cal. 3d 1118 (1990) ................................................................. 11

5

*Richardson v. La Rancherita La Jolla, Inc.,*
98 Cal. App. 3d 73 (1980) ............................................................ 12

6

7

*Robinson v. State Farm Ins.,*
1996 WL 31850 (N.D. Cal. Jan. 16, 1996) ................................. 13

8

*Sade Shoe Co., Inc. v. Oschin and Snyder,*
162 Cal. App. 3d 1174 (1984) ...................................................... 13

9

10

*The Freecycle Network, Inc. v. Tim Oey,*
2007 WL 2781902 (9th Cir. Sept. 26, 2007) .......................... passim

11

**Statutes**

12

13

15 U.S.C. § 1125(a)(1)(B) ................................................................. 7, 9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-00324 CW
60383-0001/LEGAL13706599.2

# I.    INTRODUCTION

FreecycleSunnyvale's original Corrected Notice of Motion and Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("First Motion") raised a host of factual issues that preclude an award of summary judgment. A complete failure to prove its allegations with respect to the three trademarks at issue, THE FREECYCLE NETWORK, FREECYCLE and the logo. These issues of fact were adequately explained in The Freecycle Network, Inc.'s ("The Freecycle Network") Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Adjudication under Fed. R. Civ. P. 56 ("First Opposition") and in the subsequent oral argument. FreecycleSunnyvale has now supplemented its argument with its Supplemental Notice of Motion and Motion for Summary Judgment ("Supplemental Motion"), by attempting to equate without any supporting evidence whatsoever that FreecycleSunnyvale stands in the shoes of Tim Oey, a defendant in a different litigation pending in the District Court of Arizona. FreecycleSunnyvale cannot assume that it is one in the same with Mr. Oey. In fact, Mr. Oey already unsuccessfully tried that tactic. An Arizona District Court determined that Mr. Oey is not the same as FreecycleSunnyvale, denying Mr. Oey's motion to change venue and transfer the Arizona litigation to this Court, as well as finding personal jurisdiction over Mr. Oey for his specific acts that form the basis for that litigation in Arizona. FreecycleSunnyvale is now attempting to ask this Court to overrule another Court's findings, namely that Mr. Oey is not the same as FreecycleSunnyvale, and the causes of action and allegations in that case are different from those present in the instant litigation.

In addition to intentionally misquoting the Ninth Circuit's ruling in the related case The Freecycle Network, Inc. v. Tim Oey, 2007 WL 2781902 (9th Cir. Sep. 26, 2007), FreecycleSunnyvale's Supplemental Motion raises additional issues of fact beyond those already raised in its First Motion, and the allegations in its pleadings contradict the arguments it is now attempting to make in its Supplemental Motion. As discussed below, these new factual issues add additional weight to The Freecycle Network's argument that substantial issues of material fact preclude an award of summary judgment.

- 1 -

## II.    PROCEDURAL BACKGROUND

The unincorporated California association FreecycleSunnyvale filed the instant action against The Freecycle Network ("California Case") in this court on January 18, 2006, seeking, among other matters, adjudication of the status of The Freecycle Network's common law trademark rights in three separate and distinct trademarks, FREECYCLE, THE FREECYCLE NETWORK, and The Freecycle Network's graphic logo (collectively "the Marks").

On April 4, 2006, The Freecycle Network filed a separate and unrelated action against Tim Oey ("Oey") as an individual in the United States District Court for the District of Arizona ("Arizona Case"), based on his personal actions against The Freecycle Network. The Freecycle Network, Inc. v. Tim Oey, Case No. CV-06-173-TUC-RCC. Declaration of Lisa Kobialka in Support of The Freecycle Network's Memorandum of Points and Authorities in Opposition to Plaintiff's Supplemental Motion for Summary Judgment ("Kobialka Decl."), ¶ 2, Ex. 1. The Arizona Court issued a Temporary Restraining Order and Preliminary Injunction against Oey on April 24, 2006. After issuing the orders, Oey moved the Court to dismiss the case for lack of personal jurisdiction and for change of venue and transfer of the case to the Northern District of California, in light of the present litigation. The Freecycle Network aggressively and successfully opposed these motions. Id., ¶ 3, Ex. 2. On June 20, 2006, the Arizona Court denied these motions and elected to stay the litigation with the injunctive relief in place in order to avoid contradictory rulings regarding The Freecycle Network's trademark rights. Since this case was filed first, the Arizona case was stayed pending the resolution of this matter. Id., ¶ 4, Ex. 3.

Oey appealed the injunction to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit vacated the injunction issued against Oey and remanded the issue of whether a any such relief should issue against Oey to the Arizona Court in its September 26, 2007 opinion. The Freecycle Network filed a petition for rehearing on the Order on October 10, 2007.

- 2 -

1

### III.    ARGUMENT

2       Based on a Ninth Circuit decision regarding whether the Lanham Act covers trademark

3   disparagement, FreecycleSunnyvale seeks without any viable legal or evidentiary support

4   summary adjudication on the following five separate causes of action: (1) FreecycleSunnyvale's

5   claim for declaratory judgment of non-infringement of The Freecycle Network's trademarks; (2)

6   FreecycleSunnyvale's claim for tortious interference with business relations; (3) The Freecycle

7   Network's counterclaim for trademark infringement under the Lanham Act; (4) The Freecycle

8   Network's counterclaim for unfair competition under the Lanham Act; and (5) The Freecycle

9   Network's counterclaim for unfair competition under California Business and Processional Code.

10  As the Ninth Circuit did not address the validity of The Freecycle Network's Marks or address the

11  issue of infringement, FreecycleSunnyvale can only make its motion by misquoting the opinion

12  and attempting to place itself in the shoes of a defendant without ever explaining how it is

13  appropriate to do so as there are different facts and different parties involved in the Arizona Case.

14      As shown below, FreecycleSunnyvale is far from meeting its burden of proving that it is

15  entitled to summary judgment and, at the very least, each of these causes of action requires a

16  determination of at least one material issue of fact, precluding summary judgment.

17  **A.    The Ninth Circuit Did Not Adjudicate Any of FreecycleSunnyvale's or The
        Freecycle Network's Causes of Action in the California Case**

18
19      As an initial matter, and contrary to FreecycleSunnyvale's assertions, the Ninth Circuit's

20  Oey opinion did not adjudicate any of FreecycleSunnyvale's claims against The Freecycle

21  Network, nor did it adjudicate any of The Freecycle Network's claims against

22  FreecycleSunnyvale.  Oey dealt only with the narrow issue of Tim Oey's appeal from "a

23  preliminary injunction preventing him 'from making any comments that could be construed as to

24  disparage upon [The Freecycle Network]'s possible trademark and logo' and requiring that he

25  'remove all postings from the [I]nternet and any other public forums that he has previously made

26  that disparage [The Freecycle Network]'s possible trademark and logo.'"  Oey, 2007 WL

27  2781902, at *1.  Notably, the Oey opinion only mentions FreecycleSunnyvale and the California

28                                          - 3 -

1   Case in passing, in a footnote discussing the stayed opposition proceedings before the United

2   States Patent and Trademark Office's Trademark Trial and Appeal Board. Id., n.2. In fact, the

3   Ninth Circuit went out of its way to specifically note that it is not adjudicating The Freecycle

4   Network's rights in its trademarks, stating "[w]e express no opinion regarding the validity of

5   TFN's claimed mark." Id., n.6. Given that the claims and counterclaims in the California Case

6   are tied, in part, to the validity of The Freecycle Network's Marks and concern

7   FreecyleSunnyvale's infringement of The Freecycle Network's Marks due to its continued use of

8   these Marks without authorization, FreecycleSunnyvale cannot plausibly claim that Oey

9   provides a final adjudication of the California Case when the very same opinion specifically

10  disclaims adjudication of The Freecycle Network's trademark rights.

11          Furthermore, the Court in the Arizona case already determined that this litigation is

12  distinct from the Arizona dispute. In the Arizona Case, Mr. Oey attempted to argue that the case

13  against him was the same issues involved in this case. The Arizona Court rejected this claim,

14  thereby denying Mr. Oey's motion to transfer. Kobialka Decl., ¶ 4, Ex. 3. It appears that

15  FreecycleSunnyvale is hoping that if it continues to make an argument that has already been

16  rejected, namely that it stands in the shoes of Mr. Oey, that this Court will rule in its favor. The

17  fact of the matter is that the allegations involved in the Arizona Case are distinct and involve

18  different claims, conduct and parties. As such, FreecycleSunnyvale's requested relief should be

19  denied.

20          **1.    FreecycleSunnyvale's Supplemental Motion Intentionally Misstates Highly
                    Relevant Portions of the Ninth Circuit's Oey Opinion**

21

22          The extent to which FreecycleSunnyvale is willing to twist Oey to suit its needs can be

23  seen in the intentional misquotations of Oey that appear in the Supplemental Motion. See

24  Supplemental Motion at 3-6. For example, the Oey opinion contains a sentence which states

25  that Oey's statements were "not likely to cause confusion, mistake, or deceive anyone as to the

26  connection of Oey's services (or any other) with TFN." Oey, 2007 WL 2781902, at *3 (citation

27  omitted). This same quote appears in FreecycleSunnyvale's Supplemental Motion as "not likely

28                                                  - 4 -

1   to cause confusion, mistake, or deceive anyone as to the connection of [Sunnyvale's] services

2   [or any other] with TFN." Supplemental Motion at 5. FreecycleSunnyvale's substitution of

3   Oey's name with its own is clearly improper as this section of the <u>Oey</u> opinion, just as with the

4   entire <u>Oey</u> opinion, does not address The Freecycle Network's claims against

5   FreecycleSunnyvale. *See* <u>Oey</u>, 2007 WL 2781902, at *3. The Supplemental Motion contains no

6   less than four such intentional misquotations and/or incorrect citations to <u>Oey</u>.[1] *See*

7   Supplemental Motion at 5-6. Most egregious is FreecycleSunnyvale's citation to page 3 of <u>Oey</u>

8   to support the statement that "The Ninth Circuit has now held that its acts… infringed no right

9   under the Lanham Act." <u>Id.</u> at 5. This is a remarkable assertion, considering that this page of

10   the <u>Oey</u> opinion does not mention FreecycleSunnyvale at all, does not mention any act taken by

11   FreecycleSunnyvale, and does not determine any final rights under the Lanham Act at all. <u>Oey</u>,

12   2007 WL 2781902, at *3. Indeed, the allegations in the <u>Oey</u> opinion address trademark

13   disparagement, whereby Tim Oey the individual encouraged others to use the term in its generic

14   sense, which is very different from the trademark allegations involved in this case. Here, while

15   FreecycleSunnyvale is accused of contributory infringement or inducing others to improperly

16   use The Freecycle Network's Marks without permission and misusing the Marks, it is not

17   accused of trademark disparagement. The Freecycle Network's Answer to Amended Complaint

18   and Amended Counterclaim ("Answer") at ¶¶ 71-72, 77, 79-81 (Docket No. 46). Indeed,

19   FreecycleSunnyvale makes no attempt to claim otherwise. It simply tries to claim that The

20   Freecycle Network's allegations against it are the same genericide allegations against Mr. Oey.

21   This is inaccurate, as FreecycleSunnyvale, unlike Mr. Oey, is a direct competitor to The

22   Freecycle Network, and has used The Freecycle Network's Marks as its own while inducing

23   others to use the Marks as well. FreecycleSunnyvale's blatant attempt to rewrite Ninth Circuit

24

25

---

26      [1] Despite Plaintiff's best efforts to confuse the issue, there is a clear factual and legal
distinction between Tim Oey *the person* and FreecycleSunnyvale, the *California unincorporated*

27   *association that offers recycling services that are in direct competition to those offered by The*
*Freecycle Network.*

28                                                                        - 5 -

1   case law to suit its needs should be rejected. The Freecycle Network respectfully requests that

2   this Court ignore these arguments.

        **2.**      **The Ninth Circuit's Holding on Generic Use in <u>Oey</u> Does Not Affect The**
3                               **Freecycle Network's Claims in the California Case**

4           The Ninth Circuit's statement regarding actions for generic use of a trademark is that

5   "the use of a mark in its generic sense is actionable under the Lanham Act only when such use

6   also satisfies the elements of a specified cause of action – e.g., infringement, false designation of

7   origin, false advertising, or dilution." <u>Oey</u>, 2007 WL 2781902, at *6. FreecycleSunnyvale's

8   Supplemental Motion attempts to argue that the <u>Oey</u> opinion's discussion of generic use

9   provides a legal basis for summary adjudication of The Freecycle Network's counterclaims. *See*

10   Supplemental Motion at 4-5. This is quite simply false. The Ninth Circuit stated that generic

11   use is only actionable under the Lanham Act when said generic use satisfies the elements of a

12   specific cause of action recognized under the Act. *Id.* The Freecycle Network's Answer alleges

13   that FreecycleSunnyvale's generic use of the Marks violate two such specified causes of action,

14   trademark infringement and unfair competition. *See* Answer at ¶¶ 66-92 (Docket No. 46). This

15   includes contributory infringement, a cause of action that FreecycleSunnyvale simply ignores.

16   The final adjudication of these claims, as discussed below, at the very least rests on several

17   material issues of disputed fact. Since The Freecycle Network pled its argument regarding

18   FreecycleSunnyvale's generic use of the Marks in the exact format specified by the Ninth

19   Circuit in <u>Oey</u>, the <u>Oey</u> opinion strongly supports the continued validity of these claims.

        **3.**      **The Ninth Circuit's <u>Oey</u> Opinion Does Not Affect The Existence of a**
20                               **Genuine Issue of Material Fact Regarding The Freecycle Network's**
21                               **Counterclaims for Trademark Infringement and Unfair Competition under**
22                               **the Lanham Act**

23           FreecycleSunnyvale's Supplemental Motion alleges that the <u>Oey</u> decision contains five

24   independent bases for summary adjudication of The Freecycle Network's counterclaims for

25

26

27

28                              - 6 -

1   trademark infringement and unfair competition[2] under the Lanham Act.  As FreecycleSunnyvale

2   did not state which of these alleged bases apply to each cause of action, The Freecycle Network

3   will address each of them as they apply to both causes of action.  Each of these alleged "bases"

4   is founded in a misrepresentation by FreecycleSunnyvale that the Ninth Circuit's discussion of

5   Tim Oey's actions as an individual are somehow identical to the actions taken by

6   FreecycleSunnyvale as an entity using the Marks in direct competition with The Freecycle

7   Network.  Each of FreecycleSunnyvale's "bases" is further contradicted by the correct, unedited

8   quotations from Oey, by the applicable statutory language from the Lanham act, and from the

9   allegations in FreecycleSunnyvale's own Amended Complaint for Declaratory Judgment of

10  Trademark Non-Infringement and tortious Interference With Business Relations ("Amended

11  Complaint") (Docket No. 20).

12              a.      Use in Commerce

13          FreecycleSunnyvale's first argument is that the Oey opinion states that Oey did not use

14  the Marks in commerce, and that Oey's use of the Marks is identical to FreecycleSunnyvale's

15  use of the Marks, and that the Oey therefore opinion bars The Freecycle Network's

16  counterclaims.  See Supplemental Motion at 5.  This argument is both a logical fallacy and is

17  contradicted by FreecycleSunnyvale's own Amended Complaint.  As discussed extensively

18  above, the Ninth Circuit did not characterize FreecycleSunnyvale's actions, status or causes of

19  actions in Oey.  See Oey, 2007 WL 2781902, at *3-4.  Furthermore, FreecycleSunnyvale's

20  Amended Complaint states "FreecycleSunnyvale promotes freecycling through the internet [sic]

21

22
        _____

23          [2] The Freecycle Network notes in passing that, once again, a portion of the Supplemental
     Motion dealing with the applicable standard under the Lanham Act contains a "quotation,"
     purportedly from the Ninth Circuit's Oey opinion, that does not actually appear in the Oey
24   opinion.  Compare Supplemental Motion at 5 "Unfair competition requires that one 'in
     commercial advertising or promotion, misrepresent[] the nature, characteristics, qualities, or
25   geographic origin of [a] person's goods, services, or commercial activities,'" to Oey, 2007 WL
     2781902 at *4 "There is no evidence that Oey's statements were made in 'commercial
26   advertising or promotion.' Id. § 1125(a)(1)(B).  And, even if such evidence existed, §
     1125(a)(1)(B) creates liability only for product disparagement- i.e., misrepresentation of "the
27   nature, characteristics, qualities, or geographic origin' of 'another person's goods, services, or
     commercial activities.' Id. (emphasis added)." Id. (emphasis in original).

                                                    - 7 -
28  ─────────────────────────────────────────────────────
    OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
    MOTION FOR SUMMARY JUDGMENT
    CASE NO. C 06-00324 CW
    60383-0001/LEGAL13706599.2

1    and, in particular, its Yahoo! Groups online services account." Amended Complaint at ¶ 19.

2    This statement, and similar statements in the Amended Complaint about FreecycleSunnyvale's

3    recycling and promotional efforts, firmly establish that FreecycleSunnyvale was using the Marks

4    "in commerce" to provide recycling services in Sunnyvale, California. *See* Amended Complaint

5    at ¶¶ 16-22.

6                    **b.      Likelihood of Confusion**

7              Sunnyvale's second argument relies on an alleged quotation from the Ninth Circuit's

8    Oey opinion, also discussed above, in which FreecycleSunnyvale deleted Tim Oey's name and

9    substituted it with FreecycleSunnyvale's name.[3] *See* Supplemental Motion at 5-6. In addition to

10   being an obvious abuse of citation to case law, FreecycleSunnyvale's underlying assertion that

11   its use of the Marks was not likely to cause confusion is once again contradicted by the

12   Amended Complaint it filed. *See* Amended Complaint at ¶¶ 13-25. The Amended Complaint

13   itself states that FreecycleSunnyvale and The Freecycle Network perform the same recycling

14   functions, through the same Yahoo! Groups, in the same geographic region. *Id.*

15   FreecycleSunnyvale is hoping to forget that it was once a member of The Freecycle Network,

16   abiding by its rules. Id. at ¶ 22. It also hopes to forget that it elected to part ways with The

17   Freecycle Network, and despite being asked to stop using The Freecycle Network's Marks, it

18   decided to continue doing so even though it was no longer affiliated with The Freecycle

19   Network. Id. at ¶¶ 32-34. This overlap creates a genuine issue of material fact as to whether the

20   public was confused about the source of the services offered by FreecycleSunnyvale, an issue

21   that FreecycleSunnyvale fails to provide any evidence to the contrary.

22

23

24

25   _____

26   [3] As noted above, FreecycleSunnyvale's version of the quote reads "the connection of
     [Sunnyvale's] services" while the actual quote from Oey reads "the connection of Oey's
     services." *See* Supplemental Motion at 5; *see also* Oey, 2007 WL 2781902, at *3.

27   FreecycleSunnyvale offers no explanation as to why it decided to substitute its name for Oey's
     name in the quotation.

28                                                  - 8 -

### c.    Use in Commercial Advertising and Promotion

FreecycleSunnyvale's third argument is that it did not "use TFN's Purported Marks in commercial advertising and promotion" and only used the Marks "in non-commercial debate." Supplemental Motion at 6 (quotation marks removed).  This statement is, once again, directly contradicted by the Amended Complaint, which states that FreecycleSunnyvale used the Marks as part of its name and on its Internet Web site.  *See* Amended Complaint at ¶¶ 16-22. FreecycleSunnyvale's causes of action are grounded in the allegation that FreecycleSunnyvale was using the Marks to provide recycling services and that The Freecycle Network interfered with its use of the Marks.  *See* <u>id.</u> at ¶¶ 40-55.  It is beyond disingenuous for FreecycleSunnyvale to now allege that it did not perform the acts that form the very underpinning of its entire Amended Complaint.

### d.    Misrepresentation

FreecycleSunnyvale's fourth argument displays a lack understanding about the nature of 15 U.S.C. § 1125(a)(1)(B) and highlights the manipulative manner in which FreecycleSunnyvale is erroneously quoting relevant law.  *See supra* at n.2.  FreecycleSunnyvale is apparently attempting to argue that §1125(a)(1)(B) only applies when an infringer misrepresents a trademark owner's products, based on its selective quotation of the relevant statute.  *See* Supplemental Motion at 6.  However, 15 U.S.C. § 1125(a)(1)(B) applies to any use of a mark which "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of *his or her or another person's goods*, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B) (emphasis added).  This section of the Lanham Act is clearly drawn to cover a situation in which an infringing user of a mark uses the mark to misrepresent its own product or service as belonging to another, which is the case at hand.[4]

---

[4] FreecycleSunnyvale apparently "forgot" to quote the very portion of 15 U.S.C. § 1125(a)(1)(B) that applies to its actions.  *Compare* Supplemental Motion at 5 "[a] person's goods, services, or commercial activities" with 15 U.S.C. § 1125(a)(1)(B) "his or her or another person's goods, services, or commercial activities."

- 9 -

1  FreecycleSunnyvale, once affiliated with The Freecycle Network, continued to make

2  unauthorized use of the Marks, thereby misrepresenting the origin of FreecycleSunnyvale.

3              **e.    Falsity**

4          FreecycleSunnyvale's fifth argument is based on the trademark disparagement cause of

5  action that The Freecycle Network brought against Oey in the Arizona Case, and specifically on

6  the Oey court's determination that Oey's opinion statements about the validity of the Marks do

7  not qualify as false statements of fact. *See* Supplemental Motion at 6; *see also* Oey, 2007 WL

8  2781902 at *4-5. This argument is nonsensical for the simple reason that The Freecycle

9  Network did not allege a trademark disparagement cause of action against FreecycleSunnyvale,

10  and falsity is not a required element for either trademark infringement or unfair competition

11  under the Lanham Act. Id. at *3-5. FreecycleSunnyvale's argument, that the Ninth Circuit's

12  regard on a cause of action not at issue in this case somehow bars the causes of action that The

13  Freecycle Network did allege is utterly without merit.

14  **B.    FreecycleSunnyvale is Not Entitled to Summary Judgment and Injunctive Relief on
       Its Tortious Interference Claim**

15

16          Without having raised the issue at all in any of its previous summary judgment briefing,

17  and without any evidence now, FreecycleSunnyvale claims for the first time in its Supplemental

18  Motion that it is entitled to summary judgment on its claim for tortious interference with

19  contractual relations. Supplemental Motion at 7-8. By introducing this new issue for the first

20  time, this request violates the Court's September 27, 2007 minute order, which permitted

21  plaintiff to explain how the Oey opinion "affects issues already before the Court" and to discuss

22  the issue of standing, which FreecycleSunnyvale did not raise.

23          Furthermore, FreecycleSunnyvale's tortious interference claim should be rejected as there

24  are several issues of material fact regarding FreecycleSunnyvale's claim itself, and

25  FreecycleSunnyvale ignores The Freecycle Network's affirmative defense of privilege to engage

26  in the conduct of which FreecycleSunnyvale complains. Answer at ¶ 60.

27

28                                   - 10 -

1

### 1.    Several Genuine Issues of Material Fact Exist with Regard to FreecycleSunnyvale's Tortious Interference Claim

2

3      FreecycleSunnyvale has thus far failed to show any evidence for at least two of the

4   required elements of a claim for tortious interference claim, demonstrating that there exist

5   multiple genuine issues of material fact as to this claim.  As FreecycleSunnyvale notes in its

6   Supplemental Motion, there are five fact-dependent elements that must be satisfied in a claim for

7   tortious interference with business relations:  (1) a valid contract between the plaintiff and a third

8   party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to

9   induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of

10   the contractual relationship; and (5) resulting damages.  PG&E Co. v. Bear Stearns & Co., 50

11   Cal. 3d 1118, 1126 (1990).

12      As an initial matter, there exists a genuine issue of material fact as to whether The

13   Freecycle Network had knowledge of a contract between the unincorporated California

14   association named FreecycleSunnyvale and Yahoo! when The Freecycle Network allegedly

15   contacted Yahoo! regarding the "freecyclesunnyvale" Yahoo! Group.  Here, FreecycleSunnyvale

16   has produced no evidence that The Freecycle Network was aware of the existence of Plaintiff in

17   this action, the California unincorporated organization named FreecycleSunnyvale, until after

18   Plaintiff filed suit against The Freecycle Network.  In fact, the facsimile that purportedly

19   constitutes evidence that The Freecycle Network intentionally sought to terminate Yahoo!'s

20   alleged contract with FreecycleSunnyvale actually demonstrates that at the time of this facsimile,

21   The Freecycle Network thought that FreecycleSunnyvale was either a group that was rejected

22   from The Freecycle Network, a group that never applied to join The Freecycle Network, or a

23   group that had been operating without permission from the start.  FreecycleSunnyvale did not

24   fall into any of these categories.  See Amended Complaint; see also Answer.  Given that The

25   Freecycle Network was not aware of the Plaintiff organization until nearly two months after it

26   contacted Yahoo!, and given the above facts regarding the alleged contract between Plaintiff and

27

28

- 11 -

OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-00324 CW
60383-0001/LEGAL13706599.2

1    Yahoo!, there exists an additional genuine issue of material fact as to whether The Freecycle

2    Network has knowledge of the alleged contract between the Plaintiff organization and Yahoo!.

3        Furthermore, despite FreecycleSunnyvale's allegation that The Freecycle Network's

4    actions were "clearly damaging" to its recycling efforts, this statement is once again contradicted

5    by deposition testimony that indicates there was no, or very little, damage resulting from the

6    temporary interruption in service caused by Yahoo!.  Lisanne Abraham, of the three members of

7    Plaintiff FreecycleSunnyvale and the creator of the "freecyclesunnyvale" Yahoo! Group,

8    estimated that the number of members lost due to Yahoo!'s action was in the "hundreds."

9    Kobialka Decl., ¶ 5, Ex. 4 (Deposition of Lisanne Abraham ("Abraham Dep.") at 38:4-10).  On

10   the other hand, Tim Oey, another of the three members of FreecycleSunnyvale, estimated that

11   the "freecyclesunnyvale" Yahoo! Group gained hundreds of members after Yahoo!'s action. Id.,

12   ¶ 6, Ex. 5 (Deposition of Tim Oey at 145:14-146:10).  The three members of Plaintiff

13   FreecycleSunnyvale are equally unsure about the length of time for which their Yahoo! Group

14   was shut down by Yahoo!.  Ms. Abraham stated that the Yahoo! Group was replaced within a

15   week, while Jason Wong, the third member of FreecycleSunnyvale, estimated that the Yahoo!

16   Group was not replaced for months.  *See* id., ¶ 5, Ex. 4 (Abraham Dep. at 35:12-18); ¶ 7, Ex. 6

17   (Deposition of Jason Wong at 30:10-24).  Once again, this creates another genuine issue of

18   material fact regarding a required element of FreecycleSunnyvale's claim for tortious

19   interference that precludes an award of summary judgment.

20        **2.    A Genuine Issue of Material Fact Exists as to Whether Privilege is an
             Affirmative Defense to FreecycleSunnyvale's Claim of Tortious Interference**

21        **with Business Relations**

22        Tortious interference claims "will lie for the intentional interference by a third person

23   with a contractual relationship either by unlawful means or by means otherwise lawful *when*

24   *there is a lack of sufficient justification.*" Richardson v. La Rancherita La Jolla, Inc.,

25   98 Cal. App. 3d 73, 80 (1980) (emphasis added, quotation omitted).  The question of whether a

26   defendant's conduct is privileged "turns on a balancing of the social and private importance of

27   the objective advanced by the interference against the importance of the interest interfered with,

28                                    - 12 -

1    considering all the circumstances including the nature of the actor's conduct and the relationship

2    between the parties." *Id.* (citations omitted).  A party is privileged to interfere with another's

3    contract where "(1) he has a legally protected interest, (2) in good faith threatens to protect it,

4    and (3) the threat is to protect it by appropriate means." *Id.* at 81 (citation omitted).  Further,

5    "[i]if he has a present, existing interest to protect, such as the ownership or condition of property

6    . . . he is privileged to prevent performance of the contract of another which threatens it . . . ."

7    *Id.* (quoting Prosser on Torts (4th ed. 1971), § 129 at 944-45).  Most importantly, for purposes of

8    summary judgment, the question of whether the defendant was privileged to engage in the

9    conduct complained of "is a question for determination by the trier of fact." Sade Shoe Co. v.

10   Oschin & Snyder, 162 Cal. App. 3d 1174, 1180 (1984); *see also* Robinson v. State Farm Ins.,

11   1996 WL 31850, at *3 (N.D. Cal. Jan. 16, 1996).

12          The Freecycle Network has already presented ample evidence that it has a valid,

13   legitimate interest in its Marks and in protecting them from infringement.  This includes the

14   evidence of The Freecycle Network's efforts to register its trademarks and pursuing those that

15   seek to damage its trademark rights. *See* Oey, 2007 WL 2781902 at n.2 and at *1-3.  It

16   requested Yahoo! to shut down the FreecycleSunnyvale group only after having sent a cease and

17   desist letter to FreecycleSunnyvale, which FreecycleSunnyvale ignored.  Given that the issue of

18   whether a defendant's conduct was privileged is a question for the fact finder,

19   FreecycleSunnyvale's bare recitation of the elements of tortious interference in it supplemental

20   motion for summary judgment is certainly not sufficient to establish that it is entitled to

21   summary judgment.  FreecycleSunnyvale's claim for tortious interference with contractual

22   relations should therefore go to a jury.

### IV.  CONCLUSION

24          For the foregoing reasons, The Freecycle Network respectfully requests that this Court

25   deny plaintiff FreecycleSunnyvale's Motion for Summary Adjudication under Federal Rule of

26   Civil Procedure 56.

27

28                                                    - 13 -

OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-00324 CW
60383-0001/LEGAL13706599.2

1    DATED:  November 8, 2007.            **PERKINS COIE LLP**

2

3                                        By _____/s/ Lisa Kobialka_____
                                            Paul J. Andre
4                                           Lisa Kobialka
                                            Esha Bandyopadhyay
5                                           Sean M. Boyle
                                            Attorneys for Defendant
6                                           THE FREECYCLE NETWORK, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 14 -